UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MARK HOFFMAN, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

HEARING HELP EXPRESS, INC.,

Defendant.

NO.

**COMPLAINT—CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Mark Hoffman, individually and on behalf of others similarly situated, alleges the following against Defendant Hearing Help Express, Inc.

## I.  NATURE OF ACTION

1. In August and September 2019, Mark Hoffman received telemarketing calls on his cellular phone placed by or on behalf of Hearing Help Express, Inc. seeking to sell their hearing aid products to him. Hearing Help Express, Inc. used an automatic telephone dialing system ("ATDS") on at least one of these calls.

2. Mark Hoffman has not been a Hearing Help Express, Inc. customer at any time, and Mark Hoffman did not consent to receive calls from Hearing Help Express, Inc. or its agents. Mark Hoffman's telephone number is listed on the Do Not Call registry maintained by the Federal Trade Commission and has been continuously listed there since August 21, 2009.

COMPLAINT—CLASS ACTION - 1

3. Plaintiff brings this class action for damages and other equitable and legal remedies resulting from Defendant's violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## II.  JURISDICTION AND VENUE

4. This Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331, because they present a federal question.

5. This Court has personal jurisdiction over Hearing Help Express, Inc. because it made the calls that are the subject of this action to Plaintiff's cellular phone. Plaintiff's cellular phone uses a Washington area code and was, at all relevant times, located in Washington.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## III.  PARTIES

7. Plaintiff Mark Hoffman resides in Kitsap County, Washington.

8. Defendant Hearing Help Express, Inc. is an Illinois corporation with headquarters in Dekalb, Illinois.

## IV.  FACTUAL ALLEGATIONS

**A.   Defendant made non-emergency calls to the cellular phones of Plaintiff and other consumers without their prior express written consent.**

9. Plaintiff's telephone number, (XXX) XXX-9916, is assigned to a cellular telephone service.

10. Plaintiff has not been a Hearing Help Express, Inc. customer or subscriber at any time and never consented to receive calls from Hearing Help Express, Inc.

11. On August 27, 2019, Hearing Help Express, Inc. called Plaintiff's cellular phone from the telephone number (630) 403-8617.

12. On August 29, 2019, Hearing Help Express, Inc. again called Plaintiff's cellular phone from the telephone number (630) 403-8617.

COMPLAINT—CLASS ACTION - 2

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

13. On September 4, 2019, Hearing Help Express, Inc. again called Plaintiff's cellular phone, this time from the telephone number (847) 748-0828.

14. The September 4, 2019 call that the Plaintiff received from Hearing Help Express, Inc. began with a pause.

15. During the calls that Plaintiff answered, an individual from Hearing Help Express, Inc. promoted its hearing aid services and offered to sell them to the Plaintiff.

16. Plaintiff was not interested and had not requested information regarding those products.

**B.     Defendant Used an ATDS or an Artificial or Pre-recorded Voice.**

17. During the September 4, 2019 call, Hearing Help Express, Inc. called Plaintiff's cellular phone using an ATDS. Plaintiff noted a pause before being connected to the call, which is characteristic of a call placed by an ATDS.

18. Hearing Help Express, Inc. is a division of IntriCon, with operations in the United States, Asia and Europe. The scale of Hearing Help Express, Inc.'s business requires that it and its agents use a sophisticated dialing system capable of storing phone numbers and dialing them automatically, as well as delivering messages without requiring the involvement of human agents.

19. The equipment used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, but was programmed to sequentially or randomly access stored telephone numbers to automatically call such numbers for the calls that are the subject of this case. The equipment generated, and then stored, a sequence of telephone numbers for calling, and then automatically called those numbers. The calls were part of a campaign that made numerous phone calls in a short period of time without human intervention.

COMPLAINT—CLASS ACTION - 3

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

20. In August of 2019, a former employee left the following review of working at Hearing Health Express, Inc. on the website GlassDoor, entitled "Boiler room telemarketing for hearing aid sales":

> The outbound sales operation is run like a boiler room. Cheap leads are loaded into a dialer….About 98% did not ask for information on hearing aids, so you spend most of your day wasting your time talking to people who don't even have hearing loss.

*See* https://www.glassdoor.com/Reviews/Hearing-Help-Express-Reviews-E2608089.htm (Last Visited September 24, 2019).

**C. Defendant's TCPA violations injured Plaintiff.**

21. During the relevant period, Plaintiff has carried his cellular phone with him at most times so that he can be available to family and friends.

22. Defendant's calls invaded Plaintiff's privacy and intruded upon his right to seclusion. The calls frustrated and upset Plaintiff by interrupting his daily life and wasting his time.

