1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

MARK HOFFMAN,

Plaintiff (s),

v.

10

11

HEARING HELP EXPRESS INC,

12

Defendant (s).

CASE NO.
3:19−cv−05960−RBL

MINUTE ORDER REGARDING
DISCOVERY AND DEPOSITIONS

13

14       IT IS ORDERED that:

15       1.  **DISCOVERY**.   All discovery matters should be resolved by agreement if

16   possible. If a ruling is needed on any discovery question, and counsel wish to avoid the

17   time and expense of a written motion, they may place a joint call to chambers at

18   (253) 882−3840, requesting a conference call with the staff attorney assigned to the

19   case to determine whether it is appropriate to obtain an expedited ruling through a

20   telephone conference call. The conduct of the parties in pre−trial matters should be

21   guided by the provisions of the Code of Pre−Trial Conduct published by the American

22   College of Trial Lawyers which can be found at www.actl.com (Publications).

23       2.  **DEPOSITIONS**.   Depositions will be conducted in compliance with the

24   following rules:

25           (a)  **Examination**.   If there are multiple parties, each side should ordinarily

26       designate one attorney to conduct the main examination of the deponent, and any

1    questioning by other counsel on that side should be limited to matters not

2    previously covered.

3        (b)  **Objections**.   The only objections that should be raised at the deposition

4    are those involving a privilege against disclosure, or some matter that may be

5    remedied if presented at the time (such as the form of the question or the

6    responsiveness of the answer), or that the question seeks information beyond

7    the scope of discovery. Objections on other grounds are unnecessary and should

8    be avoided. All objections should be concise and must not suggest answers to,

9    or otherwise coach, the deponent. Argumentative interruptions will not be

10   permitted.

11       (c)  **Directions Not to Answer**.   Directions to the deponent not to answer

12   are improper. Advice not to answer may be appropriate on the ground of privilege

13   or to enable a party or deponent to present a motion to the court or special master

14   for termination of the deposition on the ground that it is being conducted in bad

15   faith or in such a manner as unreasonably to annoy, embarrass or oppress the party

16   or the deponent, or for appropriate limitations upon the scope of the deposition

17   (e.g., on the ground that the line or inquiry is not relevant nor reasonably calculated

18   to lead to the discovery of admissible evidence). When a privilege is claimed,

19   the witness should nevertheless answer questions relevant to the existence, extent

20   or waiver of the privilege, such as the date of the communication, who made the

21   statement in question, to whom and in whose presence the statement was made,

22   other persons to whom the contents of the statement have been disclosed, and the

23   general subject matter of the statement.

24       (d)  **Responsiveness**.   Witnesses will be expected to answer all questions

25   directly and without evasion, to the extent of their testimonial knowledge, unless

26   they choose to follow the advice of counsel not to answer.

MINUTE ORDER REGARDING DISCOVERY AND DEPOSITIONS – Page 2

1    (e)  **Private Consultation**.   Private conferences between deponents and

2    their attorneys during the actual taking of the deposition are improper, except

3    for the purpose of determining whether a privilege should be asserted. Unless

4    prohibited by the court for good cause shown, such conferences may, however, be

5    held during normal recesses and adjournments.

6    (f)  **Conduct of Examining Counsel**.   Examining counsel will refrain from

7    asking questions he or she knows to be beyond the legitimate scope of discovery,

8    and from undue repetition.

9    (g)  **Courtroom Standard**.   All counsel and parties should conduct

10   themselves in depositions with the same courtesy and respect for the rules that are

11   required in the courtroom during trial.

12   3.   **RESPONSIBILITY OF PLAINTIFF'S COUNSEL**. This order is issued at

13   the outset of the case, and a copy is delivered by the clerk to counsel for plaintiff.

14   Plaintiff's counsel (or plaintiff, if pro se) is directed to deliver a copy of this order to

15   each other party within ten (10) days after receiving notice of that party's appearance.

16

17   DATED:   November 7, 2019

18

19   The foregoing Minute Order entered by Debbie Nelson, Judicial Assistant,

20   BY THE DIRECTION OF THE HONORABLE RONALD B. LEIGHTON,

21   UNITED STATES DISTRICT JUDGE.

22

23

24

25

26