Hon. Ronald B. Leighton

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

MARK HOFFMAN, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

HEARING HELP EXPRESS, INC.,

    Defendant.

CASE NO. 3:19-cv-05960-RBL

**DEFENDANT HEARING HELP EXPRESS, INC.'S MOTION TO STRIKE AND MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT**

NOTE ON MOTION CALENDAR:
January 17, 2020

ORAL ARGUMENT REQUESTED

    Defendant Hearing Help Express, Inc. ("Defendant" or "Hearing Help") moves for an order under Federal Rules of Civil Procedure Rules 12(f) and 23(d)(1)(D) to strike the following portions of the *Complaint—Class Action* on the following grounds: (1) Plaintiff Mark Hoffman ("Plaintiff" or "Hoffman") cannot satisfy the typicality requirement of the entire proposed class, as the class allegations are overbroad; and (2) these portions of the *Complaint* are immaterial:

1. Paragraph 11: "On August 27, 2019, Hearing Help Express, Inc. called Plaintiff's cellular phone from the telephone number (630) 403-8617.";

2. Paragraph 12: "On August 29, 2019, hearing Help Express, Inc. again called Plaintiff's cellular phone from the telephone number (630) 403-8617.";

3. Portion of heading B on page 3: "or an Artificial or Pre-recorded Voice";

Motion to Strike and Motion to Dismiss - 1
No. 3:19-cv-05960-RBL

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/122257954v.8

    4. Portion of paragraph 24(i), 4:26: "or an artificial or prerecorded voice";

    5. Portion of paragraph 24(ii), 5:1: "or residential telephone number"; and

    6. Portion of paragraph 33: "or an artificial or prerecorded voice."

  Hearing Help also moves for an order under Federal Rules of Civil Procedure Rule 12(b)(6) to dismiss the second claim for relief under 47 U.S.C. § 227(c), in its entirety, and to dismiss the allegations regarding two of the three alleged violations in the first claim for relief under 47 U.S.C. § 227(b)(1) based upon the failure to state a claim for which relief can be granted.

## I. INTRODUCTION

  This putative class action arises from Plaintiff Mark Hoffman's allegations that Defendant Hearing Help Express, Inc. violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* Specifically, Plaintiff contends Hearing Help: (1) placed non-emergency telephone calls using an automatic telephone dialing system ("ATDS") or an artificial/prerecorded voice to his cellular telephone in violation of section 227(b)(1) of the TCPA; and (2) placed more than one telephone solicitation call within a 12-month period to his cellular telephone number that has been on the Do Not Call ("DNC") registry for at least 31 days in violation of section 227(c) of the TCPA. Plaintiff's proposed class consists of two subclasses for each of the two sections of the TCPA (i.e. ATDS class and DNC class). However, Plaintiff's contentions are unsupported by the facts alleged. Plaintiff contends that three total calls were made by Hearing Help to his cellular telephone using an ATDS or an artificial/prerecorded voice. While Plaintiff pleads one ATDS call and one telemarketing call on his cell phone, Plaintiff does ***not*** allege any facts that calls were made to ***him*** on a ***residential*** number, or that any calls were made utilizing an artificial/prerecorded voice. Thus, all references to residential phones and artificial/prerecorded voice calls should be stricken from the *Complaint*.

  In addition, Plaintiff's claims are subject to dismissal. Plaintiff only alleges facts that ***one*** of the three calls was made using an ATDS and there are no facts alleged that the other two calls were made using an ATDS. What is more, Plaintiff's second claim for relief requires that more

Motion to Strike and Motion to Dismiss - 2
No. 3:19-cv-05960-RBL

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/122257954v.8

than one telemarketing call be made; however, there are no facts that the first two calls were telemarketing calls. Based on the foregoing, the second claim for relief under the DNC rules and Plaintiff's first claim for relief under the ATDS rules based on the first two calls, should be dismissed.

## II. LEGAL STANDARD

### A. Rule 12(f)

Federal Rule of Civil Procedure 12(f) provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Class allegations may also be stricken at the pleading stage. *Kamm v. California City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975). Further, federal courts have noted that, prior to the class certification stage, a defendant may move to strike class allegations when it is clear from the face of the complaint that the requirements for maintaining a class action cannot be met. *See, e.g., Rios v. State Farm Fire and Cas. Co.*, 469 F. Supp. 2d 727, 740 (S.D. Iowa 2007) (quoting *Andrews v. Home Depot U.S.A., Inc.*, 2005 WL 1490474, at *2 (D.N.J. June 23, 2005)).

