THE HONORABLE RONALD B. LEIGHTON

1

2

3

4

5

6                      UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
7

8   MARK HOFFMAN, on behalf of himself and all
    others similarly situated,
                                                    NO. 3:19-cv-05960-RBL
9
                              Plaintiff,            **PLAINTIFF'S RESPONSE TO**
10                                                  **DEFENDANT HEARING HELP**
         vs.                                        **EXPRESS, INC.'S MOTION TO**
11                                                  **STRIKE AND MOTION TO DISMISS**
    HEARING HELP EXPRESS, INC.,                     **PORTIONS OF PLAINTIFF'S**
12                                                  **COMPLAINT**
                              Defendant.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
    HELP EXPRESS, INC.'S MOTION TO STRIKE AND
    MOTION TO DISMISS PORTIONS OF PLAINTIFF'S      **TERRELL MARSHALL LAW GROUP PLLC**
    COMPLAINT                                       936 North 34th Street, Suite 300
    CASE NO. 3:19-CV-05960-RBL                      Seattle, Washington  98103-8869
                                                    TEL. 206.816.6603 • FAX 206.319.5450
                                                    www.terrellmarshall.com

## TABLE OF CONTENTS

**Page No.**

I.    INTRODUCTION ................................................................................................1

II.   STATEMENT OF FACTS ...................................................................................2

III.  AUTHORITY AND ARGUMENT .....................................................................4

    A.    The motion to strike should be denied ....................................................4

        1.    The motion to strike is premature...............................................4

        2.    The class definition is not overbroad..........................................7

        3.    Plaintiff's claims are typical of the proposed class members' Claims..........................................................................................7

        4.    The Court can infer that the August 27 and 29 calls were made using an ATDS..................................................................8

    B.    The motion to dismiss should be denied ...............................................10

        1.    The Court can infer that the August calls were made for telemarketing purposes.............................................................10

        2.    The Court can infer that the August calls were made using an ATDS...................................................................................11

    C.    Plaintiff should be given leave to amend ..............................................11

IV.   CONCLUSION ..................................................................................................12

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION TO STRIKE AND
MOTION TO DISMISS PORTIONS OF PLAINTIFF'S
COMPLAINT - i
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

# TABLE OF AUTHORITIES

2
**Page No.**

3
## FEDERAL CASES

4

*AIIRAMLLC v. KB Home,*
5
    No. 19-cv-00269-LHK, 2019 WL 3779185 (N.D. Cal. Aug. 12, 2019) ...........................5

6
*Amey v. Cinemark USA Inc.,*
    No. 13-cv-05669-WHO, 2014 WL 4417717 (N.D. Cal. Sept. 5, 2014)...........................5

7

8
*Ammons v. Ally Fin., Inc.,*
    326 F. Supp. 3d 578 (M.D. Tenn. 2018) .........................................................................10

9

10
*Bell v. Cheswick Generating Station,*
    Civil Action No. 12-929, 2015 WL 401443 (W.D. Pa. Jan. 28, 2015) ...........................6

11
*Boddie v. Signature Flight Support Corp.,*
    No. 19-cv-03044-DMR, 2019 WL 3554383 (N.D. Cal. Aug. 5, 2019) ......................4, 5
12

13
*Bureerong v. Uvawas,*
    922 F. Supp. 1450 (C.D. Cal. 1996) ...............................................................................6

14
*Cousins v. Lockyer,*
15
    568 F.3d 1063 (9th Cir. 2009) .......................................................................................11

16
*Freeman v. Wilshire Comm. Cap. L.L.C.,*
    No. 2:15-1428 WBS AC, 2018 WL 1173823 (E.D. Cal. Mar. 6, 2018) ..........................5
17

18
*Gragg v. Orange Cab Co., Inc.,*
    942 F. Supp. 2d 1111 (W.D. Wash. 2013) .....................................................................9
19

20
*Hovsepian v. Apple, Inc.,*
    No. 08-5788 JF (PVT), 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ...........................5

21
*In re Ins. Brokerage Antitrust Litig.,*
22
    579 F.3d 241 (3d Cir. 2009) ...........................................................................................6

23
*In re Wal-Mart Stores, Inc. Wage & Hour Litig.,*
    505 F. Supp. 2d 609 (N.D. Cal. 2007)............................................................................4
24

25
*Izsak v. DraftKings, Inc.,*
    191 F. Supp. 3d 900 (N.D. Ill. 2016).............................................................................10

