THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MARK HOFFMAN, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

HEARING HELP EXPRESS, INC.,

Defendant.

NO. 3:19-cv-05960-RBL

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Plaintiff Mark Hoffman ("Plaintiff") and Defendant Hearing Help Express, Inc. ("Defendant" or "Hearing Help") (collectively, "the Parties") submit the following Joint Status Report and Discovery Plan per the Court's November 7, 2019 Order (Dkt. #14). In accordance with Federal Rule of Civil Procedure 26(f) and the Court's order, the parties conferred by telephone on Tuesday, January 21,, 2020.

1. Nature and Complexity of the Case.

*Plaintiff's Statement*

The case is a proposed class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). In August and September 2019, Mark Hoffman received telemarketing calls on his cellular phone placed by or on behalf of Hearing Help Express, Inc. seeking to sell their hearing aid products to him. Mr. Hoffman has not been

JOINT STATUS REPORT AND DISCOVERY PLAN - 1
CASE NO. 3:19-CV-05960-RBL
113461.00602/122572366v.1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

a Hearing Help Express, Inc. customer at any time, and Mark Hoffman did not consent to receive calls from Hearing Help Express, Inc. or its agents. Mark Hoffman's telephone number is listed on the Do Not Call registry maintained by the Federal Trade Commission and has been continuously listed there since August 21, 2009.

The Plaintiff opposes the bifurcation of discovery to two anticipated affirmative defenses of Hearing Help. The Defendant asserts that an overseas call center was involved in the calls to the Plaintiff. If that is true, then it is imperative that the Plaintiff be able to obtain documents that identify the other pre-recorded calls to putative class members. While the Defendant claims that the circumstances regarding the Plaintiff's contact are unique, they appear to be uniform, or at least potentially uniform, to the putative class. Initially, relying on information from their vendor, Hearing Help claimed that the Plaintiff called the vendor, which led to the transfer to Hearing Help and the subsequent calls. This was not so. Recognizing that, Hearing Help has now claimed that the vendor's overseas call center made outbound calls, presumably to all putative class members in the same manner. These evolving stories from vendors are the reason why discovery should proceed without restriction. As such, in one discovery period, the Plaintiff should be permitted to explore any relevant information that a third party may, or may not, have to prepare this case for class certification and trial.

*Defendant's Statement*

Hearing Help does not dispute that calls were placed to Plaintiff by Hearing Help. However, the factual circumstances surrounding Plaintiff's receipt of said calls—as well as how Hearing Help obtained Plaintiff's information to make the calls—are unique. Specifically, Hearing Help reasonably relied on the representation of a third-party vendor—to whom

JOINT STATUS REPORT AND DISCOVERY PLAN - 2
CASE NO. 3:19-CV-05960-RBL
113461.00602/122572366v.1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Plaintiff had purportedly given his consent to be contacted—before he was contacted by Hearing Help.

According to the vendor, Plaintiff filled out an online survey indicating he wanted to hear more about certain benefits provided by a website. In response to Plaintiff's inquiry, an overseas call center (that was unknown to Hearing Help) operating under the name Skyscrapers (Pvt.) Limited ("Skyscrapers"), contacted Plaintiff and asked if he was interested in hearing about other products. When Plaintiff replied "yes," the call was then transferred to Hearing Help's vendor—*i.e.*, Triangular Media Corp. ("Triangular"). And on that call, Plaintiff verbally expressed interest to Triangular in receiving information from Hearing Help about its hearing aid products. After expressing such an interest, and on the same call, Triangular sought to secure Plaintiff's express consent. After being presented with express verbal TCPA disclosure language, Plaintiff responded that he did not want to be contacted via an automatic dialer. However, a glitch in Triangular's system registered Plaintiff's "no" as a "yes"—and Plaintiff's information was then transferred to Hearing Help as a lead who had, in fact, given his prior express consent to be called by Hearing Help.

