|   |   |   |
|---|---|---|
| 1 | | HONORABLE RONALD B. LEIGHTON |
| 2 | | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK HOFFMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>HEARING HELP EXPRESS, INC.,<br><br>Defendant. | CASE NO. 3:19-cv-05960-RBL<br><br>ORDER ON DEFENDANT'S MOTION TO STRIKE AND MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT |

THIS MATTER is before the Court on Defendant Hearing Help Express, Inc.'s Motion to Strike and Motion to Dismiss Portions of the Plaintiff's Complaint. Dkt. # 19. Plaintiff Mark Hoffman's class action lawsuit under the Telephone Consumer Protection Act is based on three calls he received between August 27 and September 4. Complaint, Dkt. # 1, at 2-3. Hoffman, whose number is on the FTC's Do Not Call Registry (DNCR), alleges that Hearing Help placed these calls to his cellular phone to market its products and that the third call began with a "pause," which is indicative of an automatic telephone dialing system (ATDS). *Id*. at 2-3. Hoffman asserts two claims. The first is under 47 U.S.C. § 227(b)(1) for placing non-emergency calls using an ATDS or prerecorded voice to a cellular phone without prior written consent of the called party. *Id*. at 7. The second claim is under § 227(c) for placing multiple telephone

solicitation calls to numbers that have been listed on the Do Not Call Registry for at least 31 days. *Id*.

Hoffman defines his intended class as follows: "All persons or entities within the United States who received, on or after October 9, 2015, a non-emergency telephone call from or on behalf of Hearing Help Express, Inc., promoting goods or services: (i) to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or prerecorded voice; or (ii) to a cellular or residential telephone number that has been registered on the national Do Not Call Registry for at least 31 days and who received more than one such call within any twelve month period." *Id*. at 4-5.

Citing Rules 12(f) and 23(d)(1)(D), Hearing Help moves to strike portions of Hoffman's Complaint on the basis that, although his class definition include members who received calls using an *artificial or prerecorded voice* and calls to *residential* numbers, Hoffman does not allege that he himself ever received such calls. Consequently, Hearing Help argues that the class definition is overbroad and Hoffman cannot meet the typicality requirement for the class as currently defined. In addition, Hearing Help moves to dismiss portions of Hoffman's claims under Rule 12(b)(6). First, Hearing Help argues that the § 227(b)(1) claim related to the first two calls is implausible because Hoffman only alleges that he picked up the third call and heard the "pause" that is characteristic of a ATDS call. Second, Hearing Help contends that the claim under § 227(c) should be dismissed because Hoffman does not allege that the first two calls were telemarketing calls and the TCPA requires multiple calls to numbers on the DNCR to trigger liability.

The Court will address the Motion to Strike first. Upon motion, Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983)). Rule 23(d)(1)(D) allows a court to "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."

Courts have utilized these rules to strike allegations in a class action complaint prior to discovery. *See, e.g., Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1043 (N.D. Cal. 2014) (striking class allegations that were overbroad and "inconsistent with Plaintiff's theory of the case"); *Hovsepian v. Apple, Inc.*, No. 08-5788 JF (PVT), 2009 WL 5069144, at *6 (N.D. Cal. Dec. 17, 2009) (striking class allegations for, among other things, lack of ascertainability and standing).

However, courts have also observed that "dismissal of class allegations at the pleading stage should be done rarely and that the better course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery." *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) (quoting *Myers v. MedQuist, Inc.*, No. 05–4608, 2006 WL 3751210, *4 (D.N.J.2006) (internal quotation omitted)); *see also Boddie v. Signature Flight Support Corp.*, No. 19-cv-03044-DMR, 2019 WL 3554383, at *3 (N.D. Cal. Aug. 5, 2019) ("[M]otions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for arguments about class propriety."). Indeed, the Ninth Circuit has repeatedly recognized the importance of discovery for resolving questions of class certification. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009).

Here, the Court has no trouble determining that striking Hoffman's allegations at this early stage would be inappropriate. The inclusive nature of Hoffman's class definition reflects the breadth of the statutory provisions underlying his claims. 47 U.S.C. § 227(b)(1) provides a single cause of action for calls "using any automatic telephone dialing system *or* an artificial or prerecorded voice" (emphasis added), and § 227(c)(5) similarly creates a cause of action that does not discriminate based on the type of number called. Indeed, it is hard to see why the fact that Hoffman received calls on a cell phone and not a home phone would make him atypical of the class. *See Wakefield v. ViSalus, Inc.*, No. 3:15-CV-1857-SI, 2019 WL 3945243, at *6 (D. Or. Aug. 21, 2019) (holding that the type of phone called does not create individualized issues preventing certification). In short, Hearing Help's arguments would be weak at the class certification stage and are certainly unpersuasive now. The Motion is DENIED.

Hearing Help's Motion to Dismiss relies on Rule 12(b)(6) fairs no better. Under Rule 12(b)(6), a plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and

footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678.

Here, Hearing Help's qualms with Hoffman's Complaint do not justify dismissal. Although Hoffman only alleges that the third call contained the "pause" typical of an ATDS, the Court agrees with Hoffman that one can plausibly infer that the other two calls were also made using an ATDS, as Hoffman alleges in his claim.[1] Complaint, Dkt. # 1, at 7. Similarly, while Hoffman only provided details of the call he received on September 4, his allegation that all three calls were placed for telemarketing purposes is plausible. It is hard to imagine what other reason Hearing Help would have for calling a random consumer that had never used its products in the past. Unlike many cases filed under the TCPA, Hoffman's allegations are actually consistent with the intent behind the statute. It would be contrary to that intent if a consumer had to pick up every unwanted telemarketing call to get their foot in the courthouse door. Hearing Help's Motion is therefore DENIED in its entirety.

IT IS SO ORDERED.

Dated this 27th day of March, 2020.

Ronald B. Leighton
United States District Judge

---

[1] Hearing Help also contends that the allegations regarding the calls that Hoffman did not pick up and hear a "pause" should be struck as immaterial, but that argument fails for the same reasons that apply for dismissal.