THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MARK HOFFMAN, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

HEARING HELP EXPRESS, INC.,

Defendant.

NO. 3:19-cv-05960-RBL

**PLAINTIFF'S MOTION TO COMPEL**

**Noted for Consideration: May 22, 2020**

PLAINTIFF'S MOTION TO COMPEL
CASE NO. 3:19-CV-05960-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ........................................................................................................1

II. STATEMENT OF FACTS ..........................................................................................1

    A. Plaintiff's requests, Hearing Help's objections, and the meet
    and confer process ...........................................................................................1

    B. The disputed discovery request ......................................................................4

III. AUTHORITY AND ARGUMENT .............................................................................5

    A. Hearing Help cannot refuse to produce responsive documents based
    on its own view of the case..............................................................................5

    B. Hearing Help fails to establish burden, and even if it had, the benefit
    to Plaintiff and the Class outweighs any such burden ...................................10

IV. CONCLUSION ..........................................................................................................11

PLAINTIFF'S MOTION TO COMPEL - i
CASE NO. 3:19-CV-05960-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

**Page No.**

**FEDERAL CASES**

*Ahmed v. HSBC Bank USA, Nat'l Ass'n*,
  No. EDCV152057FMOSPX, 2017 WL 5720548 (C.D. Cal. Nov. 6, 2017) ....................8

*Alea London Ltd. v. Am. Home Servs., Inc.*,
  638 F.3d 768 (11th Cir. 2011)................................................................................8

*Artis v. Deere & Co.*,
  276 F.R.D. 348 (N.D. Cal. 2011) ...........................................................................5

*Athwal v. Nijjer*,
  No. C17-00740RSL, 2018 WL 1156233 (W.D. Wash. Mar. 5, 2018)............................10

*Beets v. Molina Healthcare, Inc.*,
  No. CV 16-5642-CAS (KSx), 2019 WL 2895630 (C.D. Cal. Apr. 9, 2019) ....................6

*Berman v. Freedom Fin. Network, LLC*,
  400 F. Supp. 3d 964 (N.D. Cal. 2019)......................................................................8

*Biliske v. Am. Live Stock Ins. Co.*,
  73 F.R.D. 124 (W.D. Okla. 1977) .........................................................................10

*Blankenship v. Hearst Corp.*,
  519 F.2d 418 (9th Cir. 1975)..................................................................................5

*Brown v. Warner*,
  No. C09-1546RSM, 2015 WL 630926 (W.D. Wash. Feb. 12, 2015) ............................10

*Cahill v. GC Servs. Ltd. P'ship*,
  No. 3:17-cv-01308-GPC-MDD, 2018 WL 1791910 (S.D. Cal. Apr. 16, 2018) ...............6

*City of Seattle v. Prof'l Basketball Club, LLC*,
  No. C07-1620MJP, 2008 WL 539809 (W.D. Wash. Feb. 25, 2008) ............................10

*Doherty v. Comenity Capital Bank & Comenity Bank*,
  No. 16-cv-1321-H-BGS, 2017 WL 1885677 (S.D. Cal. May 9, 2017)...........................6

*Donnelly v. NCO Fin. Sys., Inc.*,
  263 F.R.D. 500 (N.D. Ill. 2009) ........................................................................10, 11

PLAINTIFF'S MOTION TO COMPEL - ii
CASE NO. 3:19-CV-05960-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Gossett v. CMRE Fin. Servs., Inc.*,
 142 F. Supp. 3d 1083 (S.D. Cal. 2015) ...................................................................................6

*Haghayeghi v. Guess?, Inc.*,
 168 F. Supp. 3d 1277 (S.D. Cal. 2016) ................................................................................6, 9

*Hirsch v. USHealth Advisors,* LLC,
 No. 4:18-CV-245-P, 2020 WL 1271588 (N.D. Tex. Feb. 14, 2020) ...............................7

*Humphreys v. Regents of Univ. of California*,
 No. C 04-03808 SI, 2006 WL 1140907 (N.D. Cal. Apr. 3, 2006) ...................................9

*In re Blue Cross Blue Shield Antitrust Litig.*,
 No. 2:13-CV-20000-RDP, 2016 WL 11504076 (N.D. Ala. Mar. 15, 2016) ....................9

