Hon. Ronald B. Leighton

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

MARK HOFFMAN, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

HEARING HELP EXPRESS, INC.,

    Defendant.

CASE NO. 3:19-cv-05960-RBL

**DEFENDANT HEARING HELP EXPRESS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

NOTED FOR CONSIDERATION: May 22, 2020

ORAL ARGUMENT REQUESTED

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
No. 3:19-cv-05960-RBL

113461.00602/123258105v.6

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. STATEMENT OF FACTS ................................................................................................ 2

    A. Facts Relating to Triangular. .................................................................................. 2

    B. Facts Relating to Discovery Request in Dispute. ................................................... 3

III. ARGUMENT .................................................................................................................... 4

    A. Because Plaintiff Limited This Case to Calls Made by Hearing Help from Leads that Came from Triangular, Plaintiff's Motion to Compel should be Denied. ................................................... 4

    B. The Only People Similarly Situated to Plaintiff are the Triangular Leads ............................................................................................. 6

    C. Information Relating to Calls Hearing Help Made to the Non-Triangular Leads are not Relevant or Proportional to the Needs of the Case. ................................................................................... 9

    D. Producing the Remaining Information Sought in RFP 31 (Either for the Triangular Leads or the Entire Proposed Class) Would Result in Undue Burden/Expense to Hearing Help. ............................... 11

IV. CONCLUSION ............................................................................................................... 12

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL
No. 3:19-cv-05960-RBL

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123258105v.6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,
    568 U.S. 455, 133 S. Ct. 1184 (2013)..................................................................................8

*Armstrong v. Davis*,
    275 F.3d 849 (9th Cir. 2001) ..............................................................................................11

*Artis v. Deere & Co.*,
    276 F.R.D. 348 (N.D. Cal. 2011)....................................................................................7, 10

*AT&T Mobility LLC v. Concepcion*,
    563 U.S. 333 (2011) .............................................................................................................6

*Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*,
    2013 U.S. Dist. LEXIS 23973 (D.N.J. Feb. 21, 2013) ........................................................6

*Beets v. Molina Healthcare, Inc.*,
    *No*. CV 16-5642-CAS, 2019 U.S. Dist. LEXIS 131104 (C.D. Cal. Apr. 9,
    2019) .............................................................................................................................10, 11

*Blair v. CBE Grp., Inc.*,
    309 F.R.D. 621 (S.D. Cal. 2015) .........................................................................................8

*Connelly v. Hilton Grand Vacations Co.*,
    LLC, 294 F.R.D. 574 (S.D. Cal. 2013)................................................................................9

*Cooley v. Hibu Inc.*,
    No. 19-00269, Dkt. No. 44 (Scheduling Order) (D. Nev. June 11, 2019)...........................6

*Doninger v. Pac. Nw. Bell, Inc.*,
    564 F.2d 1304 (9th Cir. 1977) .............................................................................................7

*Gaines v. L. Off. of Patenaude & Felix, A.P.C.*, 13CV1556-JLS DHB,
    2014 WL 3894348 (S.D. Cal. June 12, 2014)....................................................................11

*Gannon v. Network Tel. Servs., Inc.*,
    No. CV 1209777-RGK, 2013 U.S. Dist. LEXIS 81250, 2013 WL 2450199
    (C.D. Cal. Jun. 5, 2013) .......................................................................................................9

*Idzojtic v. Penn. R.R. Co.*,
    456 F.2d 1228 (3d Cir. 1972)...............................................................................................5

*Kamm v. Cal. City Dev. Co.*,
    509 F.2d 205 (9th Cir. 1975) .............................................................................................11

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL
No. 3:19-cv-05960-RBL

VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123258105v.6

*Loreaux v. ACB Receivables Mgmt.*,
   2015 U.S. Dist. LEXIS 112250 (D.N.J. Aug. 25, 2015)...........................................................6

*Mbazomo v. ETourandTravel, Inc.*,
   2:16-CV-02229-SB, 2017 WL 2346981 (E.D. Cal. May 30, 2017)......................................12

*Mora v. Zeta Interactive Corp.*,
   No. 1:16-cv-00198-DAD-SAB, 2017 U.S. Dist. LEXIS 19413 (E.D. Cal. Feb.
   10, 2017) ...............................................................................................................................10

*Physicians Healthsource, Inc. v. Janssen Pharm., Inc.*,
   2014 WL 413534 (D.N.J. Feb. 4, 2014) .................................................................................6

