1

Hon. Ronald B. Leighton

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

8

MARK HOFFMAN, on behalf of himself
and all others similarly situated,

9

CASE NO.  3:19-cv-05960-RBL

Plaintiff,

10

**DECLARATION OF RICHARD A.**
**CALLIGAN, III IN SUPPORT OF**
**DEFENDANT HEARING HELP**
**EXPRESS, INC.'S OPPOSITION**
**TO PLAINTIFF'S MOTION TO**
**COMPEL**

11

v.

12

HEARING HELP EXPRESS, INC.,

13

Defendant.

NOTED FOR CONSIDERATION:
May 22, 2020

14

15

ORAL ARGUMENT REQUESTED

16

17

I, Richard A. Calligan, III, declare as follows:

18

1.      I am over 18 years of age. I have personal knowledge of the facts set forth in this

19

declaration and, if called as a witness, could and would testify competently thereto.

20

2.      I am currently employed by Hearing Help Express, Inc. ("Hearing Help").  I am

21

the Information Technology & Logistics Manager (also referred to as the IS and Operations

22

Manager) at Hearing Help and have held this position since March of 2017.  I have been

23

employed by Hearing Help since 2000 and have held various positions in the information

24

technology sector.

25

3.      Part of my job responsibilities include supporting employees for their technology

26

needs, working with technology vendors regarding the software products used by Hearing Help,

27

DECLARATION OF RICHARD A. CALLIGAN, III
IN SUPPORT OF DEFENDANT'S OPPOSITION TO
MOTION TO COMPEL - 1
No. 3:19-cv-05960-RBL
113461.00602/123297704v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1    ensuring all systems run smoothly, creating and maintaining integrations for core systems,

2    adding functionality to systems, and working with data for all business units.

3        4.    As part of my responsibilities, I am familiar with the dialing software used by

4    Hearing Help to place outbound calls, including the accessibility of information on the software

5    and what information is stored on the software.  Hearing Help currently uses a software system

6    called PureCloud that is made by the Genesys company.  It is integrated into Hearing Help's

7    customer relationship manager system called FreshSales, a product by FreshWorks.  I understand

8    that PureCloud is in the process of being renamed to Genesys Cloud.

9        5.    I have reviewed the Requests for Production of Documents, Set One that Plaintiff

10   propounded on Hearing Help, including Request for Production No. 31.  I understand that

11   through Request for Production No. 31, Plaintiff is seeking documents relating to all calls

12   Hearing Help made on the "Genesys dialing equipment."  Hearing Help started using the

13   PureCloud software (provided by the Genesys company) in March of 2018.  From March 2018

14   forward, Hearing Help has made all of its sales calls (regardless of the source of the lead) using

15   the PureCloud software.  From approximately January 2019 forward, Hearing Help has made all

16   calls (regardless of call content or purpose of the call) using the PureCloud software.  Therefore,

17   calls made on the PureCloud software from approximately January 2019 to present include non-

18   telemarketing calls, calls made to individuals whose information did not come from Triangular,

19   calls made to current customers of Hearing Help, and returning calls of individuals who

20   contacted Hearing Help first.

21       6.    I am also familiar with Hearing Help's relationship with Triangular Media Corp.

22   ("Triangular") and understand that Triangular was hired to generate leads for Hearing Help.  All

23   telemarketing calls made to the Triangular leads were made using the PureCloud software.  This

24   includes calls made to Plaintiff Mark Hoffman.  Triangular sold over 22,000 leads to Hearing

25   Help.  Approximately 72,000 calls were made to the Triangular leads.  Since Hearing Help began

26   using the PureCloud software, there have been more than 1.7 million outbound calls, which

27

DECLARATION OF RICHARD A. CALLIGAN, III
IN SUPPORT OF DEFENDANT'S OPPOSITION TO
MOTION TO COMPEL - 2
No. 3:19-cv-05960-RBL
113461.00602/123297704v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1   includes calls to current customers and general calls Hearing Help employees make not relating

2   to telemarketing.

3       7.      Request for Production No. 31 asks for the following electronic data/documents

4   with respect to all calls made using PureCloud from March 2018 to present:

5               a.  Date and time each call was place;

6               b.  Number of calls placed;

7               c.  Telephone numbers and area codes to which each call was placed;

8               d.  Whether each call was made via an ATDS, predictive dialer, in preview

9                   mode, manually, and/or with a prerecorded message or artificial voice;

10              e.  The result of each call (e.g. no answer, message left, etc.);

11              f.  The content of each call;

12              g.  Identifying information for the person who received the call (e.g. name,

13                  address, email address, etc.), and, if different, identifying information for

14                  the person(s) to whom the calls were intended to be placed;

15              h.  Telephone numbers for all outgoing telephone lines that were used to

16                  place the calls; and

17              i.  Identity of the companies or carriers that were used to place the automated

18                  call;

19              j.  Any other information regarding the automated calls (e.g. reports, data

20                  compilations, verifications, electronic signature records, transmission

21                  reports, recordings, etc.).

