THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MARK HOFFMAN, on behalf of himself and all others similarly situated,

    Plaintiff,

vs.

HEARING HELP EXPRESS, INC.,

    Defendant.

NO. 3:19-cv-05960-RBL

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**TABLE OF CONTENTS**

**Page No.**

I.  INTRODUCTION ........................................................................................................... 1

II. AUTHORITY AND ARGUMENT ................................................................................. 2

    A.    Hearing Help cannot refuse to produce discovery because it believes class certification will not be granted ..................................................... 2

    B.    Discovery has not been, and should not be, bifurcated ..................................... 3

    C.    The requested discovery is relevant and proportional to the case's needs ................................................................................................................... 4

III. CONCLUSION ................................................................................................................ 6

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL - i
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

**Page No.**

### FEDERAL CASES

*Abante Rooter and Plumbing, Inc. v. Alarm.com Inc.*,
  2017 WL 1806583 (N.D. Cal. May 5, 2017) ................................................................. 5

*Ahmed v. HSBC Bank USA, Nat'l* Ass'n,
  No. EDCV152057FMOSPX, 2018 WL 501413 (C.D. Cal. Jan. 5, 2018) ............................ 4

*Beets v. Molina Healthcare, Inc.*,
  No. CV 16-5642-CAS (KSx), 2019 WL 2895630 (C.D. Cal. Apr. 9, 2019) ......................... 6

*Blair v. CBE Grp., Inc.*,
  309 F.R.D. 621 (S.D. Cal. 2015) .................................................................................. 3

*Booth v. Appstack, Inc.*,
  No. C13-1533-JLR, 2015 WL 1466247 (W.D. Wash. March 30, 2015) ............................ 1

*Brown v. Warner*,
  No. C09-1546RSM, 2015 WL 630926 (W.D. Wash. Feb. 12, 2015) ................................. 5

*Connelly v. Hilton Grand Vacations Co., LLC*,
  294 F.R.D. 574, 579 (S.D. Cal. 2013) ........................................................................... 3

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) ................................................................................... 2, 3

*Haghayeghi v. Guess?, Inc.*,
  168 F. Supp. 3d 1277 (S.D. Cal. 2016) ...................................................................... 1, 3

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ...................................................................................... 2

*Ikuseghan v. Multicare Health Sys.*,
  No. C14-5539-BHS, 2015 WL 4600818 (W.D. Wash. July 29, 2015) ............................... 1

*Mbazomo v. ETourandTravel, Inc.*,
  No. 2:16-cv-0229-SB, 2017 WL 2346981 (E.D. Cal. May 30, 2017) ................................ 6

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL - ii
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   *Mora v. Zeta Interactive Corp.*,
2       No. 1:16-cv-00198-DAD-SAB, 2017 WL 1187710 (E.D. Cal. Feb. 10, 2017) ...................... 6

3   *Simon v. Healthways, Inc.*,
        No. CV 14-8022-BRO (JCx), 2015 WL 10015953 (C.D. Cal. Dec. 17, 2015) ....................... 3

4   *True Health Chiropractic, Inc. v. McKesson Corp.*,
5       896 F.3d 923 (9th Cir. 2018) ................................................................................ 3, 4

6   *Van Patten v. Vertical Fitness Grp., LLC*,
7       847 F.3d 1037 (9th Cir. 2017) ...................................................................................... 3

8   *Wakefield v. ViSalus, Inc.*,
        No. 3:15-CV-1857-SI, 2019 U.S. Dist. LEXIS 141974, 2019 WL 3945243
9       (D. Or. Aug. 21, 2019) ................................................................................................ 2

10  *Webb v. Healthcare Revenue Grp., LLC*,
11      No. C13-00737 RS, 2014 WL 325132 (N.D. Cal. Jan. 29, 2014) ......................................... 6

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL - iii
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

