1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hon. Ronald B. Leighton

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK HOFFMAN, on behalf of himself and all others similarly situated,<br><br>                                         Plaintiff,<br><br>                    v.<br><br>HEARING HELP EXPRESS, INC. TRIANGULAR MEDIA CORP., and LEWIS LURIE,<br><br>                                         Defendants. | CASE NO.  3:19-cv-05960-RBL<br><br>**DEFENDANT HEARING HELP EXPRESS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT – CLASS ACTION**<br><br>Assigned to the Hon. Ronald B. Leighton |

Defendant Hearing Help Express, Inc. ("Defendant") hereby answers the First Amended Complaint ("FAC") (Dkt. No. 45.) of Plaintiff Mark Hoffman ("Plaintiff"), as numbered herein, and asserts affirmative defenses to the FAC as follows below.

## ANSWER

In responding to the FAC, Defendant denies all allegations contained therein unless specifically admitted below.

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - 1
No. 3:19-cv-05960-RBL
113461.00602/123395568v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

# I. NATURE OF ACTION

1.      From at least May through September 2019, Mark Hoffman received telemarketing calls on his cellular phone placed by or on behalf of Hearing Help Express, Inc. seeking to sell their hearing aid products to him.

**ANSWER:**      Defendant admits that it placed calls to Plaintiff in 2019.   To the extent not expressly admitted, denied.

2.      The calls were placed using an automatic telephone dialing system ("ATDS") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

**ANSWER:**      This paragraph consists of legal conclusions to which no response is required.   To the extent a response is required, denied.

3.      Triangular Media Corp., which is owned and operated by Lewis Lurie, initiated some of the telemarketing calls to Mr. Hoffman until June of 2019.   Triangular initiated these calls itself or through a call center that it retained to place the calls.

**ANSWER:**      Defendant lacks knowledge regarding the allegations in this paragraph and therefore is unable to admit or deny.   To the extent a response is required, denied.

4.      After receiving the calls from Triangular, Mr. Hoffman received ATDS calls from Hearing Help Express, Inc. directly.

**ANSWER:**      This paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, denied.   As to the remaining allegations, Defendant lacks knowledge regarding the allegations in this paragraph and therefore is unable to admit or deny. To the extent a response is required, denied.

5.      Mark Hoffman has not been a Hearing Help Express, Inc. customer at any time, and Mark Hoffman did not consent to receive calls from Hearing Help Express, Inc., Triangular Media Corp., Lewis Lurie or their agents.   Mark Hoffman's telephone number is listed on the Do

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - 2
No. 3:19-cv-05960-RBL
113461.00602/123395568v.4

Not Call registry maintained by the Federal Trade Commission and has been continuously listed there since August 21, 2009.

**ANSWER:**     This paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, denied.  As to the remaining allegations, Defendant lacks knowledge regarding the allegations in this paragraph and therefore is unable to admit or deny. To the extent a response is required, denied.

6.     Plaintiff brings this class action for damages and other equitable and legal remedies resulting from Defendants' violations of the TCPA.

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, denied.

## II.  JURISDICTION AND VENUE

7.     This Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331, because they present a federal question.

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that this Court has subject-matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331.  To the extent not expressly admitted, denied.

8.     This Court has personal jurisdiction over Hearing Help Express, Inc., Triangular Media, and Mr. Lurie because they initiated the calls to Plaintiff's cellular phone.  Plaintiff's cellular phone uses a Washington area code and was, at all relevant times, located in Washington.

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, denied.

9.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - 3
No. 3:19-cv-05960-RBL
113461.00602/123395568v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, denied.

## III.  PARTIES

10.     Plaintiff Mark Hoffman resides in Kitsap County, Washington.

**ANSWER:**     Defendant lacks knowledge regarding the allegations in this paragraph and therefore is unable to admit or deny.  To the extent a response is required, denied.

11.     Defendant Hearing Help Express, Inc. is an Illinois corporation with headquarters in Dekalb, Illinois.

**ANSWER:**     Admitted.

12.     Defendant Triangular Media Corp. is a Florida corporation with its principal place of business in Florida.  Triangular engages in telemarketing conduct in this district and others throughout the nation in order to market Hearing Help products.

