Hon. Hon. Marsha J. Pechman

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| MARK HOFFMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEARING HELP EXPRESS, INC. TRIANGULAR MEDIA CORP., LEADCREATIONS.COM, LLC and LEWIS LURIE,<br><br>Defendants. | CASE NO.  3:19-cv-05960-MJP<br><br>**DEFENDANT HEARING HELP EXPRESS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT – CLASS ACTION**<br><br>Assigned to the Hon. Marsha J. Pechman |

Defendant Hearing Help Express, Inc. ("Defendant") hereby answers the Second Amended Complaint ("SAC") (Dkt. No. 45.) of Plaintiff Mark Hoffman ("Plaintiff"), as numbered herein, and asserts affirmative defenses to the SAC as follows below.

**ANSWER**

In responding to the SAC, Defendant denies all allegations contained therein unless specifically admitted below.

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 1
No. 3:19-cv-05960-MJP
113461.00602/123824025v.2

# I.  NATURE OF ACTION

1.      From at least May through September 2019, Mark Hoffman received telemarketing calls on his cellular phone placed by or on behalf of Hearing Help Express, Inc. seeking to sell their hearing aid products to him.

**ANSWER:**   Defendant admits only that it placed calls to Plaintiff in 2019 after his information was transmitted to Defendant from co-Defendants Triangular Media Corp./LeadCreations.com, LLC ("Triangular" and "LeadCreations," respectively).   Triangular and LeadCreations provided assurances to Defendant that Plaintiff had given his consent to be contacted by Defendant.   To the extent not expressly admitted, the remaining allegations are denied.

2.      The calls were placed using an automatic telephone dialing system ("ATDS") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required.   To the extent a response is required, denied.

3.      Triangular Media Corp. (which is owned and operated by Lewis Lurie) and related company, Leadcreations.com, initiated some of the telemarketing calls to Mr. Hoffman until June of 2019. Triangular and Leadcreations.com initiated these calls itself or through a call center that it retained to place the calls.

**ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and therefore is unable to admit or deny.   To the extent a response is required, denied.

4.      After receiving the calls from Triangular and Leadcreations.com, Mr. Hoffman received ATDS calls from Hearing Help Express, Inc. directly.

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 2
No. 3:19-cv-05960-MJP
113461.00602/123824025v.2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

**ANSWER:**   This paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, denied.  By way of further response, Plaintiff's information was transmitted to Defendant from co-Defendants Triangular/LeadCreations.   Triangular and LeadCreations provided assurances to Defendant that Plaintiff had given his consent to be contacted by Defendant.  As to the remaining allegations, Defendant lacks knowledge regarding the allegations in this paragraph and therefore is unable to admit or deny.   To the extent a response is required, denied.

5.      Mark Hoffman has not been a Hearing Help Express, Inc. customer at any time, and Mark Hoffman did not consent to receive calls from Hearing Help Express, Inc., Lewis Lurie or their agents.   Mark Hoffman's telephone number is listed on the Do Not Call registry maintained by the Federal Trade Commission and has been continuously listed there since August 21, 2009.

**ANSWER:**   This paragraph consists of legal conclusions as to which no response is required. To the extent a response is required, denied.  As to the remaining allegations, Defendant lacks knowledge regarding the allegations in this paragraph and therefore is unable to admit or deny. To the extent a response is required, denied.

6.      Plaintiff brings this class action for damages and other equitable and legal remedies resulting from Defendants' violations of the TCPA.

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, denied.

## II.  JURISDICTION AND VENUE

7.      This Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331, because they present a federal question.

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 3
No. 3:19-cv-05960-MJP
113461.00602/123824025v.2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1  **ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To
2  the extent a response is required, Defendant admits that this Court has subject-matter jurisdiction
3  over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331.  To the extent not expressly admitted,
4  denied.

5       8.       This Court has personal jurisdiction over Hearing Help Express, Inc., Triangular
6  Media, Leadcreations.com, and Mr. Lurie because they initiated the calls to Plaintiff's cellular
7  phone. Plaintiff's cellular phone uses a Washington area code and was, at all relevant times,
8  located in Washington.

9  **ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To
10  the extent a response is required, denied.

11       9.       Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial
12  part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

13  **ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To
14  the extent a response is required, denied.

15                                    **III.  PARTIES**

16       10.       Plaintiff Mark Hoffman resides in Kitsap County, Washington.

17  **ANSWER:**    Defendant lacks knowledge regarding the allegations in this paragraph and
18  therefore is unable to admit or deny.  To the extent a response is required, denied.

19       11.       Defendant Hearing Help Express, Inc. is an Illinois corporation with headquarters
20  in Dekalb, Illinois.

21  **ANSWER:**    Admitted.

22       12.       Defendant Leadcreations.com, LLC is a Florida limited liability company with its
23  principal place of business in Florida. Leadcreations.com engaged in telemarketing conduct in
24  this district for, or together with, Triangular Media in order to market Hearing Help products.

