THE HONORABLE MARSHA J. PECHMAN

# UNITED STATES DISTRICTCOURT
# WESTERN DISTRICT OF WASHINGTON

MARK HOFFMAN, on behalf of himself and all others similarly situated,

Plaintiff,

v.

HEARING HELP EXPRESS, INC., TRIANGULAR MEDIA CORP., LEADCREATIONS.COM, LLC and LEWIS LURIE.

Defendants.

Case No.: 3:19-CV-05960-MJP

**DEFENDANT LEWIS LURIE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

Defendant, Lewis Lurie, ("Defendant"), by and through his undersigned counsel, hereby files this Answer and Affirmative Defenses to the Second Amended Complaint ("SAC") (D.E. 45) of Plaintiff, Mark Hoffman, ("Plaintiff") as numbered herein.

## ANSWER

In responding to the SAC, Defendant denies all allegations contained therein unless specifically admitted below.

## I.   NATURE OF ACTION

1. From at least May through September 2019, Mark Hoffman received telemarketing calls on his cellular phone placed by or on behalf of Hearing Help Express, Inc. seeking to sell their hearing aid products to him.

**ANSWER:** Defendant lacks knowledge or information regarding Hearing Help Express, Inc. sufficient to confirm the truth of all such allegations as stated within Paragraph 1, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof thereof. Defendant denies any allegation or inference within Paragraph 1 that either he or Triangular nor any third party at his direction placed any telemarketing call(s) to Plaintiff; or, that either he or Triangular, or any third party at his direction, directed or authorized any third party to place telemarketing calls to Mark Hoffman or any other person on behalf of Hearing Help Express, Inc.

2. The calls were placed using an automatic telephone dialing system ("ATDS") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

**ANSWER:** Defendant lacks knowledge or information regarding use by Hearing Help Express, Inc. of an ATDS sufficient to confirm the truth of all such allegations as stated within Paragraph 2 and can neither admit nor deny the allegation, and accordingly Defendant demands

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 2

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

strict proof thereof.  Defendant denies any allegation or inference within Paragraph 2 that either he or Triangular, or any third party at his direction, used or operated, at any time relevant to this action, a system or device that fits the general definition of "Automatic Telephone Dialing System" (ATDS) under 47 U.S.C. §227(b)(1).

3. Triangular Media Corp., which is owned and operated by Lewis Lurie and related company, Leadcreations.com, initiated some of the telemarketing calls to Mr. Hoffman until June of 2019. Triangular and Leadcreations.com initiated these calls itself or through a call center that it retained to place the calls.

**ANSWER:** Defendant denies the allegations and inferences, to the extent they are base factual inaccuracies of the Plaintiff, as alleged in Paragraph 3.  These denials as to Paragraph 3 include: (1) That Triangular Media Corp. and Leadcreations.com are related companies; (2) That Triangular Media Corp. and LeadCreations.com had agreements or dealings whereas LeadCreations.com conducted telemarketing for Triangular; (3) That Triangular Media Corp. used or operated any device that had the capacity to make any outbound telemarketing calls insofar as it exclusively used and operated an *inbound* IVR technology/device to receive telephone calls from either consumers inquiring to mass-media (TV  and or direct response ads) or referrals from companies that maintained written TCPA compliance policies and practices and initiated no calls to the Plaintiff; (4) that Defendant, Lewis Lurie, is the owner of Triangular Media Corp.; (5) that Triangular retained a call center for the purpose of initiating calls on behalf of itself or Defendant Hearing Help Express, Inc.; and (5) that Leadcreations.com had involvement in the generation of leads on behalf of Triangular Media Corp. or for Triangular Media Corp. on behalf of Hearing Help Express. All remaining allegations or inferences of Paragraph 3 are otherwise denied by the Defendant.

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 3

4. After receiving the calls from Triangular and Leadcreations.com, Mr. Hoffman received ATDS calls from Hearing Help Express, Inc. directly.

**ANSWER:** Defendant denies the allegations and inferences that he, Triangular or any third party at Defendant's direction placed a call or called the Plaintiff as alleged in Paragraph 4. Furthermore, Defendant lacks knowledge or information regarding Hearing Help Express, Inc. sufficient to confirm the truth of all such allegations as stated within Paragraph 4, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof thereof.   All remaining allegations or inferences of Paragraph 4 are otherwise denied by the Defendant.

5. Mark Hoffman has not been a Hearing Help Express, Inc. customer at any time, and Mark Hoffman did not consent to receive calls from Hearing Help Express, Inc., Triangular Media Corp., Leadcreations.com, Lewis Lurie, or their agents. Mark Hoffman's telephone number is listed on the Do Not Call registry maintained by the Federal Trade Commission and has been continuously listed there since August 21, 2009.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations related to the history of Plaintiff's telephone number or its historical listing on the Do Not Call registry as alleged under Paragraph 5 and lacks sufficient information to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof thereof. Defendant admits Triangular recorded Plaintiff respond "yes" to the IVR question: "*If you suffer from hearing loss, Hearing Help Express has a solution and would like to offer you a risk free 45-day trial to get your hearing better today. If you suffer from hearing loss, have good credit, and would like a hearing specialist to call you back, please say "yes" otherwise say "no."* All remaining allegations or inferences of Paragraph 5 are denied by the Defendant.

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 4

6. Plaintiff brings this class action for damages and other equitable and legal remedies resulting from Defendants' violations of the TCPA.

**ANSWER:** Defendant denies the allegations and inferences contained in Paragraph 6 as any individual claims that can be lawfully alleged against the Defendant under the TCPA are limited to a definable and identifiable limited group of persons, whose telephone numbers have previously be released and tendered to the Plaintiff and his attorneys under Third Party Subpoena prior to the SAC, and denies that Defendant violated the TCPA.

## II.  JURISDICTION AND VENUE

7. This Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331, because they present a federal question.

**ANSWER:** This paragraph consists of legal conclusions, and a burden of proof the Plaintiff must meet, to which no response is required. To the extent a response is required, Defendant denies Plaintiff has legal standing under 47 U.S.C. §227(b) in combination with 28 U.S.C. §1331 and § 1332 (d) (2), or has met the requisite thresholds under the Class Action Fairness Act ("CAFA") as related to this cause of action.  To the extent any further response is required to this paragraph, Defendant denies all other allegations or inferences of Paragraph 7.

8. This Court has personal jurisdiction over Hearing Help Express, Inc., Triangular Media, Leadcreations.com and Mr. Lurie because they initiated the calls to Plaintiff's cellular phone. Plaintiff's cellular phone uses a Washington area code and was, at all relevant times, located in Washington.

**ANSWER:** Defendant denies he initiated or caused to be initiated call(s) to Plaintiff's cellular phone to give rise to the personal jurisdiction of this court over him, and accordingly denies such allegations and inferences within Paragraph 8. To Defendant's knowledge and Hearing

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 5

Help's statements, Leadcreations.com is not a lead vendor with which Hearing Help worked and did not generate leads on behalf of Hearing Help. Defendant lacks knowledge or information regarding the remaining allegations of Paragraph 8 sufficient to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof thereof. Defendant denies all remaining allegations or inferences of Paragraph 8.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

**ANSWER:** This paragraph consists of legal conclusions, and a burden of proof the Plaintiff must meet, to which no response is required. To the extent a response is required to this paragraph, Defendant reasserts his answers to Paragraph 7 of the SAC and denies the allegations contained in Paragraph 9.

## III.  PARTIES

10. Plaintiff Mark Hoffman resides in Kitsap County, Washington.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 10 sufficient to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof thereof.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 10.

11. Defendant Hearing Help Express, Inc. is an Illinois corporation with headquarters in Dekalb, Illinois.

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 6

1   **ANSWER:** Defendant lacks knowledge or information regarding the allegations of

2   Paragraph 11 sufficient to confirm the truth of all such allegations as stated, and can neither admit

3   nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.

