1

THE HONORABLE MARSHA J. PECHMAN

2

3

4

5

6                        UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON

7

8   MARK HOFFMAN, on behalf of himself and all
    others similarly situated,

9                                                    NO. 3:19-cv-05960-MJP
                        Plaintiff,
10                                                   **PLAINTIFF'S RESPONSE TO**
                                                     **DEFENDANT HEARING HELP**
        vs.                                          **EXPRESS, INC.'S MOTION FOR**
11                                                   **PROTECTIVE ORDER**

12  HEARING HELP EXPRESS, INC.,
    TRIANGULAR MEDIA CORP.,
13  LEADCREATIONS.COM, LLC and LEWIS
    LURIE,
14
                        Defendants.
15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION FOR PROTECTIVE
ORDER
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF CONTENTS

Page No.

I.      INTRODUCTION ...................................................................................................1

II.     STATEMENT OF FACTS .....................................................................................2

        A.      Relevant factual background and the discovery requests at issue ..........................2

        B.      The Court recently compelled Hearing Help to produce records of
                calls made to the Direct Liability Class regardless of the vendor that
                produced the lead ..........................................................................................3

        C.      The disputed discovery requests and the parties' attempt to meet and
                confer ..........................................................................................................4

        D.      Hearing Help's "glitch" narrative does not provide it with a defense ..................5

III.    STATEMENT OF ISSUES ....................................................................................6

IV.     AUTHORITY AND ARGUMENT ........................................................................6

        A.      Evidence of prior express written consent is relevant ...........................................6

        B.      Hearing Help has not established undue burden ...................................................9

        C.      Hearing Help's motion is a transparent attempt to mask its liability ................11

V.      CONCLUSION ....................................................................................................11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## TABLE OF AUTHORITIES

2

Page No.

3

### FEDERAL CASES

4

*Ahmed v. HSBC Bank USA, Nat'l Ass'n*,
5
   No. EDCV152057FMOSPX, 2017 WL 4325587 (C.D. Cal. Sept. 25, 2017) .................8

6

*Ahmed v. HSBC Bank USA*,
   No. EDCV152057FMOSPX, 2018 WL 504672 (C.D. Cal. Jan. 12, 2018) ....................7

7

8

*Blankenship v. Hearst Corp.*,
   519 F.2d 418 (9th Cir. 1975) ............................................................6

9

*City of Seattle v. Prof'l Basketball Club, LLC*,
10
   No. C07-1620MJP, 2008 WL 539809 (W.D. Wash. Feb. 25, 2008) .............................10

11

*Doherty v. Comenity Capital Bank & Comenity Bank*,
   No. 16CV1321-H-BGS, 2017 WL 1885677 (S.D. Cal. May 9, 2017) ...........................7

12

13

*E.E.O.C. v. Caesars Ent., Inc.*,
   237 F.R.D. 428 (D. Nev. 2006) .......................................................10

14

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
15
   331 F.3d 1122 (9th Cir. 2003) ........................................................6

16

*Hoffman v. Hearing Help Express, Inc.*,
17
   No. 3:19-cv-05960-RBL, 2020 U.S. Dist. LEXIS 54048 (W.D. Wash.
   Mar. 27, 2020) ........................................................................9

18

*Hoffman v. Hearing Help Express Inc.*,
19
   No. C19-5960RBL, 2020 WL 4674120 (W.D. Wash. Aug. 12, 2020)............................3

20

*Martin v. Bureau of Collection Recovery*,
21
   No. 10-7725, 2011 WL 2311869 (N.D. Ill. June 13, 2011) ...............................7

22

*Phase II Chin, LLC v. Forum Shops, LLC*,
   No. 2:08-cv-00162-JCM-GWF, 2010 WL 11636215 (D. Nev. Feb. 5, 2010)...............10

23

*Slingerland v. Crisp Mktg., LLC*,
24
   No. 19-62033-CIV, 2020 WL 1689887 (S.D. Fla. Jan. 17, 2020) ...................7

25

*Stemple v. QC Holdings, Inc.*,
26
   No. 12-cv-1997-CAB (WVG), 2013 WL 10870906 (S.D. Cal. June 17, 2013) ...............8

