Hon. Marsha J. Pechman

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

9  MARK HOFFMAN, on behalf of himself
10  and all others similarly situated,

                              Plaintiff,

11

12                            v.

13  HEARING HELP EXPRESS, INC.,
    TRIANGULAR MEDIA CORP.,
14  LEADCREATIONS.COM, LLC and
    LEWIS LURIE,
15
                              Defendants.

CASE NO.  3:19-cv-05960-MJP

**DEFENDANT HEARING HELP
EXPRESS, INC.'S REPLY TO
PLAINTIFF'S OPPOSITION TO
MOTION FOR PROTECTIVE
ORDER REGARDING: (1)
PLAINTIFF MARK HOFFMAN'S
SUBPOENA TO PRODUCE
DOCUMENTS, INFORMATION,
OR OBJECTS OR TO PERMIT
INSPECTION OF PREMISES
ISSUED TO NON-PARTY
BYTESUCCESS MARKETING;
AND (2) PLAINTIFF'S REQUESTS
FOR PRODUCTION OF
DOCUMENTS DIRECTED TO
DEFENDANT HEARING HELP
EXPRESS, INC.**

16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S REPLY TO OPPOSITION TO
MOTION FOR PROTECTIVE ORDER
Case No. 3:19-cv-05960-MJP

113461.00602/123889630v.4

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

# I.    INTRODUCTION

Plaintiff's Opposition fails to explain why a protective order should not be entered over: (1) broad, expansive, and unnecessary discovery related to *other* third-party lead generation vendors unconnected with the events that led to the alleged call(s) to Plaintiff; and (2) the overbroad Subpoena[1] directed to one of those third-party vendors (ByteSuccess). In fact, Plaintiff concedes the *only* reason he is entitled to such discovery from and about lead generation vendors other than the one responsible for the call(s)—*i.e.*, Triangular—is because he pled an overbroad proposed class. There is a step missing here. Plaintiff cannot allege a sweeping, overbroad proposed class and automatically be self-entitled to discovery as to said class without at least establishing the relevancy or how the discovery is proportional to the needs of the case.

The Opposition claims Hearing Help mischaracterizes the SAC as being related to only one lead generation vendor. But the SAC is, in fact, so limited. The only other corporate defendants are Triangular, and a purportedly related company (*i.e.*, LeadCreations). There are no facts alleged, and none discovered so far, to suggest another vendor engaged in similar misconduct with respect to the TCPA.

Plaintiff also conflates (and inflates) the Court's limited rulings on Hearing Help's *Motion to Strike* and Plaintiff's *Motion to Compel* to argue Hearing Help must produce evidence of consent as to every lead provided by a third-party vendor. But the Court did not so rule. Plaintiff never sought to compel such consent evidence and the Court, in turn, did not grant this request. That the Court denied Hearing Help's *Motion to Strike* and ordered Hearing Help to produce a very limited set of documents—*i.e.*, call logs with narrow categories of information— only proves this point. The prior rulings do not translate to a decision about whether overbroad discovery is proper, even under the guise of class discovery. Lastly, Hearing Help supported its undue burden contention with a declaration, which Plaintiff fails to rebut. Hearing Help's Motion should be granted, and a protective order is proper.

---

[1] Except as provided herein, all capitalized terms carry the same meaning assigned to them in the Motion. D.E. 79.

DEFENDANT'S REPLY TO OPPOSITION TO
MOTION FOR PROTECTIVE ORDER- 1
Case No. 3:19-cv-05960-MJP

VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123889630v.4

1

## II.   ARGUMENT

2

**A.   A Class Action Does Not Give Plaintiff *Carte Blanche* To Seek Irrelevant Discovery.**

3

As stated in the *Motion for Protective Order*, discovery is not unlimited; alleging an

4

overbroad class does not equate to automatic discovery regarding said class if it is not clearly

5

defined and/or the discovery has not and is not likely to substantiate class allegations. Mot., 8-9.

6

Notably, Plaintiff does not distinguish any of the cases cited by Hearing Help in support thereof.

7

As an initial matter, Plaintiff failed to promptly, and properly, identify the scope of the

8

class he purports to represent—much less substantiate the reasonableness of the requested class

9

discovery so late in the case. As to the discovery requests, Plaintiff contends Hearing Help did

10

not have prior express consent to call Plaintiff—before jumping to the unsubstantiated

11

conclusion this must be true for all 344,000 people Hearing Help allegedly called, regardless of

12

whether Hearing Help obtained their info from Triangular. Opp., 4:1-3. But Plaintiff has not

13

alleged any facts as to how Hearing Help obtained contact info for these other individuals and/or

14

how it employed the other lead generation vendors to obtain the leads. All Plaintiff has right

15

now is a vague assertion Hearing Help utilized an autodialer for the calls at issue. Nor does

