THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MARK HOFFMAN, on behalf of himself and all others similarly situated,

    Plaintiff,

vs.

HEARING HELP EXPRESS, INC., LEADCREATIONS.COM, LLC, TRIANGULAR MEDIA CORP. and LEWIS LURIE.

    Defendants.

NO. 3:19-cv-05960-MJP

**PLAINTIFF'S MOTION TO STRIKE HEARING HELP EXPRESS, INC.'S FOURTEENTH AFFIRMATIVE DEFENSE**

**Note on Motion Calendar: 10/30/20**

PLAINTIFF'S MOTION TO STRIKE HEARING HELP EXPRESS, INC.'S FOURTEENTH AFFIRMATIVE DEFENSE
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## TABLE OF CONTENTS

| | | Page No. |
|---|---|---|
| I. | RELIEF REQUESTED | 1 |
| II. | BACKGROUND | 1 |
| III. | ARGUMENT | 2 |
| IV. | CONCLUSION | 4 |

PLAINTIFF'S MOTION TO STRIKE HEARING HELP EXPRESS, INC.'S FOURTEENTH AFFIRMATIVE DEFENSE - i
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## TABLE OF AUTHORITIES

**Page No.**

### FEDERAL CASES

*Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 2017 WL 5720548 (C.D. Cal. Nov. 6, 2017) ....3

*Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768 (11th Cir. 2011) ....2

*Lemieux v. Lender Processing Ctr.*, No. 16-cv-1850-BAS, 2018 WL 637945 (S.D. Cal. Jan. 31, 2018) ....3

*Luna v. Shac, LLC*, No. 14-cv-607-HRL, 2014 WL 3421514 (N.D. Cal. July 14, 2014) ....4

*N.L. v. Credit One Bank, N.A.*, 960 F.3d 1164 (9th Cir. 2020) ....2

*Olney v. Job.com, Inc.*, No. 1:12-CV-01724-LJO, 2014 WL 1747674 (E.D. Cal. May 1, 2014) ....3

*Optical Coating Lab., Inc. v. Applied Vision, Ltd.*, C-92-4689 MHP, 1995 WL 150513 (N.D. Cal. Mar. 20, 1995) ....2

*Perez v. Rash Curtis & Assoc.*, No. 16-cv-3396-YGR, 2019 WL 1491694 (N.D. Cal. April 4, 2019) ....3

*Pieterson v. Wells Fargo Bank, N.A.*, No. 17-CV-02306-EDL, 2018 WL 3241069 (N.D. Cal. July 2, 2018) ....3

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012) ....3

*Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876 (8th Cir. 2005) ....3

*Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970 (9th Cir. 2010) ....2

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**FEDERAL STATUTES**

U.S.C. § 227(b)(1)(A)(iii) ....................................................................................................4

**OTHER AUTHORITIES**

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830 (2012) ....................................................................................4

PLAINTIFF'S MOTION TO STRIKE HEARING HELP EXPRESS, INC.'S FOURTEENTH AFFIRMATIVE DEFENSE - iii
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. RELIEF REQUESTED

Plaintiff Mark Hoffman sues Hearing Help Express, Inc. under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") because he received at least seven telemarketing calls without his prior express written consent. Hearing Help does not deny that Mr. Hoffman received these calls, but instead maintains that it cannot be held liable, asserting as an affirmative defense that it, among other things, "acted in good faith" and "reasonably relied" on its lead provider Triangular Media Corp. to obtain the required consent. *See* ECF No. 82 at 22 (Affirmative Defense 14). But "good faith" and "reasonable reliance" are not defenses to a claim brought under the TCPA. Because Hearing Help's "good faith" and "reasonable reliance" defense fails as a matter of law, Mr. Hoffman respectfully requests that it be stricken.

## II. BACKGROUND

Hearing Help is a business that uses telemarketing to sells hearing aids. ECF No. 72 ¶ 1. Hearing Help makes its own telemarketing calls with leads it purchases from third party vendors. ECF No. 81 ¶ 11 (Hearing Help purchased 344,000 leads from 11 vendors). One of those vendors is Triangular.

