THE HONORABLEMARSHA J. PECHMAN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| MARK HOFFMAN, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>HEARING HELP EXPRESS, INC., TRIANGULAR MEDIA CORP., LEADCREATIONS.COM, LLC and LEWIS LURIE.<br><br>        Defendants. | Case No.: 3:19-CV-05960-MJP<br><br><br>**DEFENDANT LEADCREATIONS.COM, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

LAW OFFICE OF<br>**CARL J. MARQUARDT, PLLC**<br>1126 34TH AVENUE, SUITE 311<br>SEATTLE, WASHINGTON 98122-5137<br>(206) 388-4498

Defendant, Leadcreations.com, LLC, ("Defendant"), by and through its undersigned counsel, hereby files this Answer and Affirmative Defenses to the Second Amended Complaint ("SAC") (D.E. 45) of Plaintiff, Mark Hoffman, ("Plaintiff") as numbered herein.

## ANSWER

In responding to the SAC, Defendant denies all allegations contained therein unless specifically admitted below.

## I.    NATURE OF ACTION

1. From at least May through September 2019, Mark Hoffman received telemarketing calls on his cellular phone placed by or on behalf of Hearing Help Express, Inc. seeking to sell their hearing aid products to him.

**ANSWER:** The substance of Paragraph 1 is an introductory statement of alleged facts, with no allegation of fact or claim made against the Defendant and therefore no response is required, but to the extent any response would be required, Defendant lacks knowledge or information sufficient to confirm the truth of all allegations as stated within Paragraph 1, and can neither admit nor deny the allegations, and accordingly Defendant demands strict proof thereof. To the extent any further response is required to this Paragraph, Defendant denies all remaining allegations or inferences within Paragraph 1.

2. The calls were placed using an automatic telephone dialing system ("ATDS") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 2

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

**ANSWER:** Defendant lacks knowledge or information sufficient to confirm the truth of all allegations as stated within Paragraph 2, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof thereof.  To the extent any response is required to remaining allegations of this paragraph, Defendant denies the allegations or inferences within Paragraph 2.

3. Triangular Media Corp., which is owned and operated by Lewis Lurie and related company, Leadcreations.com, initiated some of the telemarketing calls to Mr. Hoffman until June of 2019. Triangular and Leadcreations.com initiated these calls itself or through a call center that it retained to place the calls.

**ANSWER:**   Defendant denies the compound allegations and inferences of Paragraph 3 in four Parts:

1. Defendant denies that Triangular Media Corp. and Leadcreations.com are, or at any time have ever been related companies, or have operated as related companies, or, in unison or concert for the purpose of Triangular Media Corp.'s business;

2. Defendant denies it ever initiated any telemarketing calls to Mr. Hoffman, either individually or in unison or concert or otherwise indirectly with Triangular Media Corp.;

3. Defendant denies that it ever had any contracts or dealings wherein it conducted telemarketing or contracted, hired or engaged any third-party person or call center for Triangular Media Corp.;

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 3

4.    Defendant denies that it ever was involved in the generation of leads on behalf of Triangular Media Corp., or for Triangular Media Corp. on behalf of Hearing Help Express, or for Hearing Help Express, either directly or indirectly.

All remaining allegations and inferences of Paragraph 3 are denied by Defendant, as they were, upon Defendant's information and belief, not diligently or reasonable investigated by the Plaintiff prior to this lawsuit, and as such, are predicated on misinformation and unfounded speculation of the Plaintiff, most specifically as related to Leadcreations.com.

4. After receiving the calls from Triangular and Leadcreations.com, Mr. Hoffman received ATDS calls from Hearing Help Express, Inc. directly.

**ANSWER:** Defendant categorically denies the allegations and inferences that Leadcreations.com, or any third party or person at its direction, placed a call or called the Plaintiff as alleged in Paragraph 4.  Furthermore, Defendant lacks knowledge or information regarding Hearing Help Express, Inc. sufficient to confirm the truth of all such allegations as stated within Paragraph 4, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof thereof.  All remaining allegations or inferences of Paragraph 4 are otherwise denied by the Defendant.

5. Mark Hoffman has not been a Hearing Help Express, Inc. customer at any time, and Mark Hoffman did not consent to receive calls from Hearing Help Express, Inc., Triangular Media Corp., Leadcreations.com, Lewis Lurie, or their agents. Mark Hoffman's telephone number is

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 4

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

listed on the Do Not Call registry maintained by the Federal Trade Commission and has been continuously listed there since August 21, 2009.

**ANSWER:** Defendant admits that it has no record of any contact with Mr. Mark Hoffman or that neither Leadcreations.com nor their agents ever called Mr. Hoffman. Defendant lacks knowledge or information as to whether Mr. Hoffman has been a Hearing Help Express, Inc. customer at any time, or whether Mr. Hoffman consented to receive calls from Hearing Help Express, Inc., Triangular Media Corp., Lewis Lurie, or their agents. Defendant lacks knowledge or information as to whether Mr. Hoffman's telephone number is listed on the Do Not Call registry; and as to the remaining allegations of Paragraph 5, Defendant lacks sufficient information to confirm the truth of, Defendant demands strict proof thereof.

6. Plaintiff brings this class action for damages and other equitable and legal remedies resulting from Defendants' violations of the TCPA.

**ANSWER:** Defendant denies the allegations and inferences contained in Paragraph 6 in that Leadcreations.com never called Plaintiff, directly or indirectly, and accordingly could not have violated the TCPA as a result that would entitle Plaintiff to damages, equitable relief or any other legal remedies against it premised upon the Plaintiff.

