1

Hon. Marsha Pechman

2

3

4

5

6

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

7

8   MARK HOFFMAN, on behalf of himself
    and all others similarly situated,

9                                                    Plaintiff,

CASE NO.  3:19-cv-05960-RBL

10                              v.

**DEFENDANT HEARING HELP
EXPRESS, INC.'S OPPOSITION
TO PLAINTIFF'S MOTION TO
STRIKE HEARING'S HELP
EXPRESS, INC.'S FOURTEENTH
AFFIRMATIVE DEFENSE**

11

12  HEARING HELP EXPRESS, INC.,
    TRIANGULAR MEDIA CORP.,

13  LEADCREATIONS.COM, LLC and
    LEWIS LURIE,

14

**ORAL ARGUMENT REQUESTED**

15                                                   Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S OPPOSITION TO MOTION TO STRIKE
FOURTEENTH AFFIRMATIVE DEFENSE -
No. 3:19-cv-05960-MJP

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123964382v.7

1

**TABLE OF CONTENTS**

2
**Page**

3    I.       INTRODUCTION.................................................................................................1

4    II.      STATEMENT OF FACTS ...................................................................................1

5             A.       HHE Hired A Third-Party Lead Generator (Triangular) to Obtain Leads of
                       Potential Customers that Provided Prior Express Consent................................2
6
              B.       HHE's Fourteenth Affirmative Defense ...........................................................3
7
              C.       The Motion to Strike .......................................................................................4
8
     III.     STATEMENT OF THE ISSUES ..........................................................................4
9
     IV.      AUTHORITY AND ARGUMENT.........................................................................4
10
              A.       The Defense Asserted by Hearing Help Is a Valid Defense Under the Law
11                     and Should be Considered on a Motion for Summary Judgment.......................5

12            B.       Plaintiff's Motion to Strike is Procedurally Improper.......................................9

13            C.       Plaintiff Concedes the Fourteenth Affirmative Defense is Material and
                       Pertinent to HHE's Alleged Willful Conduct and Treble Damages...................9
14
     V.       CONCLUSION..................................................................................................10
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACA Int'l v. Fed. Commc'ns Comm'n*,
    885 F.3d 687 (D.C. Cir. 2018)............................................................................. 8

*Ahmed v. HSBC Bank USA, Nat'l Ass'n*,
    2017 U.S. Dist. LEXIS 183910 (C.D. Cal. Nov. 6, 2017) ..................................... 5

*Andren v. Alere, Inc.*,
    2017 WL 168605 (S.D. Cal. Jan. 17, 2017)...................................................4, 5

*Atcherley v. Hanna*,
    2016 WL 70028 (E.D. Cal. Jan. 6, 2016) ........................................................... 4

*Chyba v. First Fin. Asset Mgmt., Inc.*,
    2013 U.S. Dist. LEXIS 165276 (S.D. Cal. Apr. 30, 2014), *aff'd*, 671 F. App'x
    989 (9th Cir. 2016) ........................................................................................ 7

*Colaprico v. Sun Microsys. Inc.*,
    758 F. Supp. 1335 (N.D. Cal. 1991)................................................................. 5

*Cosper v. Veros Credit, LLC*,
    2017 U.S. Dist. LEXIS 148540 (E.D. Cal. Sep. 12, 2017) ................................... 9

*Danehy v. Time Warner Cable Enters.*,
    2015 U.S. Dist. LEXIS 125325 (E.D.N.C. Aug. 6, 2015) ................................6, 7

*Degnen v. Dentis USA Corp.*,
    2017 U.S. Dist. LEXIS 72491 (E.D. Mo. May 12, 2017)..................................... 7

*Goldsby v. City of Henderson Police Dep't*,
    2019 WL 5963996 (D. Nev. Nov. 13, 2019) ..................................................... 6

*Harris v. Nationstar Mortg., LLC*,
    2014 U.S. Dist. LEXIS 66346 (M.D. Fla. Apr. 23, 2014) .................................... 6

*Holmes v. Elec. Document Processing, Inc.*,
    966 F. Supp. 2d 925 (N.D. Cal. 2013)............................................................... 5

*Joe Hand Promotions, Inc. v. Estradda*,
    2011 WL 2413257 (E.D. Cal. 2011)................................................................. 5

*Kratz Aerial Ag Service, Inc. v. Slykerman*,
    2016 WL 1090361 (E.D. Cal. Mar. 21, 2017) ................................................... 4