23. Defendant's calls intruded upon and occupied the capacity of Plaintiff's cellular phone and depleted the battery of Plaintiff's cellular phone. The calls temporarily seized and trespassed upon Plaintiff's use of his cellular phone, and caused him to divert attention away from other activities to address the calls.

## V. CLASS ACTION ALLEGATIONS

24. Plaintiff brings this lawsuit under Federal Rules of Civil Procedure Rules 23(a), (b)(2), and (b)(3) as a representative of the following class:

> All persons or entities within the United States who received, on or after October 9, 2015, a non-emergency telephone call from or on behalf of Hearing Help Express, Inc., promoting goods or services:
>
> (i) to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or prerecorded voice; or

COMPLAINT—CLASS ACTION - 4

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

> (ii) to a cellular or residential telephone number that has been registered on the national Do Not Call Registry for at least 31 days and who received more than one such call within any twelve-month period.

Plaintiff reserves the right to amend the class definition following an appropriate period of discovery.

25. Excluded from the Class are Defendant, its employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their respective court staff, and Plaintiff's counsel.

26. Because auto-dialing equipment maintains records of each contact, members of the above-defined Class can be identified through Defendant's or its agents' records.

### Numerosity

27. At the time of filing, Plaintiff does not know the exact number of Class Members. But the breadth of Hearing Help Express, Inc. operations indicates that Class Members likely number in the hundreds or thousands, and are geographically disbursed throughout the country.

28. The alleged size and geographic dispersal of the Class makes joinder of all Class Members impracticable.

### Commonality and Predominance

29. Common questions of law and fact exist with regard to each of the claims and predominate over questions affecting only individual Class members. Questions common to the Class include:

    a. Whether Defendant's dialing system(s) constitute an ATDS under the TCPA;

    b. Whether Defendant used an ATDS to place non-emergency calls to the cellular telephones of Plaintiff and Class members without their prior express consent;

COMPLAINT—CLASS ACTION - 5

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

   c. Whether Defendant placed calls to numbers on the National Do Not Call Registry;

   d. Whether Defendant's telephone calls were made knowingly or willfully;

   e. Whether Plaintiff and Class members were injured by receiving such calls; and

   f. Whether Defendant should be enjoined from engaging in such conduct in the future.

### Typicality

30. Plaintiff's claims are typical of the claims of the Class, in that Plaintiff, like all Class Members, has been injured by Defendant's uniform misconduct—the placement of calls to telephones for non-emergency purposes without the prior written express consent of the called parties.

### Adequacy of Representation

31. Plaintiff will fairly and adequately protect the interests of the Class and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in class action litigation and matters involving TCPA violations.

### Superiority

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because of Defendant's financial resources, Class members are unlikely to pursue legal redress individually for the violations detailed in this complaint. Class-wide damages are essential to induce Defendant to comply with federal law. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings. By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual

COMPLAINT—CLASS ACTION - 6

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

### VI.  FIRST CLAIM FOR RELIEF

**Violation of § 227(b)(1) for calls made using
an ATDS or artificial/prerecorded voice**

33. Defendant violated 47 U.S.C. § 227(b)(1) by placing non-emergency calls, either directly or through the actions of others, using an automatic telephone dialing system or an artificial or prerecorded voice to cellular telephone numbers without the prior express written consent of the called party.

### VII.  SECOND CLAIM FOR RELIEF

**Violation of § 227(c) for calls placed to numbers
listed on the Do Not Call Registry**

34. Defendant violated 47 U.S.C. § 227(c) by placing, either directly or through the actions of others, more than one telephone solicitation call within a 12-month period to telephone numbers that have been listed on the national Do Not Call Registry for at least 31 days.

### VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class defined above, respectfully requests that this Court:

A. Determine that the claims alleged herein may be maintained as a class action under Federal Rule of Civil Procedure 23, and issue an order certifying the Class defined above and appointing Plaintiff as the Class representative;

B. Award $500 in statutory damages for each and every call that Hearing Help Express, Inc. negligently placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

C. Award $1,500 in statutory damages for each and every call that Hearing Help Express, Inc. willfully or knowingly placed in violation of 47 U.S.C. § 227(c)(5) of the TCPA;

COMPLAINT—CLASS ACTION - 7

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

D.    Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring Defendant to implement measures to stop future violations of the TCPA; and

E.    Grant such further relief as the Court deems proper.

## IX.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 9th day of October, 2019.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com

By: /s/ Jennifer Rust Murray, WSBA #36983
Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com

By: /s/ Adrienne D. McEntee, WSBA #34061
Adrienne D. McEntee, WSBA #34061
Email: amcentee@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603

Anthony I. Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

COMPLAINT—CLASS ACTION - 8

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com