With respect to striking immaterial or impertinent allegations under Rule 12(f), the Ninth Circuit explained the proper approach in *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993):

> [T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.... *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). 'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1382, at 706-07 (1990). 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question.

*Id.* at 1527 (citations and internal quotations omitted), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-35, 114 S. Ct. 1023, 1033 (1994).

Motion to Strike and Motion to Dismiss - 3
No. 3:19-cv-05960-RBL

VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/122257954v.8

### B. Rule 23(d)(1)(D)

Under Federal Rule of Civil Procedure 23(d)(1)(D), a court may issue orders that "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." FED. R. CIV. P. 23(d)(1)(D). Rule 23(d)(1)(D) also gives courts discretion to dismiss and/or strike class allegations and requires that pleadings "be amended to eliminate allegations about representation of absent persons[.]" It was designed so courts can give "clear definition" to a class action, and so that courts can "determine, as early in the proceedings as practicable" whether class allegations can be maintained. FED. R. CIV. P. 23, Advisory Committee Notes, 1966 Amendment, Subd. (d)(4) and (c)(1).

Numerous courts have endorsed motions to strike as a means of testing the viability of class allegations. *See*, *e.g.*, *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1043 (N.D. Cal. 2014) (striking class allegations at pleading stage); *Hovsepian v. Apple, Inc.*, 2009 WL 5069144, at * 2 (N.D. Cal. Dec. 17, 2009) (where it is apparent from the pleadings that a class cannot be maintained, district courts may strike class allegations prior to discovery); *Bell v. Cheswick Generating Station, et al.*, 2015 U.S. Dist. LEXIS 9791 (W.D. Pa. Jan. 28, 2015) (class allegations may be stricken when no amount of discovery will demonstrate the class can be maintained); *see also Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 675-76 (D. Kan. 2004) (granting defendant's motion to strike class allegations where plaintiff failed to meet Rule 23(a) prerequisites); *Talley v. ARINC, Inc.*, 222 F.R.D. 260, 271 (D. Md. 2004) (granting defendant's motion to strike class allegations where plaintiffs failed to meet the requirements of Rule 23(a) and Rule 23(b)).

Under Rules 23(d)(1)(D) and 12(f), this Court "has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained." *Tietsworth v. Sears, Roebuck and Co.*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010); *Murray v. Sears, Roebuck and Co.*, 2010 U.S. Dist. LEXIS 97811, at *5 (N.D. Cal. Sept. 3, 2010) (same). For a class action to be maintained, the class must be ascertainable; all of the requirements of Rule 23(a) must be satisfied; and one of the requirements of Rule 23(b) must be satisfied. *Id.*

Motion to Strike and Motion to Dismiss - 4
No. 3:19-cv-05960-RBL

VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/122257954v.8

### C. Rule 12(b)(6)

Courts must dismiss a complaint when the allegations fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 530, 533-34 (9th Cir. 1984). Moreover, courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. ARGUMENT REGARDING MOTION TO STRIKE

### A. The Class Definition is Overbroad.

Defendant moves to strike the pleading under Rules 12(f) and 23(d)(1)(D) because the proposed class definition is overbroad—as it includes people who were called on ***residential*** telephone numbers as well as with the use of an artificial/prerecorded voice.

As stated, a motion to strike is not premature if the issues are apparent from the pleadings; a court may strike any "impertinent" matters from the pleadings to avoid the time and cost of litigation those issues, including striking a class definition that is overbroad. *See Sanders v. Apple Inc.* 672 F. Supp. 2d 978, 990-991 (N.D. Cal. 2009) (citing *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996)). In addition, Federal Rule of Civil Procedure 23(a) provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if … (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class."

Motion to Strike and Motion to Dismiss - 5
No. 3:19-cv-05960-RBL

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/122257954v.8

Here, the *Complaint* defines the proposed class as follows:

> All persons or entities within the United States who received, on or after October 9, 2015, a non-emergency telephone call from or on behalf or Hearing Help, Express, Inc. promoting goods or services:
>
> (i) To a cellular telephone numbers through the use of an automatic telephone dialing ***system or an artificial or prerecorded voice***; or
>
> (ii) To a cellular ***or residential*** telephone number that has been registered on the national Do Not Call Registry for at least 31 days and who received more than one such call within any twelve-month period.