26

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Just Film, Inc. v. Buono*,
　　847 F.3d 1108 (9th Cir. 2017) ................................................................8

*Katz v. Am. Honda Motor Co., Inc.*,
　　No. 2:15-cv-04410-CBM-RAOx, 2015 WL 12914337 (C.D. Cal. Oct. 9, 2015)..............9

*Lee v. Hertz Corp.*,
　　330 F.R.D. 557 (N.D. Cal. 2019) ..............................................................12

*Lopez v. Smith*,
　　203 F.3d 1122 (9th Cir. 2000) ................................................................12

*Meilleur v. AT&T Corp.*,
　　No. C11-1025MJP, 2012 WL 365058 (W.D. Wash. Feb. 3, 2012) ................................11

*Meyer v. Portfolio Recovery Associates, LLC*,
　　707 F.3d 1036 (9th Cir. 2012) ................................................................8

*Murray v. Sears, Roebuck & Co.*,
　　No. 09-05744 CW, 2010 WL 3490214 (N.D. Cal. Sept. 3, 2010) ................................6

*Olney v. Progressive Casualty Ins. Co.*,
　　993 F. Supp. 2d 1220 (S.D. Cal. 2014) ......................................................7

*Otto v. Abbott Labs., Inc.*,
　　No. 5:12-cv-01411-SVW-DTB, 2015 WL 12776591 (C.D. Cal. Jan. 28, 2015)..............5

*Parsons v. Ryan*,
　　754 F.3d 657 (9th Cir. 2014) ................................................................8

*Perez v. Safelite Grp. Inc.*,
　　553 F. App'x 667 (9th Cir. 2014) ............................................................4

*Sanders v. Apple Inc.*,
　　672 F. Supp. 2d 978 (N.D. Cal. 2009)........................................................5

*Sandoval v. Ali*,
　　34 F. Supp. 3d 1031 (N.D. Cal. 2014)........................................................6

*Sasin v. Enterprise Fin. Group, Inc.*,
　　No. CV 17-4022-CBM-RAO, 2017 WL 10574367 (C.D. Cal. Nov. 21, 2017) ..............9

*Stubbs v. McDonald's Corp.*,
　　224 F.R.D. 668 (D. Kan. 2004) ..............................................................6

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION TO STRIKE AND
MOTION TO DISMISS PORTIONS OF PLAINTIFF'S
COMPLAINT - iii
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Talley v. ARINC, Inc.*,
    222 F.R.D. 260 (D. Md. 2004) ........................................................................6

*Tietsworth v. Sears, Roebuck and Co.*,
    720 F. Supp. 2d 1123 (N.D. Cal. 2010) .........................................................5

*Toney v. Quality Resources, Inc.*,
    75 F. Supp. 3d 727 (N.D. Ill. 2014) .............................................................11

*U.S. v. Corinthian Colleges*,
    655 F.3d 984 (9th Cir. 2011) .......................................................................12

*Vinole v. Countrywide Home Loans, Inc.*,
    571 F.3d 935 (9th Cir. 2009) .........................................................................4

*Wakefield v. ViSalus, Inc.*,
    No. 3:15-cv-1857-SI, 2019 WL 3945243 (D. Or. Aug. 21, 2019) ..................7

**FEDERAL STATUTES**

47 U.S.C. § 227(c)(5) ...........................................................................................10

**FEDERAL RULES**

47 C.F.R. § 64.1200(c)(2) ....................................................................................10

**OTHER AUTHORITIES**

William B. Rubenstein, 3 Newberg on Class Actions § 7:15 (5th ed. June 2018) ......................4

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION TO STRIKE AND
MOTION TO DISMISS PORTIONS OF PLAINTIFF'S
COMPLAINT - iv
CASE NO. 3:19-cv-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# I. INTRODUCTION

Plaintiff Mark Hoffman received three unsolicited telephone calls on his cell phone from defendant Hearing Help Express, Inc. in late August and early September 2019. Plaintiff alleges that Hearing Help made these calls to Plaintiff and to numerous other cell and residential telephone numbers using an automatic telephone dialing system ("ATDS") as part of a campaign to market its hearing aid services. Plaintiff registered his cell number on the FTC's national Do Not Call Registry to prevent these types of calls, which were a nuisance and an intrusion on Plaintiff's privacy, interrupting his life and wasting his time. Plaintiff filed this lawsuit against Hearing Help on behalf of a proposed class for violation of two provisions of the TCPA: (1) 47 U.S.C. § 227(b)(1), which prohibits the placement of non-emergency calls using an ATDS or an artificial or prerecorded voice to cellular telephone numbers with the prior express written consent of the called party; and (2) 47 U.S.C. § 227(c), which prohibits the placement of more than one telephone solicitation call within a 12-month period to telephone numbers that have been listed on the national Do Not Call Registry for at least 31 days.