Importantly, Hearing Help had no reason to believe there was a glitch in Triangular's system and is not vicariously liable for the unauthorized acts of its vendor. Hearing Help acted in reasonable reliance that all leads Triangular provided prior express consent under the TCPA. Therefore, Hearing Help is not liable to Plaintiff. In addition, Hearing Help understands that the glitch affected only a very small subset of people—and, given the specific and unique fact pattern of Plaintiff's experience—class certification is inappropriate and untenable. It is more suitable and efficient for the parties to conduct limited, bifurcated discovery on the issue of vicarious liability first so that Hearing Help can file a dispositive motion on this issue.

JOINT STATUS REPORT AND DISCOVERY PLAN - 3
CASE NO. 3:19-CV-05960-RBL
113461.00602/122572366v.1

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2.  <u>Proposed Deadline for Joining Additional Parties.</u> The parties propose a deadline of **April 3, 2020**.

3.  <u>Consent to proceed before the Magistrate Judge.</u>

The parties do not unanimously consent to proceed before a magistrate judge.

<u>Discovery Plan.</u>

A.  <u>Initial disclosures</u>. Plaintiff served his Initial Disclosures on January 23, 2020; Defendant served its Initial Disclosures on January 29, 2020.

B.  <u>Subjects, timing, and potential phasing of discovery</u>. Plaintiff anticipates that the subjects of discovery will include: (1) Defendant and/or third-party's call data regarding Plaintiff and the putative class; (2) identification of class members; (3) Defendant's policies and procedures regarding compliance with the TCPA; (4) Defendant's affirmative defenses; (5) Defendant's negligence or willfulness regarding TCPA violations; (6) Defendant's document retention policies; (7) identification of witnesses; and (8) Defendant's relationship with any third parties that may have relevant information surrounding this matter.

Hearing Help anticipates the Phase One of discovery will include: (1) whether Hearing Help had knowledge of the Triangular glitch; (2) whether Hearing Help requested that Triangular obtain prior express consent from all leads; (3) whether Hearing Help can be vicariously liable for the conduct of Triangular, who sent the lead for Plaintiff; and (4) whether Hearing Help acted in reasonable reliance that the leads from Triangular were people who provided prior express consent to be contacted.

Hearing Help thus requests discovery be phased, and believes bifurcation is necessary for the speedy and efficient administration of justice, as discussed in further detail below.

JOINT STATUS REPORT AND DISCOVERY PLAN - 4
CASE NO. 3:19-CV-05960-RBL
113461.00602/122572366v.1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

C. <u>Electronically stored information</u>. Plaintiff anticipates that the case will require gathering ESI, including compilations of data stored in Defendant's computer systems and email communications by Defendant's employees. The parties will use the Court's ESI model stipulation, tailored as appropriate for purposes of this case.

D. <u>Privilege issues.</u> The parties do not anticipate any unusual or unique privilege issues. Any document responsive to a discovery request over which a party asserts a claim of privilege shall be listed on a privilege log that provides sufficient information about the document to permit the opposing party to evaluate the claim. However, the parties agree that communications between counsel of record in this matter and their respective clients relating to this litigation do not need to be logged on any privilege log.

E. <u>Proposed limitations on discovery.</u> The parties do not currently propose any limitations on discovery, beyond the limitations provided in the Federal Rules of Civil Procedure and the Local Civil Rules of the Western District of Washington.

F. <u>The need for any discovery related orders.</u> The parties will submit a proposed stipulated protective order based on the court's model form.

4. <u>Items set forth in Local Civil Rule 26(f).</u>

A. <u>Prompt case resolution.</u> The parties believe it is too early to determine whether the case can be promptly resolved.

B. <u>Alternative dispute resolution.</u> The parties believe the case may benefit from private mediation at the appropriate time. The parties request that the Court set a deadline for completion of any mediation no later than one month before trial.

C. <u>Related cases.</u> Defendant is not aware of any related cases.

JOINT STATUS REPORT AND DISCOVERY PLAN - 5
CASE NO. 3:19-CV-05960-RBL
113461.00602/122572366v.1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

D. <u>Discovery management.</u> The parties intend to cooperate in managing discovery efficiently; no management by the Court is anticipated at this time. The parties agree to consider using the expedited procedure for discovery motions set forth in LCR 37.

E. <u>Anticipated discovery sought.</u> The parties anticipate using standard discovery (interrogatories, request for production, requests for admission, and oral depositions) to investigate topics set forth in section 3(B), *supra*.