*In re Cooper Tire & Rubber Co.*,
 568 F.3d 1180 (10th Cir. 2009) ..........................................................................................9

*In re iPhone/iPad Application Consumer Privacy Litig.*,
 No. 11-MD-2250 LHK PSG, 2012 WL 5897351 (N.D. Cal. Nov. 21, 2012) ..................9

*Mbazomo v. ETourandTravel, Inc.*,
 No. 2:16-cv-0229-SB, 2017 WL 2346981 (E.D. Cal. May 30, 2017) .......................6, 11

*Medina, v. Enhanced Recovery Co., LLC*,
 No. 15-14342-CIV, 2017 WL 5196093 (S.D. Fla. Nov. 9, 2017)..................................11

*Putnam v. Eli Lilly & Co.*,
 508 F. Supp. 2d 812 (C.D. Cal. 2007) ................................................................................6

*Reese v. Miami-Dade Cnty.*,
 No. 1-3766-CIV-Hurley/Hopkins, 2009 WL 10668208 (S.D. Fla. Jun. 26, 2009)...........7

*Shapiro v. Dynamic Recovery Sols LLC*,
 No. 18-CV-60035-BB, 2018 WL 8130559 (S.D. Fla. July 26, 2018).............................9

*Soppet v. Enhanced Recovery Co., LLC*,
 679 F.3d 637 (7th Cir. 2012) ..............................................................................................8

*Stemple v. QC Holdings, Inc.*,
 No. 12-cv-1997-CAB (WVG), 2013 WL 10870906 (S.D. Cal. Jun. 17, 2013) ...............7

*Thrasher v. CMRE Fin. Servs., Inc.*,
 No. 14-CV-1540 BEN (NLS), 2015 WL 1138469 (S.D. Cal. Mar. 13, 2015).................6

PLAINTIFF'S MOTION TO COMPEL - iii
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

*True Health Chiropractic Inc v. McKesson Corp.*,
   No. 13-CV-02219 HSG (DMR), 2015 WL 1502953 (N.D. Cal. Apr. 1, 2015)................6

*Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*,
   401 F.3d 876 (8th Cir. 2005)..........................................................................................8

*Yohannes v. Olympic Collection Inc.*,
   No. 2:17-CV-509-RSL, 2019 WL 2552075 (W.D. Wash. June 20, 2019) .....................10

**FEDERAL RULES**

Fed. R. Civ. P. 26(b)(1) ................................................................................................................5

PLAINTIFF'S MOTION TO COMPEL - iv
CASE NO. 3:19-CV-05960-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

Plaintiff Mark Hoffman alleges that Hearing Help Express, Inc. violated the Telephone Consumer Protection Act ("TCPA") by calling his cell phone without his consent and after he registered his telephone number on the national Do-No-Call Registry. Hearing Help moved to dismiss and to strike Plaintiff's class allegations. The Court denied the motion. Mr. Hoffman now seeks the calling records he needs for class certification and trial.

Hearing Help refuses to produce information about the calls it placed to Mr. Hoffman and the class. According to Hearing Help, it is not obligated to produce this information because the Court first should decide whether Hearing Help reasonably relied on and/or is vicariously liable for the calls placed by its vendor, Triangular Media Corp., or Triangular's agents. Hearing Help also claims that class wide production would be burdensome. But the Court has not phased discovery and this case is not limited to calls made by Triangular. To the contrary, **both** Hearing Help and Triangular placed calls to Plaintiff. Thus, this case will proceed regardless of how the Court rules on the merits of Hearing Help's defenses to the Triangular calls.

The calling records will show who Hearing Help called, when they were called, and how they were called, information that is critical to establishing both liability under the TCPA and the elements of Rule 23, including numerosity, typicality, and commonality. Any burden, which Hearing Help has not reasonably articulated, is far outweighed by Plaintiff's legitimate need for the information. For these reasons, and those that follow, Plaintiff's motion should be granted.