*Simon v. Healthways, Inc.*,
   No. CV 14-08022-BRO, 2015 U.S. Dist. LEXIS 176179 (C.D. Cal. Dec. 17,
   2015) ......................................................................................................................................8

*Terteryan v. Nissan Motor Acceptance Corp.*,
   No. CV 16-2029-GW, 2017 U.S. Dist. LEXIS 223118 (C.D. Cal. Oct. 19,
   2017) ..............................................................................................................................11, 12

*Vinole v. Countrywide Home Loans, Inc.*,
   571 F.3d 935 (9th Cir. 2009) ................................................................................................11

*Webb v. Healthcare Revenue Recovery Grp. LLC*,
   2014 U.S. Dist. LEXIS 11091 (N.D. Cal. Jan. 29, 2014) ......................................................10

**Statutes**

Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* .......................................................1

**Federal Rules**

Federal Rules of Civil Procedure Rule 1 ........................................................................................5

Federal Rules of Civil Procedure Rule 23 ......................................................................................7

Federal Rules of Civil Procedure Rule 23(a) ..............................................................................6, 7

Federal Rules of Civil Procedure Rule 23(b) .................................................................................8

Federal Rules of Civil Procedure Rule 26 ......................................................................................9

Federal Rules of Civil Procedure Rule 26(b)(1) ...........................................................................11

Federal Rules of Civil Procedure Rule 26(b)(2)(C)(I) ..................................................................11

Federal Rules of Civil Procedure Rule 26(f) ..................................................................................5

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL
No. 3:19-cv-05960-RBL

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123258105v.6

## I.     INTRODUCTION

This putative class action arises from Plaintiff Mark Hoffman's ("Plaintiff") allegation that Defendant Hearing Help Express, Inc. ("Hearing Help") and Triangular Media Corp.[1] ("Triangular") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. Hearing Help hired Triangular to generate customer leads – one of these leads was Plaintiff. The facts surrounding Triangular, Plaintiff, and how Plaintiff's information was ultimately sold to Hearing Help are unique.  Specifically, Triangular was hired to generate leads for Hearing Help through its interactive voice response ("IVR"), whereby potential leads would place an inbound call that would lead them to the IVR where they would answer questions regarding whether they wanted to be contacted by certain companies and whether they provided express consent to be contacted via an autodialed call.  However, Plaintiff's proposed first amended complaint ("FAC") alleges the following: Triangular made calls to Plaintiff; that one call was transferred to a prerecorded message asking Plaintiff for his consent to be called; and thereafter, Plaintiff was contacted by Hearing Help.  Triangular disputes this, and instead avers that yet another third party called Plaintiff, which call was ultimately transferred to Triangular's IVR to qualify plaintiff for various products, including those of Hearing Help.  In any event, it is undisputed that Hearing Help ultimately called Plaintiff, and Hearing Help is asserting a defense of reasonable reliance on consent and lack of vicarious liability with respect to any calls made by Triangular or any other third party involved with Triangular.  Thus, the only individuals who are similarly situated to Plaintiff would be those sold as leads from Triangular to Hearing Help.

To date, Hearing Help has produced over 15,000 pages of documents in discovery.  The *Motion to Compel* involves one document request that seeks detailed calling records for all outbound calls made by Hearing Help from 2015 to present.  After the parties met and conferred, Plaintiff agreed to limit this request and now seeks the calling records for all calls Hearing Help made to any person using the "Genesys dialing equipment" (which is the software used to call

---

[1] Triangular is currently a third-party to this case.  The parties filed a stipulation for Plaintiff to amend his Complaint and add Triangular as a co-Defendant. (D.E. 36).  The Court has not yet issued an Order regarding this request.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 1
No. 3:19-cv-05960-RBL

113461.00602/123258105v.6

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1  Plaintiff). However, Plaintiff is **not** limiting the request to calling records related to the Triangular leads—which would be the only individuals similarly situated to Plaintiff. Instead, Plaintiff is going on a fishing expedition in seeking calling records of **all** people called by Hearing Help using Genesys. Documents outside of the Triangular leads are not proportional to the needs of the case. Moreover, Hearing Help has already produced most of the information Plaintiff seeks with this document request and producing additional documents would constitute an undue burden and expense on Hearing Help. Thus, the *Motion to Compel* should be denied.