22      8.      Hearing Help has already prepared and produced a spreadsheet to Plaintiff with

23   some call details for all calls made to the Triangular leads, including Plaintiff.  The spreadsheet

24   provides the information listed in subsections (a)-(c) and (h) for all calls made to all of the

25   Triangular leads.  As to subsection (i), Hearing Help placed all of its own calls to the Triangular

26   leads using the PureCloud software.  With respect to subsection (d), I do not believe that Hearing

27

DECLARATION OF RICHARD A. CALLIGAN, III
IN SUPPORT OF DEFENDANT'S OPPOSITION TO
MOTION TO COMPEL - 3
No. 3:19-cv-05960-RBL
113461.00602/123297704v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

Help ever used predictive dialing. In addition, it is my understanding that Hearing Help did not use a prerecorded message or an artificial voice when communicating with leads on live phone calls.

9.     Hearing Help also produced all documents reflecting information sought in subsections (d) – (g) and (j) as to Plaintiff.

10.     Obtaining the information sought in subsections (d) – (g) and (j) for all calls made to the Triangular leads (or for all of the 1.7 million calls made on the PureCloud software) would take a significant amount of time. Specifically, it would take me approximately 10 hours to first tie-in the lead records on FreshSales with the PureCloud Software. In order to determine if any additional data could be exported that was not already produced in the spreadsheet mentioned above, I selected one month to see if I could export data for all calls made during this month. It appears that I can, but it will take approximately 4 hours of time for each month to export, download, and save this data. From March 2018 to present, I estimate this would take approximately 108 hours plus the additional 10 hours noted above. However, the PureCloud software continuously changes, including features that may impact the export functions. There is a chance it could take longer than this and it is possible that I will not be able to export all of this data for each month.

11.     My primary responsibility is to ensure that the technology for the company runs smoothly each and every day. Due to my current job responsibilities, I am unable to solely focus on this task for 164 hours straight. Instead, I can only devote approximately 6 hours per week on this task. I estimate it would take me approximately 4-5 months to complete this. I am the only person at the company who would be able to retrieve this information.

12.     With respect to subsection (j), and in particular for the recordings, to my knowledge the only way to retrieve recordings is to separately download each recording for each call, which would take approximately on average 5 minutes per call. In all likelihood, it could take longer for some of the calls. If a call was not answered there would be no recording.

DECLARATION OF RICHARD A. CALLIGAN, III
IN SUPPORT OF DEFENDANT'S OPPOSITION TO
MOTION TO COMPEL - 4
No. 3:19-cv-05960-RBL
113461.00602/123297704v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

However, it would take approximately one minute to review the call record to determine if there is or is not a recording.  Therefore, I estimated approximately 5 minutes per call record.  Given that there are approximately 72,000 calls made to the Triangular leads, this task would take over 6,000 hours of time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 18, 2020, at DeKalb, Illinois.

By: _Richard A Calligan III_
    Richard A. Calligan, III

DECLARATION OF RICHARD A. CALLIGAN, III
IN SUPPORT OF DEFENDANT'S OPPOSITION TO
MOTION TO COMPEL - 5
No. 3:19-cv-05960-RBL
113461.00602/123297704v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1

**Declaration of Service**

2      I certify that on this day, I electronically filed the foregoing with the Clerk of the Court

3 using CM/ECF system which will send notification of such filing to the following:

4 TERRELL MARSHALL LAW GROUP           PARONICH LAW, P.C.
  Beth E. Terrell                                           Anthony I. Paronich
5 Jennifer Rust Murray                               350 Lincoln Street, Suite 2400
  Adrienne D. McEntee                             Hingham, Massachusetts 22043
6 Benjamin M. Drachler                            Phone: (617) 485-0018
  936 North 34th Street, Suite 300             Fax: (503) 318-8100
7 Seattle, Washington 98103-8869             Anthony@paronichlaw.com
  Phone: (206) 816-6603
8 BTerrell@terrellmarshall.com                 Attorney for Plaintiff
  JMurray@terrellmarshall.com
9 AMcentee@terrellmarshall.com
  bdrachler@terrellmarshall.com
10

11 Attorneys for Plaintiff

12      Signed at Seattle, Washington this 18th day of May 2020.

13                        */s/ David E. Crowe*
                         *David E. Crowe*
14

15

16

17

18

19

20

21

22

23

24

25

26

27 DECLARATION OF RICHARD A. CALLIGAN,
   III IN SUPPORT OF DEFENDANT'S
28 OPPOSITION TO PLAINTIFF'S MOTION TO
   COMPEL - 6                                                    **VAN KAMPEN & CROWE** PLLC
   No. 3:19-cv-05960-RBL                                      1001 Fourth Avenue, Suite 4050
                                                                         Seattle, Washington 98154-1000
                                                                                (206) 386-7353

113461.00602/123258105v.6