The Court already has denied Hearing Help's motion to strike Plaintiff's class allegations. Dkt. #32. Hearing Help now tries to achieve the same result by refusing to produce the basic data Plaintiff needs to support his class certification motion: the dates the calls were placed, the telephone numbers to which calls were placed, the telephone numbers from which calls were placed, the outcome of the calls (i.e., whether they connected, were answered or went to voicemail), and, to the extent the information exists, the identities of the persons to whom the calls were placed. Plaintiff needs the data now—instead of at some undetermined later date—so that his experts can analyze the data to determine whether Hearing Help used its Genesys predictive dialer to place calls to cellular telephones and to telephone numbers on the National Do-Not-Call Registry. Courts rely on such expert analysis at class certification to determine if the requirements of Rule 23 have been met. *See, e.g., Ikuseghan v. Multicare Health Sys.*, No. C14-5539-BHS, 2015 WL 4600818, at **1, 4 (W.D. Wash. July 29, 2015) (relying on expert analysis of calling data to find class ascertainable and numerous); *Booth v. Appstack, Inc.*, No. C13-1533-JLR, 2015 WL 1466247, at **1, 4, 7, 9, 10, 13 (W.D. Wash. March 30, 2015) (relying on expert analysis of calling data to find numerosity, predominance, and superiority satisfied).

Hearing Help maintains that Plaintiff cannot certify the Direct Liability Class because Hearing Help's calls were based on leads provided by different vendors. But it is not appropriate for Hearing Help to withhold discovery because it disagrees with Plaintiff's theory of the case. *See Haghayeghi v. Guess?, Inc.,* 168 F. Supp. 3d 1277, 1280 (S.D. Cal. 2016) (likelihood of certification does not impact Plaintiff's right to discovery pre-certification). Even if it were, the breadth of the statutory provisions underlying Plaintiff's claims show that Hearing Help is wrong. The TCPA provides a single cause of action for calls using any automatic telephone dialing system or an artificial or prerecorded voice and the do-not-call provisions similarly create a cause of action that does not discriminate based on the source of the lead. The fact that Hearing Help got its leads from multiple sources does not create individualized issues preventing class certification. *See Wakefield v. ViSalus, Inc.*, No. 3:15-CV-1857-SI, 2019 U.S. Dist.

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL - 1
CASE NO. 3:19-CV-05960-RBL

LEXIS 141974, 2019 WL 3945243, at *6 (D. Or. Aug. 21, 2019) (acknowledging the breadth of the TCPA and noting that variations in the type of phone called do not defeat class certification).

Hearing Help's burden arguments, which it failed to raise during the meet and confer process, also should be rejected. Numerous courts have compelled calling data in TCPA cases, finding the relevance of the data outweighs any burden. However, Plaintiff is willing to narrow his request to alleviate any burden on Hearing Help. Plaintiff already has narrowed his request to information relating to calls Hearing Help placed using its Genesys dialer. At this time, Plaintiff also will agree that Hearing Help need not produce the call recordings, that Hearing Help's witness says will take thousands of hours to assemble. Instead, Plaintiff reasonably requests Hearing Help to produce the basic data he needs for class certification. His motion to compel should be granted.

## II.  AUTHORITY AND ARGUMENT

**A.  Hearing Help cannot refuse to produce discovery because it believes class certification will not be granted.**

Hearing Help contends that any production of call data for the Direct Liability Class should be limited to calls it placed to Triangular leads, because Plaintiff "will be unable to certify [a] class" that includes "non-Triangular" leads. Dkt. # 39 at 12. But Hearing Help cannot withhold pre-certification discovery by assuming its arguments about the impropriety of class certification will prevail. Its premature class certification arguments also lack merit. For example, Hearing Help wrongly asserts that Plaintiff is not "typical" of class members whose calls originated from non-Triangular leads. But "[t]he purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). In determining typicality, courts ask "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011). Plaintiff and all Direct Liability Class Members suffered the same injury—receipt

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL - 2
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

of unsolicited telemarketing calls—caused by the same conduct: Hearing Help's use of an ATDS to place such calls in violation of 47 U.S.C. § 227(b)(1). Nothing more is required to establish typicality.