**ANSWER:**     Defendant lacks knowledge regarding the allegations in this paragraph and therefore is unable to admit or deny.  To the extent a response is required, denied.

13.     Defendant Lewis Lurie is the owner and operator of Triangular Media.

**ANSWER:**     Defendant lacks knowledge regarding the allegations in this paragraph and therefore is unable to admit or deny.  To the extent a response is required, denied.

14.     Under the TCPA, an individual such as Mr. Lurie, may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter alia*:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user as well as of that person.

See 47. U.S.C. § 217 (emphasis added).

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - 4
No. 3:19-cv-05960-RBL
113461.00602/123395568v.4

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, denied.

15.    Mr. Lurie personally participated in the actions complained of by (a) selecting some of the phone numbers that would be called; (b) choosing any telemarketing call center that it might have used; and (c) personally authorizing the telemarketing conduct of Triangular Media.

**ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and therefore is unable to admit or deny.  To the extent a response is required, denied.

## IV.  FACTUAL ALLEGATIONS

**A.    Defendants made non-emergency calls to the cellular phones of Plaintiff and other consumers without their prior express written consent.**

16.    Plaintiff's telephone number, (XXX) XXX-9916, is assigned to a cellular telephone service.

**ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and therefore is unable to admit or deny.  To the extent a response is required, denied.

17.    Plaintiff has not been a Hearing Help Express, Inc. customer or subscriber at any time and never consented to receive calls from Hearing Help Express, Inc., Triangular Media, or Lewis Lurie.

**ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and therefore is unable to admit or deny.  To the extent a response is required, denied.  The remaining allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, denied.

18.    In May and June of 2019, the Plaintiff received at least seven telemarketing calls from Triangular Media, or a call center they commissioned.

**ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and therefore is unable to admit or deny.  To the extent a response is required, denied.

19.    These calls occurred on May 21, 22, 23, 24 and June 4, 13, 2019.

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - 5
No. 3:19-cv-05960-RBL
113461.00602/123395568v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1  **ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and
2  therefore is unable to admit or deny.  To the extent a response is required, denied.

3        20.     All of the calls were made using the Caller ID (855) 255-8148.

4  **ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and
5  therefore is unable to admit or deny.  To the extent a response is required, denied.

6        21.     During the call on June 13, 2019, Plaintiff was transferred and a prerecorded
7  message played.   The prerecorded message played a series of recorded questions.   Plaintiff
8  wanted to know who had been calling him so he answered the questions.   At the end of the
9  message, a prerecorded question asked him if he agreed to receive automated calls about hearing
10 aids.  The recording did not identify who would be calling him about hearing aids.   Plaintiff
11 answered "no," clearly indicating that he did not consent to receive calls.

12 **ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and
13 therefore is unable to admit or deny.  To the extent a response is required, denied.

14       22.     On August 27, 2019, Hearing Help Express, Inc. called Plaintiff's cellular phone
15 from the telephone number (630) 403-8617.

16 **ANSWER:**   Defendant admits only that it placed a call to a phone number (XXX) XXX-9916.
17 The remaining allegations in this paragraph are denied.

18       23.     On August 29, 2019, Hearing Help Express, Inc. again called Plaintiff's cellular
19 phone from the telephone number (630) 403-8617.

20 **ANSWER:**   Defendant admits only that it placed a call to a phone number (XXX) XXX-9916.
21 The remaining allegations in this paragraph are denied.

22       24.     On September 4, 2019, Hearing Help Express, Inc. again called Plaintiff's cellular
23 phone, this time from the telephone number (847) 748-0828.

24

25

26

27 DEFENDANT HEARING HELP EXPRESS, INC.'S
   ANSWER AND AFFIRMATIVE DEFENSES TO
   PLAINTIFF'S FIRST AMENDED COMPLAINT - 6
28 No. 3:19-cv-05960-RBL
   113461.00602/123395568v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1  **ANSWER:**    Defendant admits only that it placed a call to a phone number (XXX) XXX-9916.