25

26

27  DEFENDANT HEARING HELP EXPRESS, INC.'S
   ANSWER AND AFFIRMATIVE DEFENSES TO
   PLAINTIFF'S SECOND AMENDED COMPLAINT - 4
28  No. 3:19-cv-05960-MJP
   113461.00602/123824025v.2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1  **ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and

2  therefore is unable to admit or deny.  To the extent a response is required, denied.

3  13.   Defendant Triangular Media Corp. is a Florida corporation with its principal place

4  of business in Florida. Triangular engaged in telemarketing conduct in this district and others

5  throughout the nation in order to market Hearing Help products.

6  **ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and

7  therefore is unable to admit or deny.  To the extent a response is required, denied.

8  14.   Defendant Lewis Lurie is the owner and operator of Triangular Media.

9  **ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and

10  therefore is unable to admit or deny.  To the extent a response is required, denied.

11  15.   Under the TCPA, an individual such as Mr. Lurie, may be personally liable for

12  the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter*

13  *alia*:

14  [T]he act, omission, or failure of any officer, agent, or other person acting for or

15  employed by any common carrier or user, acting within the scope of his
   employment, shall in every case be also deemed to be the act, omission, or failure

16  of such carrier or user as well as of that person.

17  See 47. U.S.C. § 217 (emphasis added).

18  **ANSWER:**   This paragraph consists of legal conclusions to which no response is required.  To

19  the extent a response is required, denied.

20  16.   Mr. Lurie personally participated in the actions complained of by (a) selecting

21  some of the phone numbers that would be called; (b) choosing any telemarketing call center that

22  it might have used; and (c) personally authorizing the telemarketing conduct of Triangular Media.

23  **ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and

24  therefore is unable to admit or deny.  To the extent a response is required, denied.

25

26

27  DEFENDANT HEARING HELP EXPRESS, INC.'S
   ANSWER AND AFFIRMATIVE DEFENSES TO

28  PLAINTIFF'S SECOND AMENDED COMPLAINT - 5
   No. 3:19-cv-05960-MJP
   113461.00602/123824025v.2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

## IV.  FACTUAL ALLEGATIONS

**A.    Defendants made non-emergency calls to the cellular phones of Plaintiff and other consumers without their prior express written consent.**

17.    Plaintiff's telephone number, (XXX) XXX-9916, is assigned to a cellular telephone service.

**ANSWER:**    Defendant lacks knowledge regarding the allegations in this paragraph and therefore is unable to admit or deny.  To the extent a response is required, denied.

18.    Plaintiff has not been a Hearing Help Express, Inc. customer or subscriber at any time and never consented to receive calls from Hearing Help Express, Inc., Leadcreations.com, Triangular Media, or Lewis Lurie.

**ANSWER:**    Defendant lacks knowledge regarding the allegations in this paragraph and therefore is unable to admit or deny.  By way of further response, Plaintiff's information was transmitted to Defendant from co-Defendants Triangular/LeadCreations. Triangular/LeadCreations were to only provide leads to Defendant who provided express consent to be called.  Triangular and LeadCreations provided assurances to Defendant that Plaintiff had given his consent to be contacted by Defendant.  Defendant reasonably believed only leads who provided consent to be called would be transmitted from Triangular/LeadCreations. To the extent a response is required, denied.  The remaining allegations in this paragraph consist of legal conclusions to which no response is required.  To the extent a response is required, denied.

19.    In May and June of 2019, the Plaintiff received at least seven telemarketing calls from Leadcreations.com, Triangular Media, or a call center they commissioned.

**ANSWER:**    Defendant lacks knowledge regarding the allegations in this paragraph and therefore is unable to admit or deny.  To the extent a response is required, denied.

20.    These calls occurred on May 21, 22, 23, 24 and June 4, 13, 2019.

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 6
No. 3:19-cv-05960-MJP
113461.00602/123824025v.2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1    **ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and
2    therefore is unable to admit or deny.  To the extent a response is required, denied.

3          21.     All of the calls were made using the Caller ID (855) 255-8148.

4    **ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and
5    therefore is unable to admit or deny.  To the extent a response is required, denied.

6          22.     During the call on June 13, 2019, Plaintiff was transferred and a prerecorded
7    message played.   The prerecorded message played a series of recorded questions.   Plaintiff
8    wanted to know who had been calling him so he answered the questions.   At the end of the
9    message, a prerecorded question asked him if he agreed to receive automated calls about hearing
10   aids.   The recording did not identify who would be calling him about hearing aids.   Plaintiff
11   answered "no," clearly indicating that he did not consent to receive calls.

12   **ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and
13   therefore is unable to admit or deny.  To the extent a response is required, denied.

14         23.     On August 27, 2019, Hearing Help Express, Inc. called Plaintiff's cellular phone
15   from the telephone number (630) 403-8617.

16   **ANSWER:**   Defendant admits only that it placed a call to a phone number (XXX) XXX-9916.
17   The remaining allegations in this paragraph are denied.