4

5   12. Defendant Leadcreations.com, LLC is a Florida limited liability company with its

6   principal place of business in Florida. Leadcreations.com engaged in telemarketing conduct in this

7   district for, or together with, Triangular Media in order to market Hearing Help products

8   **ANSWER:** Defendant denies that he or Triangular or any third party on their behalf

9   engaged in telemarketing with the Plaintiff or any other person within this district or in any other

10  district. Defendant denies that Leadcreation.com is related to Triangular Media Corp. and that

11  Leadcreation.com conducted any telemarketing in unison with Triangular Media Corp. at any time,

12  To Defendant's knowledge and Hearing Help's statements, Leadcreations.com is not a lead vendor

13  with which Hearing Help worked and did not generate leads on behalf of Hearing Help. Defendant

14  lacks knowledge or information regarding the remaining allegations of Paragraph 12 sufficient to

15  confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation,

16  and accordingly Defendant demands strict proof thereof. Defendant denies all remaining

17  allegations or inferences of Paragraph 12.

18

19  13. Defendant Triangular Media Corp. is a Florida corporation with its principal place of

20  business in Florida. Triangular engages in telemarketing conduct in this district and others

21  throughout the nation in order to market Hearing Help products.

22  **ANSWER:** Defendant admits in part and denies in part the allegations of Paragraph 13.

23  Defendant admits that Triangular Media Corp. is a Florida corporation with its principal place of

24  business in Florida. Defendant denies that Triangular engaged in telemarketing with the Plaintiff

25

26

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 7

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

or any other person within this district or in any other district. To the extent a response is required to Paragraph 13; Defendant denies the allegations and inferences contained in this paragraph.

14. Defendant Lewis Lurie is the owner and operator of Triangular Media.

**ANSWER:** Defendant denies the allegation and inferences of Paragraph 14.

15. Under the TCPA, an individual such as Mr. Lurie, may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, inter alia:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user as well as of that person.

See 47. U.S.C. § 217 (emphasis added).

**ANSWER:** Defendant denies that he is employed by a "common carrier" or was employed by a "user" of a common carrier under 47 U.S.C. § 217 that placed a telemarketing call through a system or device that fits the general definition of "Automatic Telephone Dialing System" (ATDS) under 47 U.S.C. §227(b)(1). All remaining allegations or inferences of Paragraph 15are otherwise denied by the Defendant.

16. Mr. Lurie personally participated in the actions complained of by (a) selecting some of the phone numbers that would be called; (b) choosing any telemarketing call center that it might have used; and (c) personally authorizing the telemarketing conduct of Triangular Media.

**ANSWER:** Defendant denies the allegation and inferences of Paragraph 16. Defendant admits that Triangular Media Corp. received an inbound call from Plaintiff wherein he responded "yes" to Triangular Media Corp. IVR question: "*If you suffer from hearing loss, Hearing Help Express has a solution and would like to offer you a risk free 45-day trial to get your hearing better*

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 8

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

*today. If you suffer from hearing loss, have good credit, and would like a hearing specialist to call you back, please say "yes" otherwise say "no"* that Plaintiff voluntarily placed himself in the selection group of persons that may receive a call from Hearing Help Express, but specifically denies that he, on behalf of Triangular Media Corp, authorized any telemarketing call to the Plaintiff or participated in the selection of a call center to place a call to the Plaintiff in the regular business of Triangular Media Corp.

## IV.  FACTUAL ALLEGATIONS

**A. Defendants made non-emergency calls to the cellular phones of Plaintiff and other consumers without their prior express written consent.**

**ANSWER**: The substance of paragraph IV (A) is an introductory statement, and alleged legal conclusion, and therefore no response is required, but to the extent any response would be required, all allegations or inferences are denied.

17. Plaintiff's telephone number, (XXX) XXX-9916, is assigned to a cellular telephone service.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 17sufficient to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.

18. Plaintiff has not been a Hearing Help Express, Inc. customer or subscriber at any time and never consented to receive calls from Hearing Help Express, Inc., Leadcreations.com, Triangular Media, or Lewis Lurie.

**ANSWER:** Defendant denies the allegations and inferences of Paragraph 18 as business records exist that on June 13, 2019 Triangular Media's inbound IVR technology received a call from the Plaintiff and the IVR prompted the expressed question, "*If you suffer from hearing loss,*

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 9

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

*Hearing Help Express has a solution and would like to offer you a risk free 45-day trial to get your hearing better today. If you suffer from hearing loss, have good credit, and would like a hearing specialist to call you back, please say "yes" otherwise say "no."* to which the IVR technology recorded that Plaintiff replied, "yes" to this specific question.  Defendant lacks knowledge or information regarding the remaining allegations and inferences of Paragraph 18sufficient to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.

19. In May and June of 2019, the Plaintiff received at least seven telemarketing calls from Leadcreations.com, Triangular Media, or a call center they commissioned.

**ANSWER:** Defendant denies the specific allegation and inference of Paragraph 19that Triangular made telemarketing calls to Plaintiff during its tenure and engaged or otherwise commissioned other persons, companies, or call centers or to do such on its behalf.  All other allegations or inferences of Paragraph 19 are otherwise denied.

20. These calls occurred on May 21, 22, 23, 24 and June 4, 13, 2019.

**ANSWER:** Defendant denies the allegations and inferences of Paragraph 20insofar that Triangular made no telemarketing calls to Plaintiff on May 21, 22, 23, 24 and June 4, 13, 2019 and did not engage or commission any other person, company or call center to do so on its behalf during those dates or any other.  All remaining allegations or inferences of Paragraph 19 are otherwise denied.

21. All of the calls were made using the Caller ID (855) 255-8148.

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 10

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 21sufficient to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.

22. During the call on June 13, 2019, Plaintiff was transferred, and a prerecorded message played. The prerecorded message played a series of recorded questions. Plaintiff wanted to know who had been calling him so he answered the questions. At the end of the message, a prerecorded question asked him if he agreed to receive automated calls about hearing aids. The recording did not identify who would be calling him about hearing aids. Plaintiff answered "no," clearly indicating that he did not consent to receive calls.

**ANSWER:** Defendant admits in part and denies in part the allegations of Paragraph 22of the SAC. Defendant admits in part that Triangular Media did operate an *inbound* IVR technology that played a series of recorded questions to which calling parties to the IVR answered when seeking more information and follow-up various products and services.  Defendant admits in part that Triangular Media's inbound IVR technology gathered responses from the calling party to the IVR to direct them to information qualified suppliers of such products and services based upon the calling party's response. Defendant admits in part that Triangular Media's inbound IVR technology received a call on June 13, 2019 from a party that identified himself as the Plaintiff who answered the series of recorded questions, including providing his name, address, date of birth and other yes or no questions. Defendant denies the allegations and inferences that the recording did not identify who would be calling him about hearing aids. Defendant admits in part that Triangular Media's inbound IVR technology questioned expressly states, "*If you suffer from hearing loss, Hearing Help Express has a solution and would like to offer you a risk free 45-day trial to get your hearing better today. If you suffer from hearing loss, have good credit, and would like a hearing specialist to call you back, please say "yes" otherwise say "no."* Defendant admits

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 11

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

in part that Triangular Media's inbound IVR technology recorded that Plaintiff replied, "yes" to this specific question on the IVR. Defendant denies the remainder of the allegations and inferences as stated in Paragraph 22.

23. On August 27, 2019, Hearing Help Express, Inc. called Plaintiff's cellular phone from the telephone number (630) 403-8617.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 23sufficient to confirm the truth of all such allegations as stated related to telephone number (630) 403-8617 or calls made from that telephone number on August 27, 2019, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.  All remaining allegations or inferences of Paragraph 23are otherwise denied.