27

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION FOR PROTECTIVE
ORDER - ii
CASE NO. 3:19-CV-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*True Health Chiropractic v. McKesson Corp.*,
    896 F.3d 923 (9th Cir. 2018) ........................................................................7

*Van Patten v. Vertical Fitness Grp., LLC*,
    847 F.3d 1037 (9th Cir. 2017) ......................................................................7

*Wakefield v. ViSalus, Inc.*,
    No. 3:15-CV-1857-SI, 2019 U.S. Dist. LEXIS 141974, 2019 WL 3945243
    (D. Or. Aug. 21, 2019) ................................................................................8

**FEDERAL STATUTES**

U.S.C. § 227(b)(1)(A)(iii) ...............................................................................6

**FEDERAL RULES**

Fed. R. Civ. P. 26(b)(1) ...................................................................................6

**OTHER AUTHORITIES**

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot.
    Act of 1991*, 27 F.C.C. Rcd. 1830 (2012) ..............................................6, 7

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# I. INTRODUCTION

1

2      Plaintiff sued Hearing Help under the TCPA for making telemarketing calls without

3      first obtaining the prior express written consent of Plaintiff and the Direct Liability Class,

4      without regard to where Hearing Help obtained the leads. Although the allegations in Plaintiff's

5      complaint are clear, Hearing Help has repeatedly mischaracterized them as pertaining to just

6      one of its lead providers, Triangular Media, and has consistently resisted discovery as to all

7      other vendors. Hearing Help's resistance has already forced Plaintiff to bring one motion to

8      compel. Last month, the Court rejected Hearing Help's argument that discovery should be

9      limited to just Triangular and ordered Hearing Help to produce records of *all* telemarketing

10     calls Hearing Help made during the class period, regardless of who provided the leads.

11     Now, Hearing Help once again improperly seeks to limit relevant and necessary

12     evidence to just Triangular. In Request for Production No. 39, Plaintiff seeks documents that

13     show whether Hearing Help had prior express written consent to place the telemarketing calls.

14     Under the TCPA, the calling party must prove at trial that it had a called party's written consent

15     to receive a telemarketing call *prior* to making the call. Hearing Help carries this burden with

16     respect to every call it made, whether to phone numbers provided by Triangular or Hearing

17     Help's other lead sources. And in the Ninth Circuit, prior express written consent is also

18     relevant to Rule 23's predominance requirement. In a nutshell, evidence of prior express

19     written consent to make the calls goes hand in hand with the call records themselves.

20     Hearing Help ignores its burden of proof and instead argues that consent evidence is

21     irrelevant and unduly burdensome as to all vendors but Triangular. At the same time, Hearing

22     Help asserts "consent" as an affirmative defense. Hearing Help can't have it both ways.

23     Hearing Help may not rely on "consent" to defend against Plaintiff's claims and simultaneously

24     refuse to produce evidence of such consent. If Hearing Help can establish it had prior express

25     written consent to call Plaintiff and the class, Hearing Help must turn over the proof, whether

26     the evidence relates to Triangular or its other vendors. To the extent that Hearing Help does not

27

have consent evidence, the Court should permit Plaintiff to seek such evidence directly through third party subpoenas to Hearing Help's vendors, including but not limited to ByteSuccess.

Consent evidence is relevant to this case, Hearing Help has not shown any undue burden, and courts in TCPA cases routinely require its production. This Court should do the same. Hearing Help's request for a protective order should be denied.

## II.  STATEMENT OF FACTS

**A.      Relevant factual background and the discovery requests at issue.**

Hearing Help is a business that uses telemarketing to sells hearing aids. ECF No. 72 ¶ 1. Hearing Help makes its own telemarketing calls with leads it purchases from third party vendors. ECF No. 81 ¶ 11 (According to Hearing Help, it purchased 344,000 leads from 11 vendors). One of those vendors is Triangular. Relevant here, Plaintiff alleges that Hearing Help violated the TCPA when it placed automated calls to numbers that were assigned to cellular telephone services without first obtaining the called parties' express written consent. *See* ECF No. 72 ¶ 52. Plaintiff seeks to represent a Direct Liability Class (Class 2), defined as:

> All persons or entities within the United States who received, on or after October 9, 2015, a non-emergency telephone call from or on behalf of Hearing Help Express, Inc., promoting goods or services:
>
> (i) to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or prerecorded voice; or
>
> (ii) to a cellular or residential telephone number that has been registered on the national Do Not Call Registry for at least 31 days and who received more than one such call within any twelve-month period.