16

Plaintiff even specifically allege calls to these other people were "telemarketing" calls or were

17

otherwise made to cellphones (each of which would require different forms of consent). Thus,

18

his request for "the *opportunity* to discover whether consent evidence exists with respect to

19

Hearing Help's other lead sources" is not well taken. *Id.* (emphasis added). Moreover,

20

Plaintiff's bold statements that "[t]here is nothing unique about Plaintiff," and "[c]onsent

21

evidence either exists or doesn't exist," are inherently false and misleading. Opp., 6:4-7. As

22

stated in the *Motion*, there are several facts surrounding only Plaintiff that make every step of

23

how his number was obtained and sold to Hearing Help, and how he was then called by Hearing

24

Help, demonstrably "unique."

25

Again, the consent argument only gets Plaintiff so far. The TCPA makes autodialed calls

26

illegal only when made by way of an "automatic telephone dialing system" and without "prior

27

28

DEFENDANT'S REPLY TO OPPOSITION TO
MOTION FOR PROTECTIVE ORDER- 2
Case No. 3:19-cv-05960-MJP

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1    express consent." 47 U.S.C. § 227(b)(1)(A). As to Hearing Help's own calls, discovery as to

2    calls made to Triangular leads has occurred. And Plaintiff issued a subpoena to Triangular

3    (before adding it as a party) for Triangular's own lead generation methods, including outbound

4    calls and dialing systems to demonstrate *vicarious liability* for those third-party calls as well.

5    That is where the class ends. As to the other leads/vendors, including ByteSuccess, while

6    Plaintiff concedes he is "is willing to limit the scope of the Subpoena to documents pertaining to

7    the issue of prior express written consent," he fails to explain how the Subpoena will yield

8    information only as to those called by Hearing Help for marketing purposes using an auto-dialer.

9    **B.      Class Discovery Should be Limited to Calls Related to Triangular.**

10           In support of his claim that consent evidence is relevant, Plaintiff asserts consent is an

11   affirmative defense—not an element of a TCPA claim. Opp., 7:1-15. And if Hearing Help

12   wants to use this defense it must then substantiate it through discovery. *Id.* But, regardless of

13   whether consent is Hearing Help's burden to prove, evidence relating to *other* calls placed to

14   leads provided by *other* lead generator vendors besides Triangular is still overly broad,

15   burdensome, and unmanageable. Again, just because Plaintiff alleges a broad class does not

16   equate to automatic discovery. *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). Said

17   differently, even if consent evidence from Hearing Help and other third-party vendors is

18   relevant, and *if* Plaintiff can prove enough evidence exists as to the illegality of calls placed by

19   Hearing Help, this alone is not enough to compel discovery. *Mora v. Zeta Interactive Corp.*,

20   2017 WL 1187710, at *3 (E.D. Cal. Feb. 10, 2017) ("relevancy alone is no longer sufficient to

21   obtain discovery, the discovery requested must also be proportional to the needs of the case.").

22           For this reason, the *Ahmed v. HSBC Bank USA, Nat'l Asn'n*. case cited is distinguishable.

23   There, defendants sought to preclude *any* discovery outside the calls made to plaintiffs, even

24   though the defendant hired a vendor to place calls and that vendor outsourced the calling

25   function to another company. 2017 WL 4325587, at *3 (C.D. Cal. Sept. 25, 2017). Here,

26   however, Hearing Help agreed to, and did, produce discovery as to Triangular *and all calls made*

27

28   DEFENDANT'S REPLY TO OPPOSITION TO          **VAN KAMPEN & CROWE** PLLC
     MOTION FOR PROTECTIVE ORDER- 3                  1001 Fourth Avenue, Suite 4050
     Case No. 3:19-cv-05960-MJP                        Seattle, Washington 98154-1000
                                                            (206) 386-7353
     113461.00602/123889630v.4

1   *to the Triangular leads*, not just those calls to Plaintiff.  Nor did *Ahmed* involve multiple lead

2   generators obtaining consent in various ways, as here.  The other cited case is outside this circuit.

3   **C.      Documents Sought By The ByteSuccess Subpoena Are Also Irrelevant.**

4          Plaintiff argues the ByteSuccess Subpoena should be allowed because it seeks the same

5   information Plaintiff sought from Triangular via subpoena—to which Hearing Help did not

6   object. Opp, 4:8-11.  But this only proves Hearing Help's point about how only leads sold by

7   Triangular, and the surrounding information, are relevant.  In fact, after learning Triangular had

8   sold his info, Plaintiff moved to amend his *Complaint* to add Triangular (and its alleged owner)

9   as defendants.  Hearing Help stipulated to this request.  D.E. 36.  And when Plaintiff then learned

10  another entity—*i.e.*, LeadCreations—was potentially related to Triangular, and may have

11  assisted with Triangular's lead generation activities for Hearing Help (including as to Plaintiff),

12  he moved to amend his complaint again.  D.E. 61.  Hearing Help again stipulated.  D.E. 62 at 22.