Mr. Hoffman alleges that Hearing Help violated the TCPA when it placed automated calls to numbers that were assigned to cellular telephone services without first obtaining the called parties' express written consent. *See* ECF No. 72 ¶ 52. In its Answer, Hearing Help lodges twenty-four affirmative defenses, including:

**<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>**

> Defendant at all times acted in good faith and within reasonable commercial standards as to the matters alleged in the SAC. Moreover, Defendant acted in good faith and reasonably relied on Triangular/LeadCreations, and any other lead generation vendor in their compliance with the TCPA in generating leads sold to Defendant. Triangular/LeadCreations, and all other lead generation vendors were to only provide leads to Defendant who provided express consent to be called. Triangular/LeadCreations and all other lead generation vendors provided assurances to Defendant that all

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

> leads transmitted to Hearing Help had given their express consent to be contacted by Defendant. Defendant reasonably believed only leads who provided consent to be called would be transmitted from Triangular/LeadCreations and the third-party lead generation vendors.

*See* ECF No. 82. Hearing Help has indicated repeatedly that it plans to rely heavily on this defense at trial. *See. e.g.,* ECF No. 37, 39, 43, 79, 85 and 87.

## III. ARGUMENT

Under Federal Rule of Civil Procedure 12(f), a district court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotations omitted). In assessing a Rule 12(f) motion, the court must determine whether the matter the moving party seeks to have stricken is (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. *Id.* at 973–74. "[A] Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Optical Coating Lab., Inc. v. Applied Vision, Ltd.*, C-92-4689 MHP, 1995 WL 150513, at *1 (N.D. Cal. Mar. 20, 1995) (internal citation omitted). Hearing Help's theory fails as a matter of law and, accordingly, striking the affirmative defense promotes the efficient resolution of this matter.

Although it has not addressed the good faith or reasonable reliance defense directly, the Ninth Circuit recently held that a defendant's "intent" to place lawful calls cannot defeat a TCPA claim. *N.L. v. Credit One Bank, N.A.*, 960 F.3d 1164, 1170 (9th Cir. 2020) (rejecting defendant's argument that it could not be held liable under the TCPA if the "intended recipient" of the calls had consented). Indeed, every circuit court to consider whether intent is relevant to underlying TCPA liability have all concluded that good faith error or mistake does not preclude a defendant's liability but only impacts potentially trebling damages for willful conduct. *See Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011) ("The TCPA is

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

essentially a strict liability statute . . . . [and] does not require any intent for liability except when awarding treble damages."); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 641 (7th Cir. 2012) (affirming TCPA liability for calls to phone numbers where the recipient of the call had not given consent, even if the phone number was called due to a typographical error in its entry or because the number previously belonged to a different person); *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876, 882 n. 3 (8th Cir. 2005) ("The [TCPA] . . . makes no exception for senders who mistakenly believe that recipients' permission or invitation existed. The issue of intent, or more accurately, the issues of knowledge and willfulness, however, clearly are material to the question of treble damages.").

Numerous district courts in this Circuit have similarly rejected callers' attempts to graft a "good faith" exception onto the TCPA. *See, e.g., Perez v. Rash Curtis & Assoc.*, No. 16-cv-3396-YGR, 2019 WL 1491694, at *5 (N.D. Cal. April 4, 2019) (a defendant's good faith belief it was complying with the TCPA is relevant only to willfulness); *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-CV-02306-EDL, 2018 WL 3241069, at *3 (N.D. Cal. July 2, 2018) ("In the Ninth Circuit, district courts have generally rejected the 'intended recipient' definition, which counsels against a conclusion that Defendant can rely on a good faith exemption to the consent requirement."); *Olney v. Job.com, Inc.*, No. 1:12-CV-01724-LJO, 2014 WL 1747674, at *9 (E.D. Cal. May 1, 2014) ("the [c]ourt declines to find TCPA provides a good faith exception"); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 2017 WL 5720548, at *3 (C.D. Cal. Nov. 6, 2017) ("there is no good faith defense against a TCPA claim").