## II.  JURISDICTION AND VENUE

7. This Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331, because they present a federal question.

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 5

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**ANSWER:**  Defendant denies Plaintiff has legal standing to bring this action to this Court under 47 U.S.C. §227(b), and in combination with 28 U.S.C. §1331 and § 1332 (d) (2), has failed to meet the requisite thresholds of the Class Action Fairness Act ("CAFA") as related to this cause of action and the Defendant.  All remaining allegations and inferences of Paragraph 8 against the Defendant are denied by Defendant as they were, upon Defendant's information and belief, not diligently or reasonable investigated by the Plaintiff prior to this lawsuit, and as such, are predicated on misinformation and unfounded speculation as related to Leadcreations.com.

8. This Court has personal jurisdiction over Hearing Help Express, Inc., Triangular Media, Leadcreations.com and Mr. Lurie because they initiated the calls to Plaintiff's cellular phone. Plaintiff's cellular phone uses a Washington area code and was, at all relevant times, located in Washington.

**ANSWER:** Defendant denies in part and admits in part the allegations and inferences of Paragraph 8.  Defendant admits it is not, and has not ever been, a lead vendor for Hearing Help and did not indirectly generate leads on behalf of Hearing Help or Triangular Media Corp. Defendant specifically denies this Court has personal jurisdiction over it under 47 U.S.C. §227(b), and accordingly denies such allegations and inferences otherwise contained within Paragraph 8. All remaining allegations and inferences of Paragraph 8 against the Defendant are denied by Defendant as they were, upon Defendant's information and belief, not diligently or reasonable investigated by the Plaintiff prior to this lawsuit, and as such, are predicated on misinformation and unfounded speculation as related to Leadcreations.com.

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 6

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

Defendant lacks knowledge or information regarding the remaining allegations of Paragraph 8 sufficient to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof thereof. Defendant denies all remaining allegations or inferences of Paragraph 8.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

**ANSWER:** Defendant reasserts its answers to Paragraph 7 of the SAC; and denies the allegations and inferences contained in Paragraph 9.

## III.  PARTIES

10. Plaintiff Mark Hoffman resides in Kitsap County, Washington.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 10 sufficient to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof thereof.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 10.

11. Defendant Hearing Help Express, Inc. is an Illinois corporation with headquarters in Dekalb, Illinois.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 11 sufficient to confirm the truth of all such allegations as stated, and can neither admit

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 7

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

1    nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof. To

2    the extent a response is required, Defendant denies the allegations contained in Paragraph 11.

3

4         12. Defendant Leadcreations.com, LLC is a Florida limited liability company with its

5    principal place of business in Florida. Leadcreations.com engaged in telemarketing conduct in this

6    district for, or together with, Triangular Media in order to market Hearing Help products

7         **ANSWER:** Defendant admits in part and denies in part the allegations and inferences of

8    Paragraph 12.  Defendant admits it is a Florida limited liability company with its principal place

9    of business in Florida. Defendant further admits that it is not a lead vendor with which Hearing

10   Help worked that generated leads for Hearing Help at any time or through any method. Defendant

11   specifically denies that it or any third party on its behalf engaged in any conduct, most specifically

12   telemarketing under 47 U.S.C. §227(b), within this district in order to market Hearing Help

13   products. Defendant specifically denies that it conducted any telemarketing in unison with

14   Triangular Media Corp. at any time for any products. Defendant specifically denies that it ever

15   marketed Hearing Help products.  As to all remaining allegations or inferences of Paragraph 12,

16   not specifically denied, Defendant lacks knowledge or information regarding the allegations

17   sufficient to confirm the truth of all such allegations as stated, and can neither admit nor deny the

18   allegation, and accordingly Defendant demands strict proof or admission thereof.

19

20

21

22        13. Defendant Triangular Media Corp. is a Florida corporation with its principal place of

23   business in Florida. Triangular engages in telemarketing conduct in this district and others

24   throughout the nation in order to market Hearing Help products.

25

26

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 8

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 13 sufficient to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.

14. Defendant Lewis Lurie is the owner and operator of Triangular Media.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 14 sufficient to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.

15. Under the TCPA, an individual such as Mr. Lurie, may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, inter alia:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user as well as of that person.

See 47. U.S.C. § 217 (emphasis added).

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 15 sufficient to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof. To the extent a response is required, the allegations as to contained in Paragraph 15 are denied as to itself.

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

16. Mr. Lurie personally participated in the actions complained of by (a) selecting some of the phone numbers that would be called; (b) choosing any telemarketing call center that it might have used; and (c) personally authorizing the telemarketing conduct of Triangular Media.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 16 sufficient to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.

## IV.  FACTUAL ALLEGATIONS

**A. Defendants made non-emergency calls to the cellular phones of Plaintiff and other consumers without their prior express written consent.**

**ANSWER**: The substance of paragraph IV (A) is an introductory statement, and alleged legal conclusion, and therefore no response is required, but to the extent any response would be required, all allegations or inferences are denied.

17. Plaintiff's telephone number, (XXX) XXX-9916, is assigned to a cellular telephone service.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 17sufficient to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 10

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

18. Plaintiff has not been a Hearing Help Express, Inc. customer or subscriber at any time and never consented to receive calls from Hearing Help Express, Inc., Leadcreations.com, Triangular Media, or Lewis Lurie.

**ANSWER:** Defendant admits that it has no information on Plaintiff in its business records and has never interacted with Plaintiff, directly or indirectly, either before or after the filing of the instant action.   Defendant lacks knowledge or information regarding the remainder of the allegations in Paragraph 18 sufficient to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.