DEFENDANT'S OPPOSITION TO MOTION TO STRIKE
FOURTEENTH AFFIRMATIVE DEFENSE - ii
No. 3:19-cv-05960-MJP

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123964382v.7

*Lexington Ins. Co. v. Energetic Lath & Plaster, Inc.*,
    2015 WL 5436784 (E.D. Cal. Sept. 15, 2015) ................................................................ 5

*Park v. Welch Foods, Inc.*,
    2014 WL 1231035 (N.D. Cal. Mar. 20, 2014) ............................................................... 5

*Patterson v. Two Fingers LLC*,
    2015 WL 2345658 (D. Ariz. May 15, 2015) ................................................................. 5

*Spring v. Fair Isaac Corp.*,
    2015 WL 7188234 (E.D. Cal. Nov. 16, 2015) ............................................................... 4

*Springer v. Fair Isaac Corp.*,
    2015 U.S. Dist. LEXIS 154765 (E.D. Cal. Nov. 13, 2015)....................................... 6, 7, 8, 9

*U.S. v. Gibson Wine Co.*,
    2017 U.S. Dist. LEXIS 39820 (E.D. Cal. Mar. 20, 2017) .............................................. 4

*Yamamoto v. Omiya*,
    564 F.2d 1319 (9th Cir. 1977) ...................................................................................... 5

**Statutes**

47 U.S.C. § 227, *et seq.* ......................................................................................................1, 2

**Other Authorities**

Fed. R. Civ. P. 8 ...................................................................................................................4, 6

Fed. R. Civ. P. 12(f) ..........................................................................................................1, 4, 5

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 5

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act
    of 1991*, 30 F.C.C. Rcd. 7961 (2015) ............................................................................ 8

DEFENDANT'S OPPOSITION TO MOTION TO STRIKE
FOURTEENTH AFFIRMATIVE DEFENSE - iii
No. 3:19-cv-05960-MJP

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123964382v.7

1

## I.     INTRODUCTION

2     Defendant Hearing Help Express, Inc. ("Defendant" or "HHE") files this Opposition to

3 Plaintiff Mark Hoffman's ("Plaintiff" or "Hoffman") *Motion to Strike Hearing Help Express,*

4 *Inc.'s Fourteenth Affirmative Defense* (the "Motion"), [Dkt. No. 89].  As discussed, the Motion

5 is misguided, prejudicial, and misconstrues the nature of the affirmative defense.  HHE's

6 Fourteenth Affirmative Defense regarding its "good faith" and/or "reasonable reliance" on "prior

7 express consent" obtained by a third-party is exactly the type of defense permitted in Telephone

8 Consumer Protection Act ("TCPA") cases such as this one.  Moreover, the factual record is

9 developed enough such that this issue can and will be brought on a motion for summary

10 judgment.  Accordingly, Plaintiff's Motion should be denied as failing to satisfy the standard

11 under Federal Rule of Civil Procedure 12(f) and as procedurally improper at this juncture.

12

## II.     STATEMENT OF FACTS

13     This putative class action arises from Plaintiff's allegations that HHE violated the TCPA,

14 47 U.S.C. § 227, *et seq.*  Plaintiff contends HHE: (1) placed non-emergency telephone calls

15 using an automatic telephone dialing system ("ATDS") or an artificial/prerecorded voice to his

16 cellular telephone in violation of section 227(b)(1) of the TCPA; and (2) placed more than one

17 phone solicitation call within a 12-month period to his cellular telephone number that has been

18 on the Do Not Call ("DNC") registry for at least 31 days in violation of section 227(c) of the

19 TCPA.  Plaintiff's proposed class consists of four subclasses total, two subclasses as to HHE

20 (*i.e.*, ATDS class and DNC class), and the same two subclasses but as to the other named

21 Defendants, HHE's lead generation vendor (and its owner and alleged related entity) who sold

22 Plaintiff's information to HHE.  Dkt. No. 72, ¶ 43.

23

24

25

26

27

28

DEFENDANT'S OPPOSITION TO MOTION TO STRIKE
FOURTEENTH AFFIRMATIVE DEFENSE - 1
No. 3:19-cv-05960-MJP

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123964382v.7

1

2

**A.      HHE Hired A Third-Party Lead Generator (Triangular) to Obtain Leads of Potential Customers that Provided Prior Express Consent.**

3       HHE hired Defendant Triangular Media Corp. ("Triangular")[1] to generate customer leads

4   and worked with Triangular from June 2018 to October of 2019. *Declaration of Jim Houlihan*

5   filed as Docket 41 ("Houlihan Dec."), ¶¶ 4, 10.  Critically, HHE did *not* hire Triangular to place