(Compl. ¶ 24 (emphasis added).)

The proposed class is overbroad because there are no allegations any of the calls made to Plaintiff involved the use of a prerecorded/artificial voice. Instead, Plaintiff contends the September 4, 2019, call began with "a pause before being connected to the call, which is characteristic of a call placed by ATDS"—with no allegation an artificial voice was used. (*Id.* ¶17). Thus, Plaintiff's proposed class should not include any person who was called with a prerecorded/artificial voice.

Plaintiff also intends to represent all persons called on a ***residential*** phone number. But Plaintiff was only called on his cellular phone. (*Id.* ¶¶ 1, 11-13). Thus, allegations of a proposed class to include those called on residential telephone numbers is improper and should be stricken.

**B.     Plaintiff Cannot Demonstrate the Typicality Requirement for the Entire Proposed Class Because He is Not a Member of the Entire Proposed Class.**

Plaintiff purports to represent a class that includes persons called by Hearing Help on their residential phone numbers and/or called using an artificial/prerecorded voice. But Plaintiff is not typical of the members of these proposed subclasses. "An overbroad class impacts the Rule 23 requirements of commonality, typicality, and predominance of common issues." *See In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 262 (3d Cir. 2009). "[I]f material variations exist as to the law or facts involved with individual class member injuries, then the commonality requirement would not be met." *LaDuke v. Nelson*, 762 F.2d 1318, 1332 (9th Cir. 1985),

Motion to Strike and Motion to Dismiss - 6
No. 3:19-cv-05960-RBL

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/122257954v.8

*amended* (9th Cir. 1986) 796 F.2d 309 (citing *In re Hotel Tele. Charges,* 500 F.2d 86, 89 (9th Cir. 1974)). Class actions "must be structured so as to conform in the essential respects to the judicial process." *La Mar v. H & B Novelty & Loan Co.,* 489 F.2d 461, 464 (9th Cir. 1973).

As noted above, Plaintiff was ***not*** called on a residential telephone number and there are ***no*** facts alleged that Plaintiff was called using an artificial/prerecorded voice. Plaintiff's claims are thus not representative of some of those he purports to represent. Therefore, Plaintiff is unable to satisfy the typicality requirement with respect to the class as defined—including people who were called on residential telephone numbers and who were called using a prerecorded/artificial voice. It is evident based on the *Complaint* itself that these portions of the proposed class should be stricken therefrom as Plaintiff is not a member of these self-created subclasses. Moreover, no discovery will change the fact that Plaintiff is not a member of the two subclasses.

**C.     There Are No Allegations the First Two Calls Were Made Using an ATDS.**

Plaintiff alleges Hearing Help violated 47 U.S.C. § 227(b)(1)—which makes it unlawful for any person to make a non-emergency phone call "using any automatic telephone dialing system or an artificial or prerecorded voice" absent prior express consent. As noted above, there are no facts that any calls to Plaintiff were made using an artificial/prerecorded voice. In addition, Plaintiff can only identify one call purportedly made with an ATDS—*i.e.*, September 4, 2019 call. And the only fact in support of Plaintiff's claim Hearing Help used an ATDS is the allegation he noticed a "pause" before the September 4, 2019 call. There are no allegations the same "pause" on the September 4 call was also heard on the August 27 and August 29, 2019 telephone calls. (Compl. ¶¶11-12). The two calls made in August are therefore immaterial and impertinent since they were not made using an ATDS or an artificial/prerecorded voice; they should therefore be stricken from the *Complaint*.

Motion to Strike and Motion to Dismiss - 7
No. 3:19-cv-05960-RBL

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/122257954v.8

## IV. ARGUMENT REGARDING MOTION TO DISMISS

### A. Second Claim for Relief for Class Placed to Numbers Listed on the DNC Registry.

Plaintiff cannot maintain a TCPA claim regarding calls made to numbers on the DNC registry, as there: (1) are no allegations that the first two calls were telemarketing calls; and (2) the statute requires that more than one telemarketing call be made.

Specifically, 47 U.S.C. §227(c) governs policies for "telephone solicitations" and the use of "'do not call' systems." 47 U.S.C. §227(c). To assert a claim for a violation of this statute, an individual must have "received *more than one* telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]" 47 U.S.C. §227(c)(5) (emphasis added).