Hearing Help's motion to strike or dismiss some of Plaintiff's allegations and claims should be denied in its entirety. Hearing Help prematurely moves to strike some of Plaintiff's class allegations, arguing that Plaintiff cannot represent individuals and entities who received calls on residential telephones or using an artificial or prerecorded voice. But Hearing Help is equally liable for these calls as for the calls it made using an ATDS to Plaintiff's cell phone; the statute treats the calls the same and it is appropriate for the proposed class to include all individuals and entities who can assert these claims. These types of factual differences also do not defeat typicality, which does not focus on the specific facts giving rise to the plaintiff's and class members' claims. Not surprisingly, Hearing Help has cited no cases in which courts have stricken these or similar allegations at this early stage of the litigation.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Hearing Help also moves to strike or dismiss allegations relating to the first two calls Plaintiff received because he does not allege he heard the same pause signifying the use of an ATDS that he heard on the September 4 call. But the Court can infer that Hearing Help used an ATDS to place the August calls from Plaintiff's additional allegations, as courts routinely do. Hearing Help's motion to dismiss Plaintiff's section 227(c) claim should also be denied because Plaintiff does allege, contrary to Hearing Help's argument, that all three calls were made for solicitation purposes and as part of a broader marketing campaign. The Court may also infer that the three calls were made for the same purpose from Plaintiff's allegations about the content of the September 4 call.

Plaintiff requests that the Court deny Hearing Help's motion in its entirety. Should the Court find grounds to strike or dismiss any of Plaintiff's allegations or claims, Plaintiff requests leave to amend.

## II.  STATEMENT OF FACTS

Plaintiff received three unsolicited calls on his cellular telephone from Hearing Help in just over a week from August 27 to September 4, 2019. ¶¶ 1, 11-13. Plaintiff has never been a customer of Hearing Help, never requested information about the company's services, and never consented to receive calls from the company or its agents. ¶¶ 2, 10, 16. His cell number has been listed on the FTC's Do Not Call Registry since August 21, 2009. ¶ 2.

Plaintiff answered the September 4 call, which began with a pause—a telltale sign that the call has been placed by an ATDS. ¶¶ 14, 17. After the pause, an individual from Hearing Help promoted the company's hearing aid services and offered to sell them to Plaintiff. ¶ 15. Plaintiff was not interested. ¶ 16.

The scale of Hearing Help's business requires that the company and its agents use a sophisticated dialing system capable of storing phone numbers and dialing them automatically, as well as delivering messages without requiring the involvement of human agents. ¶ 18. The equipment Hearing Help used to call Plaintiff and others not only had the capacity to store or

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

produce telephone numbers to be called using a random or sequential number generator, but was programmed to sequentially or randomly access stored telephone numbers to automatically call the numbers for the calls that are the subject of this case. ¶ 19. The equipment generated and then stored a sequence of telephone numbers for calling, and then automatically called those numbers. *Id.* The calls were part of a campaign that made numerous phone calls in a short period of time without human intervention. *Id.* As a former employee reported on the website GlassDoor in a post entitled "Boiler room telemarketing for hearing aid sales":

> The outbound sales operation is run like a boiler room. Cheap leads
> are loaded into a dialer…. About 98% did not ask for information
> on hearing aids, so you spend most of your day wasting your time
> talking to people who don't even have hearing loss.

¶ 20.

Plaintiff filed this lawsuit on behalf of a proposed class of persons or entities in the United States who received, on or after October 9, 2015, a non-emergency telephone call from or on behalf of Hearing Help promoting goods or services to either (i) a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice or (ii) a cellular or residential telephone number that had been registered on the Do Not Call Registry for at least 31 days and received more than one call within any 12-month period. ¶ 24. Because the auto-dialing equipment that Hearing Help uses maintains records of the contacts it makes, class members may be identified from the company's (or its agent's) records. ¶ 26.