F. <u>Phasing motions.</u> The Plaintiff does not anticipate requesting phased discovery, but does anticipate filing a motion for class certification.

Hearing Help is requesting phased discovery. Specifically, Hearing Help believes limited discovery on the dispositive issue of vicarious liability (*i.e.*, Phase One) should precede class-wide discovery and/or motion practice.

If Hearing Help is not vicariously liable for Triangular's conduct, and acted in reasonable reliance on the leads generated by its vendor, then Plaintiff's claims against Hearing Help fail as a matter of law. Resources will be wasted if the parties proceed with expensive class-wide discovery when there is a clear threshold question of liability.

Hearing Help proposes that Phase One be limited to issues concerning whether Hearing Help acted in reasonable reliance and whether it is vicariously liable for Triangular's conduct. If Hearing Help does not prevail on its early dispositive motion on vicarious liability, Phase Two would then consist of the remainder of discovery—including additional defenses to Plaintiff's claims and, potentially, class-wide discovery. However, given the unique fact pattern that exists here, class certification is unlikely.

The goal of the federal rules is to "secure the just, speedy, and inexpensive determination of every action." *See* Fed. R. Civ. P. 1. It is well-settled that district courts have

JOINT STATUS REPORT AND DISCOVERY PLAN - 6
Case No. 3:19-cv-05960-RBL
113461.00602/122572366v.1

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

discretion in controlling the discovery process. *Idzojtic v. Penn. R.R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1972). By bifurcating discovery when there is a threshold question about whether Hearing Help is vicariously liable, as described above, the Court would do just that. *See Physicians Healthsource, Inc. v. Janssen Pharm., Inc.,* 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014) (bifurcating discovery in TCPA case where the "Court agree[d] with Defendants that a narrow, potentially dispositive issue exists[.]"); *see also Leschinsky v. Inter-Cont'l Hotels Corp.*, 2015 WL 6150888, at *2 (M.D. Fla. Oct. 15, 2015) (bifurcating discovery in TCPA action and allowing only limited discovery into the issue of whether a certain kind of dialer was used and providing for early summary judgment briefing, where "Defendants have presented evidence suggesting that Leschinsky's TCPA claims are without merit as a matter of law.").

Bifurcation would allow the parties to develop facts needed for a dispositive motion based on Hearing Help's position it acted in reasonable reliance and is not vicariously liable. Absent bifurcation, broad and burdensome class-wide discovery would unnecessarily sap the resources of the parties—especially Hearing Help—as well as this Court. *See, e.g., Loreaux v. ACB Receivables Mgmt.*, 2015 U.S. Dist. LEXIS 112250, at *11 (D.N.J. Aug. 25, 2015) ("it is generally recognized that class actions involve the potential for hefty litigation expenses and an extensive use of judicial resources in the resolution of these claims[.] It is also generally understood that the costs can be particularly enormous for defendants.") (citing *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, 2013 U.S. Dist. LEXIS 23973, at *13 (D.N.J. Feb. 21, 2013)) (internal quotations omitted); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 350 (2011) ("Faced with even a small chance of a devastating loss, defendants will be pressured into settling questionable claims. Other courts have noted the risk of 'in terrorem'

JOINT STATUS REPORT AND DISCOVERY PLAN - 7
CASE NO. 3:19-CV-05960-RBL
113461.00602/122572366v.1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

settlements that class actions entail[.]"). Hearing Help can provide further argument in a formal Motion to Bifurcate Discovery, if the Court so requests.