## II. STATEMENT OF FACTS

**A.    Plaintiff's requests, Hearing Help's objections, and the meet and confer process.**

Hearing Help is a business that uses telemarketing to sells hearing aids. Hearing Help makes its own telemarketing calls with leads it purchases from third parties. Triangular is one of the third parties who provides Hearing Help with such leads. In addition to the calls Hearing

PLAINTIFF'S MOTION TO COMPEL - 1
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Help makes directly, Hearing Help outsources telemarketing calls to third parties, including Triangular, who hire agents to make telemarketing calls on Hearing Help's behalf. Plaintiff alleges that Hearing Help violated the TCPA when it placed, or hired agents to place, automated calls to numbers that were assigned to cellular telephone services without the requisite consent and to numbers that were listed on the National Do Not Call Registry. *See* First Amended Class Action Complaint ("Complaint"). Dkt. # 36-1.[1]

Plaintiff alleges that Hearing Help is both directly liable for calls it made in violation of the TCPA, and vicariously liable for calls made on its behalf, and seeks to represent two classes of individuals: those who received calls initiated directly by Hearing Help (the Direct Liability Class), and a second class of persons called by Triangular and its agents (the Vicarious Liability Class) a second class. This motion seeks only those call detail records for calls placed directly by Hearing Help to the Direct Liability Class, defined as:

> All persons or entities within the United States who received, on or after October 9, 2015, a non-emergency telephone call from or on behalf of Hearing Help Express, Inc., promoting goods or services:
>
> (i) to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or prerecorded voice; or
>
> (ii) to a cellular or residential telephone number that has been registered on the national Do Not Call Registry for at least 31 days and who received more than one such call within any twelve-month period.

*Id.* ¶ 42.

Plaintiff propounded discovery requests to Hearing Help seeking information and documents relevant to his TCPA claims on January 24, 2020. Declaration of Jennifer Rust Murray ("Murray Decl."), ¶ 2, Exs. 1 & 2. In response, Hearing Help refused to produce calling

---

[1] The parties have stipulated to Plaintiff's filing of an Amended Complaint, Dkt. #36, but the Court has not yet entered an order. The Amended Complaint added Triangular Media Corporation and Lewis Laurie (who owns and operates Triangular) as defendants. However, this motion pertains only to Plaintiff's allegations against Hearing Help.

PLAINTIFF'S MOTION TO COMPEL - 2
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

data for calls it placed directly to Direct Liability Class members. Murray Decl., ¶ 3, Ex. 3 at RFP 31. Instead, Hearing Help unilaterally limited its production of call data to information pertaining to Plaintiff and a sample of ninety-six other individuals Hearing Help says it called during a short period of time based on a "glitch" with leads Triangular provided. *Id*. Hearing Help failed to provide calling data for calls it made to any of the other leads Triangular provided, and further failed to provide calling data for calls Hearing Help made to leads provided by anyone else over the four-year class period. *Id*. Hearing Help also refused to identify the telephone dialing equipment that it used to place calls to Plaintiff and class members. Murray Decl., ¶ 4, Ex. 4 at ROG 3.

Hearing Help raised three primary objections. It objected to production based on its assertion that it relied on Triangular to provide TCPA-compliant leads, including the lead pertaining to Plaintiff. It objected to any class wide production until Plaintiff's individual claims are decided, including a determination that Hearing Help was not vicariously liable for calls made by third parties. Finally, it argued that producing class wide calling data would be an undue burden and expense.

The parties' counsel exchanged several communications and met and conferred by telephone to discuss Hearing Help's objections. Murray Decl. ¶ 5. Plaintiff's counsel pointed out that the Court has not bifurcated discovery and thus Hearing Help was not entitled to withhold information based on its belief that discovery should be phased. *Id*. Plaintiff's counsel also emphasized that Hearing Help is directly liable for any autodialed calls it initiated to Plaintiff and class members. *Id.* Accordingly, complete records of autodialed calls that Hearing Help initiated to Plaintiff and other consumers should be produced (regardless of whether the lead originated from Triangular) for the entire class period—October 9, 2015 through the present. *Id.* Finally, Plaintiff agreed to narrow his request for class wide calling detail records to records of calls Hearing Help placed with the same calling equipment used to place calls to Plaintiff. *Id.*

PLAINTIFF'S MOTION TO COMPEL - 3
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

On April 24, 2020, Hearing Help supplemented its discovery responses to address some of the issues discussed during the parties' meet and confer, including identifying the Genesys dialer and Pure Cloud software Hearing Help used to call Plaintiff. Murray Decl., Ex. 5 at ROG 3. But Hearing Help has continued to refuse to produce any data from the Genesys dialer other than for calls made to Plaintiff and its unilaterally defined subgroup of other class members. Murray Decl., ¶ 7–8, Ex. 6 at RFP 31.