## II.   STATEMENT OF FACTS

### A.   Facts Relating to Triangular.

Hearing Help hired Triangular to generate customer leads for Hearing Help and worked with Triangular from June 2018 to October of 2019. Declaration of Jim Houlihan ("Houlihan Dec."), ¶¶4, 10. Plaintiff contends Hearing Help outsources telemarketing calls to third parties, including Triangular, who hires agents to make telemarketing calls on Hearing Help's behalf. Motion, p. 1, ln. 23-p. 2, ln. 6. This is false, however, as Hearing Help did not hire Triangular—or any other third party—to place any telemarketing calls on its behalf. Houlihan Dec., ¶4. Triangular avers that it does not make any outbound calls to the potential leads it sells to its customers. Declaration of Dana Lurie ("Lurie Dec.") attached as Exh. 1 to the Declaration of Nicole Metral ("Metral Dec."), ¶¶2-5. Instead, Triangular was hired to—and did in fact obtain—leads for Hearing Help using the IVR, which asks potential customers questions about whether they want to be contacted by certain companies offering various products—one of which is Hearing Help's. *Id.* ¶¶2-6; Houlihan Dec., ¶¶5-6. At the end of the IVR process, it asks the person if they give their express consent to be called via an autodialed call regardless of the person's status on any state or federal do not call list. Lurie Dec., ¶6; Houlihan Dec., ¶7.

When Plaintiff interacted with the IVR, he responded "yes" when asked if he wanted a hearing specialist from Hearing Help to call him, but then responded "no" at the end of the IVR when asked to give his consent to be called using an auto dialer. Lurie Dec., ¶¶7-8; Houlihan Dec., ¶¶6-8. However, there was a glitch in Triangular's IVR process which registered

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 2
No. 3:19-cv-05960-RBL

VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123258105v.6

Plaintiff's "no" as a "yes". Declaration of Gorgi Gorgiev attached as Exh. 2 to the Metral Dec. filed concurrently herewith, ¶7-16; Lurie Dec., ¶¶7-8; Houlihan Dec., ¶¶6-8. Based on representations from Triangular, Hearing Help understood that all leads from Triangular provided express consent under the TCPA, including Plaintiff. Houlihan Dec., ¶9. Plaintiff's counsel is well-aware of this factual background from both informal discussions with counsel and Hearing Help's written discovery responses. Plaintiff's FAC also alleges that one of Triangular's calls to Plaintiff was transferred to a prerecorded message (i.e. the IVR) asking Plaintiff for his consent to be called, and thereafter, Plaintiff was contacted by Hearing Help. (D.E. 36-1, ¶¶18-26.)

There are other unique circumstances surrounding Plaintiff that Hearing Help became aware of after the lawsuit was filed. Triangular used the services of another company called Skyscrapers (Pvt.) Limited ("Skyscrapers") to assist with the generation of customer leads for Hearing Help and for Triangular's other clients. Lurie Dec., ¶¶9-12; Houlihan Dec., ¶11. With respect to Plaintiff after he provided his contact information on a website operated by Skyscrapers, that Skyscrapers called him. *Id*. On one of these calls, Plaintiff's call was transferred to Triangular's IVR. *Id*. Hearing Help had no knowledge of Skyscrapers' involvement with the generation of leads until after the lawsuit was filed and Triangular did not have Hearing Help's authority to use Skyscrapers to assist with the generation of leads for Hearing Help. Houlihan Dec., ¶¶11-12.

**B.    Facts Relating to Discovery Request in Dispute.**

Plaintiff's Motion to Compel is based on one discovery request – Request for Production No. 31 ("RFP 31"), which requests documents relating to detailed call information for all calls Hearing Help made from 2015 to present. Hearing Help initially objected to this request for many reasons, including, but not limited to: the fact it was overbroad as there was no limit to date or time; it was unduly burdensome; not relevant to Plaintiff's claims; and not proportional to the needs of the case. Exh. 3 to Declaration of Jennifer Murray (D.E. 38) ("Murray Dec."), pp. 69-70. Notwithstanding these objections, Hearing Help produced the requested information for

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 3
No. 3:19-cv-05960-RBL

VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123258105v.6

all calls made to Plaintiff, and also directed Plaintiff to information Triangular produced in response to Plaintiff's subpoena regarding the telephone numbers for the other individuals that were affected by the Triangular glitch. *Id*. After the parties met and conferred, Plaintiff agreed to limit RFP 31 to call records for any calls Hearing Help made using Genesys. Plaintiff, however, would not agree to limit this request to call records for calls made to the Triangular leads. In total, there are over 22,000 Triangular leads and approximately 72,000 calls were made to these leads. Declaration of Richard A. Calligan, III ("Calligan Dec."), ¶6. Since Hearing Help began using Genesys, there have been more than 1.7 million outbound calls, including calls to current customers and general calls Hearing Help employees make not relating to telemarketing. *Id*.