Hearing Help also wrongly argues that individualized issues will predominate at trial because its lead generators obtained consent in multiple ways, and "Plaintiff would need to prove" that Hearing Help did not have consent to call non-Triangular leads. Dkt. #39 at 12. Consent is an affirmative defense and Hearing Help bears the burden of proof. *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017). Because it has produced no evidence to support its purported consent defense here, the Court cannot consider the alleged impact consent has on class certification. *See True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 932 (9th Cir. 2018) ("[W]e assess predominance by analyzing the consent defenses [the defendant] has actually advanced and for which it has presented evidence" but "do not consider the consent defenses that [it] might advance or for which it has presented no evidence."). Even if Hearing Help had produced such evidence, its arguments are appropriately reserved for the Court's ruling on class certification, after discovery is complete.[1] *See Haghaeghi*, 168 F. Supp. 3d at 1282 (rejecting argument that discovery should be limited because individual issues of consent would otherwise predominate).

**B.     Discovery has not been, and should not be, bifurcated.**

Hearing Help argues that Plaintiff's claims are limited to those arising from "calls Hearing Help made to Triangular leads." That is not true. The First Amended Complaint explicitly alleges that Plaintiff and members of the proposed classes received unsolicited calls in connection with two distinct telemarketing campaigns: (1) the lead generation campaign conducted by

---

[1] None of the cases cited by Hearing Help is to the contrary. Each was decided on a motion for class certification after the completion of discovery, and in each, the defendant produced extensive evidence of consent. *See Blair v. CBE Grp., Inc.*, 309 F.R.D. 621, 629–30 (S.D. Cal. 2015); *Simon v. Healthways, Inc.*, No. CV 14-8022-BRO (JCx), 2015 WL 10015953, at *5 (C.D. Cal. Dec. 17, 2015); *Connelly v. Hilton Grand Vacations Co., LLC*, 294 F.R.D. 574, 579 (S.D. Cal. 2013).

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL - 3
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

Triangular and its call-center vendors (for which Hearing Help is vicariously liable); and (2) Hearing Help's own telemarketing campaign to sell its hearing aids (for which it is directly liable).

Undeterred, Hearing Help argues that the "practical approach to resolving this discovery dispute" is to bifurcate discovery[2] because doing so "would further the goal of [securing] a just, speedy, and inexpensive determination" of this action. Dkt. # 39 at 9. This argument should be rejected for three reasons. First, "the distinction between class certification and merits discovery is murky at best and impossible to determine at worst." *Ahmed v. HSBC Bank USA, Nat'l* Ass'n, No. EDCV152057FMOSPX, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018). Thus, bifurcation in TCPA cases is an inefficient, unworkable exercise that frequently degenerates into fractious line-drawing disputes. *See, e.g., True health Chiropractic Inc. v. McKesson Corp.*, No. 13-cv-2219-JSR, 2015 WL 273188, at *2-4 (N.D. Cal. Jan. 20, 2015). Second, good faith and reasonable reliance are not defenses to TCPA claims and thus, deciding these issues first will do nothing to narrow the case. *See Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2017 WL 5720548, at *3 (C.D. Cal. Nov. 6, 2017) ("[T]here is no good faith defense against a TCPA claim."). Third, even if the Court agreed that Hearing Help is not vicariously liable for Triangular's conduct, Hearing Help would still need to produce the data sought by this motion because Plaintiff's direct-liability claims would remain. Put differently, bifurcation is not efficient here.