2  The remaining allegations in this paragraph are denied.

3      25.    The September 4, 2019 call that the Plaintiff received from Hearing Help Express,

4  Inc. began with a pause.

5  **ANSWER:**    Defendant lacks knowledge regarding the allegations in this paragraph and

6  therefore is unable to admit or deny.  To the extent a response is required, denied.

7      26.    During the calls that Plaintiff answered, an individual from Hearing Help Express,

8  Inc. promoted its hearing aid services and offered to sell them to the Plaintiff.

9  **ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To

10  the extent a response is required, denied.

11      27.    Plaintiff was not interested and had not requested information regarding those

12  products.

13  **ANSWER:**    Defendant lacks knowledge regarding the allegations in this paragraph and

14  therefore is unable to admit or deny.  To the extent a response is required, denied.

15  **B.    Defendants Used an ATDS.**

16      28.    During at least the June 13, 2019 call, Triangular Media, or a call center it

17  retained, called Plaintiff's cellular phone using an ATDS.  Plaintiff noted a pause before being

18  connected to the call, which is characteristic of a call placed by an ATDS.

19  **ANSWER:**    Defendant lacks knowledge regarding the allegations in this paragraph and

20  therefore is unable to admit or deny.  To the extent a response is required, denied.

21      29.    Furthermore, Plaintiff called back the telephone number that called him during all

22  of the calls, Caller ID (855) 255-8148, and received a message that stated, ""The number you

23  have dialed is not in service." This is also indicative that an ATDS is used, as the call was made

24  using a "spoofed" (made up) Caller ID number.

25

26

27  DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - 7

28  No. 3:19-cv-05960-RBL
113461.00602/123395568v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

**ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and therefore is unable to admit or deny.  To the extent a response is required, denied.

30.   During the September 4, 2019 call, Hearing Help Express, Inc. called Plaintiff's cellular phone using an ATDS.  Plaintiff noted a pause before being connected to the call, which is characteristic of a call placed by an ATDS.

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, denied.

31.   Hearing Help Express, Inc. is a division of IntriCon, with operations in the United States, Asia and Europe.  The scale of Hearing Help Express, Inc.'s business requires that it and its agents use a sophisticated dialing system capable of storing phone numbers and dialing them automatically, as well as delivering messages without requiring the involvement of human agents.

**ANSWER:**   Defendant admits that it is wholly owned by IntriCon, Inc.   The remaining allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, denied.

32.   The equipment used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, but was programmed to sequentially or randomly access stored telephone numbers to automatically call such numbers for the calls that are the subject of this case.  The equipment generated, and then stored, a sequence of telephone numbers for calling, and then automatically called those numbers.  The calls were part of a campaign that made numerous phone calls in a short period of time without human intervention.

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - 8
No. 3:19-cv-05960-RBL
113461.00602/123395568v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, denied.

33.    In August of 2019, a former employee left the following review of working at Hearing Health Express, Inc. on the website GlassDoor, entitled "Boiler room telemarketing for hearing aid sales":

> The outbound sales operation is run like a boiler room.  Cheap leads are loaded into a dialer.... About 98% did not ask for information on hearing aids, so you spend most of your day wasting your time talking to people who don't even have hearing loss.

*See* https://www.glassdoor.com/Reviews/Hearing-Help-Express-Reviews-E2608089.htm (Last Visited September 24, 2019).

**ANSWER:**    Defendant lacks knowledge regarding the allegations in this paragraph and therefore is unable to admit or deny.  To the extent a response is required, denied.

**C.    Hearing Help is Vicariously Liable for Triangular Media's Calling Conduct.**

34.    Hearing Help hired Triangular Media to originate new business through telemarketing conduct.

**ANSWER:**    Defendant admits that it retained Triangular Media Corp. ("Triangular") to generate customer leads for Defendant.  The remaining allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, denied.

35.    Hearing Help accepted the benefits of Triangular Media's illegal telemarketing by accepting leads called illegally and then attempting to sell Hearing Help's good and services to them.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, denied.

36.    Hearing Help also had absolute control over whether, and under what circumstances, it would accept a lead.

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - 9
No. 3:19-cv-05960-RBL
113461.00602/123395568v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1  **ANSWER:**   This paragraph consists of legal conclusions to which no response is required.   To

2  the extent a response is required, denied.