18         24.     On August 29, 2019, Hearing Help Express, Inc. again called Plaintiff's cellular
19   phone from the telephone number (630) 403-8617.

20   **ANSWER:**   Defendant admits only that it placed a call to a phone number (XXX) XXX-9916.
21   The remaining allegations in this paragraph are denied.

22         25.     On September 4, 2019, Hearing Help Express, Inc. again called Plaintiff's cellular
23   phone, this time from the telephone number (847) 748-0828.

24

25

26

27   DEFENDANT HEARING HELP EXPRESS, INC.'S
     ANSWER AND AFFIRMATIVE DEFENSES TO
     PLAINTIFF'S SECOND AMENDED COMPLAINT - 7
28   No. 3:19-cv-05960-MJP
     113461.00602/123824025v.2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1   **ANSWER:**   Defendant admits only that it placed a call to a phone number (XXX) XXX-9916.

2   The remaining allegations in this paragraph are denied.

3         26.    The September 4, 2019 call that the Plaintiff received from Hearing Help Express,

4   Inc. began with a pause.

5   **ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and

6   therefore is unable to admit or deny.  To the extent a response is required, denied.

7         27.    During the calls that Plaintiff answered, an individual from Hearing Help Express,

8   Inc. promoted its hearing aid services and offered to sell them to the Plaintiff.

9   **ANSWER:**   This paragraph consists of legal conclusions to which no response is required.  To

10   the extent a response is required, denied.

11         28.    Plaintiff was not interested and had not requested information regarding those

12   products.

13   **ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and

14   therefore is unable to admit or deny.  By way of further response, Plaintiff's information was

15   transmitted to Defendant from co-Defendants Triangular/LeadCreations after he was asked a

16   series of questions to gauge his interest in hearing aid products and services.  Plaintiff answered

17   both of those questions in the affirmative.  Had Plaintiff not done so, his information would not

18   have been transferred to Defendant.  To the extent a further response is required, denied.

19   **B.**    **Defendants Used an ATDS.**

20         29.    During at least the June 13, 2019 call, Triangular Media, Leadcreations.com, or a

21   call center they retained, called Plaintiff's cellular phone using an ATDS. Plaintiff noted a pause

22   before being connected to the call, which is characteristic of a call placed by an ATDS.

23

24

25

26

27   DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO

28   PLAINTIFF'S SECOND AMENDED COMPLAINT - 8
No. 3:19-cv-05960-MJP
113461.00602/123824025v.2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1  **ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and
2  therefore is unable to admit or deny.  To the extent a response is required, denied.

3      30.   Furthermore, Plaintiff called back the telephone number that called him during all
4  of the calls, Caller ID (855) 255-8148, and received a message that stated, "The number you
5  have dialed is not in service." This is also indicative that an ATDS is used, as the call was made
6  using a "spoofed" (made up) Caller ID number.

7  **ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and
8  therefore is unable to admit or deny.  To the extent a response is required, denied.

9      31.   During the September 4, 2019 call, Hearing Help Express, Inc. called Plaintiff's
10 cellular phone using an ATDS.  Plaintiff noted a pause before being connected to the call, which
11 is characteristic of a call placed by an ATDS.

12 **ANSWER:**   This paragraph consists of legal conclusions to which no response is required.  To
13 the extent a response is required, denied.

14     32.   Hearing Help Express, Inc. is a division of IntriCon, with operations in the United
15 States, Asia and Europe.  The scale of Hearing Help Express, Inc.'s business requires that it and
16 its agents use a sophisticated dialing system capable of storing phone numbers and dialing them
17 automatically, as well as delivering messages without requiring the involvement of human agents.

18 **ANSWER:**   Defendant admits that it is wholly owned by IntriCon, Inc.   The remaining
19 allegations in this paragraph consist of legal conclusions to which no response is required.   To
20 the extent a response is required, denied.

21     33.   The equipment used to call Plaintiff and others not only had the capacity to store
22 or produce telephone numbers to be called using a random or sequential number generator, but
23 was programmed to sequentially or randomly access stored telephone numbers to automatically
24 call such numbers for the calls that are the subject of this case.  The equipment generated, and
25 then stored, a sequence of telephone numbers for calling, and then automatically called those

26

27 DEFENDANT HEARING HELP EXPRESS, INC.'S
   ANSWER AND AFFIRMATIVE DEFENSES TO
   PLAINTIFF'S SECOND AMENDED COMPLAINT - 9
28 No. 3:19-cv-05960-MJP
   113461.00602/123824025v.2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1  numbers.  The calls were part of a campaign that made numerous phone calls in a short period of
2  time without human intervention.

3  **ANSWER:**   This paragraph consists of legal conclusions to which no response is required.  To
4  the extent a response is required, denied.