24. On August 29, 2019, Hearing Help Express, Inc. again called Plaintiff's cellular phone from the telephone number (630) 403-8617.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 24sufficient to confirm the truth of all such allegations as stated related to telephone number (630) 403-8617 or calls made from that telephone number on August 29, 2019, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.  All remaining allegations or inferences of Paragraph 24 are otherwise denied.

25. On September 4, 2019, Hearing Help Express, Inc. again called Plaintiff's cellular phone, this time from the telephone number (847) 748-0828.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 25sufficient to confirm the truth of all such allegations as stated related to telephone number (847) 748-0828 or calls made from that telephone number on September 4, 2019, and can

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.  All remaining allegations or inferences of Paragraph 25 are otherwise denied.

26. The September 4, 2019 call that the Plaintiff received from Hearing Help Express, Inc. began with a pause.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 26sufficient to confirm the truth of all such allegations as stated related to any alleged call received by the Plaintiff on September 4, 2019, whether made by Hearing Help Express, Inc. or any other person or persons, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.  All remaining allegations or inferences of Paragraph 26 are otherwise denied.

27. During the calls that Plaintiff answered, an individual from Hearing Help Express, Inc. promoted its hearing aid services and offered to sell them to the Plaintiff.

**ANSWER:** Defendant admits in part that neither he, nor any representative of Triangular Media Corp., were parties to any calls answered by the Plaintiff on his mobile telephone on September 4, 2019 as alleged in Paragraph 26.  Defendant admits in part that on June 13, 2019, Triangular Media's inbound IVR technology received an inbound call from a party identifying himself as the Plaintiff who answered "yes" to the specific question prompted: "*If you suffer from hearing loss, Hearing Help Express has a solution and would like to offer you a risk free 45-day trial to get your hearing better today. If you suffer from hearing loss, have good credit, and would like a hearing specialist to call you back, please say "yes" otherwise say "no."* Defendant further admits in part that Triangular Media's inbound IVR technology recorded that Plaintiff "yes" reply on the IVR.  Defendant lacks knowledge or information regarding the allegations of Paragraph 27

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 13

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

sufficient to confirm the truth of all such allegations, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.

28. Plaintiff was not interested and had not requested information regarding those products.

**ANSWER:** Defendant denies the allegations and inferences of Paragraph 28 insofar as on June 13, 2019, Triangular Media's inbound IVR technology received an inbound call from a party identifying himself as the Plaintiff that answered "yes" to the specific question prompted: "*If you suffer from hearing loss, Hearing Help Express has a solution and would like to offer you a risk free 45-day trial to get your hearing better today. If you suffer from hearing loss, have good credit, and would like a hearing specialist to call you back, please say "yes" otherwise say "no."* All remaining allegations or inferences of Paragraph 28 are otherwise denied.


**B. Defendants Used an ATDS.**

**ANSWER**: The substance of paragraph IV (B) comprises an introductory statement, and alleged legal conclusion, and therefore no response is required, but to the extent any response would be required, all allegations or inferences are denied.


29. During at least the June 13, 2019 call, Triangular Media, Leadcreations.com, or a call center it retained, called Plaintiff's cellular phone using an ATDS. Plaintiff noted a pause before being connected to the call, which is characteristic of a call placed by an ATDS.

**ANSWER:** Defendant denies the allegations and inferences of Paragraph 29 or that a pause before connection of a call meets the criteria of 47 U.S.C. §227(b) (1).


30. Furthermore, Plaintiff called back the telephone number that called him during all of the calls, Caller ID (855) 255-8148, and received a message that stated, "The number you have

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 14

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

dialed is not in service." This is also indicative that an ATDS is used, as the call was made using a "spoofed" (made up) Caller ID number.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 30sufficient to confirm the truth of all such allegations insofar as to the knowledge of the Defendant neither the Defendant or Triangular Media was ever a subscriber to toll telephone number (855) 255-8148; and Defendant has no information on toll telephone number (855) 255-8148 to verify if it was in fact spoofed or was merely an extension of another PBX central number that blocked inbound calls as only the subscriber or the calling party would have such information and thus can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof. Defendant admits in part that on June 13, 2019, Triangular Media's inbound IVR technology received an inbound call from a party identifying himself as the Plaintiff, and Defendant denies that toll telephone number (855) 255-8148 is associated with himself or Triangular Media. All remaining allegations or inferences of Paragraph 30 are otherwise denied.

31. During the September 4, 2019 call, Hearing Help Express, Inc. called Plaintiff's cellular phone using an ATDS. Plaintiff noted a pause before being connected to the call, which is characteristic of a call placed by an ATDS.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 31sufficient to confirm the truth of all such allegations, and can neither admit nor deny the allegations, and accordingly Defendant demands strict proof or admission thereof. All remaining allegations or inferences of Paragraph 31are otherwise denied.

32. Hearing Help Express, Inc. is a division of IntriCon, with operations in the United States, Asia and Europe. The scale of Hearing Help Express, Inc.'s business requires that it and its

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 15

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

agents use a sophisticated dialing system capable of storing phone numbers and dialing them automatically, as well as delivering messages without requiring the involvement of human agents.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 32 sufficient to confirm the truth of all such allegations, and can neither admit nor deny the allegations, and accordingly Defendant demands strict proof or admission thereof.   All remaining allegations or inferences of Paragraph 32 are otherwise denied.

33. The equipment used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, but was programmed to sequentially or randomly access stored telephone numbers to automatically call such numbers for the calls that are the subject of this case. The equipment generated, and then stored, a sequence of telephone numbers for calling, and then automatically called those numbers. The calls were part of a campaign that made numerous phone calls in a short period of time without human intervention.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 33sufficient to confirm the truth of all such allegations, and can neither admit nor deny the allegations, and accordingly Defendant demands strict proof or admission thereof.   All remaining allegations or inferences of Paragraph 33are otherwise denied.

34. In August of 2019, a former employee left the following review of working at Hearing Health Express, Inc. on the website GlassDoor, entitled "Boiler room telemarketing for hearing aid sales":

> The outbound sales operation is run like a boiler room. Cheap leads are loaded into a dialer.... About 98% did not ask for information on hearing aids, so you spend most of your day wasting your time talking to people who don't even have hearing loss.

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 16

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

See   https://www.glassdoor.com/Reviews/Hearing-Help-Express-Reviews-E2608089.htm (Last Visited September 24, 2019).

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 34sufficient to confirm the truth of all such allegations, or the purpose(s) or personal motivations of the author who published the review on the website GlassDoor on or before September 24, 2019, and can neither admit nor deny the allegations, and accordingly Defendant demands strict proof or admission thereof.  All remaining allegations or inferences of Paragraph 34are otherwise denied.

**C. Hearing Help is Vicariously Liable for Triangular Media and Leadcreation.com's Calling Conduct.**

**ANSWER**: The substance of paragraph IV (C) is an introductory statement and therefore no response is required, but to the extent any response would be required, all allegations or inferences are denied.

35. Hearing Help hired Leadcreations.com and Triangular Media to originate new business through telemarketing conduct.

**ANSWER:** Defendant denies the allegations Paragraph 35 and any inference that Hearing Help hired Triangular to conduct telemarketing for Hearing Help, Inc. or that Triangular engaged in telemarketing conduct. Defendant denies that Triangular Media Corp. engaged Leadcreations.com to initiate new business through telemarketing or provided telemarketing services to Triangular Media Corp., or its clients, at any time.  To Defendant's knowledge and Hearing Help's statements, Leadcreations.com is not a lead vendor with which Hearing Help

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 17

worked and did not generate leads on behalf of Hearing Help. All remaining allegations or inferences are denied by the Defendant.