*Id.* ¶ 43 (Class 2).

The Direct Liability Class encompasses all telemarketing calls to class members, regardless of which vendor provided the leads. Plaintiff learned during a recent deposition that, out of a group of 11, one of those vendors is Byte Success. Plaintiff also seeks to represent a

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION FOR PROTECTIVE
ORDER - 2
CASE NO. 3:19-CV-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Vicarious Liability Class (Class 1), which is limited to calls made to leads provided by Triangular. ECF No. 72 ¶ 44. Despite the obvious difference between the two classes, Hearing Help asserts that both "classes are limited to Triangular." ECF No. 79 7:11-12. Hearing Help knows this is not true because the parties litigated the same issue months ago, when Plaintiff set the record straight. *See* ECF No. 37, 39, & 43.

In its Answer, Hearing Help has lodged a series of affirmative defenses, including "consent" and "class certification cannot be met." ECF No. 82 (First and Twenty-Third Affirmative Defenses).

**B.    The Court recently compelled Hearing Help to produce records of calls made to the Direct Liability Class regardless of the vendor that produced the lead.**

Months ago, Plaintiff propounded discovery requests to Hearing Help seeking information and documents relevant to his TCPA claims, including call records of calls Hearing Help made to the Direct Liability Class. In response, Hearing Help refused to produce records for calls it made, except as to leads Triangular provided. As a result, Plaintiff moved to compel call records of all calls Hearing Help made during the class period, regardless of the vendor who provided Hearing Help with the leads. ECF No. 37.

In response, Hearing Help made the same arguments it relies on here to avoid discovery yet again. It claimed that "only calls it made to leads it obtained from Triangular are similar to the calls Hoffman received" and argued that Plaintiff's request for information about every call Hearing Help placed was "an improper fishing expedition." *Hoffman v. Hearing Help Express Inc.*, No. C19-5960RBL, 2020 WL 4674120, at *2 (W.D. Wash. Aug. 12, 2020). On reply, Plaintiff agreed to limit the scope of his request, but remained steadfast that Hearing Help should be required to produce all call records, regardless of who supplied the lead. *Id*. at *3.

Judge Leighton agreed. As revised, Plaintiff's request sought discoverable information "that it is not unduly burdensome to produce." *Id*. On August 12th he ordered Hearing Help to produce call records "of [telemarketing] calls placed by Hearing Help using leads provided by Triangular **and other vendors**…." *Id*. (emphasis added).

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING HELP EXPRESS, INC.'S MOTION FOR PROTECTIVE ORDER - 3
Case No. 3:19-cv-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## C.     The disputed discovery requests and the parties' attempt to meet and confer.

Plaintiff now seeks information described in Request for Production No. 39 for documents that support Hearing Help's consent defense. Specifically, Plaintiff seeks "Documents sufficient to show that You or a third party placing calls selling Your services had prior express written consent to place the calls set forth in the calling data…." ECF No. 80 at 57 (RFP 39). Plaintiff seeks similar evidence from ByteSuccess, a third party that Hearing Help identified as another of its lead providers. ECF No. 80 at Ex. D (21-27); Declaration of Adrienne D. McEntee ("McEntee Decl.") ¶ 2. The subpoena to ByteSuccess is substantially similar to the subpoena Plaintiff issued to Triangular before the company became a party. McEntee Decl., Ex. 1. Despite their similarities, Hearing Help never objected to the scope of the Triangular subpoena. *Id*. ¶ 4.