13         Next, Plaintiff argues because Hearing Help produced documents that contemplate a

14  relationship between Hearing Help and ByteSuccess, and a former Hearing Help employee

15  testified ByteSuccess was one of the vendors, he is entitled to the information in the Subpoena.

16  Opp., 9:8-13.  This is incorrect.  That ByteSuccess obtained leads for Hearing Help does not

17  therefore mean Plaintiff is automatically entitled to discovery.  That is why, during the meet and

18  confer call, defense counsel requested the Subpoena be withdrawn in its entirety.[2]

19  **D.      That Consent Evidence May Be Relevant To Class Certification Is Not A**
    **Compelling Factor For Purposes of Determining Undue Burden on Defendant.**

20         Plaintiff claims that the fact Hearing Help received leads from multiple sources and in

21  multiple ways does not create individualized issues preventing class certification, and that

22  consent evidence is relevant for the predominance requirement for class certification.  Opp.,

23  8:17-22.  This misses the point.  Whether consent will be or is an individualized issue (it is), and

---

[2]  Plaintiff also contends he needs consent evidence from third parties because counsel for Hearing Help said documentary evidence demonstrating Plaintiff provided his consent to be called on a website does not exist.  Opp., 5:19-23.  But whether Hearing Help obtained such documentary evidence of Plaintiff's use of a website as of July 30, 2020, does not establish the relevancy as to how *other* lead vendors (other than Triangular) obtained consent.

DEFENDANT'S REPLY TO OPPOSITION TO
MOTION FOR PROTECTIVE ORDER- 4
Case No. 3:19-cv-05960-MJP

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1  whether consent is relevant to class certification, the court is asked to determine the scope of the

2  class considering Hearing Help's objections.  Hearing Help's Motion does not purport to brief

3  class certification; rather, it asks the Court to limit discovery to what is reasonable and

4  proportional given the burden on defendant and management of the court's docket.  In any event,

5  in *True Health Chiropractic v. McKesson Corp.*, 896 F.3d 923, 931 (9th Cir. 2018), the court

6  noted that "[d]efenses that must be litigated on an individual basis can defeat class certification."

7  **E.      The Court's Prior Orders Are Purposefully Narrow.**

8          Plaintiff argues two of Judge Leighton's Orders support discovery regarding other

9  vendors.  The first Order is on Hearing Help's *Motion to Strike* class allegations.  D.E. 32.  In

10 this Order (and the language Plaintiff cites to), the Court discusses the allegations that calls were

11 made via an auto-dialer **or** an artificial/prerecorded voice, and how this created a cause of action

12 that does not discriminate based on the **type** of number called (*i.e.*, whether a person's cellphone

13 or residential line was called).  *Id*.  The Court's analysis as to whether Plaintiff can represent a

14 class of people who received calls on a **residential** line—even though Plaintiff only received

15 calls on his **cellphone**—has no bearing on whether the Court then believed Plaintiff can allege a

16 class of persons whose information was obtained from different sources and in different ways.

17 Opp., 8:22-9:7.  This is not a "substantially similar analysis" and the fact the Court did not strike

18 class allegations as to calls made to residential phone numbers does not mean the discovery

19 Plaintiff now seeks is relevant or that the class as defined should be read so broadly.

20         As to the *Motion to Compel* ruling (which is purposefully narrow), as explained in the

21 *Motion*, the Court **only** ordered Haring Help to provide call logs.  No other discovery, including

22 RFP 39, was compelled and no other discovery was ordered by the Court.  D.E. 65.

23 **F.      Hearing Help Has Established The Undue Burden of Production.**

24         Hearing Help has supported is contention regarding the undue burden and expense the

25 discovery sought by Plaintiff would impose.  Ironically, Plaintiff cites a case that says a party

26 opposing discovery as burdensome must provide detail as to time, money, and procedure

27

28 DEFENDANT'S REPLY TO OPPOSITION TO            **VAN KAMPEN & CROWE** PLLC
   MOTION FOR PROTECTIVE ORDER- 5                    1001 Fourth Avenue, Suite 4050
   Case No. 3:19-cv-05960-MJP                            Seattle, Washington 98154-1000
                                                             (206) 386-7353

   113461.00602/123889630v.4

required to produce the requested documents.  Opp., 9:25-10:2.  That is exactly what Hearing Help did via the Calligan Declaration.  Mr. Calligan explained he is the only person at the company who can perform this task and that it would take several weeks of his time solely dedicated to this task (which he cannot do given his primary job responsibilities) to produce the requested class-wide consent evidence or otherwise.  Plaintiff cites to *City of Seattle v. Prof'l Basketball Club, LLC*, 2008 WL 539809, at *3 (W.D. Wash. Feb. 25, 2008), for the contention that "[a] claim that answering discovery will require the objecting party to expend considerable time and effort to obtain the requested information is an insufficient factual basis for sustaining an objection."  But that case only involved objections ***unsupported*** by a declaration explaining undue burden, as seen here.  The other cited case, *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428 (D. Nev. 2006), involved whether a deposition was proper—not document requests.