Courts instead have observed that the TCPA imposes strict liability for unlawful calls. *Ahmed*, 2017 WL 5720548, at *3 ("The TCPA is essentially a strict liability statute[.]") (quotation marks and citation omitted); *Lemieux v. Lender Processing Ctr.*, No. 16-cv-1850-BAS, 2018 WL 637945, at *3 (S.D. Cal. Jan. 31, 2018) ("The TCPA is in essence a strict liability statute and it is not up to this Court to equitably temper its bite.") (citation omitted);

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Luna v. Shac, LLC*, No. 14-cv-607-HRL, 2014 WL 3421514, at *4 (N.D. Cal. July 14, 2014) ("[S]ince the TCPA is essentially a strict liability statute ... defendants reasonably should have anticipated that the use of [an automated] system to call a New York cell-phone number could subject them to being held into court in New York.") (quoting *Branham v. ISI Alarms, Inc.*, No. 12-cv-1012-ARR, 2013 WL 4710588 (E.D.N.Y. Aug. 30, 2013)).

The TCPA requires Hearing Help to obtain the prior express written consent of Plaintiff and other leads before it calls them. *See* U.S.C. § 227(b)(1)(A)(iii); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1839 (2012). Instead of doing what the law required it to do, Hearing Help apparently relied—at its peril—on its telemarketing vendor to comply with the TCPA. It did not. And Hearing Help's "good faith belief" that it had permission to place the calls is insufficient to avoid liability under the TCPA.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike Hearing Help's fourteenth affirmative defense.

RESPECTFULLY SUBMITTED AND DATED this 9th day of October, 2020.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Adrienne D. McEntee, WSBA #34061
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com
Adrienne D. McEntee, WSBA #34061
Email: amcentee@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603

PLAINTIFF'S MOTION TO STRIKE HEARING HELP EXPRESS, INC.'S FOURTEENTH AFFIRMATIVE DEFENSE - 4
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Anthony I. Paronich, *Admitted Pro Hac Vice*
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

PLAINTIFF'S MOTION TO STRIKE HEARING HELP EXPRESS, INC.'S FOURTEENTH AFFIRMATIVE DEFENSE - 5
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CERTIFICATE OF SERVICE

I, Adrienne D. McEntee, hereby certify that on October 9, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David E. Crowe, WSBA #43529
Email: dcrowe@vkclaw.com
VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154
Telephone: (206) 386-7353
Facsimile: (206) 405-2825

Ana Tagvoryan, *Admitted Pro Hac Vice*
Email: atagvoryan@blankrome.com
Nicole Bartz Metral, *Admitted Pro Hac Vice*
Email: nbmetral@blankrome.com
BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, California 90067
Telephone: (424) 239-3400
Facsimile: (424) 239-3434

Jeffrey Rosenthal, *Admitted Pro Hac Vice*
Email: rosenthal-j@blankrome.com
BLANK ROME LLP
130 North 18th Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 569-5500
Facsimile: (215) 569-5555

*Attorneys for Defendant Hearing Help Express, Inc.*

Carl J. Marquardt
Email: carl@cjmpllc.com
LAW OFFICE OF CARL J. MARQUARDT, PLLC
1126 34th Avenue, Suite 311
Seattle, Washington 98122-5137
Telephone: (206) 388-4498

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Edward Maldonado*, Admitted Pro Hac Vice*
Email: eam@maldonado-group.com
Email: awclerk@maldonado-group.com
MALDONADO LAW GROUP
2850 S. Douglas Road, Suite 303
Coral Gables, Florida 33134
Telephone: (305) 477-7580

*Attorneys for Defendant Lewis Lurie*

DATED this 9th day of October, 2020.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Adrienne D. McEntee, WSBA #34061
Adrienne D. McEntee, WSBA #34061
Email: amcentee@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

*Attorneys for Plaintiff and the Proposed Class*

PLAINTIFF'S MOTION TO STRIKE HEARING HELP EXPRESS, INC.'S FOURTEENTH AFFIRMATIVE DEFENSE - 7
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com