19. In May and June of 2019, the Plaintiff received at least seven telemarketing calls from Leadcreations.com, Triangular Media, or a call center they commissioned.

**ANSWER:** Defendant denies the specific allegation and inference of Paragraph 19 in that Leadcreations.com ever made telemarketing calls to Plaintiff or otherwise commissioned other persons, companies, or call centers or to do such on its behalf.   Defendant lacks knowledge or information regarding the remainder of the allegations in Paragraph 19 sufficient to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.


20. These calls occurred on May 21, 22, 23, 24 and June 4, 13, 2019.

**ANSWER:** Defendant denies the allegations and inferences of Paragraph 20 insofar that Leadcreations.com made no telemarketing calls to Plaintiff on May 21, 22, 23, 24 and June 4, 13,

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

2019 or ever, and did not engage or commission any other person, company or call center to do so on its behalf during those dates or any other date.  All remaining allegations or inferences of Paragraph 20 are otherwise denied.

21. All of the calls were made using the Caller ID (855) 255-8148.

**ANSWER:** Defendant re-avers its answers to ¶3; ¶7; ¶ 12; and ¶ 20, and accordingly lacks knowledge or information regarding the allegations of Paragraph 21 sufficient to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.

22. During the call on June 13, 2019, Plaintiff was transferred, and a prerecorded message played. The prerecorded message played a series of recorded questions. Plaintiff wanted to know who had been calling him so he answered the questions. At the end of the message, a prerecorded question asked him if he agreed to receive automated calls about hearing aids. The recording did not identify who would be calling him about hearing aids. Plaintiff answered "no," clearly indicating that he did not consent to receive calls.

**ANSWER:** Defendant re-avers its answers to ¶3; ¶7; ¶ 12; and ¶ 20, and accordingly lacks knowledge or information regarding the allegations of Paragraph 22 sufficient to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 12

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

23. On August 27, 2019, Hearing Help Express, Inc. called Plaintiff's cellular phone from the telephone number (630) 403-8617.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 23 sufficient to confirm the truth of all such allegations as stated related to telephone number (630) 403-8617 or calls made from that telephone number on August 27, 2019, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.  All remaining allegations or inferences of Paragraph 23 are otherwise denied.

24. On August 29, 2019, Hearing Help Express, Inc. again called Plaintiff's cellular phone from the telephone number (630) 403-8617.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 24 sufficient to confirm the truth of all such allegations as stated related to telephone number (630) 403-8617 or calls made from that telephone number on August 29, 2019, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.  All remaining allegations or inferences of Paragraph 24 are otherwise denied.

25. On September 4, 2019, Hearing Help Express, Inc. again called Plaintiff's cellular phone, this time from the telephone number (847) 748-0828.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 25 sufficient to confirm the truth of all such allegations as stated related to telephone number (847) 748-0828 or calls made from that telephone number on September 4, 2019, and can

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 13

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.  All remaining allegations or inferences of Paragraph 25 are otherwise denied.

26. The September 4, 2019 call that the Plaintiff received from Hearing Help Express, Inc. began with a pause.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 26 sufficient to confirm the truth of all such allegations as stated related to any alleged call received by the Plaintiff on September 4, 2019, whether made by Hearing Help Express, Inc. or any other person or persons, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.  All remaining allegations or inferences of Paragraph 26 are otherwise denied.

27. During the calls that Plaintiff answered, an individual from Hearing Help Express, Inc. promoted its hearing aid services and offered to sell them to the Plaintiff.

**ANSWER:** Defendant admits it was no part or person involved with the calls to the Plaintiff on his mobile telephone on September 4, 2019 as alleged in Paragraph 27.  Defendant lacks knowledge or information regarding the rest of the allegations of Paragraph 27 sufficient to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.

28. Plaintiff was not interested and had not requested information regarding those products.

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 14

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 28 sufficient to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.

**B. Defendants Used an ATDS.**

**ANSWER**: The substance of paragraph IV (B) comprises an introductory statement, and alleged legal conclusion, and therefore no response is required, but to the extent any response would be required, all allegations or inferences are denied.

29. During at least the June 13, 2019 call, Triangular Media, Leadcreations.com, or a call center it retained, called Plaintiff's cellular phone using an ATDS. Plaintiff noted a pause before being connected to the call, which is characteristic of a call placed by an ATDS.

**ANSWER:** Defendant denies the allegations and inferences of Paragraph 29 that it, or a call center at its direction, placed a call to the Plaintiff on June 13, 2019 or any other time. Defendant lacks knowledge or information regarding the allegations of Paragraph 28 related to the conduct of Triangular Media Corp. to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof.

30. Furthermore, Plaintiff called back the telephone number that called him during all of the calls, Caller ID (855) 255-8148, and received a message that stated, "The number you have

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 15

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

dialed is not in service." This is also indicative that an ATDS is used, as the call was made using a "spoofed" (made up) Caller ID number.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 30 sufficient to confirm the truth of all such allegations insofar as to the knowledge of the Defendant. Defendant has never controlled or subscribed to the toll telephone number (855) 255-8148; and Defendant has no information on toll telephone number (855) 255-8148 to verify if it was in fact spoofed or was merely an extension of another PBX central number that blocked inbound calls, as only the subscriber or the calling party would have such information; accordingly Defendant can neither admit nor deny the allegation, and demands strict proof or admission thereof. Defendant lacks knowledge or information regarding the remainder of the allegations of Paragraph 30 sufficient to confirm the truth of all such allegations as stated, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof or admission thereof. To the extent any further response is required, Defendant denies any allegation or inference within Paragraph 30.