6   any outbound telemarketing calls on its behalf.  *Id*. ¶ 4.  Instead, Triangular was hired to, and did,

7   obtain leads for HHE using its automated and proprietary interactive voice response ("IVR")

8   system, which asks potential customers questions about whether they want to be contacted by

9   various companies—only one of which is HHE—offering various products.  *Declaration of*

10  *Dana Lurie* attached as Exh. B to Docket 80 ("Lurie Dec."), ¶¶ 2-6; Houlihan Dec., ¶¶ 5-6.  At

11  the end of the IVR process, it asks if the person gives express consent to be called via an

12  autodialed call, regardless of their status on any state or federal do not call list.  Lurie Dec., ¶ 6;

13  Houlihan Dec., ¶ 7.  The only method by which Triangular was to obtain leads for HHE was

14  through its IVR originating from commercials and direct mail where prospects would place an

15  inbound call leading them to the IVR.  Houlihan Dec., ¶ 4.

16       Plaintiff admits he interacted with Triangular's IVR prior to ever being called by HHE.

17  Dkt. No. 72, ¶¶ 19-26.  In this regard, Plaintiff alleges that during a June 13, 2019, call he was

18  transferred to a prerecorded message (*i.e.*, the IVR) and concedes he answered several screener

19  questions—which Plaintiff now contends he only did because he "wanted to know who had been

20  calling him."  *Id*. ¶ 22.  When Plaintiff interacted with the IVR, he responded "yes" when asked

21  if he wanted a hearing specialist from Hearing Help to call him,[2] but then responded "no" at the

22  end of the IVR when asked to give his express consent to be called using an autodialer.  Lurie

23  Dec., ¶¶ 7-8; Houlihan Dec., ¶¶ 6-8. However, there was a glitch in Triangular's IVR process

24

25  _____

[1] Plaintiff also named Lewis Lurie, "the owner and operator of Triangular Media" and Leadscreations.com LLC

26  ("LeadCreations"), who "engaged in telemarketing conduct in this district for, or together with, Triangular Media in order to market Hearing Help products" as named Defendants. Dkt. No. 72, ¶¶ 12-14.

27  [2] This fact negates Plaintiff's DNC claims.  The TCPA allows calls to be made to persons whose phone numbers are on the national DNC registry where the person has made an inquiry and expressed interest in the business' products and services, regardless of the form in which this inquiry was made.  47 USC § 227(b)(1)(C)(i).

28  DEFENDANT'S OPPOSITION TO MOTION TO STRIKE
    FOURTEENTH AFFIRMATIVE DEFENSE - 2
    No. 3:19-cv-05960-MJP

113461.00602/123964382v.7

1   that registered Plaintiff's "no" as a "yes." *Declaration of Gorgi Gorgiev* attached as Exh. C to

2   Docket 80, ¶ 7-16; Lurie Dec., ¶¶ 7-8; Houlihan Dec., ¶¶ 6-8.  Based on representations from

3   Triangular, HHE understood all leads from Triangular, including Plaintiff, provided express

4   consent under the TCPA and that only leads who responded "yes" to **both** the IVR question

5   about HHE and the question at the end would be sold as a lead to HHE.  Houlihan Dec., ¶ 9.

6   HHE had no reason to believe any leads Triangular sold to HHE had not expressly consented to

7   be called by HHE.  *Id*.

8         **B.**      **HHE's Fourteenth Affirmative Defense.**

9         On June 19, 2020, HHE filed an *Answer* to Plaintiff's First Amended Complaint.  Dkt.

10   No. 50.  In that *Answe*r, HHE asserted a Fourteenth Affirmative Defense for Good Faith and

11   Reasonable Reliance.  *Id*. at 20.  Plaintiff did not file any Motion to Strike this same defense

12   asserted in HHE's *Answer* to the First Amended Complaint.

13         After Plaintiff amended his complaint and filed a Second Amended Complaint to add an

14   entity related to Triangular – LeadCreations, on September 25, 2020, HHE filed its *Answer* to the

15   Second Amended Complaint.  Dkt. No. 82.  The affirmative defense at issue is as follows:

16                    **FOURTEENTH AFFIRMATIVE DEFENSE**
                    (Good Faith and Reasonable Reliance)

17

18       Defendant at all times acted in good faith and within reasonable
commercial standards as to the matters alleged in the SAC.  Moreover,

19   Defendant acted in good faith and reasonably relied on
Triangular/LeadCreations, and any other lead generation vendor in their
compliance with the TCPA in generating leads sold to Defendant.