In the *Complaint*, Plaintiff generally alleges Hearing Help made telemarketing calls in August and September of 2019. (Compl. ¶ 1.) But Plaintiff fails to allege facts that all three calls were for telemarketing purposes. Plaintiff merely alleges that on August 27 and 29, 2019, Hearing Help called Plaintiff from the telephone number (630) 403-8617. (*Id*. ¶¶ 11-12.) Plaintiff does not allege these two calls were telemarketing calls or that he answered either call. If Plaintiff did not answer either phone call, he would have no way of knowing if they were telemarketing calls. The only call Plaintiff specifically alleges was a telemarking call from Hearing Help where it promoted its hearing aid services is the September 4, 2019 call. (*Id*. ¶¶ 15.) Plaintiff also alleges Hearing Help called from a *different* phone number on September 4, 2019 – (847) 748-0828. (*Id*. ¶ 13.) This is also the only call Plaintiff alleges he answered—as he recounts how he noticed a pause on the call. (*Id*.) And although the *Complaint* contends that "during the *calls* that Plaintiff answered, an individual from Hearing Help Express, Inc. promoted its hearing aid services and offered to sell them"—and he uses "calls" in the plural—Plaintiff only alleges he answered *one* of the calls, *i.e.*, the September 4, 2019 call. (*Id*. ¶¶ 13-15.) Since Plaintiff has not alleged that all three calls were for telemarketing purposes, his second claim based on the DNC registry fails as a matter of law and must be dismissed.

Motion to Strike and Motion to Dismiss - 8
No. 3:19-cv-05960-RBL

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/122257954v.8

### B. Defendant Cannot be Found Liable for a Violation of 47 U.S.C. § 227(b)(1) Based on the First Two Calls.

As explained above, Plaintiff asserts no facts that the two August calls were made using an ATDS. Notably, Section 227(b)(1) restricts *any* call made using an ATDS unless there is prior express consent. Thus, each call is treated as its own violation and a party can recover $500 in damages for each such violation. 47 U.S.C. § 227(b)(3). Since each call is treated as its own violation, and Plaintiff has alleged no facts that either of the August calls were made using an ATDS, these claims should be dismissed.

### V. CONCLUSION

For the foregoing reasons, Hearing Help respectfully requests that the portions of the *Complaint* at paragraphs 11, 12, 24(i), 24(ii), and 33 and the portion of heading B on page 3 be stricken, that the second claim for relief be dismissed with prejudice, and that the claims regarding the August 27 and 29, 2019 calls also be dismissed with prejudice.

DATED this 10th day of December, 2019.

VAN KAMPEN & CROWE PLLC

/s/ David E. Crowe
David E. Crowe, WSBA No. 43529
dcrowe@vkclaw.com

BLANK ROME LLP

/s/ Ana Tagvoryan
Ana Tagvoryan (*pro hac vice* forthcoming)
atagvoryan@BlankRome.com
Jeffrey Rosenthal (*pro hac vice* forthcoming)
Rosenthal-J@BlankRome.com
Nicole B. Metral (*pro hac vice* forthcoming)
nbmetral@blankrome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone: 424.239.3400
Facsimile: 424.239.3434

*Attorneys for Defendant Hearing Help Express, Inc.*

Motion to Strike and Motion to Dismiss - 9
No. 3:19-cv-05960-RBL

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/122257954v.8

**Declaration of Service**

    I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| TERRELL MARSHALL LAW GROUP PLLC<br>Beth E. Terrell<br>Jennifer Rust Murray<br>Adrienne D. McEntee<br>936 North 34th Street, Suite 300<br>Seattle, Washington 98103-8869<br>Phone: (206) 816-6603<br>BTerrell@terrellmarshall.com<br>JMurray@terrellmarshall.com<br>AMcentee@terrellmmarshall.com | PARONICH LAW, P.C.<br>Anthony I. Paronich<br>350 Lincoln Street, Suite 2400<br>Hingham, Massachusetts 02043<br>Phone: (617) 485-0018<br>Fax: (508) 318-8100<br>Anthony@paronichlaw.com<br><br>Attorneys for Plaintiff |

Attorneys for Plaintiff

    Signed at Seattle, Washington this 10th day of December, 2019.

    s/ David E. Crowe
    David E. Crowe

Motion to Strike and Motion to Dismiss - 10
No. 3:19-cv-05960-RBL

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/122257954v.8