Plaintiff asserts that Hearing Help violated two provisions of the TCPA. First, he alleges that Hearing Help violated 47 U.S.C. § 227(b)(1) by placing non-emergency calls, either directly or through its agents, using an ATDS or an artificial or prerecorded voice to cellular telephone numbers without the prior express written consent of the called party. ¶ 33. Second, he alleges that Hearing Help violated 47 U.S.C. § 227(c) by placing, either directly or through its agents, more than one telephone solicitation call within a 12-month period to telephone numbers that had been listed on the national Do Not Call Registry for at least 31

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION TO STRIKE AND
MOTION TO DISMISS PORTIONS OF PLAINTIFF'S
COMPLAINT - 3
CASE NO. 3:19-CV-05960-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

days. ¶ 34. Plaintiff seeks statutory damages and appropriate injunctive and declaratory relief on behalf of the proposed class.

### III.  AUTHORITY AND ARGUMENT

**A.    The motion to strike should be denied.**

      1.    The motion to strike is premature.

      The Ninth Circuit has repeatedly cited the "unremarkable proposition that often the pleadings alone will not resolve the question of class certification and ... some discovery will be warranted." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009); *see also Perez v. Safelite Grp. Inc.*, 553 F. App'x 667, 668 (9th Cir. 2014) ("[F]ailing to allow precertification discovery where it is necessary to determine the existence of a class is an abuse of discretion."). As in this case, "discovery may be required in either or both of two circumstances: 'when the facts relevant to any of the certification requirements are disputed or when the opposing party contends that proof of the claims or defenses unavoidably raises individual issues.'" William B. Rubenstein, 3 Newberg on Class Actions § 7:15 (5th ed. June 2018) (citation omitted). As one court recognized in denying a motion to strike class allegations, "dismissal of class allegations at the pleading stage should be done rarely" and "the better course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery." *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) (citation omitted); *see also Boddie v. Signature Flight Support Corp.*, No. 19-cv-03044-DMR, 2019 WL 3554383, at *3 (N.D. Cal. Aug. 5, 2019) ("motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for arguments about class propriety" (citation omitted)).

      Courts have questioned the propriety of striking class allegations from a pleading pursuant to Rule 12(f)—which only permits a court to strike "any redundant, immaterial, impertinent, or scandalous matter"—and Rule 23(d)(1)(D) because "in general, class allegations are not tested at the pleading stage and are instead scrutinized after a party has filed

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION TO STRIKE AND
MOTION TO DISMISS PORTIONS OF PLAINTIFF'S
COMPLAINT - 4
CASE NO. 3:19-CV-05960-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

a motion for class certification." *Boddie*, 2019 WL 3554383, at *3 (citing cases). On the rare occasion that courts do grant motions to strike class allegations, it is because "the class definition is obviously defective in some way." *Id.* (quoting *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1221 (N.D. Cal. 2014)); *AIIRAMLLC v. KB Home*, No. 19-cv-00269-LHK, 2019 WL 3779185, at *7 (N.D. Cal. Aug. 12, 2019) ("The rare instances in which courts have struck class allegations … did not address at the pleading stage whether the plaintiffs satisfied Rule 23"). To prevail, "the defendant must demonstrate that it would be impossible for the plaintiff to certify a class based on the allegations set forth in the complaint." *Otto v. Abbott Labs., Inc.*, No. 5:12-cv-01411-SVW-DTB, 2015 WL 12776591, at *2 (C.D. Cal. Jan. 28, 2015). Courts in this circuit therefore routinely deny motions challenging class certification before discovery has commenced, even when they doubt that certification will ultimately be appropriate. *See, e.g., Freeman v. Wilshire Comm. Cap. L.L.C.*, No. 2:15-1428 WBS AC, 2018 WL 1173823, at *1-2 (E.D. Cal. Mar. 6, 2018) (denying motion to deny certification as premature because "[p]rior to a Rule 23 motion seeking class certification, the parties are entitled to conduct discovery in order to provide the court with evidence to either support or refute the requested certification"); *Amey v. Cinemark USA Inc.*, No. 13-cv-05669-WHO, 2014 WL 4417717, at *3-4 (N.D. Cal. Sept. 5, 2014) ("recogniz[ing] the potential strength of defendants' arguments" but denying motion to deny class certification because "of the procedural posture in this case" and "the limited evidence" before the court).