The Plaintiff opposes the bifurcation of discovery to the two defenses of Hearing Help's choosing. First, to grant a request to bifurcate discovery, the movant must establish that relief is necessary for "convenience, to avoid prejudice, or to expedite and economize." *See Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106, 2016 U.S. Dist. LEXIS 6778, at *3-4 (E.D.N.Y. Jan. 12, 2016) (denying motion to bifurcate merits and class discovery in TCPA action). "The moving party bears the burden of establishing" that the relief "is appropriate." *Id.* at *5. Here, because of the overlap between discovery regarding the merits of Plaintiff's claims and class certification, Defendant's request to bifurcate discovery will not promote judicial efficiency or a prompt resolution of the case. To the contrary, bifurcation will unnecessarily delay the action, prejudicing Plaintiff and the putative class, by requiring the Court to resolve the parties' anticipated disagreement as to bright-line between merits and class certification discovery. *See Charvat*, 2016 U.S. Dist. LEXIS 6778 at *6 ("In fact, bifurcation would have the opposite effect."); *see also Ahmed v. HSBC Bank USA, Nat'l Assoc.*, No. ED CV 15-2057 FMO (SPx), 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) (collecting cases). Under these circumstances, district courts regularly refuse to bifurcate discovery. *See, e.g., MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co.*, No. 17-21289-Civ, 2017 U.S. Dist. LEXIS 205650, at *16 (S.D. Fla. Dec. 14, 2017) ("we decline to exercise our discretion to phase discovery because the issues surrounding standing, merits, and class certification may be inextricably tied together, and may therefore require more — not less — judicial intervention to resolve the parties' disagreements"); *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-cv-02219-JST, 2015 WL 273188, at * 2 (N.D. Cal. Jan. 20, 2015) (denying bifurcation in TCPA case

JOINT STATUS REPORT AND DISCOVERY PLAN - 8
CASE No. 3:19-CV-05960-RBL
113461.00602/122572366v.1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

because it "has the potential to further complicate this litigation" and "could raise a slew of issues" regarding the distinction between certification and merits discovery). In fact, the majority of discovery that relates to class issues but not vicarious liability would likely be electronic records and spreadsheets of records reflecting telephone calls to other putative class members, which the Plaintiff, or an expert, will analyze in order to prepare this case for a motion for class certification and trial.

Finally, staying a substantial amount of discovery will prejudice the Plaintiff, including resulting in the potential destruction of evidence. *See Saleh v. Crunch, LLC*, No. 17-62416-Civ-COOKE/HUNT, 2018 U.S. Dist. LEXIS 36764, at *5 (S.D. Fla. Feb. 28, 2018) (denying a stay in a TCPA case and noting that the "fading memory of any witness" is prejudicial). Specifically, although TCPA claims are governed by the four-year federal statute of limitations in 28 U.S.C. §1658(a), not all telecommunications companies or other telemarketing companies keep records of telephone activities for up to four years. Without an immediate gathering of records, the likelihood of destruction of this evidence increases with each passing day. Many telecommunications providers will only retain call record information for 30-90 days. This is especially true here, where Hearing Help's vendor engaged a third party international call center. Recognizing this issue, the Plaintiff sought Hearing Help's agreement to serve a third party subpoena on Triangular Media, but Hearing Help refused.[1] Bifurcation of discovery, which will prevent the Plaintiff's ability to obtain records of these automated calls, will prejudice the Plaintiff.

---

[1] However, the Defendant contends that the threat of destruction of this evidence is no longer an issue as Plaintiff has served a subpoena on third-party Triangular on January 23, 2020, seeking, among other things, call logs and recordings. Triangular has not responded to the subpoena or indicated that it will.

JOINT STATUS REPORT AND DISCOVERY PLAN - 9
CASE NO. 3:19-CV-05960-RBL
113461.00602/122572366v.1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

The Plaintiff can provide further argument in response to a formal Motion to Bifurcate Discovery if the Court so requests.

G.  <u>Preservation of discoverable information.</u> Plaintiff is preserving all documents in their possession related to Defendant and the alleged improper receipt of telemarketing calls from the Defendant. Hearing Help is preserving all documents in its possession, custody, or control that are relevant to this case. Hearing Help has also sent preservation notices to Triangular and Skyscrapers instructing that they too preserve evidence.

H.  <u>Privilege issues.</u> The parties do not anticipate any unusual or unique privilege issues. Any document responsive to a discovery request over which a party asserts a claim of privilege shall be listed on a privilege log as set forth in section 3(D), *supra*.

I.  <u>Model protocol for discovery of ESI.</u> The parties will endeavor to agree upon an ESI protocol consistent with the Court's ESI model stipulation.

J.  <u>Alternatives to Model protocol.</u> Because the parties will endeavor to agree ESI protocol consistent with the Court's ESI model stipulation, no alternative is necessary.