**B.     The disputed discovery request.**

Plaintiff moves to compel the information described in Request for Production No. 31 for calls Hearing Help placed using the Genesys dialing equipment it used to call Plaintiff:

> REQUEST FOR PRODUCTION NO. 31. Produce electronic data sufficient to Identify any calls placed by You, or by a Person soliciting customer leads for You, including, but not limited to, the following:
>
> a.   The date and time each call was placed;
>
> b.   The number of calls placed;
>
> c.   The telephone numbers and area codes to which each call was placed;
>
> d.   For each call, whether it was made via ATDS, predictive dialer, in preview mode, manually, and/or with a prerecorded message or artificial voice;
>
> e.   The result of each call (e.g., no answer, message left, etc.);
>
> f.   The content of each call;
>
> g.   Identifying information for the Person(s) who received the calls (e.g., name, address, email address, etc.) and, if different, Identifying information for the Person(s) to whom the calls were intended to be placed;
>
> h.   The telephone numbers for all outgoing telephone lines that were used in placing the calls;
>
> i.   The identity of the companies or carriers that were used to place the automated calls; and
>
> j.   Any other information regarding the automated calls (e.g., reports, data compilations, verifications,

PLAINTIFF'S MOTION TO COMPEL - 4
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

electronic signature records, transmission reports, recordings, etc.).

Murray Decl., Ex. 1 at RFP 31.

### III. AUTHORITY AND ARGUMENT

Parties may obtain discovery regarding any matter "that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The party resisting discovery bears a heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The calling records Plaintiff seeks are not only relevant to whether Hearing Help violated the TCPA but also to Rule 23(a)'s numerosity, commonality and typicality requirements. Accordingly, Hearing Help should be compelled to produce them.

**A. Hearing Help cannot refuse to produce responsive documents based on its own view of the case.**

Plaintiff seeks Hearing Help's records of the outbound calls it made to Plaintiff and proposed Direct Liability Class members with the Genesys dialer. Plaintiff's expert will use this data to identify members of the Direct Liability Class and determine the number of calls made to each class member. Plaintiff needs the following information for each call: (1) date and time of the call; (2) telephone number called; (3) telephone number placing the call; (4) mode in which call was placed (i.e. predictive, manual or preview); (5) call disposition or result; (6) call duration; and, if available, (7) identifying information for the persons who received the calls or the intended recipients.

This data will allow Plaintiff to identify persons Hearing Help called using the Genesys dialer, the same dialer Hearing Help used to call him. Evidence bearing upon the existence of a similarly situated class of persons will bear on numerosity, the existence of common issues of fact and law, and whether Plaintiff's claims are typical of those of the class. *See Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011) ("The contact information … is necessary to determine whether Plaintiff's claims are typical of the class, and ultimately whether the action

PLAINTIFF'S MOTION TO COMPEL - 5
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

may be maintained as a class action."); *Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) (requiring pre-certification production of class member contact information because "contact with those individuals could well be useful for plaintiff to determine, at a minimum, the commonality and typicality prongs of Rule 23"); *Haghayeghi v. Guess?, Inc.*, 168 F. Supp. 3d 1277, 1280 (S.D. Cal. 2016) ("[T]he [class-wide] information can be used toward discovery of whether the putative class suffered the same alleged injury of receiving unauthorized text messages from [d]efendant, and thus would bear on issues of commonality and typicality.").