Plaintiff contends Hearing Help refuses to produce information for calls placed to Plaintiff and the proposed class. Motion, p. ln. 7-8. This is untrue as Hearing Help already produced data from Genesys with respect to Plaintiff and agreed to produce (before Plaintiff filed his Motion) and did produce (as part of its rolling production) some of the information in RFP 31 for all calls made to Triangular leads. Calligan Dec., ¶8-9. In fact, Hearing Help has produced 15,924 pages of documents to Plaintiff. Metral Dec., ¶ 3. Included in its productions, is information listed in RFP 31 subsections (a)-(c) and (h) for all calls made to Triangular leads. Calligan Dec.,¶ 8.[2] Conversely, Hearing Help is unable to produce documents in subsections (d)–(g) and (j) as it would be an undue burden and expense. Calligan Dec., ¶¶10-12.

### III.   ARGUMENT

**A.   Because Plaintiff Limited This Case to Calls Made by Hearing Help from Leads that Came from Triangular, Plaintiff's Motion to Compel should be Denied.**

Amending the *Complaint* to add Triangular (and its owner) as named Defendants and Plaintiff's new allegations demonstrate this case should be limited to calls Hearing Help made to

---

[2] Plaintiff's contention that during meet and confer efforts counsel for Hearing Help stated it would produce call log details only for those individuals impacted by the Triangular glitch is false as Hearing Help agreed to a list of phone numbers and some of the call log details for *all* of the Triangular leads. Metral Dec., ¶2.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 4
No. 3:19-cv-05960-RBL

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123258105v.6

the Triangular leads, as opposed to all calls made by Hearing Help. The FAC includes specific facts relating to Triangular and Plaintiff, as well as the calls made by Hearing Help—which were placed only *after* Plaintiff participated in Triangular's IVR screening process. (D.E. 36-1, ¶¶18-25.) In addition, the FAC specifically alleges Hearing Help is vicariously liable for Triangular's conduct with respect to Plaintiff and the other proposed class members. *Id.* ¶¶34-38.

Rather than grant Plaintiff's *Motion to Compel*, there is a more practical approach to resolving this discovery dispute that should minimize the burden imposed on the parties and the Court – phased discovery. Specifically, the first phase of discovery should be limited to the Triangular class, which would include calls placed to leads provided by Triangular, including class certification issues and issues concerning whether Hearing Help acted in reasonable reliance on Triangular's representation that all leads sold to Hearing Help (including Plaintiff) provided express consent to be contacted pursuant to the TCPA, and whether Hearing Help is vicariously liable for Triangular's conduct.[3] The FAC specifically alleges Hearing Help is vicariously liable for the alleged calls Triangular made to Plaintiff and others and for violating the TCPA to originate new business. (D.E. 36-1, ¶¶34-38.) If Hearing Help does not prevail on its defenses with respect to the Triangular leads, the second phase of discovery would then consist of the remainder of discovery—including class-wide discovery as to all calls placed by Hearing Help regardless of whether they were to leads provided by Triangular.[4]

The goal of the federal rules is to "secure the just, speedy, and inexpensive determination of every action." *See* FED. R. CIV. P. 1. It is well-settled that district courts have discretion in controlling the discovery process. *Idzojtic v. Penn. R.R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1972). By bifurcating or phasing discovery to make the case more manageable, particularly when there are multiple defendants and unique defenses with respect to direct liability, the Court would further the goal of a just, speedy, and inexpensive determination. Other Courts have

---

[3] Hearing Help requested that discovery be phased in the Joint Rule 26(f) report that was filed on February 5, 2020. The Court has not yet issued a scheduling order or addressed Hearing Help's arguments on bifurcation.
[4] Hearing Help has hired other vendors besides Triangular to generate customer leads. Houlihan Dec., ¶¶4-5.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL - 5
No. 3:19-cv-05960-RBL

VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123258105v.6

adopted this approach. *See Cooley v. Hibu Inc.*, No. 19-00269, Dkt. No. 44 (Scheduling Order) (D. Nev. June 11, 2019) (Du, J.; Ferenbach, M.J.) (limiting Phase I discovery to individualized issues pertaining to the named plaintiff's consent to be called and the defendant's reasonable reliance on the same); s*ee also Physicians Healthsource, Inc. v. Janssen Pharm., Inc.,* 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014) (bifurcating discovery in TCPA case where the "Court agree[d] with Defendants that a narrow, potentially dispositive issue exists[.]").