C.   **The requested discovery is relevant and proportional to the case's needs.**

Hearing Help suggests that information relating to the calls it placed to non-Triangular leads is neither relevant nor proportional to the needs of the case. Not so. Plaintiff seeks to represent a class of persons who received unsolicited telemarketing calls directly from Hearing Help, irrespective of the source of the lead. And Plaintiff's motion is limited to telemarketing calls Hearing Help placed to those class members with a single Genesys dialer Hearing Help used

---

[2] Hearing Help suggests that its decision to withhold relevant discovery is justified because the Court has not issued a scheduling order or addressed its arguments on bifurcation. That is not true. *See* Dkt. # 35 (setting schedule through class certification).

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL - 4
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

for less than half the class period. Dkt. # 42, ¶ 5. Courts have routinely found that similar requests for class-wide calling data are both relevant to class certification and proportional to the needs of the case. *See* Dkt. # 37 at 11–12 (collecting cases).

In the face of this authority, Hearing Help complains that if discovery is not limited to Triangular leads it will be required to produce more than 1.7 million calls,[3] including an unspecified number of "non-telemarketing calls." This is a red herring. To the extent Hearing Help is placing calls to its own customers, which could be the only "non-telemarketing reason for the calls," those calls can be readily excluded by comparing the calling records to Hearing Help's customer lists. Courts in similar circumstances have done just that. *Abante Rooter and Plumbing, Inc. v. Alarm.com Inc.*, 2017 WL 1806583, at *7-8 (N.D. Cal. May 5, 2017) (certifying TCPA classes and finding that "it will not be difficult" to exclude individuals who had a business relationship with the defendant before receiving calls).

Hearing Help provides no evidence that producing basic information about the calls—including the date and time each call was placed, the telephone numbers called, the telephone numbers for the outgoing telephone lines used to place calls, and the identity of the companies or carriers that were used to place automated calls—would impose any burden on Hearing Help, let alone a burden not proportional to the needs of this case. *See Brown v. Warner*, No. C09-1546RSM, 2015 WL 630926, at *1 (W.D. Wash. Feb. 12, 2015) (requiring the party resisting to clarify, explain, and support its objections.). Indeed, Hearing Help admits that the remaining categories of data can be produced "in an easily accessible spreadsheet." Dkt. # 39 at 16:9.

Hearing Help is clearly capable of filtering and sorting its database to identify calls by category and lead generator because it was able to isolate the calls made using Triangular leads. If Hearing Help believes that further sorting its database is too burdensome, it should produce the requested data for *all* calls it placed with the Genesys dialing system and Plaintiff or his expert will filter and sort it himself. In either case, the benefit of this discovery to Plaintiff

---

[3] Hearing Help did not disclose the number of calls at issue until it submitted its response.

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL - 5
CASE NO. 3:19-CV-05960-RBL

significantly outweighs any burden on Hearing Help, particularly given Plaintiff's agreement to limit his motion to data Hearing Help has said is easily exportable.[4] *See Mbazomo v. ETourandTravel, Inc.*, No. 2:16-cv-0229-SB, 2017 WL 2346981, at *5–6 (E.D. Cal. May 30, 2017) (production of three million numbers and "enormous" data files was proportional because files could be produced in csv format).

The bulk of the burden that Plaintiff's request apparently imposes relates to the time it will take Hearing Help to download call recordings. If Hearing Help had raised this specific issue during the meet and confer process, Plaintiff would have agreed that Hearing Help need not produce call recordings at this time. In fact, had Hearing Help raised any of its burden issues during the meet and confer process, Plaintiff would have agreed to limit his motion to compel to the categories of data Hearing Help has *already* produced for the Triangular leads, including (1) the date and time each call was placed, (2) the number of calls placed, (3) the telephone numbers called, (4) the telephone numbers for the outgoing telephone lines used to place calls, and (5) the identity of the companies or carriers that were used to place automated calls. *See* Dkt. # 38 at 33 (RFP 31 subsections (a) – (c), (h), and (i)). At a minimum, that information should be produced here.

### III.  CONCLUSION

Plaintiff respectfully requests that the Court grant his Motion to Compel.