3        37.   Hearing Help knew (or reasonably should have known) that Triangular Media

4  was violating the TCPA on its behalf and failed to take effective steps within its power to force

5  Triangular to cease that conduct.

6  **ANSWER:**   This paragraph consists of legal conclusions to which no response is required.   To

7  the extent a response is required, denied.

8        38.   In fact, Triangular Media has previously settled allegations that it violated the

9  TCPA.

10  **ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and

11  therefore is unable to admit or deny.   To the extent a response is required, denied.

12  **D.      Defendants' TCPA violations injured Plaintiff.**

13        39.   During the relevant period, Plaintiff has carried his cellular phone with him at

14  most times so that he can be available to family and friends.

15  **ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and

16  therefore is unable to admit or deny.   To the extent a response is required, denied.

17        40.   Defendants' calls invaded Plaintiff's privacy and intruded upon his right to

18  seclusion.   The calls frustrated and upset Plaintiff by interrupting his daily life and wasting his

19  time.

20  **ANSWER:**   This paragraph consists of legal conclusions to which no response is required.   To

21  the extent a response is required, denied.

22        41.   Defendants' calls intruded upon and occupied the capacity of Plaintiff's cellular

23  phone and depleted the battery of Plaintiff's cellular phone.   The calls temporarily seized and

24  trespassed upon Plaintiff's use of his cellular phone, and caused him to divert attention away

25  from other activities to address the calls.

26

27  DEFENDANT HEARING HELP EXPRESS, INC.'S
   ANSWER AND AFFIRMATIVE DEFENSES TO
   PLAINTIFF'S FIRST AMENDED COMPLAINT - 10

28  No. 3:19-cv-05960-RBL
   113461.00602/123395568v.4

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, denied.

### V.  CLASS ACTION ALLEGATIONS

42.   Plaintiff brings this lawsuit under Federal Rules of Civil Procedure Rules 23(a), (b)(2), and (b)(3) as a representative of the following classes:

<u>Class 1</u>:

All persons or entities within the United States who received, on or after October 9, 2015, a non-emergency telephone call from or on behalf of Triangular Media Corp promoting goods or services:

(i)   to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or prerecorded voice; or

(ii)  to a cellular or residential telephone number that has been registered on the national Do Not Call Registry for at least 31 days and who received more than one such call within any twelve-month period.

<u>Class 2</u>:

All persons or entities within the United States who received, on or after October 9, 2015, a non-emergency telephone call from or on behalf of Hearing Help Express, Inc., promoting goods or services:

(i)   to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or prerecorded voice; or

(ii)  to a cellular or residential telephone number that has been registered on the national Do Not Call Registry for at least 31 days and who received more than one such call within any twelve-month period.

Plaintiff reserves the right to amend the class definition following an appropriate period of discovery.

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - 11
No. 3:19-cv-05960-RBL
113461.00602/123395568v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1   **ANSWER:**   Defendant admits that Plaintiff seeks to certify proposed classes as defined above.

2   Defendant denies that any sort of classes exist and denies that Plaintiff is similarly situated to or

3   could properly represent the classes of individuals pled in this FAC.  Defendant further denies

4   that this action meets the mandatory prerequisites for a class action, or that this case is

5   appropriate for class treatment.

6          43.   Excluded from the Classes are Defendants, their employees, agents and assigns,

7   and any members of the judiciary to whom this case is assigned, their respective court staff, and

8   Plaintiff's counsel.

9   **ANSWER:**   Defendant admits that Plaintiff seeks to certify proposed classes as defined above.

10  Defendant denies that any sort of classes exist and denies that Plaintiff is similarly situated to or

11  could properly represent the classes of individuals pled in this FAC.  Defendant further denies

12  that this action meets the mandatory prerequisites for a class action, or that this case is

13  appropriate for class treatment.

14         44.   Because auto-dialing equipment maintains records of each contact, members of

15  the above-defined Classes can be identified through Defendants' or their agents' records.