5      34.   In August of 2019, a former employee left the following review of working at
6  Hearing Health Express, Inc. on the website GlassDoor, entitled "Boiler room telemarketing for
7  hearing aid sales":

8      The outbound sales operation is run like a boiler room.  Cheap leads are loaded
9      into a dialer.... About 98% did not ask for information on hearing aids, so you
       spend most of your day wasting your time talking to people who don't even have
10     hearing loss.

11  *See* https://www.glassdoor.com/Reviews/Hearing-Help-Express-Reviews-E2608089.htm (Last
12  Visited September 24, 2019).

13  **ANSWER:**   Defendant lacks knowledge regarding the allegations in this paragraph and
14  therefore is unable to admit or deny.  To the extent a response is required, denied.

15 **C.    Hearing Help is Vicariously Liable for Triangular Media and Leadcreation.com's
16        Calling Conduct.**

17      35.   Hearing Help hired Leadcreations.com and Triangular Media to originate new
18  business through telemarketing conduct.

19  **ANSWER:**   Defendant admits that it retained Triangular/LeadCreations to generate customer
20  leads for Defendant.  By way of further response, Triangular and LeadCreations provided
21  assurances to Defendant that all transferred leads, including Plaintiff, had given consent to be
22  contacted by Defendant.  The remaining allegations in this paragraph consist of legal conclusions
23  to which no response is required.  To the extent a response is required, denied.

24      36.   Hearing Help accepted the benefits of Leadcreations.com and Triangular Media's
25  illegal telemarketing by accepting leads called illegally and then attempting to sell Hearing
26  Help's good and services to them.

27 DEFENDANT HEARING HELP EXPRESS, INC.'S
   ANSWER AND AFFIRMATIVE DEFENSES TO
   PLAINTIFF'S SECOND AMENDED COMPLAINT - 10
28 No. 3:19-cv-05960-MJP
   113461.00602/123824025v.2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, denied.

37.     Hearing Help also had absolute control over whether, and under what circumstances, it would accept a lead.

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, denied.

38.     Hearing Help knew (or reasonably should have known) that Leadcreations.com and Triangular Media were violating the TCPA on its behalf and failed to take effective steps within its power to force Triangular to cease that conduct.

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, denied.

39.     In fact, Leadcreations.com and Triangular Media have previously settled allegations that it violated the TCPA.

**ANSWER:**     Defendant lacks knowledge regarding the allegations in this paragraph and therefore is unable to admit or deny.  To the extent a response is required, denied.

**D.     Defendants' TCPA violations injured Plaintiff.**

40.     During the relevant period, Plaintiff has carried his cellular phone with him at most times so that he can be available to family and friends.

**ANSWER:**     Defendant lacks knowledge regarding the allegations in this paragraph and therefore is unable to admit or deny.  To the extent a response is required, denied.

41.     Defendants' calls invaded Plaintiff's privacy and intruded upon his right to seclusion.  The calls frustrated and upset Plaintiff by interrupting his daily life and wasting his time.

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 11
No. 3:19-cv-05960-MJP
113461.00602/123824025v.2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1  **ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To

2  the extent a response is required, denied.

3       42.    Defendants' calls intruded upon and occupied the capacity of Plaintiff's cellular

4  phone and depleted the battery of Plaintiff's cellular phone.  The calls temporarily seized and

5  trespassed upon Plaintiff's use of his cellular phone, and caused him to divert attention away

6  from other activities to address the calls.

7  **ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To

8  the extent a response is required, denied.

9  ## V.  CLASS ACTION ALLEGATIONS

10       43.    Plaintiff brings this lawsuit under Federal Rules of Civil Procedure Rules 23(a),

11  (b)(2), and (b)(3) as a representative of the following classes:

12  <u>Class 1</u>:

13  All persons or entities within the United States who received, on or after October
14  9, 2015, a non-emergency telephone call from or on behalf of Leadcreations.com
   or Triangular Media Corp promoting goods or services:

15  (i)  to a cellular telephone number through the use of an automatic telephone
16  dialing system or an artificial or prerecorded voice; or

17  (ii)  to a cellular or residential telephone number that has been registered on the
   national Do Not Call Registry for at least 31 days and who received more than
18  one such call within any twelve-month period.

19  <u>Class 2</u>:

20  All persons or entities within the United States who received, on or after October
21  9, 2015, a non-emergency telephone call from or on behalf of Hearing Help
   Express, Inc., promoting goods or services:

22
23  (i)  to a cellular telephone number through the use of an automatic telephone
   dialing system or an artificial or prerecorded voice; or

24  (ii)  to a cellular or residential telephone number that has been registered on the
25  national Do Not Call Registry for at least 31 days and who received more than
   one such call within any twelve-month period.

26

27  DEFENDANT HEARING HELP EXPRESS, INC.'S
   ANSWER AND AFFIRMATIVE DEFENSES TO
28  PLAINTIFF'S SECOND AMENDED COMPLAINT - 12
   No. 3:19-cv-05960-MJP
   113461.00602/123824025v.2

1  Plaintiff reserves the right to amend the class definition following an appropriate period of
2  discovery.

3  **ANSWER:**   Defendant admits that Plaintiff seeks to certify proposed classes as defined above.
4  Defendant denies that any sort of classes exist and denies that Plaintiff is similarly situated to or
5  could properly represent the classes of individuals pled in this SAC.  Defendant further denies
6  that this action meets the mandatory prerequisites for a class action, or that this case is
7  appropriate for class treatment.