36. Hearing Help accepted the benefits of Leadcreations.com Triangular Media's illegal telemarketing by accepting leads called illegally and then attempting to sell Hearing Help's goods and services to them.

**ANSWER:** Defendant categorically denies the allegations and inferences of Paragraph 36 as stated.

37. Hearing Help also had absolute control over whether, and under what circumstances, it would accept a lead.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 37 sufficient to confirm the truth of all such allegations, and can neither admit nor deny the allegations, and accordingly Defendant demands strict proof or admission thereof.

38. Hearing Help knew (or reasonably should have known) that Leadcreations.com and Triangular Media were violating the TCPA on its behalf and failed to take effective steps within its power to force Triangular to cease that conduct.

**ANSWER:** Defendant denies the allegations and inferences that he, or his acts for Triangular Media, violated the TCPA or violated the TCPA on behalf of Hearing Help, or any other person or persons, at times relevant to the Plaintiff's alleged claims. To Defendant's knowledge and Hearing Help's statements, Leadcreations.com is not a lead vendor with which Hearing Help worked and did not generate leads on behalf of Hearing Help. Defendant lacks knowledge or information regarding the allegations of Paragraph 38 as to any internal or collective knowledge of Hearing Help that is sufficient to confirm the truth of all such allegations, and can

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

neither admit nor deny the allegations, and accordingly Defendant demands strict proof or admission thereof.

39. In fact, Leadcreations.com and Triangular Media has previously settled allegations that it violated the TCPA.

**ANSWER:** Defendant admits in part that Triangular Media received two (2) informal complaints (letters from an individual) during its tenure that alleged a violation of the TCPA during the sixteen (16) months that it ran campaigns. One of which was from an individual who had been in personal communication with Plaintiff prior the date Plaintiff claims he received the alleged violative calls. Nonetheless, this represented less than $1/100^{th}$ of one percent of the leads generated; and informal complaints were resolved on an individual basis as a matter of Triangular Media's corporate policy of convenience (because the complaining parties did not understand the company operated only an inbound IVR and no outbound calling) unless the complaining party abandoned their allegations after response to the informal letter by Triangular.   Defendant denies the remaining allegations and inferences of Paragraph 39 as to himself.

**D. Defendants' TCPA violations injured Plaintiff.**

**ANSWER**: The substance of paragraph IV (D) comprises an introductory statement, and alleged legal conclusion, and therefore no response is required, but to the extent any response would be required, all allegations or inferences are denied.

40. During the relevant period, Plaintiff has carried his cellular phone with him at most times so that he can be available to family and friends.

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 19

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

1  **ANSWER:** Defendant lacks knowledge or information regarding the allegations of
2  Paragraph 40sufficient to confirm the truth of all such allegations, and can neither admit nor deny
3  the allegations, and accordingly Defendant demands strict proof or admission thereof.

4

5  41. Defendants' calls invaded Plaintiff's privacy and intruded upon his right to seclusion.
6  The calls frustrated and upset Plaintiff by interrupting his daily life and wasting his time.

7  **ANSWER:** Defendant denies the allegations and inferences of Paragraph 41 as applicable
8  to him.

9

10  42. Defendants' calls intruded upon and occupied the capacity of Plaintiff's cellular phone
11  and depleted the battery of Plaintiff's cellular phone. The calls temporarily seized and trespassed
12  upon Plaintiff's use of his cellular phone, and caused him to divert attention away from other
13  activities to address the calls.

14  **ANSWER:** Defendant denies that his particular conduct was, at any time relevant to the
15  allegations and inferences of Paragraph 42, injurious to health, or indecent, or offensive to the
16  senses, or obstructed the free use by the Plaintiff of Plaintiff's property under state law.  Defendant
17  denies that the injuries pled in Paragraph 42 are sufficiently qualified to comprise actual injuries
18  or even rise to injuries of a personal nuisance under state law.  On any alleged call that Plaintiff
19  may have received under his allegations in Paragraph 42, Defendant lacks knowledge or
20  information regarding how his particular mobile telephone was "seized" by Defendant when at all
21  times relevant Plaintiff controlled the ability to terminate any call at his will, and therefore
22  Defendant lacks sufficient information to confirm the truth of all such allegations, and can neither
23  admit nor deny the allegations, and accordingly Defendant demands strict proof or admission
24  thereof.  Defendant denies all remaining allegations and inferences of Paragraph 42as applicable
25  to him.

26

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

1

2

## V.  CLASS ACTION ALLEGATIONS

3        43. Plaintiff brings this lawsuit under Federal Rules of Civil Procedure Rules 23(a), (b) (2),

4   and (b) (3) as a representative of the following classes:

5   Class 1:

6        All persons or entities within the United States who received, on or after October 9, 2015,

7        a non-emergency telephone call from or on behalf of Leadcreations.com or Triangular

8        Media Corp. promoting goods or services:

9        (i)to a cellular telephone number through the use of an automatic telephone dialing system

10       or an artificial or prerecorded voice; or

11       (ii)to a cellular or residential telephone number that has been registered on the national Do

12       Not Call Registry for at least 31 days and who received more than one such call within any

13       twelve-month period.

14   Class 2:

15       All persons or entities within the United States who received, on or after October 9, 2015,

16       a non-emergency telephone call from or on behalf of Hearing Help Express, Inc.,

17       promoting goods or services:

18       (i)to a cellular telephone number through the use of an automatic telephone dialing system

19       or an artificial or prerecorded voice; or

20       (ii)to a cellular or residential telephone number that has been registered on the national Do

21       Not Call Registry for at least 31 days and who received more than one such call within any

22       twelve-month period.

23       Plaintiff reserves the right to amend the class definition following an appropriate period of

24       discovery.

25

26

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 21

**ANSWER:** Defendant denies that Plaintiff properly may certify the proposed classes as alleged in Paragraph 43and its subparts as Plaintiff has been tendered prior to the SAC a list of definable and identifiable limited group of telephone numbers that may represent Class I and II as alleged under Paragraph 43.  Defendant admits, based upon recorded facts and IVR records of Triangular Media, that Plaintiff's proper classes of similarly situated persons may in fact comprise all person who gave limited consent to enter the IVR platform, within the IVR gave expressed consent to be contacted by Hearing Help, within the IVR possibly revoked that expressed consent, and the consumer's revocation was read by the IVR as a false positive, or a Dual-Tone Multi-Frequency signaling ("DTMF") touchtone key entry was entered by Plaintiff creating additional readings and was detected as a positive answer resulting in a call from Hearing Help after the lead was transferred from Triangular Media to Hearing Help. As to the remaining allegations and inferences of Paragraph 43et. seq., Defendant denies Plaintiff has legal standing under 47 U.S.C. §227(b) in combination with 28 U.S.C. §1331 and § 1332 (d) (2) or Federal Rules of Civil Procedure Rules 23(a), (b) (2), and (b) (3); and alternatively fails to meet the requisite thresholds under the Class Action Fairness Act of 2005 ("CAFA") as related to this cause of action and claimed under Paragraph 43.  To the extent any further response is required to Paragraph 43; Defendant denies all other allegations or inferences.

44. Excluded from the Classes are Defendants, their employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their respective court staff, and Plaintiff's counsel.

**ANSWER:** Defendant reasserts prior denials and their predicate in ¶¶ 1 to 43of the SAC in answer to Paragraph 44and Defendant denies that Plaintiff meets mandatory prerequisites for a class action, or that this case is appropriate for class treatment that would embody exclusions as

alleged or inferred under Paragraph 44. Defendant denies all remaining allegations or inferences of Paragraph 44.

45. Because auto-dialing equipment maintains records of each contact, members of the above-defined Classes can be identified through Defendants' or their agents' records.