To be clear, Plaintiff only seeks evidence of consent. He does not, as Hearing Help suggests, seek overreaching discovery designed to put Hearing Help "through the ringer." ECF No. 79 at 16:13. The correspondence between the parties shows just how limited Plaintiff's request is. On September 9th, Plaintiff's counsel emailed Hearing Help's counsel regarding the outstanding call records and wrote "to confirm that Hearing Help has produced all evidence of consent that it intends to rely on in this matter." McEntee Decl., Ex. 2. Hearing Help responded, in part: "Hearing Help has produced the evidence of Hoffman's consent currently in its possession, custody, or control." *Id*.  On September 10th, Plaintiff's counsel replied that "the consent evidence we refer to is not specific to Hoffman, but regarding the class as a whole. Could you provide an updated answer with that understanding?" *Id*. On September 18th, Hearing Help's counsel confirmed they "have no current plans to produce evidence of prior express consent as to all vendors other than Triangular." *Id*.

The parties conferred on this issue by phone on September 22, 2020. McEntee Decl. ¶ 5. During the call, the parties agreed that the issue of whether Hearing Help should be required to produce evidence of consent was ripe for the Court's determination. *Id*. And except to note simply that the Court's prior order did not address the issue of consent, they did not explain

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION FOR PROTECTIVE
ORDER - 4
Case No. 3:19-cv-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  why they should not be required to produce consent evidence as to all vendors. *Id*. Hearing

2  Help also expressed concern about the ByteSuccess subpoena and explained that they planned

3  to move for a protective order. *Id*. The motion for protective order came the very next day. ECF

4  No. 79.

5  **D.  Hearing Help's "glitch" narrative does not provide it with a defense.**

6  In support of its motion, Hearing Help asserts there are "unique circumstances

7  surrounding how Hoffman's info was transferred from Triangular to Hearing Help" based on a

8  "glitch." ECF No. 79 at 8:18-9:24. Hearing Help has advanced this assertion repeatedly

9  throughout the litigation (ECF Nos. 28, 39 & 41), and suggests that it provides Hearing Help

10  with a defense. Hearing Help is mistaken. Whoever called Plaintiff in the first place—well

11  before the "glitch" occurred—never had Plaintiff's written consent. ECF No. 72 ¶ 5.

12  Hearing Help's motion also relies on the declaration of James Houlihan, Hearing Help's

13  former President, and the Lead Buyer Insertion Order/Contract with Triangular, which Hearing

14  Help admits is the sole document it relies on for consent. *See* ECF No. 80, Exh. A; McEntee

15  Decl., Ex. 3 at 140:2-144:3. But Mr. Houlihan's declaration, and the attached Insertion Order,

16  also fail to provide Hearing Help with a defense. During his recent deposition, Mr. Houlihan

17  admitted that Hearing Help did nothing to verify whether Triangular had obtained prior express

18  written consent for the leads before Hearing Help called them. *Id*. 82:8-84:15.

19  Finally, the declaration Hearing Help obtained from Mr. Houlihan asserts that Plaintiff

20  gave his consent to be called over a website. ECF No. 80, Exh. A ¶ 11. But this assertion has

21  been refuted altogether. During Mr. Houlihan's deposition, Plaintiff's counsel asked Hearing

22  Help to produce documentary evidence of the website claim. Hearing Help's attorney

23  responded: "I would but I can tell you it does not exist." Houlihan at 101:16-102:15.[1]

24  _____

[1] Hearing Help's reliance on the same declaration here—with facts it knows have been

25  disproved—deserves scrutiny. Its reliance on declarations obtained from Triangular (ECF No.
80 at 14-20) is equally problematic, since Triangular has been unwilling to make those

26  representations in its own defense. Indeed, Triangular has refused to appear and defend the
allegations against it and a motion for default is pending. ECF No. 75.

27

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION FOR PROTECTIVE
ORDER - 5
Case No. 3:19-cv-05960-MJP

1
2
3
4
5
6
7

The discovery is unequivocal. Neither Triangular nor Hearing Help had prior express written consent to call Plaintiff. Plaintiff alleges that the same is true for the other 344,000 people Hearing Help called, regardless of where and how Hearing Help obtained their phone numbers. There is nothing unique about Plaintiff. Consent evidence either exists or doesn't exist. Plaintiff should have the opportunity to discover whether consent evidence exists with respect to Hearing Help's other lead sources, whether such evidence comes from Hearing Help, from ByteSuccess, or from Hearing Help's other vendors.