Plaintiff's final, misguided argument is that since the "only" evidence of consent Hearing Help provided with respect to the Triangular leads was one document (the Insertion Order), providing evidence of consent for all leads would not be an undue burden.  First, the Insertion Order with Triangular is ***not*** the only evidence of consent for said leads.  In fact, there is a recording of Plaintiff's call with Triangular, affidavits from Triangular representatives, and there may yet be more evidence from third parties/codefendants.  *See* McEntee Dec., Ex. 2.  Though Plaintiff now claims to only seek consent evidence, Opp., 4:11-13, this effort would still impose a substantial, undue burden on Hearing Help—as explained in the Calligan Declaration.[3]

### III.    CONCLUSION

Based on the foregoing, and for the reasons set forth in the *Motion*, Hearing Help requests a protective order precluding ByteSuccess from responding to the Subpoena and precluding Hearing Help from producing discovery related to other lead generators.

---

[3] As a final point, to the extent the Court allows Plaintiff to pursue a broad class as defined in the SAC, and compels Hearing Help to respond to such discovery related to other vendors, including as to consent evidence from call recipients—whether obtained from Hearing Help or the other vendors—Hearing Help will attempt to comply.  However, there is no proposition under which Hearing Help should be precluded from producing or relying on evidence of consent if Plaintiff is allowed to pursue such an overbroad class.

DEFENDANT'S REPLY TO OPPOSITION TO
MOTION FOR PROTECTIVE ORDER- 6
Case No. 3:19-cv-05960-MJP

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123889630v.4

1

DATED this 2nd day of October, 2020.

2

3

VAN KAMPEN & CROWE PLLC

4

*/s/David E. Crowe*
David E. Crowe, WSBA No. 43529
dcrowe@vkclaw.com

5

6

BLANK ROME LLP

7

*/s/Nicole B. Metral*
Ana Tagvoryan (admitted *pro hac vice*)
atagvoryan@BlankRome.com
Jeffrey Rosenthal (admitted *pro hac vice*)
Rosenthal-J@BlankRome.com
Nicole B. Metral (admitted *pro hac vice*)
nbmetral@blankrome.com
2029 Century Park East, 6th Floor
Los Angeles, CA  90067
Telephone:    424.239.3400
Facsimile:    424.239.3434

8

9

10

11

12

13

*Attorneys for Defendant Hearing Help Express, Inc.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S REPLY TO OPPOSITION TO
MOTION FOR PROTECTIVE ORDER- 7
Case No. 3:19-cv-05960-MJP

113461.00602/123889630v.4

VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

**CERTIFICATE OF SERVICE**

I, Nicole Metral, hereby certify that on October 2nd, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following

| | |
|---|---|
| TERRELL MARSHALL LAW GROUP | PARONICH LAW, P.C. |
| Beth E. Terrell | Anthony I. Paronich |
| Jennifer Rust Murray | 350 Lincoln Street, Suite 2400 |
| Adrienne D. McEntee | Hingham, Massachusetts 22043 |
| 936 North 34th Street, Suite 300 | Phone: (617) 485-0018 |
| Seattle, Washington 98103-8869 | Fax: (503) 318-8100 |
| Phone: (206) 816-6603 | Anthony@paronichlaw.com |
| BTerrell@terrellmarshall.com | |
| JMurray@terrellmarshall.com | Attorney for Plaintiff |
| AMcentee@terrellmarshall.com | |

Attorneys for Plaintiff


Carl J. Marquardt
LAW OFFICE OF CARL J. MARQUARDT, PLLC
1126 34th Avenue, Suite 311
Seattle, Washington 98122-5137
Telephone: (206) 388-4498
carl@cjmpllc.com

Edward Maldonado, Admitted Pro Hac Vice
Email: eam@maldonado-group.com
Email: awclerk@maldonado-group.com
MALDONADO LAW GROUP
2850 S. Douglas Road, Suite 303
Coral Gables, Florida 33134
Telephone: (305) 477-7580
eam@maldonado-group.com
awclerk@maldonado-group.com

Attorneys for Defendant Lewis Lurie

Signed at Los Angeles, California this 2nd day of October 2020.

*/s/ Nicole Metral*
Nicole Metral

DEFENDANT'S MOTION FOR
PROTECTIVE ORDER
Case No. 3:19-cv-05960-MJP

VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123889630v.4