31. During the September 4, 2019 call, Hearing Help Express, Inc. called Plaintiff's cellular phone using an ATDS. Plaintiff noted a pause before being connected to the call, which is characteristic of a call placed by an ATDS.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 31 sufficient to confirm the truth of all such allegations, and can neither admit nor deny the allegations, and accordingly Defendant demands strict proof or admission thereof. To the

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 16

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

1

2

extent any further response is required, Defendant denies any allegation or inference within Paragraph 31.

3

4

5

6

7

8

32. Hearing Help Express, Inc. is a division of IntriCon, with operations in the United States, Asia and Europe. The scale of Hearing Help Express, Inc.'s business requires that it and its agents use a sophisticated dialing system capable of storing phone numbers and dialing them automatically, as well as delivering messages without requiring the involvement of human agents.

9

10

11

12

**ANSWER:** Defendant lacks knowledge or information regarding Hearing Help Express, or IntriCon as contained in the allegations of Paragraph 32 sufficient to confirm the truth of all such allegations, and can neither admit nor deny the allegations, and accordingly Defendant demands strict proof or admission thereof.

13

14

15

16

17

18

19

20

21

22

33. The equipment used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, but was programmed to sequentially or randomly access stored telephone numbers to automatically call such numbers for the calls that are the subject of this case. The equipment generated, and then stored, a sequence of telephone numbers for calling, and then automatically called those numbers. The calls were part of a campaign that made numerous phone calls in a short period of time without human intervention.

23

24

25

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 33 sufficient to confirm the truth of all such allegations, and can neither admit nor deny the allegations, and accordingly Defendant demands strict proof or admission thereof.

26

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 17

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

34. In August of 2019, a former employee left the following review of working at Hearing Health Express, Inc. on the website GlassDoor, entitled "Boiler room telemarketing for hearing aid sales":

> The outbound sales operation is run like a boiler room.Cheap leads are loaded into a dialer.... About 98% did not ask for information on hearing aids, so you spend most of your day wasting your time talking to people who don't even have hearing loss.
>
> See   https://www.glassdoor.com/Reviews/Hearing-Help-Express-Reviews-E2608089.htm (Last Visited September 24, 2019).

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 34 sufficient to confirm the truth of all such allegations, or the purpose(s) or personal motivations of the author who published the review on the website GlassDoor on or before September 24, 2019, and can neither admit nor deny the allegations, and accordingly Defendant demands strict proof or admission thereof.

**C. Hearing Help is Vicariously Liable for Triangular Media and Leadcreations.com's Calling Conduct.**

**ANSWER**: The substance of paragraph IV (C) is an introductory statement and therefore no response is required, but to the extent any response would be required, all allegations or inferences that Defendant was involved are denied.

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 18

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

35. Hearing Help hired Leadcreations.com and Triangular Media to originate new business through telemarketing conduct.

**ANSWER:** Defendant re-avers its answers to ¶3; ¶7; ¶ 12; ¶ 20 and ¶ 27 and denies the allegations and inferences of Paragraph 35.

36. Hearing Help accepted the benefits of Leadcreations.com Triangular Media's illegal telemarketing by accepting leads called illegally and then attempting to sell Hearing Help's goods and services to them.

**ANSWER:** Defendant re-avers its answers to ¶3; ¶7; ¶ 12; ¶ 20 and ¶ 27 and denies the allegations and inferences of Paragraph 36.

37. Hearing Help also had absolute control over whether, and under what circumstances, it would accept a lead.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 37 sufficient to confirm the truth of all such allegations, and can neither admit nor deny the allegations, and accordingly Defendant demands strict proof or admission thereof.

38. Hearing Help knew (or reasonably should have known) that Leadcreations.com and Triangular Media were violating the TCPA on its behalf and failed to take effective steps within its power to force Triangular to cease that conduct.

**ANSWER:** Defendant re-avers its answers to ¶3; ¶7; ¶ 12; ¶ 20 and ¶ 27 and denies the allegations and inferences of Paragraph 38.

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 19

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

39. In fact, Leadcreations.com and Triangular Media has previously settled allegations that it violated the TCPA.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 37 sufficient to confirm the truth of all such allegations, and can neither admit nor deny the allegations, and accordingly Defendant demands strict proof or admission thereof.

**D. Defendants' TCPA violations injured Plaintiff.**

**ANSWER**: The substance of paragraph IV (D) comprises an introductory statement, and alleged legal conclusion, and therefore no response is required, but to the extent any response would be required, all allegations or inferences are denied.

40. During the relevant period, Plaintiff has carried his cellular phone with him at most times so that he can be available to family and friends.

**ANSWER:** Defendant lacks knowledge or information regarding the allegations of Paragraph 40 sufficient to confirm the truth of all such allegations, and can neither admit nor deny the allegations, and accordingly Defendant demands strict proof or admission thereof.

41. Defendants' calls invaded Plaintiff's privacy and intruded upon his right to seclusion. The calls frustrated and upset Plaintiff by interrupting his daily life and wasting his time.

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

**ANSWER:** Defendant re-avers its answers to ¶3; ¶7; ¶ 12; ¶ 20 and ¶ 27 and denies the allegations and inferences of Paragraph 41 are applicable to it.

42. Defendants' calls intruded upon and occupied the capacity of Plaintiff's cellular phone and depleted the battery of Plaintiff's cellular phone. The calls temporarily seized and trespassed upon Plaintiff's use of his cellular phone, and caused him to divert attention away from other activities to address the calls.