20   Triangular/LeadCreations, and all other lead generation vendors were to
only provide leads to Defendant who provided express consent to be

21   called.  Triangular/LeadCreations and all other lead generation vendors
provided assurances to Defendant that all leads transmitted to Hearing

22   Help had given their express consent to be contacted by Defendant.
Defendant reasonably believed only leads who provided consent to be

23   called would be transmitted from Triangular/LeadCreations and the third-
party lead generation vendors.

24

25   Dkt. No. 82 at 22.  Although Plaintiff alleges no facts whatsoever as to other lead generator

26   companies HHE hired to obtain leads, it asserts the proposed classes include everyone HHE

27   called, regardless of the lead source.  Thus, this affirmative defense is pled as to Triangular, as

28   DEFENDANT'S OPPOSITION TO MOTION TO STRIKE
FOURTEENTH AFFIRMATIVE DEFENSE - 3
No. 3:19-cv-05960-MJP

1   well as "other lead generation vendors" who were also to only provide leads to HHE for people

2   who expressly consented to be contacted.

3          **C.      The Motion to Strike.**

4          On October 9, 2020, Plaintiff filed the Motion seeking to strike the Fourteenth

5   Affirmative Defense. Dkt. No. 89. Plaintiff contends HHE cannot assert any affirmative defense

6   that it "acted in good faith" or "reasonably relied" on Triangular to obtain the consent of leads it

7   sold to HHE because "good faith" and "reasonable reliance" are not defenses under the TCPA.

8   Mot. at 1. Plaintiff further argues that because TCPA is "essentially" a strict liability statute,

9   HHE cannot assert its Fourteenth Affirmative Defense for Good Faith and Reasonable Reliance,

10  except as to willful violations. Mot. at 3-4. Plaintiff is mistaken on both grounds.

11         **III.      STATEMENT OF THE ISSUES**

12         Whether the Court should deny Plaintiff's Motion and allow HHE to continue to assert

13  the affirmative defense of "good faith" and "reasonable reliance" based on prior express consent

14  obtained by a third-party where such a defense is permissible, and discovery is ongoing.

15         **IV.      AUTHORITY AND ARGUMENT**

16         Federal Rule of Civil Procedure 8 provides "a party must affirmatively state any

17  avoidance or affirmative defense." FED. R. CIV. P. 8. Moreover, Federal Rule of Civil

18  Procedure 12(f) provides that the "court may strike from a pleading an insufficient defense or

19  any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).

20         Courts in the Ninth Circuit have recognized "because of the limited importance of

21  pleadings in federal practice and because motions to strike often needlessly extend litigation,

22  broad motions to strike are generally disfavored." *U.S. v. Gibson Wine Co.*, 2017 U.S. Dist.

23  LEXIS 39820, at *5-6 (E.D. Cal. Mar. 20, 2017); citing *Andren v. Alere, Inc.*, 2017 WL 168605,

24  *3 (S.D. Cal. Jan. 17, 2017); *Kratz Aerial Ag Service, Inc. v. Slykerman*, 2016 WL 1090361, at

25  *2 (E.D. Cal. Mar. 21, 2017); (*Spring v. Fair Isaac Corp.*, 2015 WL 7188234, at *2 (E.D. Cal.

26  Nov. 16, 2015)); *Atcherley v. Hanna*, 2016 WL 70028, at *1 (E.D. Cal. Jan. 6, 2016)). Such

27  motions should not be granted "unless it is clear that the matter to be stricken could have no

28  DEFENDANT'S OPPOSITION TO MOTION TO STRIKE
    FOURTEENTH AFFIRMATIVE DEFENSE - 4
    No. 3:19-cv-05960-MJP

    **VAN KAMPEN & CROWE** PLLC
    1001 Fourth Avenue, Suite 4050
    Seattle, Washington 98154-1000
    (206) 386-7353

113461.00602/123964382v.7

1   possible bearing on the subject matter of the proceedings." *Andren*, 2017 WL 168605 at \*3;

2   quoting *Colaprico v. Sun Microsys. Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991); *see also*

3   *Park v. Welch Foods, Inc.*, 2014 WL 1231035, \*1 (N.D. Cal. Mar. 20, 2014) ("Any doubt

4   concerning the import of the allegations to be stricken weighs in favor of denying the motion to

5   strike.") (citation omitted).