The cases Hearing Help relies on arose in very different contexts—and the courts typically granted leave to amend. In several cases the proposed class members lacked standing. *See Tietsworth v. Sears, Roebuck and Co.*, 720 F. Supp. 2d 1123, 1146-47 (N.D. Cal. 2010) (class included members who have no injury and no standing to sue); *Hovsepian v. Apple, Inc.*, No. 08-5788 JF (PVT), 2009 WL 5069144, at *6 (N.D. Cal. Dec. 17, 2009) (class included members who had "no injury and no standing to sue" and who "can have no claim against Apple"); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (class included

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION TO STRIKE AND
MOTION TO DISMISS PORTIONS OF PLAINTIFF'S
COMPLAINT - 5
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

individuals who lacked standing and asserted claims for fraud and breach of warranty on behalf of a nationwide class that raised individualized issues). In others the plaintiffs pled a fail-safe class or a class that was inconsistent with their legal theory. *See Bell v. Cheswick Generating Station,* Civil Action No. 12-929, 2015 WL 401443, at *3-7 (W.D. Pa. Jan. 28, 2015) (plaintiffs did not contest that they had pled a "fail-safe" class and instead proposed a new class definition, which the court noted might cure the problem upon amendment); *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1043 (N.D. Cal. 2014) (class definition was inconsistent with the plaintiffs' theory of the case). Two 15-year-old, out-of-circuit cases asserted employment claims that raised a myriad of individualized issues. *See Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 674-76 (D. Kan. 2004) (striking class allegations in employment case because the claims "necessarily will involve countless different supervisors, positions, qualifications and experience," as well as "different environments and conditions," and "pay scales, positions, and locality pay differences"); *Talley v. ARINC, Inc.*, 222 F.R.D. 260, 263, 267-271 (D. Md. 2004) (following discovery, granting motion to strike allegations on behalf of a nationwide class of current and former employees who alleged discrimination because the evidence did not demonstrate any centralized decision-making and instead revealed individualized issues that defeated typicality, adequacy, and predominance). Finally, Hearing Help cites cases that are simply not relevant to the issues in this case. *See Murray v. Sears*, *Roebuck & Co.*, No. 09-05744 CW, 2010 WL 3490214, at *4 (N.D. Cal. Sept. 3, 2010) (denying motion to strike class allegations because collateral estoppel did not apply); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478-81 (C.D. Cal. 1996) (striking the term "slave sweatshop" from complaint as prejudicial, denying motion to strike claims for liquidated, punitive, and treble damages, and denying motion to strike paragraphs asserting unfair business practices and negligence); *see also In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 257 (3d Cir. 2009) (noting the need for district courts to pay heightened attention to "unwarranted or overbroad class definitions" when considering a request for settlement-only class certification).

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION TO STRIKE AND
MOTION TO DISMISS PORTIONS OF PLAINTIFF'S
COMPLAINT - 6
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

### 2.   The class definition is not overbroad.

Plaintiff defined the proposed class to include all persons and entities who received

calls from Hearing Help or its agents in violation of sections 227(b)(1) or 227(c). Hearing Help

argues that the proposed class is overbroad because Plaintiff does not allege that he received

calls on a residential phone or that involved the use of a prerecorded or artificial voice. But

these distinctions are not material, particularly at this stage of the litigation. Hearing Help is

liable under section 227(c) for calls made to a cellular *or* residential telephone number and

Hearing Help is liable under section 227(b)(1) for calls made using an ATDS *or* an artificial or

prerecorded voice. *See Wakefield v. ViSalus, Inc.*, No. 3:15-cv-1857-SI, 2019 WL 3945243, at

*6 (D. Or. Aug. 21, 2019) (denying motion to decertify class that included members who

received calls on both cellular and residential telephones where the plaintiff only received calls

on his cell phone because the defendant was equally liable for calls made to both types of

telephones and damages were the same).

Plaintiff also alleges that the calls were made as part of a marketing campaign that,

because of the scale of Hearing Help's business, relied on automatic dialing and delivering

messages without human involvement. ¶¶ 18-20. Should discovery reveal that Hearing Help did

not call residential numbers or use an artificial or prerecorded voice for calls as part of the

campaign, Plaintiff will redefine the class as appropriate. At this stage, however, it would be

premature to limit the scope of the class. *See Olney v. Progressive Casualty Ins. Co.*, 993 F.

Supp. 2d 1220, 1228 (S.D. Cal. 2014) (denying motion to strike class allegations where the

defendant argued the class definition was overbroad and could not be cured by amendment

because the motion "amounts to a premature effort to defeat class certification").