5.  <u>Discovery Cutoff.</u> Plaintiff proposes holding off on setting a discovery cut-off until after the court issues its decision on Plaintiff's planned motion for class certification. Hearing Help proposes this Court set a discovery cut-off date for Phase One, as stated below.

6.  As discussed above, the Plaintiff believes that the case should not be bifurcated by trying liability before damages or in any other way. As discussed above, Hearing Help requests discovery be phased and the case be bifurcated so vicarious liability/reasonable reliance issues are heard first.

JOINT STATUS REPORT AND DISCOVERY PLAN - 10
CASE NO. 3:19-CV-05960-RBL
113461.00602/122572366v.1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

7.   The parties do not believe the pretrial statements and pretrial order called for by local Civil Rule 16 should be dispensed with in whole or in part.

8.   <u>Suggestions for shortening or simplifying the case</u>. Plaintiff suggests that the Court set a schedule for briefing class certification now (as described in the next paragraph), and set a trial schedule after ruling on Plaintiffs' motion for class certification. Hearing Help disagrees, as discovery should instead be phased. After its disposition motion is heard, and assuming the case proceeds, then briefing for class certification should be set.

9.   <u>Trial readiness date</u>.

The parties propose that the Court enter the following class certification briefing schedule. After the Court enters an order deciding Plaintiff's motion for class certification, the parties propose that they confer regarding deadlines for any additional discovery that may need to be conducted, pre-trial deadlines, and a trial date.

Plaintiff's Proposed Timeline:

| EVENT | PROPOSED DEADLINE |
|---|---|
| Plaintiff's motion for class certification | By September 30, 2020 |
| Defendant's response to Plaintiff's motion for class certification | 30 days after the Plaintiff's filing. |
| Plaintiff's reply in support of class certification | 14 days after the Defendant's opposition |
| Merits discovery cutoff, pre-trial, and trial deadlines | To be determined following the Court's decision on class certification. |

Hearing Help's Proposed Timeline:

JOINT STATUS REPORT AND DISCOVERY PLAN - 11
CASE NO. 3:19-CV-05960-RBL
113461.00602/122572366v.1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

| EVENT | PROPOSED DEADLINE |
|---|---|
| Deadline to amend pleadings or add parties | April 3, 2020 |
| Deadline to designate Phase One experts | April 3, 2020 |
| Deadline to designate Phase One rebuttal experts | April 20, 2020 |
| Deadline to designate Phase One expert reports | May 11, 2020 |
| Deadline to complete Phase One discovery | June 1, 2020 |
| Deadline for filing Phase One dispositive motions | July 1, 2020 |
| Deadline for filing oppositions to Phase One dispositive motions | July 22, 2020 |
| Deadline for filing replies to Phase One dispositive motions | August 7, 2020 |
| Parties meet and confer to establish schedule for further discovery as necessary | 14 days after Court's ruling on dispositive motions |

10. The trial will be before a jury.

11. The parties anticipate needing 5 days for trial.

12. <u>Trial counsel:</u> For Plaintiffs: Beth Terrell, Jennifer Rust Murray and Adrienne D. McEntee, 936 North 34th Street, Seattle, Washington, 98103, (206) 816-6603.  For Defendant:  David E. Crowe, 1001 Fourth Avenue, Suite 4050, Seattle, Washington, 98154, (206) 386-7353, Jeffrey N. Rosenthal, One Logan Square, 130 N. 18th St., Philadelphia, PA 19103, (215) 569-5553, and Ana Tagvoryan, 2029 Century Park East, 6th Floor, Los Angeles, California, 90067, (424) 239-3400.

13. The parties propose setting a trial date after the court decides Plaintiff's planned motion for class certification.

JOINT STATUS REPORT AND DISCOVERY PLAN - 12
CASE NO. 3:19-CV-05960-RBL
113461.00602/122572366v.1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

14. Defendant was served on October 11, 2019.

15. Plaintiff does not request scheduling conference before the Court enters a scheduling order in this case. Hearing Help requests a scheduling conference before the Court enters a scheduling order in the case.