Courts have routinely found that class-wide call information is both relevant to class certification and proportional to the needs of the case. *See, e.g., Gilman, et al. v. ER Solutions, Inc.*, No. 2:11-cv-00806-JCC, Dkt. No. 67 at 4 (W.D. Wash. Feb. 3, 2012) ("The Court concludes that Plaintiffs are entitled to the requested discovery. Class certification cannot fairly be evaluated without information on whether others received automated calls to which they did not expressly consent...."); *Beets v. Molina Healthcare, Inc.*, No. CV 16-5642-CAS (KSx), 2019 WL 2895630, at *5, *12 (C.D. Cal. Apr. 9, 2019) (granting motion to compel production of the identities of call recipients, including names, addresses, and phone numbers); *Doherty v. Comenity Capital Bank & Comenity Bank*, No. 16-cv-1321-H-BGS, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) (collecting cases); *Cahill v. GC Servs. Ltd. P'ship*, No. 3:17-cv-01308-GPC-MDD, 2018 WL 1791910, at *4 (S.D. Cal. Apr. 16, 2018) (finding that call data is relevant to both numerosity and commonality); *Mbazomo v. ETourandTravel, Inc.*, No. 2:16-cv-0229-SB, 2017 WL 2346981, at *3 (E.D. Cal. May 30, 2017) (noting that the "weight of authority on this matter [is] that call logs and dialing lists are relevant" to commonality and numerosity); *Gossett v. CMRE Fin. Servs., Inc.*, 142 F. Supp. 3d 1083, 1087 (S.D. Cal. 2015) ("This court finds that the outbound call lists are relevant to the class claims."); *Thrasher v. CMRE Fin. Servs., Inc.*, No. 14-CV-1540 BEN (NLS), 2015 WL 1138469, at *3 (S.D. Cal. Mar. 13, 2015) (noting that disclosure of names, addresses, and phone numbers is

PLAINTIFF'S MOTION TO COMPEL - 6
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

commonplace in class actions and ordering production of call data); *True Health Chiropractic Inc v. McKesson Corp.*, No. 13-CV-02219 HSG (DMR), 2015 WL 1502953, at *3 (N.D. Cal. Apr. 1, 2015) (finding "identities [of fax recipients] and fax numbers" relevant to class certification in TCPA case); *Stemple v. QC Holdings, Inc.*, No. 12-cv-1997-CAB (WVG), 2013 WL 10870906, at *8 (S.D. Cal. Jun. 17, 2013) (finding that Defendant's outbound dial list is relevant to class certification).

Hearing Help's primary objections to Plaintiff's request for calling data are that discovery should be bifurcated to focus first on whether it "reasonably relied" on vendor Triangular to provide leads that complied with the TCPA and whether it can be held vicariously liable for Triangular's TCPA violations. But Hearing Help cannot unilaterally refuse to respond to discovery because it wants a particular issue decided first. *See Hirsch v. USHealth Advisors, LLC*, No. 4:18-CV-245-P, 2020 WL 1271588, at *7 (N.D. Tex. Feb. 14, 2020) (explaining that a defendant cannot unilaterally decide to limit discovery requests based on what it believes is relevant); *see also Reese v. Miami-Dade Cnty.*, No. 1-3766-CIV-Hurley/Hopkins, 2009 WL 10668208, at *1 (S.D. Fla. Jun. 26, 2009) ("Under Rule 26, only the court has the power to limit discovery—'[t]here is nothing which permits a party to do so unilaterally.'" (alteration in original) (quoting *New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, 242 F.R.D. 164, 165 (D. Mass. 2007)). This Court has not bifurcated discovery and Plaintiff's class certification motion is due on September 30, 2020. Plaintiff needs the data so his experts can analyze it to identify calls to cell phones and to numbers registered on the national Do-Not-Call Registry. Plaintiff will use this expert analysis to show that Plaintiff's claims are typical of and common to fellow class members, that common issues predominate, and that a class action is superior and manageable.

Moreover, Hearing Help's argument that the Court should first determine whether it is vicariously liable for calls made by Triangular or its agents misses the mark. Plaintiff alleges Hearing Help should be held *directly* liable for calls it made *directly* to Plaintiff and members