Phased discovery would allow the parties to develop facts needed for a dispositive motion based on Hearing Help's position it acted in reasonable reliance that Plaintiff provided express consent to be called and that Hearing Help is not vicariously liable for the alleged calls Triangular made to Plaintiff. Triangular would also be able to present its defenses and the evidence with respect to the system glitch. Absent bifurcation or phased discovery, broad and burdensome class-wide discovery into all of Hearing Help's calls, regardless of lead generation vendor, would unnecessarily sap the resources of the parties—especially Hearing Help—as well as this Court. *See, e.g., Loreaux v. ACB Receivables Mgmt.*, 2015 U.S. Dist. LEXIS 112250, at *11 (D.N.J. Aug. 25, 2015) ("it is generally recognized that class actions involve the potential for hefty litigation expenses and an extensive use of judicial resources in the resolution of these claims[.] It is also generally understood that the costs can be particularly enormous for defendants.") (citing *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, 2013 U.S. Dist. LEXIS 23973, at *13 (D.N.J. Feb. 21, 2013)) (internal quotations omitted); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 350 (2011) ("Faced with even a small chance of a devastating loss, defendants will be pressured into settling questionable claims. Other courts have noted the risk of 'in terrorem' settlements that class actions entail[.]"). As such, Hearing Help requests that the first phase of discovery be limited to the Triangular leads. If granted, there would be no need for the discovery sought by the *Motion to Compel*.

**B.     The Only People Similarly Situated to Plaintiff are the Triangular Leads.**

Discovery should be also limited to calls made to the Triangular leads for other reasons. Plaintiff may sue on behalf of a class only if he meets the requirements in FRCP 23(a), including

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL - 6
No. 3:19-cv-05960-RBL

VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123258105v.6

establishing that there are questions of law or fact common to the class and that the claims or defenses of the representative parties are typical of the claims or defenses of the class. *Artis v. Deere & Co.*, 276 F.R.D. 348, 351 (N.D. Cal. 2011) (citing FED. R. CIV. P. 23(a)). Plaintiff argues that he seeks the information in RFP 31 so he can establish a similarly situated class of persons—which will bear on numerosity, the existence of common issues of fact and law, and whether Plaintiff's claims are typical of those of the class. Motion, P. 5, lns. 21-24. However, the only people who will be similarly situated to Plaintiff are those who were called by Hearing Help after their information was sold by Triangular. Courts have denied class certification without discovery when a plaintiff fails to establish all the requirements in Rule 23 are met or that discovery measures "are likely to produce persuasive information substantiating the class action allegations." *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977).

Plaintiff does not dispute Triangular's involvement here, as evidenced by the fact that he is requesting leave to amend his *Complaint* to add Triangular as a named defendant. In addition, in the FAC, Plaintiff alleges Triangular initiated the calls to Plaintiff and that after he received said calls, Hearing Help began calling Plaintiff. (D.E. 36-1, ¶¶3, 18-26.) Plaintiff specifically alleges on one of the calls from Triangular (*i.e.*, the June 13, 2019 call), Plaintiff was transferred to a "prerecorded message" that "played a series of questions." *Id.* ¶21. The "prerecorded message" is Triangular's IVR. *Id.*; Lurie Dec., ¶¶6-7; Houlihan Dec., ¶¶6-8. Plaintiff then alleges that after the June 13, 2019, call and on August 27, 2019, Hearing Help called Plaintiff. (D.E. 36-1, ¶¶21-22.) Although Hearing Help disputes the accuracy of Plaintiff's facts (for instance, Triangular did not make outbound calls), Plaintiff is conceding Triangular's involvement with respect to Plaintiff in that Plaintiff was contacted by Hearing Help ***only after*** participating in Triangular's IVR. Thus, with respect to the class allegations regarding calls Hearing Help made, the only persons similarly situated to Plaintiff are those that: (a) participated in Triangular's IVR; and (b) were then called by Hearing Help (*i.e.*, the Triangular leads).