---

[4] Hearing Help's cases are distinguishable. In two, the court ordered a complete production of data for a portion of the class period, exactly what Plaintiff seeks here. *Beets v. Molina Healthcare, Inc.*, No. CV 16-5642-CAS (KSx), 2019 WL 2895630, at * 8–11 (C.D. Cal. Apr. 9, 2019) (ordering defendants to produce one year of outbound call logs for "any call campaigns" using "any kind of dialer"); *Webb v. Healthcare Revenue Grp., LLC*, No. C13-00737 RS, 2014 WL 325132, at *2–3 (N.D. Cal. Jan. 29, 2014) (overruling defendant's objection to producing complete calling records for a portion of the class period). And in *Mora v. Zeta Interactive Corp.*, the Court compelled data for the entire class period, limited to the vendor who called Plaintiff. No. 1:16-cv-00198-DAD-SAB, 2017 WL 1187710, at *3–5 (E.D. Cal. Feb. 10, 2017). Here, Plaintiff seeks Hearing Help's records of the calls it placed itself. No other entities are at issue.

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL - 6
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  RESPECTFULLY SUBMITTED AND DATED this 22nd day of May, 2020.

2  TERRELL MARSHALL LAW GROUP PLLC

3  By: /s/ Jennifer Rust Murray, WSBA #36983
4  Beth E. Terrell, WSBA #26759
   Email: bterrell@terrellmarshall.com
5  Jennifer Rust Murray, WSBA #36983
   Email: jmurray@terrellmarshall.com
6  Adrienne D. McEntee, WSBA #34061
7  Email: amcentee@terrellmarshall.com
   936 North 34th Street, Suite 300
8  Seattle, Washington 98103-8869
   Telephone: (206) 816-6603

10  Anthony I. Paronich, *Admitted Pro Hac Vice*
    Email: anthony@paronichlaw.com
11  PARONICH LAW, P.C.
    350 Lincoln Street, Suite 2400
12  Hingham, Massachusetts 02043
    Telephone: (617) 485-0018
13  Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL - 7
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## CERTIFICATE OF SERVICE

I, Jennifer Rust Murray, hereby certify that on May 22, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>David E. Crowe, WSBA #43529
>Email: dcrowe@vkclaw.com
>VAN KAMPEN & CROWE PLLC
>1001 Fourth Avenue, Suite 4050
>Seattle, Washington 98154
>Telephone: (206) 386-7353
>Facsimile: (206) 405-2825
>
>Ana Tagvoryan, *Admitted Pro Hac Vice*
>Email: atagvoryan@blankrome.com
>Nicole Bartz Metral, *Admitted Pro Hac Vice*
>Email: nbmetral@blankrome.com
>BLANK ROME LLP
>2029 Century Park East, 6th Floor
>Los Angeles, California 90067
>Telephone: (424) 239-3400
>Facsimile: (424) 239-3434
>
>Jeffrey Rosenthal, *Admitted Pro Hac Vice*
>Email: rosenthal-j@blankrome.com
>BLANK ROME LLP
>130 North 18th Street
>Philadelphia, Pennsylvania 19103
>Telephone: (215) 569-5500
>Facsimile: (215) 569-5555
>
>*Attorneys for Defendant*

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL - 8
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

| | |
|---|---|
| 1 | DATED this 22nd day of May, 2020. |
| 2 | TERRELL MARSHALL LAW GROUP PLLC |
| 3 | By:   /s/ Jennifer Rust Murray, WSBA #36983 |
| 4 | Jennifer Rust Murray, WSBA #36983<br>Email: jmurray@terrellmarshall.com |
| 5 | 936 North 34th Street, Suite 300<br>Seattle, Washington 98103 |
| 6 | Telephone: (206) 816-6603<br>Facsimile: (206) 319-5450 |
| 7 | |
| 8 | *Attorneys for Plaintiff and the Proposed Class* |

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL - 9
CASE NO. 3:19-CV-05960-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com