16  **ANSWER:**   This paragraph consists of legal conclusions to which no response is required.  To

17  the extent a response is required, Defendant denies the allegations in Paragraph 44, including that

18  the proposed members of the classes are identifiable.  Defendant further denies that this action

19  meets the mandatory prerequisites for a class action, or that this case is appropriate for class

20  treatment.

21                              **<u>Numerosity</u>**

22         45.   At the time of filing, Plaintiff does not know the exact number members of

23  Classes.  But the breadth of Hearing Help Express, Inc. operations indicates that Class Members

24  likely number in the hundreds or thousands, and are geographically disbursed throughout the

25  country.

26

27  DEFENDANT HEARING HELP EXPRESS, INC.'S
    ANSWER AND AFFIRMATIVE DEFENSES TO
28  PLAINTIFF'S FIRST AMENDED COMPLAINT - 12
    No. 3:19-cv-05960-RBL
    113461.00602/123395568v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1   **ANSWER:**   This paragraph consists of legal conclusions to which no response is required.   To

2   the extent a response is required, Defendant denies the allegations in Paragraph 45, including that

3   the number of Class Members are in the hundreds or thousands.   Defendant further denies that

4   this action meets the mandatory prerequisites for a class action, or that this case is appropriate for

5   class treatment.

6   46.   The alleged size and geographic dispersal of the Classes makes joinder of all

7   Class Members impracticable.

8   **ANSWER:**   This paragraph consists of legal conclusions to which no response is required.   To

9   the extent a response is required, Defendant denies the allegations in Paragraph 46, including that

10   the joinder of all Class Members is impracticable.   Defendant further denies that this action

11   meets the mandatory prerequisites for a class action, or that this case is appropriate for class

12   treatment.

13   **Commonality and Predominance**

14   47.   Common questions of law and fact exist with regard to each of the claims and

15   predominate over questions affecting only individual Class members.   Questions common to the

16   Class include:

17   a.   Whether Hearing Help's dialing system(s) constitute an ATDS under the TCPA;

18   b.   Whether Triangular Media's dialing system(s) constitute an ATDS under the

19   TCPA;

20   c.   Whether Hearing Help used an ATDS to place non-emergency calls to the cellular

21   telephones of Plaintiff and Class members without their prior express written consent;

22   a.   Whether Triangular Media used an ATDS to place non-emergency calls to the

23   cellular telephones of Plaintiff and Class members without their prior express written consent;

24   b.   Whether Defendants placed calls to numbers on the National Do Not Call

25   Registry;

26

27   DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO

28   PLAINTIFF'S FIRST AMENDED COMPLAINT - 13
No. 3:19-cv-05960-RBL
113461.00602/123395568v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

c.      Whether Defendants' telephone calls were made knowingly or willfully;

d.      Whether Hearing Help is vicariously liable for the conduct of Triangular Media Corp.

e.      Whether Plaintiff and Class members were injured by receiving such calls; and

f.      Whether Defendants should be enjoined from engaging in such conduct in the future.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 47, including that common questions of law or fact exist to all members of the proposed classes.  Defendant further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.

## Typicality

48.    Plaintiff's claims are typical of the claims of the Classes, in that Plaintiff, like all Class Members, has been injured by Defendants' uniform misconduct—the placement of calls to telephones for non-emergency purposes without the prior written express consent of the called parties.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 48, including that Plaintiff's claims are typical of the claims of the proposed classes and that the proposed classes have been injured by Defendant's "uniform misconduct" of placing calls for non-emergency purposes without the prior express consent of the called parties.  Defendant further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - 14
No. 3:19-cv-05960-RBL
113461.00602/123395568v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Adequacy of Representation**

49.     Plaintiff will fairly and adequately protect the interests of the Classes and is committed to the vigorous prosecution of this action.  Plaintiff has retained counsel experienced in class action litigation and matters involving TCPA violations.

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 49, including that Plaintiff will fairly and adequately protect the interest of the proposed classes or that he is an adequate representative of the proposed classes.  Defendant further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.