8       44.    Excluded from the Classes are Defendants, their employees, agents and assigns,
9  and any members of the judiciary to whom this case is assigned, their respective court staff, and
10  Plaintiff's counsel.

11  **ANSWER:**   Defendant admits that Plaintiff seeks to certify proposed classes as defined above.
12  Defendant denies that any sort of classes exist and denies that Plaintiff is similarly situated to or
13  could properly represent the classes of individuals pled in this SAC.  Defendant further denies
14  that this action meets the mandatory prerequisites for a class action, or that this case is
15  appropriate for class treatment.

16       45.    Because auto-dialing equipment maintains records of each contact, members of
17  the above-defined Classes can be identified through Defendants' or their agents' records.

18  **ANSWER:**   This paragraph consists of legal conclusions to which no response is required.  To
19  the extent a response is required, Defendant denies the allegations in this Paragraph, including
20  that the proposed members of the classes are identifiable.  Defendant further denies that this
21  action meets the mandatory prerequisites for a class action, or that this case is appropriate for
22  class treatment.

23                              **Numerosity**

24       46.    At the time of filing, Plaintiff does not know the exact number members of
25  Classes.  But the breadth of Hearing Help Express, Inc. operations indicates that Class Members

26
27  DEFENDANT HEARING HELP EXPRESS, INC.'S
    ANSWER AND AFFIRMATIVE DEFENSES TO
28  PLAINTIFF'S SECOND AMENDED COMPLAINT - 13
    No. 3:19-cv-05960-MJP
    113461.00602/123824025v.2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1  likely number in the hundreds or thousands, and are geographically disbursed throughout the

2  country.

3  **ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To

4  the extent a response is required, Defendant denies the allegations in this Paragraph, including

5  that the number of Class Members are in the hundreds or thousands.  Defendant further denies

6  that this action meets the mandatory prerequisites for a class action, or that this case is

7  appropriate for class treatment.

8         47.    The alleged size and geographic dispersal of the Classes makes joinder of all

9  Class Members impracticable.

10  **ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To

11  the extent a response is required, Defendant denies the allegations in this Paragraph, including

12  that the joinder of all Class Members is impracticable.  Defendant further denies that this action

13  meets the mandatory prerequisites for a class action, or that this case is appropriate for class

14  treatment.

15                         **<u>Commonality and Predominance</u>**

16         48.    Common questions of law and fact exist with regard to each of the claims and

17  predominate over questions affecting only individual Class members.  Questions common to the

18  Class include:

19         a.    Whether Hearing Help's dialing system(s) constitute an ATDS under the TCPA;

20         b.    Whether Leadcreations.com or Triangular Media's dialing system(s), or the

21  dialing system(s) of call centers they retained, constitute an ATDS under the TCPA;

22         c.    Whether Hearing Help used an ATDS to place non-emergency calls to the cellular

23  telephones of Plaintiff and Class members without their prior express written consent;

24

25

26

27  DEFENDANT HEARING HELP EXPRESS, INC.'S
    ANSWER AND AFFIRMATIVE DEFENSES TO
28  PLAINTIFF'S SECOND AMENDED COMPLAINT - 14
    No. 3:19-cv-05960-MJP
    113461.00602/123824025v.2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

a.     Whether Leadcreations.com or Triangular Media used an ATDS to place non-emergency calls to the cellular telephones of Plaintiff and Class members without their prior express written consent;

b.     Whether Defendants placed calls to numbers on the National Do Not Call Registry;

c.     Whether Defendants' telephone calls were made knowingly or willfully;

d.     Whether Hearing Help is vicariously liable for the conduct of Leadcreations.com or Triangular Media Corp.

e.     Whether Leadcreations.com is vicariously liable for the conduct of call centers it retained;

f.     Whether Triangular Media is vicariously liable of the conduct of call centers it retained;

g.     Whether Plaintiff and Class members were injured by receiving such calls; and

h.     Whether Defendants should be enjoined from engaging in such conduct in the future.

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph, including that common questions of law or fact exist to all members of the proposed classes.  Defendant further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.

### **Typicality**

49.     Plaintiff's claims are typical of the claims of the Classes, in that Plaintiff, like all Class Members, has been injured by Defendants' uniform misconduct—the placement of calls to telephones for non-emergency purposes without the prior written express consent of the called parties.

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 15
No. 3:19-cv-05960-MJP
113461.00602/123824025v.2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph, including that Plaintiff's claims are typical of the claims of the proposed classes and that the proposed classes have been injured by Defendant's "uniform misconduct" of placing calls for non-emergency purposes without the prior express consent of the called parties.  Defendant further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.