**ANSWER:** Defendant denies that he, on his own or through Triangular Media or any third party, ever used, authorized to use, made calls, authorized to call or had knowledge of the use of a system or device that fit the general definition of "Automatic Telephone Dialing System" (ATDS) under 47 U.S.C. §227(b) (1) in connection with the Plaintiff or as alleged under SAC¶¶ 1 to 45. Defendant denies the inference of Paragraph 45that Triangular Media owned, controlled or used a system or device that fit the general definition of "Automatic Telephone Dialing System" (ATDS) under 47 U.S.C. §227(b)(1).  Defendant admits that Triangular Media has previously tendered a list of records comprising a limited group of identifiable telephone numbers which may have recorded false positive consents on the Triangular Media IVR due to background noise, soft voice, garbled voice, DTMF touchtone key entry detection or bad telephone connections on inbound calls to the Triangular Media IVR and these are the business records of Triangular Media related to his allegations, including Paragraph 45.Defendant lacks knowledge or information on the use of any ADTS by any other person or party regarding the allegations of Paragraph 45, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.  All remaining allegations or inferences of Paragraph 45are otherwise denied.

### Numerosity

46. At the time of filing, Plaintiff does not know the exact number members of Classes. But the breadth of Hearing Help Express, Inc. operations indicates that Class Members likely number in the hundreds or thousands, and are geographically disbursed throughout the country.

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

**ANSWER:** Defendant denies the allegations in Paragraph 46as the numerosity of potential plaintiffs that may likely be joined do not number in the hundreds or thousands as speculated in the allegations and inferences of Paragraph 46but to a potential limited group of possible persons that may number less than one hundred potential telephone numbers. Defendant admits in response to Paragraph 46that Triangular Media has previously tendered a list of records comprising a limited group of identifiable telephone numbers which may have recorded false positive consents on the Triangular Media IVR due to background noise, soft voice, garbled voice, DTMF touchtone key entry detection or bad telephone connections on inbound calls to the Triangular Media IVR and these are the business records of Triangular Media related to his allegations, including that the number of Class Members are in the hundreds or thousands. Defendant denies that the Plaintiff has no method of determining who within this limited group are similarly situated and "may" have received an unwanted solicitation in violation of the TCPA as a proximate result of a recorded false positive consents on the Triangular Media IVR but for Class status under 47 U.S.C. §227(b) in combination with 28 U.S.C. §1331 and § 1332 (d) (2) or Federal Rules of Civil Procedure Rules 23(a), (b)(2), and (b)(3). All remaining allegations and inferences of Paragraph 46are otherwise denied by the Defendant.

47. The alleged size and geographic dispersal of the Classes makes joinder of all Class Members impracticable.

**ANSWER:** Defendant denies the allegations and inferences in Paragraph 47, including the allegation that the joinder of all affected or injured parties is impracticable or that Class is necessary under the Plaintiff's claims. Defendant reasserts his prior denials and their predicate to SAC ¶ 7, ¶ 15, ¶ 42, ¶ 43, and ¶ 46in answer to Paragraph 47. All remaining allegations and inferences of Paragraph 47are otherwise denied by the Defendant.

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 24

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

1

**Commonality and Predominance**

2    48. Common questions of law and fact exist with regard to each of the claims and

3  predominate over questions affecting only individual Class members. Questions common to the

4  Class include:

5        a. Whether Hearing Help's dialing system(s) constitute an ATDS under the TCPA;

6        b. Whether Leadcreations.com or Triangular Media's dialing system(s), or the dialing

7        system(s) of call centers they retained, constitute an ATDS under the TCPA;

8        c. Whether Hearing Help used an ATDS to place non-emergency calls to the cellular

9        telephones of Plaintiff and Class members without their prior express written consent;

10       a. Whether Leadcreations.com or Triangular Media used an ATDS to place non-emergency

11       calls to the cellular telephones of Plaintiff and Class members without their prior express

12       written consent;

13       b. Whether Defendants placed calls to numbers on the National Do Not Call Registry;

14       c. Whether Defendants' telephone calls were made knowingly or willfully;

15       d. Whether Hearing Help is vicariously liable for the conduct of Leadcreations.com or

16       Triangular Media Corp.

17       e. Whether Leadcreations.com is vicariously liable for the conduct of call centers it

18       retained;

19       f. Whether Triangular Media is vicariously liable of the conduct of call centers it retained;

20       g. Whether Plaintiff and Class members were injured by receiving such calls; and

21       h. Whether Defendants should be enjoined from engaging in such conduct in the future.

22    **ANSWER:** Defendant denies the allegations and inferences that common questions of law

23  or fact exist and as to whether a proposed class of members can be established as alleged in

24  Paragraph 48.  Defendant reasserts his prior denials and their predicate to SAC ¶ 7, ¶ 15, ¶ 20, ¶

25  28, ¶ 42, ¶ 43, ¶ 45, ¶ 46and ¶ 47in answer to Paragraph 48including that common questions of

26

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 25

law or fact exist to all members of the proposed classes. Defendant denies all remaining allegations and inferences of Paragraph 48.

### Typicality

49. Plaintiff's claims are typical of the claims of the Classes, in that Plaintiff, like all Class Members, has been injured by Defendants' uniform misconduct—the placement of calls to telephones for non-emergency purposes without the prior written express consent of the called parties.

**ANSWER:** Defendant denies the allegations and inferences of Paragraph 49that typicality exists in the placement of calls to telephones for non-emergency purposes without the prior written express consent of the called parties by the Defendant.  Defendant reasserts his prior denials and their predicate to SAC ¶ 7, ¶ 15, ¶ 20, ¶ 28, ¶ 42, ¶ 43, ¶ 45, ¶ 46¶ 47and ¶ 48in answer to Paragraph 49.   Defendant denies all remaining allegations and inferences of Paragraph 49.

### Adequacy of Representation

50. Plaintiff will fairly and adequately protect the interests of the Classes and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in class action litigation and matters involving TCPA violations.

**ANSWER:** Defendant denies the allegations and inferences of Paragraph 50.  Defendant reasserts his prior denials and their predicate to SAC ¶ 7, ¶ 15, ¶ 19¶ 20, ¶ 22, ¶ 27, ¶ 28, ¶29, ¶ 30, ¶ 42, ¶ 43, ¶ 45, ¶ 46¶ 47, ¶ 48 and ¶ 49 in answer to Paragraph 50.  Defendant denies all remaining allegations and inferences of Paragraph 50.

### Superiority

51. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual claim is small relative to the complexity of the litigation, and because of Defendants' financial resources, Class members are unlikely to pursue legal redress individually for the violations detailed in this complaint. Class-

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 26

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

wide damages are essential to induce Defendants to comply with federal law. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings. By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

**ANSWER:** Defendant denies the allegations and inferences of Paragraph 51in that joinder of parties is fair and efficient adjudication of this controversy based upon the business records of Triangular Media.  Defendant reasserts his prior denials and their predicate to SAC ¶ 7, ¶ 15, ¶ 19¶ 20, ¶ 22, ¶ 27, ¶ 28, ¶29, ¶ 30, ¶ 42, ¶ 43, ¶ 45, ¶ 46¶ 47, and ¶ 48. Defendant denies all remaining allegations and inferences of Paragraph 51.

# VI.  FIRST CLAIM FOR RELIEF

## Violation of § 227(b)(1) for calls made using

## an ATDS or artificial/prerecorded voice

52. Defendants violated 47 U.S.C. § 227(b)(1) by placing non-emergency calls, either directly or through the actions of others, using an automatic telephone dialing system or an artificial or prerecorded voice to cellular telephone numbers without the prior express written consent of the called party.