8

### III.  STATEMENT OF ISSUES

9
10
11

Whether the Court should deny Hearing Help's motion, require Hearing Help to produce evidence of prior express written consent, and allow Plaintiff to seek evidence of prior express written consent from ByteSuccess and Hearing Help's other vendors?

12

### IV.  AUTHORITY AND ARGUMENT

13
14
15
16
17
18
19
20
21

Parties may obtain discovery regarding any matter "that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The party resisting discovery bears a heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). A proponent of a protective order must show that specific prejudice or harm will result absent its entry. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Unsubstantiated allegations of harm do not suffice. *Id*. at 1130. Hearing Help has failed to establish that responding to RFP 39 or the ByteSuccess subpoena, which together seek documents relevant to Hearing Help's consent defense, will be unduly burdensome or harm Hearing Help in any manner. Thus, Hearing Help's motion should be denied.

22

**A.    Evidence of prior express written consent is relevant.**

23
24
25

A party who wants to make telemarketing calls to cell phones with an autodialer must first obtain the called parties' prior express written consent. *See* U.S.C. § 227(b)(1)(A)(iii); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27

26

27

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION FOR PROTECTIVE
ORDER - 6
CASE NO. 3:19-cv-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

F.C.C. Rcd. 1830, 1839 (2012). "[P]rior express consent is an affirmative defense, not an element of a TCPA claim." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017). Hearing Help—not Plaintiff—bears the burden of establishing its consent defense. *Id.* at 1044 n.3 ("We think it plain from the statutory language that prior express consent is an affirmative defense, not an element of a TCPA claim."). Plaintiff is entitled to discover whether Hearing Help has any evidence of this affirmative defense as to any members of the Direct Liability Class. If Hearing Help wants to use consent as a defense, then it must substantiate it through discovery and should not be permitted to block Plaintiff's investigation. *See, e.g., Ahmed v. HSBC Bank USA*, No. EDCV152057FMOSPX, 2018 WL 504672, at fn 1 (C.D. Cal. Jan. 12, 2018) ("there is no dispute that the Subject Requests are relevant to the claims and defenses in this action as they relate directly to PHH's consent defense, … which it has the burden of establishing"); *Martin v. Bureau of Collection Recovery*, No. 10-7725, 2011 WL 2311869, at *4 (N.D. Ill. June 13, 2011) ("If defendant does not have documents or other information which substantiates the defense it is difficult to fathom why it interposed that defense in the first place.").

Consent evidence is also relevant at class certification. In the Ninth Circuit, courts considering whether to certify classes will analyze consent defenses a defendant "has actually advanced and for which it has presented evidence," but "do not consider the consent defenses [a defendant] might advance or for which it has presented no evidence." *True Health Chiropractic v. McKesson Corp*., 896 F.3d 923, 931–33 (9th Cir. 2018). Indeed, courts across the country have repeatedly ordered TCPA defendants to produce consent evidence. *See, e.g. Slingerland v. Crisp Mktg., LLC*, No. 19-62033-CIV, 2020 WL 1689887, at *2 (S.D. Fla. Jan. 17, 2020) (granting motion to compel "whatever evidence of prior express consent it will use to rebut [the Plaintiff's] attempt to establish predominance under Federal Rule of Civil Procedure 23(b)(3)"); *Doherty v. Comenity Capital Bank & Comenity Bank*, No. 16CV1321-H-BGS, 2017 WL 1885677, at *7 (S.D. Cal. May 9, 2017) (granting motion to compel seeking documents

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING HELP EXPRESS, INC.'S MOTION FOR PROTECTIVE ORDER - 7
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

evidencing consent "to the extent Defendants intend to address the affirmative defense of prior express consent at class certification stage"); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2017 WL 4325587, at *6 (C.D. Cal. Sept. 25, 2017) ("RFP number 14 includes documents HSBC will rely on at trial or any other hearing to prove consent. In fairness and as required by Rule 26, HSBC must produce any such documents."); *Stemple v. QC Holdings, Inc.*, No. 12-cv-1997-CAB (WVG), 2013 WL 10870906, at *8 (S.D. Cal. June 17, 2013) (ordering defendant "to produce any and all communications, written or otherwise, on which Defendant would rely on at trial or other hearing, to show prior express consent was given for all cellular numbers that were actually dialed within the statutory term").