**ANSWER:** Defendant denies that it placed calls to Plaintiff, had any contact, or acted as person within the scope of 47 U.S.C. § 227 with Plaintiff, or his phone, that would cause damage by occupying the capacity of Plaintiff's cellular phone, depleting the battery, temporarily seizing or trespassing on the use of his cellular phone whatsoever, or caused him to divert attention away from other activities to address the alleged calls or otherwise cause engage in conduct that was injurious to health, or indecent, or offensive to the senses, or obstructed the free use by the Plaintiff or Plaintiff's property under state law.  Defendant denies that the injuries pled in Paragraph 42 comprise any actual injuries or even rise to injuries of a personal nuisance under state law. Defendant denies all remaining allegations and inferences as it itself within Paragraph 42.

## V.  CLASS ACTION ALLEGATIONS

43. Plaintiff brings this lawsuit under Federal Rules of Civil Procedure Rules 23(a), (b) (2), and (b) (3) as a representative of the following classes:

Class 1:

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

All persons or entities within the United States who received, on or after October 9, 2015, a non-emergency telephone call from or on behalf of Leadcreations.com or Triangular Media Corp. promoting goods or services:

(i)to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or prerecorded voice; or

(ii)to a cellular or residential telephone number that has been registered on the national Do Not Call Registry for at least 31 days and who received more than one such call within any twelve-month period.

Class 2:

All persons or entities within the United States who received, on or after October 9, 2015, a non-emergency telephone call from or on behalf of Hearing Help Express, Inc., promoting goods or services:

(i)to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or prerecorded voice; or

(ii)to a cellular or residential telephone number that has been registered on the national Do Not Call Registry for at least 31 days and who received more than one such call within any twelve-month period.

Plaintiff reserves the right to amend the class definition following an appropriate period of discovery.

**ANSWER:** Defendant denies that Plaintiff properly may certify the proposed classes as alleged in Paragraph 43 and its subparts as the group of telephone numbers that might be attributable to Defendant; such persons and class claims against the Defendant is non-existent as

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 22

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

1  Defendant did not engage in any of the conduct as alleged under Plaintiff's lawsuit.  Defendant

2  denies all other allegations or inferences in Paragraph 43.

3

4  44. Excluded from the Classes are Defendants, their employees, agents and assigns, and

5  any members of the judiciary to whom this case is assigned, their respective court staff, and

6  Plaintiff's counsel.

7  **ANSWER:** Defendant re-avers its answers to ¶3; ¶7; ¶ 12; ¶ 20 and ¶ 27 and denies the

8  allegations and inferences of Paragraph of the SAC in answer to Paragraph 44. Defendant further

9

10  denies that Plaintiff meets mandatory prerequisites for a class action against it, or that this case is

11  appropriate for class treatment that would embody exclusions as alleged or inferred under

12  Paragraph 44. Defendant denies all remaining allegations or inferences of Paragraph 44.

13

14  45. Because auto-dialing equipment maintains records of each contact, members of the

15  above-defined Classes can be identified through Defendants' or their agents' records.

16  **ANSWER:**  Defendant re-avers its answers to ¶3; ¶7; ¶ 12; ¶ 20 and ¶ 27 and is without

17  knowledge or information if other Defendants ever used, authorized to use, made calls, authorized

18

19  to call or had knowledge of the use of a system or device that fit the general definition of

20  "Automatic Telephone Dialing System" (ATDS) under 47 U.S.C. §227(b)(1) in connection with

21  the Plaintiff or as alleged.  Defendant denies the inference of Paragraph 45 that it owned, controlled

22  or used a system or device that fit the general definition of "Automatic Telephone Dialing System"

23  (ATDS) under 47 U.S.C. §227(b)(1) to contact the Plaintiff and can neither admit nor deny the

24

25

26

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

allegation, and accordingly Defendant demands strict proof or admission thereof. All remaining allegations or inferences of Paragraph 45are otherwise denied.

### Numerosity

46. At the time of filing, Plaintiff does not know the exact number members of Classes. But the breadth of Hearing Help Express, Inc. operations indicates that Class Members likely number in the hundreds or thousands and are geographically disbursed throughout the country.

**ANSWER:** Defendant lacks knowledge or information sufficient to confirm the truth of all allegations as stated within Paragraph 46, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof thereof. To the extent any response is required to this paragraph, Defendant re-avers its answers to ¶ 3; ¶ 7; ¶ 12; ¶ 20 and ¶ 27 and denies any allegation or inference within Paragraph 46.

47. The alleged size and geographic dispersal of the Classes makes joinder of all Class Members impracticable.

**ANSWER:** Defendant lacks knowledge or information sufficient to confirm the truth of all allegations as stated within Paragraph 47, and can neither admit nor deny the allegation, and accordingly Defendant demands strict proof thereof. To the extent any response is required to this paragraph, Defendant re-avers its answers to ¶ 3; ¶ 7; ¶ 12; ¶ 20 and ¶ 27 and denies all allegation or inference within Paragraph 47.

### Commonality and Predominance

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 24

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

48. Common questions of law and fact exist with regard to each of the claims and predominate over questions affecting only individual Class members. Questions common to the Class include:

a. Whether Hearing Help's dialing system(s) constitute an ATDS under the TCPA;

b. Whether Leadcreations.com or Triangular Media's dialing system(s), or the dialing system(s) of call centers they retained, constitute an ATDS under the TCPA;

c. Whether Hearing Help used an ATDS to place non-emergency calls to the cellular telephones of Plaintiff and Class members without their prior express written consent;

a. Whether Leadcreations.com or Triangular Media used an ATDS to place non-emergency calls to the cellular telephones of Plaintiff and Class members without their prior express written consent;

b. Whether Defendants placed calls to numbers on the National Do Not Call Registry;

c. Whether Defendants' telephone calls were made knowingly or willfully;

d. Whether Hearing Help is vicariously liable for the conduct of Leadcreations.com or Triangular Media Corp.

e. Whether Leadcreations.com is vicariously liable for the conduct of call centers it retained;

f. Whether Triangular Media is vicariously liable of the conduct of call centers it retained;

g. Whether Plaintiff and Class members were injured by receiving such calls; and

h. Whether Defendants should be enjoined from engaging in such conduct in the future.