6           In ruling on a motion to strike—much like a Federal Rule of Civil Procedure 12(b)(6)

7   motion to dismiss—a court must assume all the well-pled factual allegations of the complaint are

8   true and view the pleading in the light most favorable to the pleader. *See Whittlestone*, 618 F.3d

9   at 973 ("[C]ourts may not resolve 'disputed and substantial factual or legal issues in deciding a

10  motion to strike.'"); *Lexington Ins. Co. v. Energetic Lath & Plaster, Inc.*, 2015 WL 5436784,

11  \*11 (E.D. Cal. Sept. 15, 2015); *Patterson v. Two Fingers LLC*, 2015 WL 2345658, \*3 (D. Ariz.

12  May 15, 2015); *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal.

13  2013). A motion to strike does not test the substantive sufficiency of a pleading. *Yamamoto v.*

14  *Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977) ("Rule 12(f) is neither an authorized nor a proper

15  way to procure the dismissal of all or a part of a complaint.") (citation and internal quotation

16  marks omitted). Under this legal framework, HHE's Fourteenth Affirmative Defense is neither

17  "insufficient," "immaterial" nor "impertinent"; rather, it bears directly on the "subject matter of

18  the proceedings." The Motion should be denied.

19          **A.      The Defense Asserted by Hearing Help Is a Valid Defense Under the Law**

20                  **and Should be Considered on a Motion for Summary Judgment.**

21          It is well-settled that "[a]n affirmative defense is defined as a defendant's assertion

22  raising new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all

23  allegations in the complaint are true." *See Ahmed v. HSBC Bank USA, Nat'l Ass'n*, 2017 U.S.

24  Dist. LEXIS 183910, at \*5 (C.D. Cal. Nov. 6, 2017); *see also Joe Hand Promotions, Inc. v.*

25  *Estradda*, 2011 WL 2413257, \*1 (E.D. Cal. 2011) (observing that "an affirmative defense is not

26  one where defendants claim that plaintiff has failed to state a *prima facie* case; rather, it is one

27  that 'precludes liability even if all the elements of the plaintiff's claim are proven.'").

28  DEFENDANT'S OPPOSITION TO MOTION TO STRIKE
    FOURTEENTH AFFIRMATIVE DEFENSE - 5
    No. 3:19-cv-05960-MJP

    **VAN KAMPEN & CROWE** PLLC
    1001 Fourth Avenue, Suite 4050
    Seattle, Washington 98154-1000
    (206) 386-7353

1    First, by arguing "Hearing Help's 'good faith belief' that it had permission to place the

2   calls is insufficient to avoid liability under the TCPA," (Mot. at 4), Plaintiff has unequivocally

3   shown he, in fact, has "fair notice" of this defense—which is all that is required and satisfies the

4   requirements under Federal Rule of Civil Procedure Rule 8. *Goldsby v. City of Henderson*

5   *Police Dep't*, 2019 WL 5963996, at *3 (D. Nev. Nov. 13, 2019) (denying motion to strike

6   affirmative defenses because plaintiff had fair notice of each defense); *Harris v. Nationstar*

7   *Mortg., LLC*, 2014 U.S. Dist. LEXIS 66346, at *8 (M.D. Fla. Apr. 23, 2014) (rejecting plaintiff's

8   allegation that defendant's affirmative defense that any action was "was taken or omitted in

9   good faith and in conformity with the . . . TCPA" should "be stricken as legally insufficient and

10  invalid as a matter of law"; court held defendant's assertions satisfied Rules 8(b) and (c) and

11  denied plaintiff's motion to strike).

12   Moreover, the assertion that the defense is not a recognized defense under the TCPA is

13  wrong. Various courts in this Circuit—and elsewhere—have held "good faith" and/or

14  "reasonable reliance" defenses can be part of the "prior express consent exception to the TCPA."

15  *Springer v. Fair Isaac Corp.*, 2015 U.S. Dist. LEXIS 154765, at *8 (E.D. Cal. Nov. 13, 2015).

16   For instance, in *Danehy v. Time Warner Cable Enters.*, 2015 U.S. Dist. LEXIS 125325,

17  at *15-16 (E.D.N.C. Aug. 6, 2015), the court granted defendant summary judgment, holding:

18
19   > Even assuming that the prior express consent of TWC's Customer did not
   > operate as consent by plaintiff, ***it is undisputed that defendant believed in***
   > ***good faith not only that it did have consent to call the 704-421-6235***
20   > ***number, but also that the calls were being made for a service TWC's***
   > ***Customer had requested***. Moreover, defendant acted reasonably based on
21   > its good faith belief. As noted, TWC's Customer requested that defendant
   > make a service visit to his home the day after he made the request. In
22   > response, a few calls were placed to the 704-421-6235 number on the
   > evening before the visit was requested to occur and a few additional calls
23   > the following morning on the day of the requested visit. A message was
   > left on the last call and the calls stopped. The 704-421-6235 number was
24   > called after the primary line was busy, in keeping with the TWC's
   > Customer's designation of this number as secondary. Under the
25   > circumstances presented, ***defendant's good faith belief that it had consent***
   > ***to call the 704-421-6235 number would make imposition of liability***
26   > ***under section 227(b) unjust***.
27