### 3.   Plaintiff's claims are typical of the proposed class members' claims.

Hearing Help argues that Plaintiff's claims are not typical of class members who were

called on residential telephones or using an artificial or prerecorded voice. But typicality is a

permissive standard, and "representative claims are 'typical' if they are reasonably coextensive

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    with those of absent class members; they need not be substantially identical." *Parsons v. Ryan*,

2    754 F.3d 657, 685 (9th Cir. 2014) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th

3    Cir. 1998)). "[T]ypicality refers to the nature of the claim or defense of the class representative,

4    and not to the specific facts from which it arose or the relief sought." *Parsons*, 754 F.3d at 685

5    (quoting *Hanon v. Dataproducts Crop.*, 976 F.2d 497, 508 (9th Cir. 1992)); *see also Just Film,*

6    *Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017) ("Typicality focuses on the class

7    representative's claim—but not the specific facts from which the claim arose—and ensures that

8    the interest of the class representative 'aligns with the interests of the class.'" (citation

9    omitted)). Measures of typicality include "whether other members have the same or similar

10   injury, whether the action is based on conduct which is not unique to the named plaintiffs, and

11   whether other class members have been injured by the same course of conduct." *Parsons*, 754

12   F.3d at 685 (quoting *Hanon*, 976 F.2d at 508).

13          These measures of typicality are present in this case. Taking Plaintiff's allegations as

14   true, all of the proposed class members have the same injury—receipt of unsolicited

15   telemarketing calls that invaded their privacy and intrusion upon their right to seclusion—

16   caused by the same conduct: Hearing Help's campaign to market its hearing aid services in

17   violation of sections 227(b)(1) and 227(c) of the TCPA. The factual differences that Hearing

18   Help identifies do not impact the typicality of Plaintiff's claims. Hearing Help also suggests

19   that commonality may be lacking, but class members' claims likewise do not have to be based

20   on identical facts to satisfy the commonality requirement. *See Meyer v. Portfolio Recovery*

21   *Associates, LLC*, 707 F.3d 1036, 1041 (9th Cir. 2012) ("The existence of shared legal issues

22   with divergent factual predicates is sufficient, as is a common core of salient facts coupled with

23   disparate legal remedies within the class." (citation omitted)).

24          4.    The Court can infer that the August 27 and 29 calls were made using an ATDS.

25          Hearing Help does not contest the sufficiency of Plaintiff's allegation that the

26   September 4 call he received from Hearing Help was made using an ATDS. Plaintiff's

27   PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION TO STRIKE AND
MOTION TO DISMISS PORTIONS OF PLAINTIFF'S
COMPLAINT - 8
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

additional allegations are sufficient for the Court to infer that the two August calls were made in the same manner as the September call. Because a plaintiff typically cannot prove a defendant's use of an ATDS before discovery, courts infer the use of an ATDS from allegations about the nature and context of the calls, as well as the relationship between the parties. *See Gragg v. Orange Cab Co., Inc.*, 942 F. Supp. 2d 1111, 1114 (W.D. Wash. 2013) ("well-pled allegations of an ATDS [used to send text messages] 'rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference' than an ATDS was used" (citation omitted)). Courts consider, among other things, allegations that the defendant used an ATDS as part of a telemarketing campaign to numerous phone numbers, that the plaintiff heard a "click" upon answering one of a series of calls, and that the calls were unsolicited. *See, e.g., Sasin v. Enterprise Fin. Group, Inc.*, No. CV 17-4022-CBM-RAO, 2017 WL 10574367, at *6 & n.8 (C.D. Cal. Nov. 21, 2017) (finding allegations that calls were made using an ATDS, that a "click" was heard after a call was answered, and that the equipment had the capacity to dial stored numbers without human involvement was sufficient to raise an inference of use of an ATDS, and citing supporting cases in footnote); *Katz v. Am. Honda Motor Co., Inc.*, No. 2:15-cv-04410-CBM-RAOx, 2015 WL 12914337, at *1-2 & 1 (C.D. Cal. Oct. 9, 2015) (although the plaintiff did not answer any of the calls made to his cell phone, inferring the use of an ATDS from allegations that Honda used an ATDS, placed several unsolicited calls to plaintiff's telephone, and other consumers complained about receiving dead air and hang up calls from Honda); *Gragg*, 942 F. Supp. 2d at 1114-15 (inferring use of an ATDS from allegations that text messages were unsolicited, were made using equipment that had the capability of sending millions of text messages, and were part of a marketing campaign to tens of thousands of Washington consumers).