16. Defendant filed its corporate disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1 on December 10, 2019.

RESPECTFULLY SUBMITTED AND DATED this 5th day of February, 2020.

| TERRELL MARSHALL LAW GROUP PLLC | VAN KAMPEN & CROWE PLLC |
|---|---|
| By: /s/ Beth E. Terrell, WSBA #26759<br>Beth E. Terrell, WSBA #26759<br>Email: bterrell@terrellmarshall.com<br>Jennifer Rust Murray, WSBA #36983<br>Email: jmurray@terrellmarshall.com<br>Adrienne D. McEntee, WSBA #34061<br>Email: amcentee@terrellmarshall.com<br>936 North 34th Street, Suite 300<br>Seattle, Washington 98103-8869<br>Telephone: (206) 816-6603<br><br>Anthony I. Paronich, *Pro Hac Vice*<br>Email: anthony@paronichlaw.com<br>PARONICH LAW, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, Massachusetts 02043<br>Telephone: (617) 485-0018<br>Facsimile: (508) 318-8100<br><br>*Attorneys for Plaintiff and the Proposed Class* | By: /s/ David E. Crowe, WSBA #43529<br>David E. Crowe, WSBA #43529<br>Email: dcrowe@vkclaw.com<br>1001 Fourth Avenue, Suite 4050<br>Seattle, Washington 98154<br>Telephone: (206) 386-7353<br>Facsimile: (206) 405-2825<br><br>Ana Tagvoryan, *Pro Hac Vice*<br>Email: atagvoryan@blankrome.com<br>Nicole B. Metral, *Pro Hac Vice*<br>Email: nbmetral@blankrome.com<br>BLANKROME LLP<br>2029 Century Park East, 6th Floor<br>Los Angeles, California 90067<br>Telephone: (424) 239-3400<br>Facsimile: (424) 239-3434<br><br>Jeffrey N. Rosenthal, *Pro Hac Vice*<br>Email: Rosenthal-J@blankrome.com<br>One Logan Square, 130 N. 18th St.,<br>Philadelphia, Pennsylvania 19103<br>Telephone: (215) 569-5553<br>Facsimile: (215) 832-5553<br><br>*Attorneys for Defendant* |

JOINT STATUS REPORT AND DISCOVERY PLAN - 13
CASE NO. 3:19-CV-05960-RBL
113461.00602/122572366v.1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on February 5, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> David E. Crowe, WSBA #43529
> Email: dcrowe@vkclaw.com
> VAN KAMPEN & CROWE PLLC
> 1001 Fourth Avenue, Suite 4050
> Seattle, Washington 98154
> Telephone: (206) 386-7353
> Facsimile: (206) 405-2825
>
> Ana Tagvoryan
> Email: atagvoryan@blankrome.com
> Nicole B. Metral, *Pro Hac Vice*
> Email: nbmetral@blankrome.com
> BLANK ROME LLP
> 2029 Century Park East, 6th Floor
> Los Angeles, California 90067
> Telephone: (424) 239-3400
> Facsimile: (424) 239-3434
>
> Jeffrey N. Rosenthal
> Email: Rosenthal-j@blankrome.com
> BLANK ROME LLP
> One Logan Square, 130 N. 18th St.
> Philadelphia, PA 19103
> Telephone: (215) 569-5553
> Facsimile: (215) 832-5553
>
> *Attorneys for Defendant*

JOINT STATUS REPORT AND DISCOVERY PLAN - 14
CASE NO. 3:19-CV-05960-RBL
113461.00602/122572366v.1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  DATED this 5th day of February, 2020.

2                                     TERRELL MARSHALL LAW GROUP PLLC

3  By:   /s/ Beth E. Terrell, WSBA #26759
       Beth E. Terrell, WSBA #26759

4         Email: bterrell@terrellmarshall.com
       936 North 34th Street, Suite 300

5         Seattle, Washington 98103
       Telephone: (206) 816-6603

6         Facsimile: (206) 319-5450

*Attorneys for Plaintiff and the Proposed Class*

JOINT STATUS REPORT AND DISCOVERY PLAN - 15
CASE NO. 3:19-cv-05960-RBL
113461.00602/122572366v.1

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com