PLAINTIFF'S MOTION TO COMPEL - 7
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

of the Direct Liability Class. Whether Hearing Help is vicariously liable for calls made by third parties has no bearing on its liability for calls it made on its own. Similarly, there is no merit to Hearing Help's decision to limit production to a sample of records until the Court determines whether it "reasonably relied" on Triangular to provide compliant leads because reasonable reliance is not a defense to Plaintiff's claims under 47 U.S.C. § 227(b). *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 641-42 (7th Cir. 2012) (affirming TCPA liability for calls to phone numbers where the recipient of the call had not given consent, even if the phone number was called due to a typographical error in its entry or because the number previously belonged to a different person); *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011) (holding that the TCPA "does not require any intent for liability except when awarding treble damages"); *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876, 882 n.3 (8th Cir. 2005) ("The [TCPA] . . . makes no exception for senders who mistakenly believe that recipients' permission or invitation existed. The issue of intent, or more accurately, the issues of knowledge and willfulness, however, clearly are material to the question of treble damages."); *Berman v. Freedom Fin. Network, LLC*, 400 F. Supp. 3d 964, 981, 979–80 (N.D. Cal. 2019) (holding that alleged reasonable reliance on third-party lead generators would "not [be] dispositive on the TCPA claims" and collecting cases); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2017 WL 5720548, at *3 (C.D. Cal. Nov. 6, 2017) ("[T]here is no good faith defense against a TCPA claim.").

Even if Hearing Help's assertion of "reasonable reliance" were a valid defense (and it is not), the theory lacks factual support. Hearing Help has not produced any documents substantiating its assertion that the calls it made to Plaintiff, or any Direct Liability Class member, resulted from an unforeseen glitch in Triangular's lead generation system. And Hearing Help has produced no evidence that it had consent to place any of the calls it made using the Genesys dialer, whether the leads were generated by Triangular or not. There is simply no basis for Hearing Help to limit its response to Request for Production No. 31 to calls

PLAINTIFF'S MOTION TO COMPEL - 8
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

placed by Triangular. Plaintiff is not required to take Hearing Help's "word for it." *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000-RDP, 2016 WL 11504076, at *2 (N.D. Ala. Mar. 15, 2016) (granting motion to compel underlying data to assess the accuracy and reliability of calculations rather than taking the party's word it was accurate).

In any event, Hearing Help cannot withhold documents just because it disagrees with Plaintiff's view of the case. *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1192 (10th Cir. 2009) (noting "a party should not be limited by its opponent's theory of the case in determining what is discoverable"); *accord Humphreys v. Regents of Univ. of California*, No. C 04-03808 SI, 2006 WL 1140907, at *2 (N.D. Cal. Apr. 3, 2006) ("Defendants, however, are not allowed to limit discovery based upon their theory of the case."); *In re iPhone/iPad Application Consumer Privacy Litig.*, No. 11-MD-2250 LHK PSG, 2012 WL 5897351, at *5 (N.D. Cal. Nov. 21, 2012) ("By limiting its responses to information supporting its theory of the case, Apple would impermissibly skew the evidence Plaintiffs can use to build their case."). Nor can Hearing Help limit discovery based on its view that Plaintiff is atypical. Indeed, the calling data that Plaintiff will use to prove typicality is the very information Hearing Help is refusing to produce. The Court has already denied Hearing Help's motion to strike Plaintiff's class allegations in its entirety. Hearing Help's thinly veiled effort to relitigate those issues by unilaterally limiting discovery is improper. The question of whether Plaintiff is typical of the class he seeks to represent is an issue properly reserved for Plaintiff's motion for class certification. Hearing Help's view of the answer to that question is not grounds to limit discovery unilaterally. *See Haghayeghi*, 168 F. Supp. 3d at 1280 ("Even if Plaintiff's claims may be ultimately found atypical when the Court rules on Plaintiff's motion for certification, that does not impact Plaintiff's right to discover relevant information now during the pre-certification discovery period."); *see also, e.g.*, *Shapiro v. Dynamic Recovery Sols LLC*, No. 18-CV-60035-BB, 2018 WL 8130559, at *2 (S.D. Fla. July 26, 2018) (overruling defendant's

PLAINTIFF'S MOTION TO COMPEL - 9
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

objection that its system was not an ATDS because it required the court to make a "legal and/or factual determination").

Plaintiff's motion should be granted for these reasons alone.