Hearing Help did not call Plaintiff on its own volition – Plaintiff was only called because he participated in Triangular's IVR and Triangular sold Plaintiff's information to Hearing Help

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL - 7
No. 3:19-cv-05960-RBL

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123258105v.6

as a lead that: (1) stated he wanted to be called by Hearing Help for hearing aid products; and (2) provided express consent under the TCPA to be called.  Any other call made by Hearing Help that did not involve Triangular's IVR would not have the same experience or facts as Plaintiff.  The facts surrounding Plaintiff are even more unique given the involvement of Skyscrapers and the Triangular glitch.

Although we are not at the certification stage, due to the unique facts involving Plaintiff, he will be unable to certify the class as pled.  At the certification stage, Plaintiff must prove "the questions of law or fact common to class members predominate over any questions affecting only individual members." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 460, 133 S. Ct. 1184, 1191 (2013).  There are only common questions of fact (at best) with the other Triangular leads (and arguably only with respect to the Triangular leads affected by the glitch).

Specifically, Plaintiff would need to prove that all other calls made by Hearing Help from 2015 to present were made to individuals who did not provide consent to be called.  Plaintiff's fact pattern is clear – he was transferred to Triangular's IVR, the IVR attempted to obtain express consent, but due to the glitch Plaintiff's "no" was registered as a "yes".  Besides calls made to the Triangular leads (all of which went through Triangular's IVR), Plaintiff will not be able to establish how or whether the other people Hearing Help called provided their consent to be called on a class-wide basis.  This is similar to *Blair v. CBE Grp., Inc.*, 309 F.R.D. 621 (S.D. Cal. 2015) where the Court denied class certification of TCPA claims because individualized inquires would be required to determine whether a class member provided consent.  Plaintiff only knows how consent was obtained with respect to the Triangular leads – the IVR.  Given that there are other lead sources besides Triangular, calls made to anyone outside the Triangular leads would require a separate inquiry (or mini-trial) as to how consent was or was not obtained, and the lead generation vendors involved with same.  *See Simon v. Healthways, Inc.*, No. CV 14-08022-BRO (JCx), 2015 U.S. Dist. LEXIS 176179, at *22 (C.D. Cal. Dec. 17, 2015) (denying class certification for failure to satisfy Rule 23(b), and finding defendant provided evidence that a factual inquiry would be required to determine each fax recipient's prior express permission).

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL - 8
No. 3:19-cv-05960-RBL

VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123258105v.6

In *Connelly v. Hilton Grand Vacations Co.*, LLC, 294 F.R.D. 574, 579 (S.D. Cal. 2013), the Court denied class certification of a TCPA class noting that the defendant obtained cell phone numbers from a variety of sources over a period of time. *Id*. at 578. The defendant argued that "the different ways in which it obtained phone numbers from the class members suggest that its 'call list is not a list of homogeneously unconsenting recipients,' [citations omitted], and that express consent should be evaluated on an individualized basis." *Id*. The Court therefore concluded that the individualized issues are at least as important as the common issued and that the predominance requirement is not satisfied. *Id*. (citing *Gannon v. Network Tel. Servs., Inc.*, No. CV 1209777-RGK (PJWx), 2013 U.S. Dist. LEXIS 81250, 2013 WL 2450199, at *3 (C.D. Cal. Jun. 5, 2013)). Similarly here, the method in which Hearing Help obtained leads from Triangular (through the IVR) is not the same way it obtained phone numbers for all other people it has called using Genesys. Hearing Help contracted with other third-parties over the last few years to provide leads under separate contracts and in distinct ways unrelated to Triangular or Plaintiff. Houlihan Dec., ¶¶4-5.

**C.   Information Relating to Calls Hearing Help Made to the Non-Triangular Leads are not Relevant or Proportional to the Needs of the Case.**

According to Plaintiff, he needs detailed call logs and call information for ***all*** calls Hearing Help made using Genesys. Since Hearing Help began using this equipment, all of its calls were made using Genesys. Therefore, RFP 31 seeks documents relating to every single call any person at Hearing Help made since Hearing Help began using this equipment. Calligan Dec., ¶5. If Plaintiff's *Motion to Compel* is granted, Hearing Help would have to produce, among other things, call records for non-telemarketing calls; calls made to individuals whose information did not come from Triangular; calls made to current customers of Hearing Help; and returning calls of individuals who contacted Hearing Help first. *Id*. This is overbroad, is not proportional to the needs of the case, and does not assist in Plaintiff's attempt to certify the class.