**Superiority**

50.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Because the amount of each individual claim is small relative to the complexity of the litigation, and because of Defendants' financial resources, Class members are unlikely to pursue legal redress individually for the violations detailed in this complaint.  Class-wide damages are essential to induce Defendants to comply with federal law. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings.  By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - 15
No. 3:19-cv-05960-RBL
113461.00602/123395568v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1   **ANSWER:**   This paragraph consists of legal conclusions to which no response is required.   To

2   the extent a response is required, Defendant denies the allegations in Paragraph 50, including that

3   a class action is superior to other available methods for the fair and efficient adjudication of this

4   controversy, that class-wide damages are essential to induce Defendant to comply with federal

5   law, and that individualized litigation would increase delay and expenses.   Defendant further

6   denies that this action meets the mandatory prerequisites for a class action, or that this case is

7   appropriate for class treatment.

8   ### VI.  FIRST CLAIM FOR RELIEF

9   **Violation of § 227(b)(1) for calls made using
an ATDS or artificial/prerecorded voice**

10

11   51.   Defendants violated 47 U.S.C. § 227(b)(1) by placing non-emergency calls, either

12   directly or through the actions of others, using an automatic telephone dialing system or an

13   artificial or prerecorded voice to cellular telephone numbers without the prior express written

14   consent of the called party.

15   **ANSWER:**   This paragraph consists of legal conclusions to which no response is required.   To

16   the extent a response is required, denied.

17   ### VII.  SECOND CLAIM FOR RELIEF

18   **Violation of § 227(c) for calls placed to numbers
listed on the Do Not Call Registry**

19

20   52.   Defendants violated 47 U.S.C. § 227(c) by placing, either directly or through the

21   actions of others, more than one telephone solicitation call within a 12-month period to telephone

22   numbers that have been listed on the national Do Not Call Registry for at least 31 days.

23   **ANSWER:**   This paragraph consists of legal conclusions to which no response is required.   To

24   the extent a response is required, denied.

25

26

27   DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO

28   PLAINTIFF'S FIRST AMENDED COMPLAINT - 16
No. 3:19-cv-05960-RBL
113461.00602/123395568v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class defined above, respectfully requests that this Court:

A. Determine that the claims alleged herein may be maintained as a class action under Federal Rule of Civil Procedure 23, and issue an order certifying the Class defined above and appointing Plaintiff as the Class representative;

B. Award $500 in statutory damages for each and every call that Defendants negligently placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

C. Award $1,500 in statutory damages for each and every call that Defendants willfully or knowingly placed in violation of 47 U.S.C. § 227(c)(5) of the TCPA;

D. Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring Defendants to implement measures to stop future violations of the TCPA; and

E. Grant such further relief as the Court deems proper.

**ANSWER:** Defendant denies that Plaintiff is entitled to any of the relief prayed for in the FAC.

## <u>AFFIRMATIVE DEFENSES</u>

As for additional defenses to the FAC, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, and reserving the right to amend this Answer to assert any additional defenses when, and if, in the course of its investigation, discovery, preparation for trial, or otherwise, it becomes appropriate to assert such defenses, Defendant alleges the following affirmative defenses.

## <u>FIRST AFFIRMATIVE DEFENSE</u>

### (Consent)

The FAC and the causes of action therein are barred to the extent that Plaintiff and members of any putative class provided Defendant, Triangular Media Corp. ("Triangular"), or

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - 17
No. 3:19-cv-05960-RBL
113461.00602/123395568v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

any third party not named in the FAC, with consent for the alleged calls, including, without limitation, "prior express consent" under the TCPA.

## SECOND AFFIRMATIVE DEFENSE

### (Unconstitutional Content-Based Restriction on Speech)

The TCPA's prohibitions on calls made using an ATDS or an artificial or prerecorded voice contravene the First Amendment because they are content-based restrictions on speech.

## THIRD AFFIRMATIVE DEFENSE

### (Unconstitutional Vagueness and Overbreadth)

Interpretations of the TCPA upon which Plaintiff's FAC is based are unconstitutionally vague and overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth Amendment to the United States Constitution.