### Adequacy of Representation

50.    Plaintiff will fairly and adequately protect the interests of the Classes and is committed to the vigorous prosecution of this action.  Plaintiff has retained counsel experienced in class action litigation and matters involving TCPA violations.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph, including that Plaintiff will fairly and adequately protect the interest of the proposed classes or that he is an adequate representative of the proposed classes.  Defendant further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.

### Superiority

51.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Because the amount of each individual claim is small relative to the complexity of the litigation, and because of Defendants' financial resources, Class members are unlikely to pursue legal redress individually for the violations detailed in this complaint.  Class-wide damages are essential to induce Defendants to comply with federal law.  Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings.  By contrast, a class action presents fewer management difficulties, allows claims to be heard which would

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 16
No. 3:19-cv-05960-MJP
113461.00602/123824025v.2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in this Paragraph, including that a class action is superior to other available methods for the fair and efficient adjudication of this controversy, that class-wide damages are essential to induce Defendant to comply with federal law, and that individualized litigation would increase delay and expenses.  Defendant further denies that this action meets the mandatory prerequisites for a class action, or that this case is appropriate for class treatment.

## VI.  FIRST CLAIM FOR RELIEF

### Violation of § 227(b)(1) for calls made using
### an ATDS or artificial/prerecorded voice

52.    Defendants violated 47 U.S.C. § 227(b)(1) by placing non-emergency calls, either directly or through the actions of others, using an automatic telephone dialing system or an artificial or prerecorded voice to cellular telephone numbers without the prior express written consent of the called party.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, denied.

## VII.  SECOND CLAIM FOR RELIEF

### Violation of § 227(c) for calls placed to numbers
### listed on the Do Not Call Registry

53.    Defendants violated 47 U.S.C. § 227(c) by placing, either directly or through the actions of others, more than one telephone solicitation call within a 12-month period to telephone numbers that have been listed on the national Do Not Call Registry for at least 31 days.

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 17
No. 3:19-cv-05960-MJP
113461.00602/123824025v.2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, denied.

### VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class defined above, respectfully requests that this Court:

A.    Determine that the claims alleged herein may be maintained as a class action under Federal Rule of Civil Procedure 23, and issue an order certifying the Class defined above and appointing Plaintiff as the Class representative;

B.    Award $500 in statutory damages for each and every call that Defendants negligently placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

C.    Award $1,500 in statutory damages for each and every call that Defendants willfully or knowingly placed in violation of 47 U.S.C. § 227(c)(5) of the TCPA;

D.    Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring Defendants to implement measures to stop future violations of the TCPA; and

E.    Grant such further relief as the Court deems proper.

**ANSWER:**    Defendant denies that Plaintiff is entitled to any of the relief prayed for in the SAC.

\*       \*       \*

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 18
No. 3:19-cv-05960-MJP
113461.00602/123824025v.2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

## AFFIRMATIVE DEFENSES

As for additional defenses to the Second Amended Complaint ("SAC"), and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, and reserving the right to amend this Answer to assert any additional defenses when, and if, in the course of its investigation, discovery, preparation for trial, or otherwise, it becomes appropriate to assert such defenses, Defendant alleges the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Consent)

The SAC and the causes of action therein are barred to the extent that Plaintiff and members of any putative class provided Defendant Triangular Media Corp. ("Triangular"), Defendant LeadCreations.com, LLC ("LeadCreations"), or any third party not named in the SAC, with consent for the alleged calls, including, without limitation, "prior express consent" under the TCPA.

## SECOND AFFIRMATIVE DEFENSE

### (Unconstitutional Content-Based Restriction on Speech)

The TCPA's prohibitions on calls made using an ATDS or an artificial or prerecorded voice contravene the First Amendment because they are content-based restrictions on speech.

## THIRD AFFIRMATIVE DEFENSE

### (Unconstitutional Vagueness and Overbreadth)

Interpretations of the TCPA upon which Plaintiff's SAC is based are unconstitutionally vague and overbroad and thus violate the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Due Process provisions of the Fourteenth Amendment to the United States Constitution.

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 19
No. 3:19-cv-05960-MJP
113461.00602/123824025v.2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1

## FOURTH AFFIRMATIVE DEFENSE

2

### (Excessive Penalties, Due Process)

3

The statutory penalties sought by Plaintiff and members of any putative class are

4

excessive and thus violate the Due Process Clause of the United States Constitution, and the Due

5

Process provision of the United States Constitution.

6

## FIFTH AFFIRMATIVE DEFENSE

7

### (Bad Faith/Unclean Hands)

8

Plaintiff and members of any putative class and their agents, if any, acted in bad faith and with

9

unclean hands based on all relevant facts, law, and circumstances known by them.  Accordingly,

10

they are barred, in whole or in part, from any recovery in this action.