**ANSWER:** Defendant denies the allegations and inferences of Paragraph 52.

# VII.  SECOND CLAIM FOR RELIEF
## Violation of § 227(c) for calls placed to numbers
## listed on the Do Not Call Registry

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 27

1   53. Defendants violated 47 U.S.C. § 227(c) by placing, either directly or through the actions

2   of others, more than one telephone solicitation call within a 12-month period to telephone numbers

3   that have been listed on the national Do Not Call Registry for at least 31 days.

4       **ANSWER:** Defendant denies the allegations and inferences of Paragraph 53.

5

6   **DEFENDANT LURIE'S AFFIRMATIVE DEFENSES**

7   **FIRST AFFIRMATIVE DEFENSE**

8   **Avoidance under the TCPA and 47 U.S.C. § 217**

9       Defendant Lurie avoids liability for damages under the Federal Telephone Consumer

10   Protection Act (TCPA) for any calls received by Plaintiff and/or any Class of persons premised on

11   his claims because at no time did he, on his own acts or through Triangular Media or any other

12   party, ever use, control, authorize to use, make calls, authorize to call or had knowledge of the use

13   of a system or device that fit the general definition of "Automatic Telephone Dialing System"

14   (ATDS) under 47 U.S.C. §227(b)(1) and § 217 in connection with the Plaintiff.  Neither Defendant

15   Lurie, nor Triangular Media Corp. (Triangular Media)at his direction, subscribed to the telephone

16   number (855) 255-8148, or "spoofed" the number, to place any telemarketing calls to Plaintiff or

17   otherwise cause that telephone number to be used on their behalf for telemarketing.  Defendant

18   Lurie was in fact employed by Triangular Media but was not an owner of the company. Defendant

19   Lurie's acts and duties within Triangular Media did not involve the selection of any leads or

20   Plaintiff's telephone number, but instead focused on other administrative tasks and duties unrelated

21   to the personal selection of telephone numbers as alleged by the Plaintiff. The only implication

22   that Triangular Media had, at all times relevant, as a user of a common carriers under 47 U.S.C. §

23   217 was limited to the inbound receipt of consumer calls – its business only received calls from

24   called parties.  These inbound calls were exclusively answered by an Interactive Voice Response

25   (IVR) software platform operated by Triangular Media.  All parties that reached Triangular

26

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 28

Media's IVR provided limited consent to hear information on products and services offered on the IVR platforms via prompted questions. This limited consent was recorded in real-time by the IVR Platform in voice recording and archived as data as a business record.  The software supporting Triangular Media's IVR was developed by IBM and carried an error rate (or tolerance rate) of less than 4% due to natural variations in the human voice or due to background noise picked up through the telephone line. These errors comprised what is called a "false positive" IVR reading errors. Such false positive readings were recorded by the IVR and are business records of Triangular Media. Information given by callers on inbound calls that Triangular Media recorded consumer's consent were made electronically available to Defendant Hearing Help Express, Inc. (Hearing Help) including any possible false positive records. Of the thousands of leads made available to Hearing Help by Triangular Media, only 94 call records from the IVR had the potential to be false positive errors. A limited number of these 94 false positive readings were in fact due to natural variations in the human voice that the calling party into the IVR who may have stated "no" and the system recorded "yes," as was the instance of the Plaintiff, however the vast majority of these 94 false positives were due to background noise as business records support. A false positive reading was detected on the IVR recording of the Plaintiff and this false positive was more likely than not   caused by the individual speaking who pressed a key on his mobile telephone DTMF touchtone keypad prior to, or at the same time, as responding to IVR questions verbally.

Neither Defendant Lurie, nor Triangular Media at his direction, nor any third party at his direction, engaged in any outbound telemarketing during its tenure, or did it place telemarketing calls to consumers in violation of the TCPA, either manual or through an ATDS.  Triangular Media did maintain a limited referral program, and for a select number of call centers to transfer calls that were manually dialed to the Triangular Media IVR.  All such select call centers maintained written TCPA compliance policies for consumer inbound and outbound calls that stated they did not use an ATDS.  These written TCPA compliance policies demonstrate controls against violations of the

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

TCPA were in place and generally limited mass or widespread violations. Triangular Media also employed transcriptionists to convert audio to text for certain fields of information, such as the self-reported name, address, date of birth and email address of the prospect and by virtue of the fact that Plaintiff, or someone pretending to be plaintiff, provided this information in Triangular Media's IVR, there would have been no way to detect this call as a violation. Triangular Media furthermore maintained the policy of immediately terminating IVR access to any call center it discovered that was not enforcing the written TCPA policies previously provided Triangular Media.

If any liability exists under the Plaintiff's claims of relief for allegations of violation(s) of the TCPA, Defendant Lurie avoids liability for damages because:

1.  Neither he, nor Triangular Media nor any third party at his direction, had knowledge, used, authorized to be used, placed or caused to be placed a telemarketing call from a system or device that constituted an ATDS under 47 U.S.C. §227(b)(1) giving rise to his personal liability under 47 U.S.C. §217;

2.  Neither he, nor Triangular Media nor any third party at his direction, had knowledge or had placed or caused to be placed "calls" to the Plaintiff on May 21, 22, 23, 24 and June 4, 13, 2019 giving rise to his personal liability under 47 U.S.C. §217;

3.  Neither he nor Triangular Media nor any third party at his direction were subscribers or "spoofed" the telephone number (855) 255-8148 for any telemarketing purposes;

4.  Defendant Lurie had no knowledge of the use of that telephone number for any purpose of telemarketing prior to the commencement of this cause of action that would give rise to his personal liability under 47 U.S.C. §217;

5.  Defendant Lurie did not personally select or cause to be selected the Plaintiff's telephone number, any other telephone number, received by Triangular Media's inbound IVR and thereafter make it available to Hearing Help – the acquisition of caller information, express

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 30

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

written consent under the federal E-Sign Act and information call to action request for follow-up was fully automated based on voice responses within the IVR environment;

6. Defendant Lurie did not personally select or cause to be selected or authorize any call center that might have placed a call to the Plaintiff or other consumers;

7. Defendant Lurie did not personally authorize any outbound telemarketing conduct to be conducted by Triangular Media at his direction or himself.

## SECOND AFFIRMATIVE DEFENSE

### Avoidance: No use of ATDS prescribed by federal statute

Defendant Lurie avoids liability for damages under the Federal Telephone Consumer Protection Act (TCPA) because calls received by Plaintiff on May 21, 22, 23, 24 and June 4, 13, 2019 were not through an "Automatic Telephone Dialing System" (ATDS) as prescribed by 47 U.S.C. §227(b)(1) and 47 C.F.R. § 64.1200 and as interpreted under prevailing law.  Defendant avoids 47 U.S.C. § 217 liability as he did not direct any other to use an ATDS in placing calls to the Plaintiff on May 21, 22, 23, 24 and June 4, 13, 2019 or afterward.  Triangular Media operated exclusively an inbound IVR to receive calls and guide interested callers to goods and services after giving limited consent to enter and be placed on the IVR platform. At no time did Defendant Lurie cause, direct, or authorize to be used a system or device that qualifies as an ATDS under 47 U.S.C. § 227(b) (1).  If any liability exists under the Plaintiff's claims for relief upon allegations of violation(s) of the TCPA, Defendant Lurie avoids liability for damages because:

1. Neither Defendant Lurie nor Triangular Media nor any third party at his direction, engaged in acts or activity that would comprise the practice of "ring back" to Triangular Media's IVR prohibited by the Communications Act of 1934, as amended, or otherwise interpreted by rules and orders of the Federal Communications Commission;

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 31

2.  Neither he, nor Triangular Media nor any third party at his direction, controlled or caused to be controlled a system or device that constituted an ATDS under prevailing interpretations of 47 U.S.C. §227(b)(1) on May 21, 22, 23, 24 and June 4, 13, 2019 or before or after those dates;

3.  Elements of what lawfully constitutes an ATDS embody more than a pause heard or suspicions of a Called Party but comprise a set of requisite systems and functionality that are absent human intervention when used in combination.