Hearing Help maintains that Plaintiff is not entitled to this evidence because Hearing Help's calls were based on leads provided by different vendors, and because the different vendors allegedly obtained leads in different ways. But Plaintiff's request is directly in line with the definition of the Direct Liability Class, which encompasses all telemarketing calls made during the class period, regardless of which vendor provided the lead or how each vendor obtained the leads. The TCPA provides a single cause of action for calls using any automatic telephone dialing system or an artificial or prerecorded voice and the do-not-call provisions similarly create a cause of action that does not discriminate based on the source of the lead. The fact that Hearing Help got its leads from multiple sources and in multiple ways does not create individualized issues preventing class certification. *See Wakefield v. ViSalus, Inc*., No. 3:15-CV-1857-SI, 2019 U.S. Dist. LEXIS 141974, 2019 WL 3945243, at *6 (D. Or. Aug. 21, 2019) (acknowledging the breadth of the TCPA and noting that variations in the type of phone called do not defeat class certification). In fact, this Court engaged in a substantially similar analysis when denying Hearing Help's Motion to Strike Class Allegations because Mr. Hoffman was seeking to represent a class that included calls on two types of phone lines:

> The inclusive nature of Hoffman's class definition reflects the breadth of the statutory provisions underlying his claims. 47 U.S.C. § 227(b)(1) provides a single cause of action for calls "using any automatic telephone dialing system *or an*

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING HELP EXPRESS, INC.'S MOTION FOR PROTECTIVE ORDER - 8
CASE NO. 3:19-CV-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1
2
3

artificial or prerecorded voice" (emphasis added), and § 227(c)(5) similarly creates a cause of action that does not discriminate based on the type of number called. Indeed, it is hard to see why the fact that Hoffman received calls on a cell phone and not a home phone would make him atypical of the class.

4
5
6
7

*Hoffman v. Hearing Help Express, Inc.,* No. 3:19-cv-05960-RBL, 2020 U.S. Dist. LEXIS 54048, at *5 (W.D. Wash. Mar. 27, 2020). The fact that Hearing Help made calls because it obtained leads from different sources does not make Mr. Hoffman atypical or relieve Hearing Help of the affirmative defense it has put at issue.

8
9
10
11
12
13
14
15
16
17
18
19
20

Hearing Help also complains that Plaintiff had no right to issue a subpoena to ByteSuccess. But Hearing Help produced dozens of documents that contemplate a relationship between Hearing Help and ByteSuccess, and Hearing Help's former controller, Marc Marion, testified that ByteSuccess was one of Hearing Help's lead providers. McEntee Decl. ¶ 2. Because ByteSuccess has documents that are relevant to the issue of consent, Plaintiff's subpoena is appropriate. Hearing Help also argues that the scope of the subpoena is too broad. Although Hearing Help never raised this issue during the parties' meet and confer, Plaintiff is willing to limit the scope of the subpoena to documents pertaining to the issue of prior express written consent. McEntee Decl. ¶ 5. Finally, Hearing Help argues that Plaintiff issued the subpoena to ByteSuccess for the purpose of finding and naming a new class representative. This is not true. Because Mr. Hoffman is an adequate representative, counsel has no plans to add additional plaintiffs. McEntee Decl. ¶ 7. Had Hearing Help raised this concern during the parties' meet and confer, Plaintiff's counsel could have dispelled this notion. *Id.*

21
22
23

Because evidence of consent—which Hearing Help has lodged as an affirmative defense—is both relevant and proportional on class certification and on the merits, Hearing Help's motion should be denied.

24

**B.    Hearing Help has not established undue burden.**

25
26

A party opposing discovery as burdensome must provide "sufficient detail and explanation about the nature of the burden in terms of time, money, and procedure required to

27

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING HELP EXPRESS, INC.'S MOTION FOR PROTECTIVE ORDER - 9
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

produce the requested documents." *Phase II Chin, LLC v. Forum Shops, LLC*, No. 2:08-cv-00162-JCM-GWF, 2010 WL 11636215, at *3 (D. Nev. Feb. 5, 2010).