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 25

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**ANSWER:** Defendant re-avers its answers to ¶ 3; ¶ 7; ¶ 12; ¶ 20 and ¶ 27 and denies the allegations and inferences that common questions of law or fact exist against it and as to whether a proposed class of members can be established as alleged in Paragraph 48.

### Typicality

49. Plaintiff's claims are typical of the claims of the Classes, in that Plaintiff, like all Class Members, has been injured by Defendants' uniform misconduct—the placement of calls to telephones for non-emergency purposes without the prior written express consent of the called parties.

**ANSWER:** Defendant re-avers its answers to ¶ 3; ¶ 7; ¶ 12; ¶ 20 and ¶ 27 and denies the allegations and inferences of Paragraph 49 that typicality exists in the placement of calls to telephones for non-emergency purposes without the prior written express consent of the called parties by it.  Defendant denies all remaining allegations and inferences of Paragraph 49.

### Adequacy of Representation

50. Plaintiff will fairly and adequately protect the interests of the Classes and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in class action litigation and matters involving TCPA violations.

**ANSWER:** Defendant re-avers its answers to ¶ 3; ¶ 7; ¶ 12; ¶ 20 and ¶ 27 and denies the allegations and inferences of Paragraph 50.

### Superiority

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

51. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual claim is small relative to the complexity of the litigation, and because of Defendants' financial resources, Class members are unlikely to pursue legal redress individually for the violations detailed in this complaint. Class-wide damages are essential to induce Defendants to comply with federal law. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings. By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

**ANSWER:** Defendant re-avers its answers to ¶ 3; ¶ 7; ¶ 12; ¶ 20 and ¶ 27 and denies all allegation or inference within Paragraph 51.

## VI. FIRST CLAIM FOR RELIEF
### Violation of § 227(b)(1) for calls made using
### an ATDS or artificial/prerecorded voice

52. Defendants violated 47 U.S.C. § 227(b)(1) by placing non-emergency calls, either directly or through the actions of others, using an automatic telephone dialing system or an artificial or prerecorded voice to cellular telephone numbers without the prior express written consent of the called party.

**ANSWER:** Defendant re-avers its answers to ¶ 3; ¶ 7; ¶ 12; ¶ 20 and ¶ 27 and denies the allegations and inferences that it violated 47 U.S.C. § 227(b)(1) as alleged in Paragraph 52.

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

### VII.SECOND CLAIM FOR RELIEF
#### Violation of § 227(c) for calls placed to numbers
#### listed on the Do Not Call Registry

53. Defendants violated 47 U.S.C. § 227(c) by placing, either directly or through the actions of others, more than one telephone solicitation call within a 12-month period to telephone numbers that have been listed on the national Do Not Call Registry for at least 31 days.

**ANSWER:** Defendant re-avers its answers to ¶ 3; ¶ 7; ¶ 12; ¶ 20 and ¶ 27 and denies the allegations and inferences that it violated 47 U.S.C. § 227(c) as alleged in Paragraph 53.

### **RELIEF SOUGHT**

WHEREFORE, Defendant prays that the Court enters an order of judgment in favor of Defendant wherein the Plaintiff takes nothing under the Complaint for failure to state a claim, and/or lack of standing against the Defendant, or alternatively Dismiss the Complaint with prejudice and enter judgment for Defendant; Deny or Dismiss the class claims against the Defendant; find Defendant has not acted as a person in violation of the Federal Telephone Consumer Protection Act (TCPA) in the placement of a call, and otherwise congruent with the TCPA and its expressed statutory purpose, AND THAT, Plaintiff pays Defendant's costs, including attorney fees relevant to this claim, or any relief it deems necessary, as a part of such order; and grant such other and further relief as the Court deems just and proper.

**LAW OFFICE OF**
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## DEFENDANT LEADCREATIONS' AFFIRMATIVE DEFENSES

Defendant, LEADCREATIONS.COM, LLC., demands JURY TRIAL, or alternative BENCH adjudication, on the following AFFIRMATIVE DEFENSES:

## FIRST AFFIRMATIVE DEFENSE

### As to Counts I & II for Relief – Lack of Standing

Defendant avoids liability for damages and prohibitive injunctive relief under the Federal Telephone Consumer Protection Act (TCPA) because Defendant never acted, participated or acted in concert with the alleged conduct that violated the TCPA and therefore Plaintiff lacks standing to pursue claims against Defendant. For a Plaintiff to have standing, they must have suffered an injury that is fairly traceable to the challenged conduct of the Defendant. Because Plaintiff was never called or texted by Leadcreations.com, nor on behalf of Leadcreations.com, nor at Defendant's direction, Plaintiff cannot recover against Defendant or represent the interests of others in suing Leadcreations.com for violations of  47 U.S.C. § 227(b)(1) or 47 U.S.C. § 227(c).

WHEREFORE, Defendant prays that the Court enters an order of judgment wherein the Plaintiff takes nothing under prevailing law, the Plaintiff lacks standing to bring claims against Defendant and that Plaintiff pays Defendant's costs, including attorney fees relevant to this claim and this affirmative defense, or any relief it deems necessary, as a part of such order.