28   DEFENDANT'S OPPOSITION TO MOTION TO STRIKE
    FOURTEENTH AFFIRMATIVE DEFENSE - 6
    No. 3:19-cv-05960-MJP

1   *Id.* (emphasis added); *Degnen v. Dentis USA Corp.*, 2017 U.S. Dist. LEXIS 72491, at *8 (E.D.

2   Mo. May 12, 2017) (declining to strike affirmative defense that defendant "has at all times acted

3   in good faith and reasonable grounds for believing that they had not violated [the TCPA].").[3]

4       In *Springer*, defendant's "third affirmative defense of reasonable and good faith" stated:

5       Defendant's actions were taken in good faith, in reliance upon information
        provided by its customers and others, and with a reasonable belief that
6       such actions were legal, appropriate and necessary. The conduct alleged
        to be in violation of a statute, if any such conduct occurred, was purely
7       unintentional, and occurred, if at all, despite Defendant's reasonable and
        appropriate efforts to avoid any such violation.
8

9   *Springer*, 2015 U.S. Dist. LEXIS 154765, at *2. Like Hoffman, the plaintiff in *Springer*

10  similarly moved to strike this affirmative defense "on the grounds that good faith affirmative

11  defenses are not applicable to the TCPA because it is a strict liability statute." *Id* at *3; *compare*

12  Mot. at 7-8 (arguing TCPA "imposes strict liability"). The defendant in *Springer* disagreed,

13  arguing "a good faith affirmative defense that claims a prior express consent does apply to the

14  TCPA." *Id.* Notably, the Court also "[a]gree[d] with [d]efendant and . . . allow[ed] the third

15  affirmative defense to stand." *Id.* In so doing, the court took a middle-ground approach to this

16  issue. There, the court observed "[d]efendant's third affirmative defense alleges the possibility

17  that it only called [p]laintiff in good faith reliance and belief 'upon information provided.'" *Id*.

18  The court further "interpret[ed] this statement to mean the [d]efendant is claiming the prior

19

20  [3] In fact, at least one court in this Circuit has similarly dismissed TCPA claims where plaintiff's actions with respect
    to one entity indicated a second entity could reasonably rely on her purported provision of consent. Specifically, in
21  *Chyba*, the court dismissed plaintiff's TCPA claims arising from collection calls by defendant where it had relied on
    information from the creditor, Enterprise, indicating plaintiff had provided her phone number to Enterprise, and
22  thereby consented to be contacted. *Chyba v. First Fin. Asset Mgmt., Inc.*, 2013 U.S. Dist. LEXIS 165276 (S.D. Cal.
    Apr. 30, 2014), *aff'd*, 671 F. App'x 989 (9th Cir. 2016). There, the *Chyba* court observed:
23

24      Thus, although Plaintiff did not give consent directly to Defendant to call her cell phone
        number, *it is sufficient that Defendant had a good-faith basis to believe that Plaintiff*
        *had provided consent to the creditor on whose behalf Defendant sought to collect a*
25      *debt*. Even if Plaintiff is correct in stating that she never gave Defendant or Enterprise
        consent to call, and there was no *actual* prior consent from Plaintiff, Defendant is not
26      liable for acting in good faith upon the information provided to it. This Court therefore
        **GRANTS** summary judgment as to Counts II and III.
27  2013 U.S. Dist. LEXIS 165276, at *32-33 (first emphasis added). While HHE has not yet moved for summary
    judgment, it should still be permitted to continue to develop its "good faith" and "reasonable reliance" defenses.
28
    DEFENDANT'S OPPOSITION TO MOTION TO STRIKE                    **VAN KAMPEN & CROWE** PLLC
    FOURTEENTH AFFIRMATIVE DEFENSE - 7                            1001 Fourth Avenue, Suite 4050
    No. 3:19-cv-05960-MJP                                         Seattle, Washington 98154-1000
                                                                  (206) 386-7353

113461.00602/123964382v.7

1    express consent exception to the TCPA.  Because [d]efendant's good faith defense is based on its

2    assertion that there was prior express consent, the Court will allow [d]efendant to raise a prior

3    express consent good faith defense." *Id*.  Based on this rationale, the court ***denied*** plaintiff's

4    motion to strike and held "[d]efendant is allowed to raise a good faith defense asserting prior

5    express consent because such a defense is applicable to the TCPA." *Id*.  Nevertheless, the court

6    clarified that its "ruling is not to be read as permitting a general good faith defense under the

7    TCPA." *Id*.  And that the "defense is only permitted in so far as [d]efendant intends to argue that

8    it had a good faith belief that prior express consent existed." *Id*.