Plaintiff alleges sufficient facts about the nature and context of Hearing Help's calls and his lack of prior relationship with Hearing Help to raise a plausible inference that Hearing Help made the August calls using at ATDS. Plaintiff alleges that he received all three calls within an

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

eight-day period (¶¶ 1, 11-13); upon answering the September 4 call, he heard a pause before being connected, which is characteristic of a call placed by an ATDS (¶ 17); he had no prior relationship with Hearing Help and did not consent to receive calls from the company (¶¶ 2, 10, 16); on the September 4 call, an individual from Hearing Help promoted the company's hearing aid services and offered to sell them to Plaintiff (¶ 17); the scale of Hearing Help's business requires it to use at ATDS system (¶ 18); the calls Plaintiff received were part of a marketing campaign that "made numerous phone calls in a short period of time without human intervention" (¶ 19); and a former employee described Hearing Help's sales operation as "like a boiler room" where calls were made using "a dialer" (¶ 20). Whether Hearing Help in fact used an ATDS to make the August calls will be borne out through discovery. *See Izsak v. DraftKings, Inc.*, 191 F. Supp. 3d 900, 907 (N.D. Ill. 2016) ("DraftKings should know whether it sent marketing text messages utilizing an ATDS on the day in question. If it did not, it can simply deny the allegations; if there are questions as to whether it sent such text messages to Izsak and the other purported class members, those can be addressed through discovery.").[1]

**B.      The motion to dismiss should be denied.**

      1.      <u>The Court can infer that the August calls were made for telemarketing purposes.</u>

      Plaintiff alleges that he received three unsolicited telemarketing calls on his cell phone in August and September 2019 from Hearing Help seeking to sell its hearing aid products to him as part of a campaign that made numerous calls using an ATDS. ¶¶ 1, 11-13, 15, 19. These allegations state a claim for violation of section 227(c), which requires more than one telephone solicitation call within a 12-month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). While Plaintiff provided details of the call he received on September 4, the Court may reasonably infer that the two prior calls were made for the same telemarketing purpose. *See*

---

[1] There is, of course, no requirement that Plaintiff answer the calls to constitute a violation of the statute as the TCPA prohibits the placement of the calls, not their receipt. *See, e.g., Ammons v. Ally Fin., Inc.*, 326 F. Supp. 3d 578, 590-91 (M.D. Tenn. 2018) (the TCPA does not require the recipient to be contemporaneously aware of a call, which triggers the statute regardless of whether the call is answered or not).

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING HELP EXPRESS, INC.'S MOTION TO STRIKE AND MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT - 10

CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Toney v. Quality Resources, Inc.*, 75 F. Supp. 3d 727, 746 (N.D. Ill. 2014) (court drew a reasonable inference that three unanswered calls were made to market the same services marketed in the call the plaintiff answered); *see also Meilleur v. AT&T Corp.*, No. C11-1025MJP, 2012 WL 365058, at *1 (W.D. Wash. Feb. 3, 2012) (denying motion to dismiss claim for violation of section 227(c) where the plaintiff "alleged with specificity the date of one call and that 'on information and belief,' he received another within twelve months"). That the August calls were made from a different telephone number is irrelevant at this stage since Plaintiff alleges that all three calls were placed by Hearing Help (¶¶ 1, 11-13), which the Court must accept as true. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). It is well known that telemarketers often make calls from different numbers to increase the chance of the call being answered. *See, e.g.,* FCC, The FCC's Push to Combat Robocalls and Spoofing, https://www.fcc.gov/about-fcc/fcc-initiatives/fccs-push-combat-robocalls-spoofing (last visited Jan. 9, 2020).

        2.     The Court can infer that the August calls were made using an ATDS.

      As discussed above, the Court can infer that the August calls were made using an ATDS from Plaintiff's allegations about the nature and context of the calls and his lack of prior relationship with Hearing Help. Hearing Help cites no authority to support its argument that Plaintiff's claims for violation of section 227(b)(1) must be dismissed because "each call is treated as its own violation." Mot. at 9. This argument is directly contradicted by the many cases, including those cited above, in which courts inferred that calls were made using an ATDS from allegations similar to Plaintiff's.