**B. Hearing Help fails to establish burden, and even if it had, the benefit to Plaintiff and the Class outweighs any such burden.**

Hearing Help also objects that producing the requested calling data "would be an undue burden and expense on Hearing Help and require an extensive compilation of data." Murray Decl., Ex. 6 at RFP 31. But Hearing Help provides no support for its burden objection. *See Brown v. Warner*, No. C09-1546RSM, 2015 WL 630926, at *1 (W.D. Wash. Feb. 12, 2015) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.") (citation omitted); *Yohannes v. Olympic Collection Inc.*, No. 2:17-CV-509-RSL, 2019 WL 2552075, at *2 (W.D. Wash. June 20, 2019). A generalized claim that answering discovery will require the objecting party to expend considerable time and effort to obtain the requested information is insufficient. *City of Seattle v. Prof'l Basketball Club, LLC*, No. C07-1620MJP, 2008 WL 539809, at *3 (W.D. Wash. Feb. 25, 2008) (citing *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296 (E.D. Pa. 1980)); *Athwal v. Nijjer*, No. C17-00740RSL, 2018 WL 1156233, at *5 (W.D. Wash. Mar. 5, 2018) (vague and boilerplate objections insufficient); *see also Biliske v. Am. Live Stock Ins. Co.*, 73 F.R.D. 124, 127 (W.D. Okla. 1977) (mere fact that production would be burdensome, onerous, or inconvenient is not, alone, sufficient). Hearing Help has not identified the volume of data at issue or the estimated cost to extract it, much less explained the purportedly burdensome process required to collect the data.

Even if Hearing Help had supported its argument of undue burden, the benefit of discovery to Plaintiff would far outweigh any burden on Hearing Help. *See Donnelly v. NCO Fin. Sys., Inc.*, 263 F.R.D. 500, 504 (N.D. Ill. 2009). In *Donnelly*, the court was not persuaded by the defendant debt collector's protestations that responding to discovery requests would require analysis of extensive data, including "over 100 million telephone calls," stating that it

PLAINTIFF'S MOTION TO COMPEL - 10
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

"understands that it will take [the defendant] time and effort to produce this material, but the likely benefit outweighs the burden and expense." *Id*. As in *Donnelly*, discovery of Hearing Help's calling records is proportional to the needs of this case. *See, e.g.*, *Mbazomo*, 2017 WL 2346981, at *5 ("Though the Court is sympathetic to the burden concerns of producing enormous and lengthy data files, the ability to do so via csv and spreadsheet-ready data files reassures the Court that the request is proportional to the needs of the case, especially given that Defendant may rely on these same files to establish defenses."); *Medina, v. Enhanced Recovery Co., LLC*, No. 15-14342-CIV, 2017 WL 5196093, at *5 (S.D. Fla. Nov. 9, 2017) (request concerning millions of calls was proportional and burden was mitigated by ability to produce the data in electronic format).

Plaintiff's motion to compel the Genesys calling records should be granted.

## IV. CONCLUSION

For all the above reasons, Plaintiff respectfully requests that the Court grant his motion to compel.

RESPECTFULLY SUBMITTED AND DATED this 7th day of May, 2020.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Jennifer Rust Murray, WSBA #36983
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com
Adrienne D. McEntee, WSBA #34061
Email: amcentee@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603

PLAINTIFF'S MOTION TO COMPEL - 11
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Anthony I. Paronich, *Admitted Pro Hac Vice*
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

PLAINTIFF'S MOTION TO COMPEL - 12
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CERTIFICATE OF SERVICE

I, Jennifer Rust Murray, hereby certify that on May 7, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David E. Crowe, WSBA #43529
Email: dcrowe@vkclaw.com
VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154
Telephone: (206) 386-7353
Facsimile: (206) 405-2825

Ana Tagvoryan, *Admitted Pro Hac Vice*
Email: atagvoryan@blankrome.com
Nicole Bartz Metral, *Admitted Pro Hac Vice*
Email: nbmetral@blankrome.com
BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, California 90067
Telephone: (424) 239-3400
Facsimile: (424) 239-3434

Jeffrey Rosenthal, *Admitted Pro Hac Vice*
Email: rosenthal-j@blankrome.com
BLANK ROME LLP
130 North 18th Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 569-5500
Facsimile: (215) 569-5555

*Attorneys for Defendant*

PLAINTIFF'S MOTION TO COMPEL - 13
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

DATED this 7th day of May, 2020.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Jennifer Rust Murray, WSBA #36983
Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

*Attorneys for Plaintiff and the Proposed Class*

PLAINTIFF'S MOTION TO COMPEL - 14
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com