Courts have found that discovery requests seeking company-wide outbound calls do not meet the proportionally requirements of Federal Rules of Civil Procedure Rule 26 even if

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 9
No. 3:19-cv-05960-RBL

113461.00602/123258105v.6

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

relevant to class certification.  *See Beets v. Molina Healthcare, Inc., No.* CV 16-5642-CAS (KSx), 2019 U.S. Dist. LEXIS 131104, at *31 (C.D. Cal. Apr. 9, 2019); *Webb v. Healthcare Revenue Recovery Grp. LLC*, 2014 U.S. Dist. LEXIS 11091, at *4 (N.D. Cal. Jan. 29, 2014) (finding that a defendant only had to produce one year of records as opposed to the entire 4-year class period). In *Mora v. Zeta Interactive Corp.*, No. 1:16-cv-00198-DAD-SAB, 2017 U.S. Dist. LEXIS 19413 (E.D. Cal. Feb. 10, 2017), the plaintiff sought the production of all of defendant's call logs for multiple campaigns and from multiple subsidiaries, not just the subsidiary that called the plaintiff.  *Id*. at *3.  The Court found this to be a fishing expedition that did not justify imposing a significant burden on the defendant to produce an outbound dial list of all calls and ordered a limited production of the logs of the subsidiary that called the plaintiff.  *Id*. at *4.  This is similar to here where Plaintiff seeks all of Hearing Help's call records, not just the call records of the Triangular leads.

With respect to all calls made to the Triangular leads, Hearing Help has already produced documents reflecting date and time, phone number called, phone number placing call, and call duration for each call.  Hearing Help disputes that the remaining information Plaintiff seeks is necessary for Plaintiff to maintain its class action, and even if it were, compiling this information constitutes an undue burden/expense.  Assuming the Court determines Plaintiff satisfied the *prima facie* case for a class action, it must decide if the requested call logs for all calls Hearing Help made using Genesys will provide Plaintiff an opportunity to present evidence that the class action can be maintained.  *See Artis, supra,* 276 F.R.D. at 352.

Plaintiff cites to *Artis* in support of his position that he needs contact information to determine if Plaintiff's claims are typical of the class.  First, the facts of *Artis* are distinguishable, as that case involved a proposed class action against an employer for discriminatory hiring practices on the basis of gender.  *Id*. at 350.  Second, if RFP 31 is not limited, Hearing Help will be forced to disclose contact information of any person called by Hearing Help—even those who did not receive telemarketing calls.  To the extent the Court agrees call records be limited to calls made to Triangular leads, Hearing Help has already produced the phone numbers of the people

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 10
No. 3:19-cv-05960-RBL

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123258105v.6

called.  Providing additional contact information will not aide Plaintiff in establishing whether Hearing Help placed calls in violation of the TCPA; all Plaintiff needs is the phone numbers.

**D.    Producing the Remaining Information Sought in RFP 31 (Either for the Triangular Leads or the Entire Proposed Class) Would Result in Undue Burden/Expense to Hearing Help.**

District courts have broad discretion in controlling the class certification process and whether discovery should be permitted lies within the discretion of the trial court.  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (*quoting Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975) (*accord Armstrong v. Davis*, 275 F.3d 849, 871 n.28 (9th Cir. 2001)).  "A court may limit the scope of any discovery method if it determines that 'the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.'"  *Gaines v. L. Off. of Patenaude & Felix, A.P.C., 13CV1556-JLS DHB*, 2014 WL 3894348, at *1 (S.D. Cal. June 12, 2014) (citing FED.R.CIV.P. 26(b)(2)(C)(I)).  There are six factors courts consider "in assessing the proportionality of discovery: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to the relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Beets, supra*, 2019 U.S. Dist. LEXIS 131104, at *23-24 (citing FED. R. CIV. P. 26(b)(1)).  Even if the first five factors are met, the Court can determine that discovery sought is not proportional to the needs of the case because it would pose an undue burden on a defendant.  *Id*. at *28.