## FOURTH AFFIRMATIVE DEFENSE

### (Excessive Penalties, Due Process)

The statutory penalties sought by Plaintiff and members of any putative class are excessive and thus violate the Due Process Clause of the United States Constitution, and the Due Process provision of the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

### (Bad Faith/Unclean Hands)

Plaintiff and members of any putative class and their agents, if any, acted in bad faith and with unclean hands based on all relevant facts, law, and circumstances known by them. Accordingly, they are barred, in whole or in part, from any recovery in this action.

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - 18
No. 3:19-cv-05960-RBL
113461.00602/123395568v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

## SIXTH AFFIRMATIVE DEFENSE

### (No Duplicative Relief)

To the extent that any relief sought by Plaintiff and members of any putative class would be duplicative of relief sought by them in other lawsuits or demand letters, allowing for the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendment to the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

Plaintiff and members of any putative class have waived their right to recover herein, in whole or in part, and/or their claims are barred by estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Any damages sustained by Plaintiff or members of any putative class must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than Defendant, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

## NINTH AFFIRMATIVE DEFENSE

### (Third-Party Acts/Lack of Vicarious Liability)

Any alleged injury or damage sustained by Plaintiff or members of any putative class were caused, in whole or in part, by the conduct of third parties (1) who were not acting as Defendant's agents, and/or (2) was not ratified by Defendant.  Moreover, there is no vicarious liability as to Defendant for the acts of Triangular and other third parties not named in the FAC.

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - 19
No. 3:19-cv-05960-RBL
113461.00602/123395568v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

## TENTH AFFIRMATIVE DEFENSE

### (Indemnity and Contribution)

Defendant cannot be held liable for any of the alleged damages in the FAC pursuant to an indemnity and/or contribution agreement and/or pursuant to indemnity and/or contribution under common law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The FAC and each purported cause of action therein fails to state a claim against Defendant upon which relief can be granted.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Article III Standing)

The Court lacks the necessary subject matter jurisdiction over the claims asserted by Plaintiff and members of any putative class because Plaintiff and members of any putative class have not alleged or suffered a particularized, concrete harm, fairly traceable to Defendant's alleged conduct, to satisfy Article III standing.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Statutory Standing)

Plaintiff and members of any putative class are not within the "zone of interests" protected by the TCPA and thus lacks statutory standing to assert such claims against Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith and Reasonable Reliance)

Defendant at all times acted in good faith and within reasonable commercial standards as to the matters alleged in the FAC.  Moreover, Defendant acted in good faith and reasonably relied on Triangular in its compliance with the TCPA in generating leads sold to Defendant.

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - 20
No. 3:19-cv-05960-RBL
113461.00602/123395568v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Substantial Compliance and Bona Fide Error)

Defendant has substantially complied with the requirements of the TCPA and qualifies for all exemptions and Safe Harbors provided by the TCPA and its corresponding regulations.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

To the extent Plaintiff's alleged injuries or other alleged injuries of members of any putative class or causes of action arose prior to the applicable statutory periods, those claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Demand Discontinuance)

The claims alleged in the FAC are barred in that Plaintiff and members of any putative class failed to avail themselves of the right to demand discontinuance of allegedly unsolicited call(s).

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Established Business Relationship)

The claims alleged in the FAC are barred by the existence of the established business relationship exception to claims under the TCPA.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

To the extent Plaintiff and members of any putative class have suffered any damage as a result of the matters alleged in the FAC, they have failed to mitigate those damages and the claims therefore are barred, in whole or in part.

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - 21
No. 3:19-cv-05960-RBL
113461.00602/123395568v.4

VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

## TWENTIETH AFFIRMATIVE DEFENSE

### (Not Knowing or Willful)

Plaintiff and members of any putative class are precluded from any recovery from Defendant for a willful and knowing violation of the TCPA because any such violation (which Defendant denies occurred) would not have been willful or knowing.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Claims Barred by Other States' Laws)

Plaintiff's claims and claims of members of any putative class, may be barred by the various laws of the 50 states, including statutes, regulations and common laws related to the allegations of wrongdoing addressed by other state's laws.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Plead Basis for Class Certification)