11

## SIXTH AFFIRMATIVE DEFENSE

12

### (No Duplicative Relief)

13

To the extent that any relief sought by Plaintiff and members of any putative class would

14

be duplicative of relief sought by them in other lawsuits or demand letters, allowing for the

15

possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendment to

16

the United States Constitution.

17

## SEVENTH AFFIRMATIVE DEFENSE

18

### (Waiver and Estoppel)

19

Plaintiff and members of any putative class have waived their right to recover herein, in

20

whole or in part, and/or their claims are barred by estoppel.

21

## EIGHTH AFFIRMATIVE DEFENSE

22

### (Comparative Fault)

23

Any damages sustained by Plaintiff or members of any putative class must be reduced in

24

proportion to the wrongful or negligent conduct of persons or entities other than Defendant,

25

26

27

28

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 20
No. 3:19-cv-05960-MJP
113461.00602/123824025v.2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

### NINTH AFFIRMATIVE DEFENSE

#### (Third-Party Acts/Lack of Vicarious Liability)

Any alleged injury or damage sustained by Plaintiff or members of any putative class were caused, in whole or in part, by the conduct of third parties (1) who were not acting as Defendant's agents, and/or (2) was not ratified by Defendant.  Moreover, there is no vicarious liability as to Defendant for the acts of Triangular, LeadCreations, and/or other third parties not named in the SAC.

### TENTH AFFIRMATIVE DEFENSE

#### (Indemnity and Contribution)

Defendant cannot be held liable for any of the alleged damages in the SAC pursuant to an indemnity and/or contribution agreement and/or pursuant to indemnity and/or contribution under common law.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

The SAC and each purported cause of action therein fails to state a claim against Defendant upon which relief can be granted.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Lack of Article III Standing)

The Court lacks the necessary subject matter jurisdiction over the claims asserted by Plaintiff and members of any putative class because Plaintiff and members of any putative class have not alleged or suffered a particularized, concrete harm, fairly traceable to Defendant's alleged conduct, to satisfy Article III standing.

DEFENDANT HEARING HELP EXPRESS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT - 21
No. 3:19-cv-05960-MJP
113461.00602/123824025v.2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Statutory Standing)

Plaintiff and members of any putative class are not within the "zone of interests" protected by the TCPA and thus lacks statutory standing to assert such claims against Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith and Reasonable Reliance)

Defendant at all times acted in good faith and within reasonable commercial standards as to the matters alleged in the SAC.  Moreover, Defendant acted in good faith and reasonably relied on Triangular/LeadCreations, and any other lead generation vendor in their compliance with the TCPA in generating leads sold to Defendant.  Triangular/LeadCreations, and all other lead generation vendors were to only provide leads to Defendant who provided express consent to be called.  Triangular/LeadCreations and all other lead generation vendors provided assurances to Defendant that all leads transmitted to Hearing Help had given their express consent to be contacted by Defendant.  Defendant reasonably believed only leads who provided consent to be called would be transmitted from Triangular/LeadCreations and the third-party lead generation vendors.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Substantial Compliance and Bona Fide Error)

Defendant has substantially complied with the requirements of the TCPA and qualifies for all exemptions and Safe Harbors provided by the TCPA and its corresponding regulations.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

To the extent Plaintiff's alleged injuries or other alleged injuries of members of any putative class or causes of action arose prior to the applicable statutory periods, those claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 22
No. 3:19-cv-05960-MJP
113461.00602/123824025v.2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Demand Discontinuance)

The claims alleged in the SAC are barred in that Plaintiff and members of any putative class failed to avail themselves of the right to demand discontinuance of allegedly unsolicited call(s).

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Established Business Relationship)

The claims alleged in the SAC are barred by the existence of the established business relationship exception to claims under the TCPA.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

To the extent Plaintiff and members of any putative class have suffered any damage as a result of the matters alleged in the SAC, they have failed to mitigate those damages and the claims therefore are barred, in whole or in part.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Not Knowing or Willful)

Plaintiff and members of any putative class are precluded from any recovery from Defendant for a willful and knowing violation of the TCPA because any such violation (which Defendant denies occurred) would not have been willful or knowing.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Claims Barred by Other States' Laws)

Plaintiff's claims and claims of members of any putative class, may be barred by the various laws of the 50 states, including statutes, regulations and common laws related to the allegations of wrongdoing addressed by other state's laws.

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 23
No. 3:19-cv-05960-MJP
113461.00602/123824025v.2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2

### (Failure to Plead Basis for Class Certification)

3       Plaintiff has not pled an adequate basis for class certification and that class relief or

4   certification is appropriate because the required elements of adequacy, commonality, typicality

5   and preponderance are not present in the instant case.