4.  Plaintiff fails to prove a proper claim for damages under 47 U.S.C. § 227(b) as the use of a pre-recorded voice in telemarketing is related to outbound calls not calls received from the public as the statute is interpreted, and relief against Defendant Lurie under the TCPA is impossible.

5.  Plaintiff failed to prove an ATDS was used or caused to be used by Defendant Lurie on May 21, 22, 23, 24 and June 4, 13, 2019.

6.  Absent proof of Defendant Lurie's use of an ATDS on May 21, 22, 23, 24 and June 4, 13, 2019, Defendant Lurie avoids personal liability under the TCPA.

## THIRD AFFIRMATIVE DEFENSE

**Impossibility of relief or relief for certification of class persons against Defendant Lurie under 47 U.S.C § 227(b) based on facts**.

Based upon the facts presented for adjudication or trial, Plaintiff fails to prove a factual claim for violation of 47 U.S.C. § 227(b) based upon prevailing law, upon which relief can be granted to Plaintiff, or a class of similarly situated persons, against Defendant Lurie and Defendant Lurie avoids liability. Within the relevant period prescribed by the TCPA and to present date, Defendant Lurie has made no outbound telemarketing effort, call, campaign or sales method that uses a pre-recorded voice or live operator to solicit sale of goods and services, either directly itself

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 32

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

or through any third-party, that would comprise the necessary factual circumstance or predicate for an alleged TCPA violation under 47 U.S.C. § 227(b).  Relief for class of persons, similarly situated, predicated on the same factual failures is impossible.  If any liability exists under the Plaintiff's claims for allegations of violation(s) of the TCPA, Defendant Lurie is not liable for damages because:

1. No outbound call was made, or caused to be made, directly or indirectly, by either Defendant Lurie, or by Triangular Media nor any third party at his direction, to the Plaintiff to direct him into the Triangular Media IVR or otherwise conduct the telemarketing of goods and services within the U.S;

2. Neither Defendant Lurie nor Triangular Media used, or caused to be used an ATDS within the meaning of 47 U.S.C. §227(b)(1) and 47 C.F.R. § 64.1200;

3. Neither Defendant Lurie nor Triangular Media had any contact with had any knowledge of, or contact with, Plaintiff until June 13, 2019 when Triangular Media's IVR platform received a call from the Plaintiff;

4. On June 13, 2019, Plaintiff gave express limited consent to enter into Triangular Media's IVR and thereafter be provided with prompted information to which he responded with individual answers on his interest in goods and services offered within the IVR;

5. Plaintiff's contact with Triangular Media's IVR constituted an inbound call to Triangular Media with expressed limited consent of the Plaintiff;

6. Plaintiff's contact with Triangular Media comprised the receipt of his inbound call by Triangular Media and does not constitute a telemarketing "call" within the meaning of 47 U.S.C. § 227(b);

7. Absent an outbound telemarketing "call" within the meaning of 47 U.S.C. § 227(b) being placed or being caused to be placed at the direction or by Defendant Lurie or by acts at his direction, Plaintiff can recover no individual relief or obtain liability against Defendant

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 33

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

1   Lurie under 47 U.S.C. § 217, either on behalf of himself or persons similarly situated, and

2   relief by the Court is impossible.

3

4   **FOURTH AFFIRMATIVE DEFENSE**

5   **Avoidance: Failure to join indispensable party or parties**

6       Based upon the facts presented for adjudication or trial, Plaintiff has failed to join necessary

7   and indispensable parties in this action, specifically Skyscrapers Pvt. Limited

8   (Skyscrapers).Skyscrapers is the call center identified to have initiated a "call" to Plaintiff.

9   Skyscrapers is alleged by the Plaintiff to have used an ATDS that is prohibited under 47 U.S.C.

10  §227(b)(1) and 47 C.F.R. § 64.1200.  Skyscrapers has previously denied any involvement with

11  Plaintiff's calls to avoid litigation in these matters.  Skyscrapers at all times was material and

12  indispensable to provide the information and business records of the original consent it obtained

13  from Plaintiff or whether it in fact used a prohibited ATDS to make a telemarketing call to Plaintiff,

14  or made a manually dialed call. Absent such an indispensable party, dispositive facts as to

15  Plaintiff's original prior consent or prior expressed written consent to receive a telemarketing

16  "call" in the time period before June 13, 2019 cannot be properly or fairly weighed by the trier of

17  facts and are left to speculation not objective evidence, testimony or business records. Absent such

18  an indispensable party, dispositive facts as to the use of an ATDS defined by 47 U.S.C. § 227(b)(1)

19  to place a telemarketing call to the Plaintiff are at best speculative and insufficient to establish that

20  Defendant Lurie may have directly or indirectly violated the TCPA by his acts and therefore be

21  liable under 47 U.S.C. § 217.  Absent such an indispensable party, dispositive facts as to the scope

22  and nature of Skyscrapers dealings, if any, with Defendant Lurie are at best speculative and

23  insufficient to establish that Defendant Lurie may have directly or indirectly violated the TCPA

24  by his acts and therefore be liable under 47 U.S.C. § 217.  Absent Skyscrapers joinder, Plaintiff

25  fails to prove direct or indirect TCPA violations by Defendant Lurie as alleged by the SAC.

26

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 34

1

2

**FIFTH AFFIRMATIVE DEFENSE**

3

**Avoidance: third party conduct under 47 U.S.C. § 227 and acts under 47 U.S.C. § 217**

4
       The matters that are the subject of the SAC and the actions therein complained of are

5
attributable to third parties over whom Defendant Lurie has no control or right to control and

6
recovery against Defendant Lurie is therefore barred. The calls allegedly placed to Plaintiff on

7
May 21, 22, 23, 24 and June 4, 13, 2019 were in fact made by Skyscrapers Pvt. Limited

8
(Skyscrapers).  Prior to June 13, 2019, Skyscrapers represented that any call it made to a consumer

9
was manually dialed and that it largely serviced inbound consumers at their call center.  Neither

10
Defendant Lurie, nor Triangular Media nor any third party at his direction, had access to or control

11
over any ATDS that could have been used to place a call to Plaintiff by Skyscrapers before June

12
13, 2019.   Plaintiff's number did not exist in the business records of Triangular Media until June

13
13, 2019, when it received an inbound call that created that record. Neither Defendant Lurie, nor

14
Triangular Media at his direction, placed a telemarketing call to Plaintiff on August 27, 29 or

15
September 4, 2019, these calls were made by Hearing Help, Inc, (Hearing Help).   Neither

16
Defendant Lurie, nor Triangular Media nor any third party at his direction, had any control over

17
these alleged calls on August 27, 29 or September 4, 2019.  Defendant Lurie is not an owner or

18
operator of Skyscrapers or Hearing Help.   The technology used, or not used, by these parties to

19
place a telemarketing call resides only at the direction of these parties. Defendant Lurie had no

20
personal control or direct conduct over the calling practices of these parties that would entitle

21
Plaintiff to personal recourse against Defendant Lurie under 47 U.S.C. § 217.

22

23

**SIXTH AFFIRMATIVE DEFENSE**

24

**Reasonable abidance of TCPA practices and procedures exclude punitive damages**

25

26

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 35

To the extent there was any violation of the TCPA to which Defendant may be liable, damages are off-set by the reasonable and practices and procedures established and implemented with due care by Triangular Media based on the type of technology and device used by the company, its relationship as a user of a common carrier, and its function to receive an inbound consumer call interested in goods or services within the U.S.  These practices and procedures limited the error or occurrence of TCPA violations by Triangular Media, and its employees, officers and agents, to a refined group of persons, if any.  Such practices and procedures mitigated any willful or knowing acts by Defendant Lurie under 47 U.S.C. § 227 (b) or (c) and § 217.