Hearing Help objects that gathering consent evidence will be time-consuming. Yet it admits that it can readily identify which of its 11 vendors provided the leads that comprise the Direct Liability Class. ECF No. 81 ¶ 11. It also admits that gathering evidence of consent for these vendors is as simple as "review[ing] the contract with the respective lead generation vendor (and any follow-up correspondence), as well as any other documents provided by the lead generator to determine when, where, and exactly how consent was obtained for each lead." *Id*. These are discernible, straightforward steps, from any objective standpoint. In the case of Triangular, Hearing Help has relied on just one document, the "Lead Buyer Insertion Order/Contract." ECF No. 80, Exh. A; McEntee Decl., Ex. 3 at 140:2-144:3. And Hearing Help has provided no evidence to show that the volume of documents would be substantially greater for its other vendors, let alone facts that support its claim that gathering these documents will take "several weeks of time, or even months." ECF No. 81 ¶ 11.

Hearing Help's unsubstantiated claim of burden is wholly inadequate. *City of Seattle v. Prof'l Basketball Club, LLC*, No. C07-1620MJP, 2008 WL 539809, at *3 (W.D. Wash. Feb. 25, 2008) ("A claim that answering discovery will require the objecting party to expend considerable time and effort to obtain the requested information is an insufficient factual basis for sustaining an objection."); *E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006) (mere showing that production "may involve some inconvenience or expense does not establish good cause under Rule 26(c)").

Hearing Help also complains that the documents provided by the lead provider "would not necessarily demonstrate the manner, date, time, and nature of how that vendor obtained the lead's consent to be contacted." But this does nothing to substantiate Hearing Help's claim of burden. If anything, it proves the providence of Plaintiff's decision to obtain consent evidence directly from the vendors, including ByteSuccess.

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION FOR PROTECTIVE
ORDER - 10
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    Hearing Help's motion, which fails to identify any harm it will suffer from its response
2    to RFP 39 or from ByteSuccess's response to the third-party subpoena, should be denied.

3    **C.      Hearing Help's motion is a transparent attempt to mask its liability.**

4    Hearing Help's inability or unwillingness to produce evidence that shows its vendors
5    obtained prior written express consent exposes the extent of Hearing Help's liability. As to
6    Triangular, the sole document that Hearing Help produced as "evidence" of consent—a two-
7    page "Lead Buyer Insertion Order/Contract"—says absolutely nothing about consent. ECF No.
8    80, Exh. A. Hearing Help's President, James Houlihan, has admitted that Hearing Help did
9    nothing to verify that Triangular obtained prior express written consent. And the allegation that
10   Plaintiff provided his written consent through a website turned out to be unfounded. Hearing
11   Help's tacit admission that it did not, and does not, have evidence that Triangular obtained
12   prior express written consent for the leads they sold to Hearing Help begs the question: If
13   Hearing Help doesn't have consent evidence, who does?

14   The same question arises with respect to Hearing Help's other vendors. Either Hearing
15   Help has documents that show it had prior express written consent to call the Direct Liability
16   Class, or it doesn't. This is true with respect to all 11 lead providers. If Hearing Help does not
17   have consent evidence, Plaintiff should have the opportunity to seek such evidence from the
18   vendors directly, as they have done with ByteSuccess, and as they did with Triangular.

19   Given the importance of consent to Plaintiff's class claims, RFP 39 and third-party
20   subpoenas to ByteSuccess and other vendors readily meet the proportionality standard. Hearing
21   Help must be ordered to produce any consent information it intends to rely on to oppose class
22   certification or to prove its affirmative defense at trial. In the alternative, Hearing Help should
23   be precluded from producing evidence of consent regarding any vendor but Triangular.

**V.  CONCLUSION**

25   The Court has already ordered Hearing Help to produce all call records, whether the
26   leads Hearing Help called were provided by Triangular Media or some other lead provider. It

27

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION FOR PROTECTIVE
ORDER - 11
CASE NO. 3:19-CV-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  stands to reason that Hearing Help should also be required to produce all evidence of consent,

2  regardless of lead provider. And if Hearing Help can't produce consent evidence, Plaintiff

3  should have the opportunity to obtain the evidence directly from the lead providers, including