## SECOND AFFIRMATIVE DEFENSE

### As to Counts I & II for Relief – Misjoinder of Leadcreations.com, LLC.

Defendant avoids liability for damages and prohibitive injunctive relief under the Federal Telephone Consumer Protection Act (TCPA) because Defendant did not cause or contribute to the

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

alleged calls complained of and was not responsible for preventing them. Defendant is not a proper party to this action and has been mis-joined into this action for no lawful purpose.  Mr. Hoffman had opportunity, and sufficient discovery resources under the FAC, to reasonably investigate the facts surrounding Defendant and his allegation under 47 U.S.C. § 227(b)(1) and  47 U.S.C. § 227(c), and any possible conduct that may have been material to prevent the mis-joining of the Defendant into this cause of action, but failed or otherwise neglected to do so.    At all times relevant to the Plaintiff's claims, Defendant was not a person reasonably related to any act or conduct that violated 47 U.S.C. § 227(b)(1) or 47 U.S.C. § 227(c) and therefore avoids liability for damages, injunctive relief, or other legal remedies that may be granted by this Court within this cause of action.

WHEREFORE, Defendant prays that the Court enters an order of judgment wherein the Plaintiff takes nothing under prevailing law that the Plaintiff has mis-joined Leadcreations.com, LLC as a party under claims under 47 U.S.C. § 227(b) (1) and 47 U.S.C. § 227(c) and that Plaintiff pays Defendant's costs, including attorney fees relevant to this claim and this affirmative defense, or any relief it deems necessary, as a part of such order.

### THIRD AFFIRMATIVE DEFENSE

### As to Counts I & II for Relief – Preclusion of Defendant under the TCPA

Defendant avoids liability for damages and prohibitive injunctive relief under the Federal Telephone Consumer Protection Act (TCPA) because Plaintiffs' claims are barred under the expressed language of the statute and long-standing rules of the Federal Communications Commission.  Only persons, under 47 U.S.C. § 153(39), who act, either directly or indirectly, in

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 30

violation of 47 U.S.C. § 227(b) (1) and 47 U.S.C. § 227(c) may be liable for damages to a Plaintiff's claims under the TCPA. Absent such acts or conduct, the TCPA precludes all others from liability. Defendant did not make or initiate the alleged calls, either directly or indirectly, that are the subject of the SAC. Defendant furthermore did not have knowledge, authorize any other person, within the meaning of 47 U.S.C. § 153(39), to make the alleged calls on its behalf; did not control the manner and/or means by which the alleged calls were made; and did not ratify the actions of any third party making the alleged calls. The TCPA precludes liability against the Defendant based upon the Plaintiff's claims in the SAC.

WHEREFORE, Defendant prays that the Court enters an order of judgment wherein the Plaintiff takes nothing under prevailing law that the Plaintiff claims against Defendant are precluded and barred under 47 U.S.C. § 227(b) (1) and 47 U.S.C. § 227(c) and that Plaintiff pays Defendant's costs, including attorney fees relevant to this claim and this affirmative defense, or any relief it deems necessary, as a part of such order.

## FOURTH AFFIRMATIVE DEFENSE

### As to Counts I & II for Relief – Preclusion of Defendant under 47 U.S.C. § 217

Defendant avoids liability for damages and prohibitive injunctive relief under the Federal Telephone Consumer Protection Act (TCPA) because at no time did it serve as an agent, employee or contractor of Triangular Media Corp. or Hearing Help Express, Inc. in the placing of calls to the Plaintiff. The Defendant, at no time, directly or indirectly, on its own or on behalf of another individual or entity ever use, control, authorize to use, make calls, authorize to call or had

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 31

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

knowledge of the use of a system or device that fit the general definition of "Automatic Telephone Dialing System" (ATDS) under 47 U.S.C. §227(b)(1) to implicate liability under 47 U.S.C. § 217 in connection with the Plaintiff.  Defendant, at no time, was the subscriber of the telephone number (855) 255-8148, or caused the number to be "spoofed," to place any telemarketing calls to Plaintiff or otherwise.   Plaintiff fails to meet the required elements and proof of claims under 47 U.S.C. § 217 and therefore statutory recovery of relief or damages is impossible.

WHEREFORE, Defendant prays that the Court enters an order of judgment wherein the Plaintiff takes nothing under prevailing law that the Plaintiff claims against Defendant under 47 U.S.C. § 227(b) (1) and 47 U.S.C. § 227(c) are precluded and barred under 47 U.S.C. § 217 and that Plaintiff pays Defendant's costs, including attorney fees relevant to this claim and this affirmative defense, or any relief it deems necessary, as a part of such order.

## FIFTH AFFIRMATIVE DEFENSE

### As to Counts I & II for Relief – Avoidance: Failure to properly join
### An indispensable party or parties

Based upon the facts presented for adjudication at trial or bar, Plaintiff has failed to join necessary and indispensable parties in this action, specifically Skyscrapers Pvt. Limited (Skyscrapers), which is the call center identified by Co-Defendants to have initiated a "call" to Plaintiff.  Skyscrapers is alleged by the Plaintiff to have used an ATDS that is prohibited under 47 U.S.C. §227(b)(1) and 47 C.F.R. § 64.1200.   Skyscrapers at all times was material and indispensable to provide the information and business records of the original consent it obtained from Plaintiff or whether it in fact used a prohibited ATDS to make a telemarketing call to Plaintiff,