9         Here, as in *Springer*, HHE's Fourteenth Affirmative Defense similarly states it: (a) "acted

10   in good faith and reasonably relied" on its vendors to "only provide leads . . . who provided

11   express consent to be called"; (b) received "assurances" that all leads had "given their express

12   consent to be called"; and (c) "reasonably believed only leads who provided consent to be

13   called" would be transmitted to HHE from these vendors.  Dkt. No. 82 at 22.  As a result, HHE's

14   Fourteenth Affirmative Defense is likewise "based on its assertion that there was prior express

15   consent." *Springer*, 2015 U.S. Dist. LEXIS 154765, at *3.  Thus, even if this Court were

16   unwilling to fully recognize a "general good faith defense"—which it need not do to decide this

17   issue—the instant Motion should nevertheless be denied based on the several, independent

18   reasons raised herein.

19        Lastly, in 2015, the Federal Communications Commission ("FCC") noted that "the

20   TCPA anticipates the caller's ability to rely on 'prior express consent,' … and we interpret that

21   to mean reasonable reliance, and the balancing we adopt herein reflects our construal of

22   reasonable reliance." *In the Matter of Rules & Regulations Implementing the Tel. Consumer

23   Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (2015), fn. 312.  While this safe harbor was overturned

24   by the D.C. Circuit in *ACA International* (which, given its procedural posture, is binding within

25   the Ninth Circuit), it was overturned only insofar as it applied to only the first call placed, and

26   not to subsequent calls.  *ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687, 693 (D.C. Cir.

27   2018).  Thus, while this "one call" safe harbor no longer exists under the FCC rules, the FCC's

28   DEFENDANT'S OPPOSITION TO MOTION TO STRIKE
     FOURTEENTH AFFIRMATIVE DEFENSE - 8
     No. 3:19-cv-05960-MJP

     **VAN KAMPEN & CROWE** PLLC
     1001 Fourth Avenue, Suite 4050
     Seattle, Washington 98154-1000
     (206) 386-7353

     113461.00602/123964382v.7

1  reasoning that prior express consent should be viewed with an eye toward reasonable reliance

2  remains.  Accordingly, Plaintiff's reliance on *N.L. v. Credit One Bank, N.A.*, and other case law,

3  is misplaced.

4  **B.      Plaintiff's Motion to Strike is Procedurally Improper.**

5  Plaintiff's attempt to strike the Fourteenth Affirmative Defense at this juncture is

6  improper.  This case was filed on October 9, 2019.  Dkt. No. 1.  Plaintiff then amended his

7  *Complaint* on June 5, 2020.  Dkt. No. 45.  At that time, HHE asserted a "good faith" and/or

8  "reasonable reliance" affirmative defense in its *Answer* to the *First Amended Complaint* based on

9  its understanding that its vendor (*i.e.*, Triangular) had complied with the TCPA in generating

10  leads sold to HHE.  Dkt. No. 50 at 20.  When Plaintiff again amended his pleadings, HHE

11  asserted the *same* affirmative defense—but this time updated it to also include newly-identified

12  defendant LeadCreations and "all other lead generation vendors."  Dkt. No. 82 at 22.  Discovery

13  and the record support Hearing Help's defense.

14  Plaintiff has added three additional parties to this case since its inception.  Additional

15  parties may still be joined until December 31, 2020, and discovery is not set to close until April

16  30, 2021, [Dkt. No 78].  "[S]uch a motion to strike should be denied if there is doubt whether the

17  'challenged matter may raise an issue of fact or law . . . leaving the assessment of the sufficiency

18  of the allegations for adjudication on the merits after proper development of the factual nature of

19  the claims through discovery."  *Cosper v. Veros Credit, LLC*, 2017 U.S. Dist. LEXIS 148540, at

20  *13 (E.D. Cal. Sep. 12, 2017); citing *Springe.*, 2015 U.S. Dist. LEXIS 154765, at *4.