**C.    Plaintiff should be given leave to amend.**

      If the Court determines that any of Plaintiff's allegations should be stricken or claims dismissed, Plaintiff requests leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely granted 'when justice so requires,'" bearing in mind "the underlying purpose of Rule 15 … to facilitate decision on the merits, rather than on the

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION TO STRIKE AND
MOTION TO DISMISS PORTIONS OF PLAINTIFF'S
COMPLAINT - 11
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)

2  (citation omitted). Generally, leave to amend shall be denied only if it would prejudice the

3  opposing party, cause undue delay or be futile, or if the moving party has acted in bad

4  faith. *U.S. v. Corinthian Colleges*, 655 F.3d 984 (9th Cir. 2011). None of these grounds

5  preclude amendment in this case. Moreover, leave to amend is freely permitted after granting a

6  motion to strike unless it would prejudice the opposing party. *Lee v. Hertz Corp.*, 330 F.R.D.

7  557, 560 (N.D. Cal. 2019); *see also id.* at 562 ("Even if the motion [to strike] were granted as a

8  result of technical deficiencies in the pleading, leave to amend would be required under nearly

9  all conceivable circumstances.").

10                          **IV.  CONCLUSION**

11      Plaintiff requests that the Court deny Hearing Help's motion.

12      RESPECTFULLY SUBMITTED AND DATED this 13th day of January, 2020.

13                          TERRELL MARSHALL LAW GROUP PLLC

14
15      By:  /s/ Beth E. Terrell, WSBA #26759
            Beth E. Terrell, WSBA #26759
16          Email: bterrell@terrellmarshall.com
            Jennifer Rust Murray, WSBA #36983
17          Email: jmurray@terrellmarshall.com
            Adrienne D. McEntee, WSBA #34061
18          Email: amcentee@terrellmarshall.com
            936 North 34th Street, Suite 300
19          Seattle, Washington 98103-8869
            Telephone: (206) 816-6603
20
21          Anthony I. Paronich, *Admitted Pro Hac Vice*
            Email: anthony@paronichlaw.com
22          PARONICH LAW, P.C.
            350 Lincoln Street, Suite 2400
23          Hingham, Massachusetts 02043
            Telephone: (617) 485-0018
24          Facsimile: (508) 318-8100

25
            *Attorneys for Plaintiff and the Proposed Class*
26
27
PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION TO STRIKE AND
MOTION TO DISMISS PORTIONS OF PLAINTIFF'S
COMPLAINT - 12
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

CERTIFICATE OF SERVICE

2

I, Beth E. Terrell, hereby certify that on January 13, 2020, I electronically filed the

3

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4

such filing to the following:

5

David E. Crowe, WSBA #43529

6

Email: dcrowe@vkclaw.com
VAN KAMPEN & CROWE PLLC

7

1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154

8

Telephone: (206) 386-7353
Facsimile: (206) 405-2825

9

10

Ana Tagvoryan, *Admitted Pro Hac Vice*
Email: atagvoryan@blankrome.com

11

Nicole Bartz Metral, *Admitted Pro Hac Vice*
Email: nbmetral@blankrome.com

12

BLANK ROME LLP

13

2029 Century Park East, 6th Floor
Los Angeles, California 90067

14

Telephone: (424) 239-3400
Facsimile: (424) 239-3434

15

16

Jeffrey Rosenthal, *Admitted Pro Hac Vice*
Email: rosenthal-j@blankrome.com

17

BLANK ROME LLP
130 North 18th Street

18

Philadelphia, Pennsylvania 19103
Telephone: (215) 569-5500

19

Facsimile: (215) 569-5555

20

*Attorneys for Defendant*

21

22

23

24

25

26

27

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION TO STRIKE AND
MOTION TO DISMISS PORTIONS OF PLAINTIFF'S
COMPLAINT - 13
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

DATED this 13th day of January, 2020.

2

TERRELL MARSHALL LAW GROUP PLLC

3

By:    /s/ Beth E. Terrell, WSBA #26759

4

Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com

5

936 North 34th Street, Suite 300
Seattle, Washington 98103

6

Telephone: (206) 816-6603
Facsimile: (206) 319-5450

7

*Attorneys for Plaintiff and the Proposed Class*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION TO STRIKE AND
MOTION TO DISMISS PORTIONS OF PLAINTIFF'S
COMPLAINT - 14
CASE NO. 3:19-cv-05960-RBL