The Court in *Terteryan v. Nissan Motor Acceptance Corp.*, No. CV 16-2029-GW (KSx), 2017 U.S. Dist. LEXIS 223118 (C.D. Cal. Oct. 19, 2017) ruled on a motion to compel in a TCPA case also involving Genesys equipment.  The motion to compel involved a very similar request to RFP 31 that sought a data compilation of all calls made by the defendant to individuals who were not its customers.  *Id*. at *4-5.  The defendant argued, among other things, undue burden, explaining that to comply would require a file-by-file search of its database to segregate non-

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 11
No. 3:19-cv-05960-RBL

113461.00602/123258105v.6

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

customer information and that the electronically stored information is not easily accessible. *Id*. *17-18. The Court agreed and ordered the plaintiff to serve an amended request for production requesting more limited information. Plaintiff argues even if Hearing Help establishes an undue burden, the benefit of discovery to Plaintiff far outweighs this burden. Plaintiff cites to *Mbazomo v. ETourandTravel, Inc.,* 2:16-CV-02229-SB, 2017 WL 2346981 (E.D. Cal. May 30, 2017). That case is distinguishable, as *Mbazomo* found that while it was sympathetic to the burden of producing "enormous and lengthy data files, the ability to do so via csv and spreadsheet-ready data files reassures the Court that the request is proportional to the needs of the case." *Id*. at *5. Here, Hearing Help already produced what it could in an easily accessible spreadsheet and to produce anything further would require a manual sorting and exporting of data.

If Hearing Help is required to produce any additional information for calls made to Triangular leads or other calls made, it will cause an undue burden and expense. Calligan Dec., ¶¶10-12. Hearing Help's only way to obtain this information is for Hearing Help's IT Manager to ***manually*** sort and export the data reflecting the information Plaintiff is seeking. Specifically, for subsections (d)-(g) it would take him approximately 108 hours to review the call records, tie them in with the customer relations management software, and to export/download/save any additional call record data. *Id*. Given the IT manager's other responsibilities at the company, it would take him 4-5 months to complete this task. *Id*. ¶11. With respect to subsection (j), and in particular for the recordings, the only way to retrieve them is to separately download each recording for each call, which would take approximately 5 minutes per call record. *Id*. ¶12. Based on the 72,000 calls made to Triangular leads, this would take over 6,000 hours. *Id*.

## IV.    CONCLUSION

For the foregoing reasons, Hearing Help respectfully requests that Plaintiff's Motion to Compel be denied. If the Court is inclined to grant the Motion, Hearing Help requests four months to produce additional documents and that Plaintiff share in the cost given the undue burden and expense that would be imposed on Hearing Help.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 12
No. 3:19-cv-05960-RBL

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123258105v.6

DATED this 18th day of May, 2020.

VAN KAMPEN & CROWE PLLC

/s/David E. Crowe
David E. Crowe, WSBA No. 43529
dcrowe@vkclaw.com

BLANK ROME LLP

/s/Nicole B. Metral
Ana Tagvoryan (*pro hac vice*)
atagvoryan@BlankRome.com
Jeffrey Rosenthal (*pro hac vice*)
Rosenthal-J@BlankRome.com
Nicole B. Metral (*pro hac vice*)
nbmetral@blankrome.com
2029 Century Park East, 6th Floor
Los Angeles, CA  90067
Telephone:     424.239.3400
Facsimile:     424.239.3434

*Attorneys for Defendant Hearing Help Express, Inc.*

### Declaration of Service

I certify that on this day, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| TERRELL MARSHALL LAW GROUP<br>Beth E. Terrell<br>Jennifer Rust Murray<br>Adrienne D. McEntee<br>Benjamin M. Drachler<br>936 North 34th Street, Suite 300<br>Seattle, Washington 98103-8869<br>Phone: (206) 816-6603<br>BTerrell@terrellmarshall.com<br>JMurray@terrellmarshall.com<br>AMcentee@terrellmarshall.com<br>bdrachler@terrellmarshall.com<br>Attorneys for Plaintiff | PARONICH LAW, P.C.<br>Anthony I. Paronich<br>350 Lincoln Street, Suite 2400<br>Hingham, Massachusetts 22043<br>Phone: (617) 485-0018<br>Fax: (503) 318-8100<br>Anthony@paronichlaw.com<br><br>Attorney for Plaintiff |

Signed at Seattle, Washington this 18th day of May 2020.

/s/ David E. Crowe
David E. Crowe

---

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 13
No. 3:19-cv-05960-RBL

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123258105v.6