Plaintiff has not pled an adequate basis for class certification and that class relief or certification is appropriate because the required elements of adequacy, commonality, typicality and preponderance are not present in the instant case.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Class Certification Cannot be Met)

The pre-requisites for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure cannot be met because, among other reasons, joinder of all members of any putative class is practicable; individual questions of fact and law predominate over common issues; Plaintiff's claims are not typical of the claims and/or defenses of other putative class members; Plaintiff is not an adequate representative for any putative class and Defendant possesses unique defenses against Plaintiff; and a class action is not superior to other available methods of fair and

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - 22
No. 3:19-cv-05960-RBL
113461.00602/123395568v.4

VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

efficient adjudication of the controversy.  In addition, the prerequisites for class certification cannot be met because the claims alleged, by their nature, raise factual issues of reliance, intent and other elements that cannot be addressed on a class basis.  Furthermore, determining the members of the classes defined by Plaintiff would require individualized inquiries and essentially require mini-trials on whether each class member satisfied the definition of the classes.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction – Non-Resident Putative Class Member(s))

The Court lacks personal jurisdiction over Defendant as to the claims of any non-resident putative class member(s).  *See Bristol-Myers Squibb v. Super. Ct. of Calif.*, 137 S. Ct. 1773 (2017).

### Reservation of Rights

Defendant reserves the right to raise additional affirmative defenses to which it may be entitled or which may be developed in the course of discovery, including additional unique affirmative defenses applicable to different putative class members of Plaintiff's proposed classes.  Defendant reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

## PRAYER

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief sought, and denies that a class can be certified here.  Defendant respectfully requests that the Court:

1.      Dismiss the FAC with prejudice and enter judgment for Defendant;

2.      Dismiss the class claims;

3.      Award Defendant its expenses incurred in defending this action; and

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - 23
No. 3:19-cv-05960-RBL
113461.00602/123395568v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1

2          4.       Grant such other and further relief as the Court deems just and proper.

3

4    DATED this 19th day of June, 2020.

5                                              VAN KAMPEN & CROWE PLLC

6                                                   /s/ David E. Crowe
                                               David E. Crowe, WSBA No. 43529
7                                              dcrowe@vkclaw.com

8

9                                              BLANK ROME LLP
                                                   /s/ Nicole B. Metral
10                                             Ana Tagvoryan (admitted *pro hac vice*)
                                               atagvoryan@BlankRome.com
11                                             Jeffrey Rosenthal (admitted *pro hac vice*)
                                               Rosenthal-J@BlankRome.com
12                                             Nicole B. Metral (admitted *pro hac vice*)
                                               nbmetral@blankrome.com
13                                             2029 Century Park East, 6th Floor
                                               Los Angeles, CA  90067
14                                             Telephone:     424.239.3400
                                               Facsimile:     424.239.3434
15

16                                             *Attorneys for Defendant Hearing Help Express, Inc.*

17

18

19

20

21

22

23

24

25

26

27   DEFENDANT HEARING HELP EXPRESS, INC.'S            **VAN KAMPEN & CROWE** PLLC
     ANSWER AND AFFIRMATIVE DEFENSES TO                    1001 Fourth Avenue, Suite 4050
     PLAINTIFF'S FIRST AMENDED COMPLAINT - 24             Seattle, Washington 98154-1000
28   No. 3:19-cv-05960-RBL                                        (206) 386-7353
     113461.00602/123395568v.4

1

**Declaration of Service**

2

     I certify that on this day, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

3

4

TERRELL MARSHALL LAW GROUP
Beth E. Terrell
Jennifer Rust Murray
Adrienne D. McEntee
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Phone: (206) 816-6603
BTerrell@terrellmarshall.com
JMurray@terrellmarshall.com
AMcentee@terrellmarshall.com

Attorneys for Plaintiff

PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 22043
Phone: (617) 485-0018
Fax: (503) 318-8100
Anthony@paronichlaw.com

Attorney for Plaintiff

5

6

7

8

9

10

11

     Signed at Los Angeles, California this 19th day of June 2020.

12

               */s/ Nicole Metral*
               Nicole Metral

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - 25
No. 3:19-cv-05960-RBL
113461.00602/123395568v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353