6

## TWENTY-THIRD AFFIRMATIVE DEFENSE

7

### (Class Certification Cannot be Met)

8        The pre-requisites for class certification pursuant to Rule 23 of the Federal Rules of Civil

9   Procedure cannot be met because, among other reasons, joinder of all members of any putative

10  class is practicable; individual questions of fact and law predominate over common issues;

11  Plaintiff's claims are not typical of the claims and/or defenses of other putative class members;

12  Plaintiff is not an adequate representative for any putative class and Defendant possesses unique

13  defenses against Plaintiff; and a class action is not superior to other available methods of fair and

14  efficient adjudication of the controversy.  In addition, the prerequisites for class certification

15  cannot be met because the claims alleged, by their nature, raise factual issues of reliance, intent

16  and other elements that cannot be addressed on a class basis.  Furthermore, determining the

17  members of the classes defined by Plaintiff would require individualized inquiries and essentially

18  require mini-trials on whether each class member satisfied the definition of the classes.

19

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

20

### (Lack of Personal Jurisdiction – Non-Resident Putative Class Member(s))

21      The Court lacks personal jurisdiction over Defendant as to the claims of any non-resident

22  putative class member(s).  *See Bristol-Myers Squibb v. Super. Ct. of Calif.*, 137 S. Ct. 1773

23  (2017).

24

25

26

27  DEFENDANT HEARING HELP EXPRESS, INC.'S
    ANSWER AND AFFIRMATIVE DEFENSES TO
    PLAINTIFF'S SECOND AMENDED COMPLAINT - 24
28  No. 3:19-cv-05960-MJP
    113461.00602/123824025v.2

**Reservation of Rights**

Defendant reserves the right to raise additional affirmative defenses to which it may be entitled or which may be developed in the course of discovery, including additional unique affirmative defenses applicable to different putative class members of Plaintiff's proposed classes. Defendant reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

## **PRAYER**

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief sought, and denies that a class can be certified here. Defendant respectfully requests that the Court:

1. Dismiss the SAC with prejudice and enter judgment for Defendant;

2. Dismiss the class claims;

3. Award Defendant its expenses incurred in defending this action; and

4. Grant such other and further relief as the Court deems just and proper.

DATED this 25th day of September, 2020.

VAN KAMPEN & CROWE PLLC

    */s/ David E. Crowe*
David E. Crowe, WSBA No. 43529
dcrowe@vkclaw.com

BLANK ROME LLP
    */s/ Nicole B. Metral*
Ana Tagvoryan (admitted *pro hac vice*)
atagvoryan@BlankRome.com
Jeffrey Rosenthal (admitted *pro hac vice*)
Rosenthal-J@BlankRome.com
Nicole B. Metral (admitted *pro hac vice*)
nbmetral@blankrome.com
2029 Century Park East, 6th Floor
Los Angeles, CA  90067
Telephone:    424.239.3400
Facsimile:    424.239.3434

*Attorneys for Defendant Hearing Help Express, Inc.*

DEFENDANT HEARING HELP EXPRESS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 25
No. 3:19-cv-05960-MJP
113461.00602/123824025v.2

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1

**CERTIFICATE OF SERVICE**

2      I, Nicole Metral, hereby certify that on September 25th, 2020, I electronically filed the

3  foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4  such filing to the following

5  TERRELL MARSHALL LAW GROUP            PARONICH LAW, P.C.
   Beth E. Terrell                       Anthony I. Paronich
6  Jennifer Rust Murray                  350 Lincoln Street, Suite 2400
   Adrienne D. McEntee                   Hingham, Massachusetts 22043
7  936 North 34th Street, Suite 300      Phone: (617) 485-0018
   Seattle, Washington 98103-8869        Fax: (503) 318-8100
8  Phone: (206) 816-6603                 Anthony@paronichlaw.com
9  BTerrell@terrellmarshall.com
   JMurray@terrellmarshall.com                       Attorney for Plaintiff
10 AMcentee@terrellmarshall.com

11 Attorneys for Plaintiff

12

13 Carl J. Marquardt
   LAW OFFICE OF CARL J. MARQUARDT, PLLC
14 1126 34th Avenue, Suite 311
   Seattle, Washington 98122-5137
15 Telephone: (206) 388-4498
   carl@cjmpllc.com
16
   Edward Maldonado, Admitted Pro Hac Vice
17 Email: eam@maldonado-group.com
   Email: awclerk@maldonado-group.com
18 MALDONADO LAW GROUP
   2850 S. Douglas Road, Suite 303
19 Coral Gables, Florida 33134
   Telephone: (305) 477-7580
20 eam@maldonado-group.com
   awclerk@maldonado-group.com
21
22 Attorneys for Defendant Lewis Lurie

23      Signed at Los Angeles, California this 25th day of September 2020.

24

25              _/s/ Nicole Metral_
                Nicole Metral
26

27 DEFENDANT HEARING HELP EXPRESS, INC.'S            **VAN KAMPEN & CROWE** PLLC
   ANSWER AND AFFIRMATIVE DEFENSES TO                1001 Fourth Avenue, Suite 4050
28 PLAINTIFF'S SECOND AMENDED COMPLAINT - 26          Seattle, Washington 98154-1000
   No. 3:19-cv-05960-MJP                                   (206) 386-7353
   113461.00602/123824025v.2