### SEVENTH AFFIRMATIVE DEFENSE

**Substantial Compliance and TCPA violations limited to Bona Fide Error**

Defendant Lurie has substantially complied with the requirements of the TCPA and qualifies for all exemptions and Safe Harbors provided by the TCPA and its corresponding regulations for the type of device and technology used under47 U.S.C. § 227 and § 217.  This included use of a software solution that limited errors to a 4% or less tolerance rate.  Plaintiff received a telemarketing call from Hearing Help as a result of a possible error embodying a false positive recording of his responses while within the IVR platform of Defendant Lurie's employer, Triangular Media.   Any false positive readings at the end of the IVR path, to which could be attributable to Defendant Lurie, is attributable to a technology limitation beyond the control of Defendant Lurie and that impacts a negligible percentage of leads provided to Hearing Help.  Plaintiff can recover no individual relief or obtain liability against Defendant Lurie under 47 U.S.C. § 217, either on behalf of himself or persons similarly situated, beyond those that constitute bona fide errors that occurred on the part of technology upon which Defendant Lurie relied.

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 36

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

## EIGHTH AFFIRMATIVE DEFENSE

### Alleged Class Certification cannot be met by Plaintiff

Based upon the facts presented for adjudication or trial, Plaintiff fails to meet Class Certification wherein Defendant Lurie may be liable for class-wide damages for violations of 47 U.S.C. §227(b) or (c). The pre-requisites for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure cannot be met because, among other reasons, joinder of all members of any putative class is practicable; individual questions of fact and law predominate over common issues. Plaintiff's claims are not typical of the claims and/or defenses of other putative class members. Plaintiff fails to meet his legal standing under 47 U.S.C. §227(b) and (c) in combination with 28 U.S.C. §1331 and § 1332 (d) (2) and fails to meet met the requisite thresholds under the Class Action Fairness Act ("CAFA") as related to this cause of action and claimed. Plaintiff is not an adequate representative for any putative class and Defendant Lurie possesses unique defenses against Plaintiff. Class action is not superior to other available methods of fair and efficient adjudication of the controversy. Plaintiff was tendered business and IVR records of Triangular Media that provided means and method for the Plaintiff to join a limited group of proper situated persons to the Plaintiff. These similarly situated persons comprise 94 possible person who gave limited consent to enter the IVR platform, voluntarily provided their information on the platform, answered "yes" to the question *"If you suffer from hearing loss, Hearing Help Express has a solution and would like to offer you a risk free 45-day trial to get your hearing better today. If you suffer from hearing loss, have good credit, and would like a hearing specialist to call you back, please say "yes" otherwise say "no,"* revoked that expressed consent before terminating connection on the IVR platform, and which the consumer's revocation was read by the IVR as a

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 37

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

false positive resulting in a call from Hearing Help after the lead was transferred from Triangular Media to Hearing Help.  Plaintiff failed to join proper parties and has failed to meet the pre-requisites for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. Defendant Lurie avoids liability for class-wide damages for violations of 47 U.S.C. §227(b) or (c) premised on the Plaintiff as a representative Plaintiff because class Plaintiff fails to meet the criteria of Class Certification.

## NINTH AFFIRMATIVE DEFENSE

### Bad Faith/Unclean Hands

Plaintiff, and any members of any putative class he represents, acted in bad faith and with unclean hands based on all relevant facts, law, and circumstances known by them. Plaintiff knowingly and intentionally gave limited consent to be transferred to Triangular Media's IVR on June 13, 2019 and then voluntarily provided his personal information and the answer "yes" to the prompted question: *"If you suffer from hearing loss, Hearing Help Express has a solution and would like to offer you a risk free 45-day trial to get your hearing better today. If you suffer from hearing loss, have good credit, and would like a hearing specialist to call you back, please say "yes" otherwise say "no."*  This comprised expressed written consent to which the Plaintiff had no genuine intention to give or he would have otherwise responded "no."  Plaintiff played upon errors or vulnerabilities in the IVR technology to the prejudice of all the Defendants to induce an alleged violation of the TCPA in order to compound alleged damages from Defendants.  Plaintiff had no genuine interest in the receiving a call from a "*a hearing specialist*" of Hearing Help, as he voluntarily responded. Had Plaintiff not desired to receive a call of this nature from Hearing

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 38

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

Help, his response to the aforementioned question would have been no – it was not.  Plaintiff's claims under 47 U.S.C. §227(b) or (c) are barred by the equitable doctrine of bad faith/unclean hands.  Plaintiff's claims under 47 U.S.C. § 217 against Defendant Lurie are barred, in whole or in part, from any recovery in this action under the theory of Unclean Hands and Bad Faith.

## TENTH AFFIRMATIVE DEFENSE

### Waiver and Estoppel

Plaintiff, and any members of his putative, class have waived their right to recover against Defendant Lurie, in whole or in part, and/or their claims are otherwise barred by estoppel. By conduct, representations, and omissions, upon which Defendant Lurie relied to its detriment, Plaintiff is equitably estopped from asserting any claim for relief against him.

## RESERVATION OF RIGHTS

Defendant reserves the right to raise additional affirmative defenses or amend its existing affirmative defenses to which it may be entitled, or which may be developed during discovery, including additional unique affirmative defenses applicable to different putative class members of Plaintiff's proposed classes. Defendant reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 39

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

**RELIEF SOUGHT**

WHEREFORE, Defendant Lurie prays that the Court enters an order of judgment in favor of Defendant Lurie wherein the Plaintiff takes nothing under the SAC or alternatively Dismiss the SAC with prejudice and enter judgment for Defendant; Deny or Dismiss the class claims; find Defendant Lurie has not acted in the placement of a call to the Plaintiff via an ADTS congruent with the Federal Telephone Consumer Protection Act (TCPA) and finding no personal liability under 47 U.S.C. §217, as an employee of a user of a common carrier; and that Plaintiff pays Defendant Lurie's costs, including attorney fees relevant to this claim, or any relief it deems necessary, as a part of such order; and grant such other and further relief as the Court deems just and proper. Defendant further prays for costs, including attorney fees relevant to meritorious affirmative defenses, or any relief it deems necessary, as a part of such order.

DATED this 28<u>th</u> day of September 2020.

Law Office of Carl J. Marquardt, PLLC

By: _/s/ Carl J. Marquardt_
  Carl J. Marquardt (WSBA #23257)
  1126 34th Ave., Suite 311
  Seattle, WA98122-5137
  Telephone: 206-388-4498
  e-mail: carl@cjmpllc.com

The Law Office of Edward A. Maldonado, PA

By: _/s/ Edward A. Maldonado_
  Edward A. Maldonado, Esq.
  (FBN # 0129781)
  _Pending Pro Hoc Vice Admission_
  2850 Douglas Road, Suite 303
  Coral Gables, FL 33134
  Telephone:305-477-7580
  e-mail: eam@maldonado-group.com
_Attorneys for Defendant Lewis Lurie_

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 40

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2020, I electronically filed the foregoing ANSWER AND AFFIRMATIVE DEFENSES via the Court's CM/ECF system, which will electronically serve all parties and counsel of record.

By:*/s/ Carl J. Marquardt*
        Carl J. Marquardt (WSBA #23257)
        1126 34th Ave., Suite 311
        Seattle, WA 98122-5137
        Telephone: 206-388-4498
        e-mail: carl@cjmpllc.com

DEFENDANT LEWIS LURIE'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 41