4  ByteSuccess. Based on the foregoing, Plaintiff respectfully requests that the Court deny

5  Hearing Help's motion and order it to produce records in response to RFP 39.

6         RESPECTFULLY SUBMITTED AND DATED this 30th day of September, 2020.

7                        TERRELL MARSHALL LAW GROUP PLLC

8                        By: /s/ Adrienne D. McEntee, WSBA #34061
9                              Beth E. Terrell, WSBA #26759
                               Email: bterrell@terrellmarshall.com
10                             Jennifer Rust Murray, WSBA #36983
                               Email: jmurray@terrellmarshall.com
11                             Adrienne D. McEntee, WSBA #34061
12                             Email: amcentee@terrellmarshall.com
                               Benjamin M. Drachler, WSBA #51021
13                             Email: bdrachler@terrellmarshall.com
                               936 North 34th Street, Suite 300
14                             Seattle, Washington 98103-8869
                               Telephone: (206) 816-6603
15

16                             Anthony I. Paronich, *Admitted Pro Hac Vice*
                               Email: anthony@paronichlaw.com
17                             PARONICH LAW, P.C.
                               350 Lincoln Street, Suite 2400
18                             Hingham, Massachusetts 02043
                               Telephone: (617) 485-0018
19                             Facsimile: (508) 318-8100

20
                               *Attorneys for Plaintiff and the Proposed Class*
21

22

23

24

25

26

27

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION FOR PROTECTIVE
ORDER - 12
CASE NO. 3:19-cv-05960-MJP

1

CERTIFICATE OF SERVICE

2      I, Adrienne D. McEntee, hereby certify that on September 30, 2020, I electronically

3   filed the foregoing with the Clerk of the Court using the CM/ECF system which will send

4   notification of such filing to the following:

5
       David E. Crowe, WSBA #43529
6      Email: dcrowe@vkclaw.com
       VAN KAMPEN & CROWE PLLC
7      1001 Fourth Avenue, Suite 4050
       Seattle, Washington 98154
8      Telephone: (206) 386-7353
       Facsimile: (206) 405-2825
9
10     Ana Tagvoryan, *Admitted Pro Hac Vice*
       Email: atagvoryan@blankrome.com
11     Nicole Bartz Metral, *Admitted Pro Hac Vice*
       Email: nbmetral@blankrome.com
12     BLANK ROME LLP
       2029 Century Park East, 6th Floor
13     Los Angeles, California 90067
       Telephone: (424) 239-3400
14     Facsimile: (424) 239-3434
15
       Jeffrey Rosenthal, *Admitted Pro Hac Vice*
16     Email: rosenthal-j@blankrome.com
       BLANK ROME LLP
17     130 North 18th Street
       Philadelphia, Pennsylvania 19103
18     Telephone: (215) 569-5500
       Facsimile: (215) 569-5555
19
20     *Attorneys for Defendant Hearing Help Express, Inc.*
21
       Carl J. Marquardt
22     Email: carl@cjmpllc.com
       LAW OFFICE OF CARL J. MARQUARDT, PLLC
23     1126 34th Avenue, Suite 311
       Seattle, Washington 98122-5137
24     Telephone: (206) 388-4498
25
26
27

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION FOR PROTECTIVE
ORDER - 13
CASE NO. 3:19-CV-05960-MJP

1

Edward Maldonado, *Admitted Pro Hac Vice*
Email: eam@maldonado-group.com

2

Email: awclerk@maldonado-group.com
MALDONADO LAW GROUP

3

2850 S. Douglas Road, Suite 303
Coral Gables, Florida 33134

4

Telephone: (305) 477-7580

5

*Attorneys for Defendant Lewis Lurie*

6

DATED this 30th day of September, 2020.

7

TERRELL MARSHALL LAW GROUP PLLC

8

By:    /s/ Adrienne D. McEntee, WSBA #34061

9

Adrienne D. McEntee, WSBA #34061
Email: amcentee@terrellmarshall.com

10

936 North 34th Street, Suite 300
Seattle, Washington 98103

11

Telephone: (206) 816-6603
Facsimile: (206) 319-5450

12

13

*Attorneys for Plaintiff and the Proposed Class*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S RESPONSE TO DEFENDANT HEARING
HELP EXPRESS, INC.'S MOTION FOR PROTECTIVE
ORDER - 14
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com