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 32

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

or made a manually dialed call. Absent such an indispensable party, dispositive facts as to Plaintiff's original prior consent or prior express written consent to receive a telemarketing "call" in the time period before June 13, 2019 cannot be properly or fairly weighed by the trier of facts and are left to speculation not objective evidence, testimony or business records. Absent such an indispensable party, dispositive facts as to the use of an ATDS defined by 47 U.S.C. § 227(b)(1) to place a telemarketing call to the Plaintiff are at best speculative and insufficient to establish that any Defendant may have directly or indirectly violated the TCPA by its acts and therefore be liable under 47 U.S.C. § 217.  Absent Skyscrapers joinder, Plaintiff fails to prove direct or indirect TCPA violations by Leadcreations.com as alleged by the SAC.   Instead of correcting this deficiency, Plaintiff has mis-joined the Defendant and brought this precluded Defendant into this cause of action lacking standing.  Defendant avoids liability for damages under 47 U.S.C. § 227(b) (1) and 47 U.S.C. § 227(c) because at no time was Defendant an indispensable party or party of interest in the use of any ATDS as stated in the SAC, and, Plaintiff has failed to properly join a real indispensable party of interest, Skyscrapers Pvt. Limited.

WHEREFORE, Defendant prays that the Court enters an order of judgment wherein the Plaintiff takes nothing under prevailing law that the Plaintiff claims against Defendant under 47 U.S.C. § 227(b) (1) and 47 U.S.C. § 227(c) are avoided, precluded and barred for failure to properly join an indispensable party of interest, rule the Defendant an improper party of interest, and that Plaintiff pays Defendant's costs, including attorney fees relevant to this claim and this affirmative defense, or any relief it deems necessary, as a part of such order.

## SIXTH AFFIRMATIVE DEFENSE

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

**As to Counts I & II for Relief – Waiver and Estoppel**

Plaintiff, and any members of his putative, class have waived their right to recover against Defendant, in whole or in part, and/or their claims are otherwise barred by estoppel.  By conduct, representations, and omissions, upon which Defendant relied to its detriment, Plaintiff is equitably estopped from asserting any claim for relief against it.

WHEREFORE**,** Defendant prays that the Court enters an order of judgment wherein the Plaintiff takes nothing as the Plaintiff, and alleged class members, have waived their right to recover against Defendant or are otherwise estopped under prevailing law and Plaintiff pays Defendant's costs, including attorney fees relevant to this claim, or any relief it deems necessary, as a part of such order.

## RESERVATION OF RIGHTS

Defendant reserves the right to raise additional affirmative defenses or amend its existing affirmative defenses to which it may be entitled, or which may be developed during discovery, including additional unique affirmative defenses applicable to different putative class members of Plaintiff's proposed classes.  Defendant reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

## GENERAL RELIEF SOUGHT AS TO ALL AFFIRMATIVE DEFENSES

WHEREFORE, Defendant prays that the Court enters an order of judgment in favor of Defendant Leadcreations.com wherein the Plaintiff takes nothing under the SAC or alternatively

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 34

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

Dismiss the SAC with prejudice and enter judgment for Defendant; Deny or Dismiss the class claims; find Defendant has not acted in the placement of a call to the Plaintiff via an ADTS congruent with the Federal Telephone Consumer Protection Act (TCPA); and that Plaintiff pays Defendant's costs, including attorney fees relevant to this claim, or any relief it deems necessary, as a part of such order; and grant such other and further relief as the Court deems just and proper.

Federal Rule of Civil Procedure 11 imposes on any party who presents "a pleading, motion, or other paper . . . an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and that the applicable standard is one of reasonableness under the circumstances." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc*., 498 U.S. 533, 551 (1991). Plaintiff and his counsel failed to conduct any pre-suit discovery to determine what role, if any, Leadcreations.com had in the alleged calls. Plaintiffs' counsel should share the blame for such frivolous conduct as it was also their responsibility in preparing and verifying the complaint, and in conducting this litigation, to make diligent inquiry into the facts. The conduct of Plaintiff and his attorneys has not only burdened Defendant by forcing it to incur legal expenses in defense of this litigation, it has burdened the court by having to intervene on Defendant's behalf. An award of costs and sanctions is needed here not only to compensate Defendant, but to deter abuse of the judicial system and to ensure the orderly administration of justice. Defendant further prays for costs, including attorney fees relevant to meritorious affirmative defenses, or any relief it deems necessary, as a part of such order.

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 35

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

DATED this 15th day of October 2020.

Law Office of Carl J. Marquardt, PLLC

By: _/s/ Carl J. Marquardt_
    Carl J. Marquardt (WSBA #23257)
    1126 34th Ave., Suite 311
    Seattle, WA98122-5137
    Telephone:206-388-4498
    e-mail:carl@cjmpllc.com


The Law Office of Edward A. Maldonado, PA

By: _/s/ Edward A. Maldonado_
    Edward A. Maldonado, Esq.
    (FBN # 0129781)
    *Pro Hoc Vice*
    2850 Douglas Road, Suite 303
    Coral Gables, FL 33134
    Telephone:305-477-7580
    e-mail:eam@maldonado-group.com

    *Attorneys for Defendant Leadcreations.com,
    LLC*

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 36

LAW OFFICE OF
**CARL J. MARQUARDT, PLLC**
1126 34TH AVENUE, SUITE 311
SEATTLE, WASHINGTON 98122-5137
(206) 388-4498

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2020, I electronically filed the foregoing

ANSWER AND AFFIRMATIVE DEFENSES via the Court's CM/ECF system, which will

electronically serve all parties and counsel of record.


By:*/s/ Carl J. Marquardt*
Carl J. Marquardt (WSBA #23257)
1126 34th Ave., Suite 311
Seattle, WA98122-5137
Telephone:206-388-4498
e-mail:carl@cjmpllc.com

DEFENDANT LEADCREATIONS.COM, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLAINT - 37