21  **C.      Plaintiff Concedes the Fourteenth Affirmative Defense is Material and Pertinent to HHE's Alleged Willful Conduct and Treble Damages.**

22

23  Plaintiff next concedes, as he must, that the Ninth Circuit has not "directly" addressed the

24  viability of good faith and/or reasonable reliance defenses. Mot. at 2.  His subsequent citation to

25  case law from several foreign circuits is thus unpersuasive and does not constrain this Court.  *Id.*

26  Incredibly, Plaintiff then explains that those same foreign decisions have held "good faith

27  error or mistake . . . impacts potential trebling damages for willful conduct."  *Id.*  This admission

28  DEFENDANT'S OPPOSITION TO MOTION TO STRIKE
FOURTEENTH AFFIRMATIVE DEFENSE - 9
No. 3:19-cv-05960-MJP

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123964382v.7

1   is very significant.  Indeed, it appears Plaintiff has forgotten that ***this case*** includes such an

2   allegation of "willful conduct," and similarly seeks "trebl[e] damages" of $1,500 per call.  *See*

3   *Second Amended Complaint*, Dkt. No. 72 ¶ 48.c & p.11 (identifying as a "common question of

4   law and fact" "[w]hether Defendants telephone calls were made knowingly or willfully," and

5   seeking an "[a]ward [of] $1,500 in statutory damages for each and every call that Defendants

6   willfully or knowingly placed in violation of . . . the TCPA.").  For this reason alone, and by

7   Plaintiff's own admission, HHE's Fourteenth Affirmative Defense is directly material and

8   pertinent to this case.

9                                    **V.       CONCLUSION**

10          For the foregoing reasons, Hearing Help respectfully requests that the *Motion to Strike*

11   Hearing Help Express, Inc.'s Fourteenth Affirmative Defense be denied.

12

13                              DATED this 26th day of October, 2020.

14

15                                            VAN KAMPEN & CROWE PLLC

16                                            */s/ David E. Crowe*
                                              David E. Crowe, WSBA No. 43529

17                                            dcrowe@vkclaw.com

18                                            BLANK ROME LLP

19                                            */s/ Nicole B. Metral*

20                                            Ana Tagvoryan (admitted *pro hac vice*)
                                              atagvoryan@BlankRome.com

21                                            Jeffrey Rosenthal (admitted *pro hac vice*)
                                              Rosenthal-J@BlankRome.com

22                                            Nicole B. Metral (admitted *pro hac vice*)
                                              nbmetral@blankrome.com

23                                            2029 Century Park East, 6th Floor
                                              Los Angeles, CA  90067

24                                            Telephone:    424.239.3400
                                              Facsimile:     424.239.3434

25
                                              *Attorneys for Defendant Hearing Help Express, Inc.*
26

27

28
DEFENDANT'S OPPOSITION TO MOTION TO STRIKE
FOURTEENTH AFFIRMATIVE DEFENSE - 10
No. 3:19-cv-05960-MJP

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123964382v.7

1

**CERTIFICATE OF SERVICE**

2

I, Nicole Metral, hereby certify that on October 26th, 2020, I electronically filed the

3

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4

such filing to the following

5

6

7

8

9

10

TERRELL MARSHALL LAW GROUP
Beth E. Terrell
Jennifer Rust Murray
Adrienne D. McEntee
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Phone: (206) 816-6603
BTerrell@terrellmarshall.com
JMurray@terrellmarshall.com
AMcentee@terrellmarshall.com

PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 22043
Phone: (617) 485-0018
Fax: (503) 318-8100
Anthony@paronichlaw.com

Attorney for Plaintiff

11

Attorneys for Plaintiff

12

13

14

15

16

Carl J. Marquardt
LAW OFFICE OF
CARL J. MARQUARDT, PLLC
1126 34th Avenue, Suite 311
Seattle, Washington 98122-5137
Telephone: (206) 388-4498
carl@cjmpllc.com

17

Attorney for Defendant Lewis Lurie and
Defendant LeadCreations.Com, LLC

18

19

20

21

22

Edward Maldonado, Admitted Pro Hac Vice
MALDONADO LAW GROUP
2850 S. Douglas Road, Suite 303
Coral Gables, Florida 33134
Telephone: (305) 477-7580
eam@maldonado-group.com
awclerk@maldonado-group.com

23

Attorney for Defendant Lewis Lurie and
Defendant LeadCreations.Com, LLC

24

25

Signed at Los Angeles, California this 26th day of October 2020.

26

*/s/ Nicole Metral*
Nicole Metral

27

28

DEFENDANT'S OPPOSITION TO MOTION TO STRIKE
FOURTEENTH AFFIRMATIVE DEFENSE - 11
No. 3:19-cv-05960-MJP

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/123964382v.7