THE HONORABLE MARSHA J. PECHMAN

1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
7

8   MARK HOFFMAN, on behalf of himself and all
    others similarly situated,

9                                                    NO. 3:19-cv-05960-MJP
                             Plaintiff,
10                                                   **PLAINTIFF'S REPLY IN SUPPORT**
                                                     **OF MOTION TO STRIKE HEARING**
11           vs.                                     **HELP EXPRESS, INC.'S**
                                                     **FOURTEENTH AFFIRMATIVE**
12  HEARING HELP EXPRESS, INC.,                      **DEFENSE**
    LEADCREATIONS.COM, LLC,
13  TRIANGULAR MEDIA CORP. and LEWIS
    LURIE.
14
                            Defendants.
15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO
STRIKE HEARING HELP EXPRESS, INC.'S
FOURTEENTH AFFIRMATIVE DEFENSE
Case No. 3:19-cv-05960-MJP

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# TABLE OF CONTENTS

Page No.

I.    REPLY INTRODUCTION ........................................................................................1

II.   AUTHORITY AND ARGUMENT ....................................................................1

    A.    Hearing Help's fourteenth affirmative defense fails as a matter of Law ....................................................................................................................1

    B.    The Court should disregard materials outside the pleadings .................5

    C.    Plaintiff's motion is procedurally proper ............................................6

    D.    Striking the affirmative defense does not prevent Hearing Help from making arguments about damages .................................................6

III.  CONCLUSION ..................................................................................................6

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO
STRIKE HEARING HELP EXPRESS, INC.'S
FOURTEENTH AFFIRMATIVE DEFENSE – i
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

Page No.

## FEDERAL CASES

*Ahmed v. HSBC Bank USA, N.A.*,
    No. 15-edcv-2057-FMO (SPx), 2017 WL 5720548 (C.D. Cal. Nov. 6, 2017) .............2, 3

*Alea London, Ltd. v. Am. Home Servs., Inc.*,
    638 F.3d 768 (11th Cir. 2011) ................................................................................2

*Armstrong v. Investor's Bus. Daily, Inc.*,
    No. CV182134MWFJPRX, 2019 WL 2895621 (C.D. Cal. Mar. 12, 2019) ....................2

*Berman v. Freedom Fin. Network, LLC*,
    400 F. Supp. 3d 964 (N.D. Cal. 2019).................................................................2, 3

*Bushbeck v. Chicago Title Ins. Co.*,
    No. C08-0755JLR, 2010 WL 11442904 (W.D. Wash. Aug. 26, 2010) ........................4

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*,
    510 U.S. 517 (1994) .............................................................................................1

*Fed. Deposit Ins. Corp. v. Crosby*,
    774 F. Supp. 584 (W.D. Wash. 1991) ...................................................................1

*Fed. Deposit Ins. Corp. v. Hanson*,
    No. C13-0671-JCC, 2013 WL 12074983 (W.D. Wash. Dec. 10, 2013) .......................5

*Gomez v. J. Jacobo Farm Labor Contractor, Inc.*,
    188 F. Supp. 3d 986 (E.D. Cal. 2016) ...................................................................4

*Haskins v. Cherokee Grand Ave., LLC*,
    No. 11-cv-05142-YGR, 2012 WL 1110014 (N.D. Cal. Apr. 2, 2012)..........................5

*Horton v. NeoStrata Co. Inc.*,
    No. 316CV02189AJBJLB, 2017 WL 2721977 (S.D. Cal. June 22, 2017) ....................4

*J&J Sports Prods., Inc. v. Jimenez*,
    No. 10-cv-0866-DMS, 2010 WL 5173717 (S.D. Cal. Dec. 15, 2010).........................5

*J&J Sports Prods., Inc. v. Mendoza-Govan*,
    No. C 10-05123 WHA, 2011 WL 1544886 (N.D. Cal. Apr. 25, 2011) .........................6

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Johnson v. Golden Empire Transit Dist.*,
    No. 1:14-CV-001841 LJO, 2015 WL 1541285 (E.D. Cal. Apr. 7, 2015) ........................4

*Lee v. Loandepot.com, LLC*,
    2016 WL 4382786 (D. Kan. 2016) ..................................................................................3

*Lemieux v. Lender Processing Ctr.*,
    No. 16-cv-1850-BAS, 2018 WL 637945 (S.D. Cal. Jan. 31, 2018)..................................2

*Lister v. Hyatt Corp.*,
    No. C18-0961JLR, 2019 WL 5190893 (W.D. Wash. Oct. 15, 2019) ...............................1

*Morgan v. Branson Vacation & Travel, LLC*,
    2013 WL 5532228 (W.D. Okla. 2013) .............................................................................3

*N. L. by Lemos v. Credit One Bank, N.A.*,
    960 F.3d 1164 (9th Cir. 2020) .........................................................................................1

*Neylon v. Cty. of Inyo*,
    No. 1:16-CV-0712 AWI JLT, 2017 WL 3670925 (E.D. Cal. Aug. 25, 2017).................6

*Olney v. Job.com, Inc.*,
    2014 WL 1747674 (E.D. Cal. 2014) ................................................................................3

*Perez v. Rash Curtis & Assoc.*,
    No. 16-cv-3396-YGR, 2019 WL 1491694 (N.D. Cal. April 4, 2019) .............................3

*Pieterson v. Wells Fargo Bank, N.A.*,
    No. 17-CV-02306-EDL, 2018 WL 3241069 (N.D. Cal. July 2, 2018) ............................3

*SEC v. Sands*,
    902 F. Supp. 1149 (C.D. Cal. 1995) ................................................................................5

*Sherman v. Yahoo! Inc.*,
    No. 13CV0041-GPC-WVG, 2015 WL 11237012 (S.D. Cal. Feb. 26, 2015) .................5

*Van Patten v. Vertical Fitness Grp., LLC*,
    847 F.3d 1037 (9th Cir. 2017) .........................................................................................2

*Vogel v. Linden Optometry APC*,
    No. CV 13-00295 GAF SHX, 2013 WL 1831686 (C.D. Cal. Apr. 30, 2013) .................4

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO
STRIKE HEARING HELP EXPRESS, INC.'S
FOURTEENTH AFFIRMATIVE DEFENSE – iii
CASE NO. 3:19-cv-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## FEDERAL RULES

47 C.F.R. § 64.1200(a)(2) ..................................................................................................2

Fed. R. Civ. P. 12(f)(2) ......................................................................................................6

## OTHER AUTHORITIES

*In the Matter of Rules & Regulations Implementing the Tel. Consumer*
   *Prot. Act of 1991*, 23 F.C.C. Rcd. 559 (2008) ...............................................3

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO
STRIKE HEARING HELP EXPRESS, INC.'S
FOURTEENTH AFFIRMATIVE DEFENSE – iv
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## I.  REPLY INTRODUCTION

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Hearing Help's assertion of "good faith" or "reasonable reliance" on third parties to obtain prior express written consent—an issue for which Hearing Help alone bears the burden of proof—is the type of specious defense that the Court should dispense with now.

Hearing Help made calls marketing its hearing aids to Mark Hoffman and thousands of individuals just like him, even though they did not provide their prior written authorization to be called, as the law requires. Hearing Help now asks to avoid liability because it called individuals for whom it believed third-party vendors obtained consent. But in the Ninth Circuit, Hearing Help's "intent" to call those "who had consented to its calls does not exempt [Helping Help] from liability under the TCPA when it calls someone [] who did not consent." *N. L. by Lemos v. Credit One Bank, N.A*., 960 F.3d 1164, 1167 (9th Cir. 2020).

For the reasons in Mr. Hoffman's opening brief, and those that follow, the Court should grant Mr. Hoffman's motion to strike Hearing Help's fourteenth affirmative defense.

## II.  AUTHORITY AND ARGUMENT

### A.    Hearing Help's fourteenth affirmative defense fails as a matter of law.

"[W]here [a] motion [to strike] may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *Lister v. Hyatt Corp*., No. C18-0961JLR, 2019 WL 5190893, at *4 (W.D. Wash. Oct. 15, 2019) (citing *California v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981)). "An affirmative defense may be stricken pursuant to Federal Rule of Civil Procedure 12(f) if it is insufficient as a matter of law." *Fed. Deposit Ins. Corp. v. Crosby*, 774 F. Supp. 584, 585–86 (W.D. Wash. 1991). "An affirmative defense is insufficient if as a matter of law it cannot succeed under any circumstances." *Id*.

1       "Express consent … is an affirmative defense for which the defendant bears the burden

2   of proof." *Van Patten v. Vertical Fitness Grp., LLC,* 847 F.3d 1037, 1044 (9th Cir. 2017). A call

3   that "includes or introduces an advertisement" or "constitutes telemarketing" may only be sent

4   with the recipient's prior express written consent. 47 C.F.R. § 64.1200(a)(2). To avoid liability

5   for the telemarketing calls that Hearing Help made to Mr. Hoffman and other class members,

6   Hearing Help must prove that it had written permission from Mr. Hoffman and those like him

7   before Hearing Help ever dialed their phone numbers.

8       Hearing Help's fourteenth affirmative defense would eliminate Hearing Help's burden of

9   proof on consent altogether. Under Hearing Help's theory, its good faith reliance on third-party

10  vendors to obtain prior express written consent would relieve it of all liability. Hearing Help is

11  mistaken. In the Ninth Circuit, a caller's belief that it has consent to make calls is not a defense

12  under the TCPA, which is essentially a strict liability statute. *See Credit One Bank,* 960 F.3d at

13  1170 ("Credit One's intent to call a customer who had consented to its calls does not exempt

14  Credit One from liability under the TCPA when it calls someone else who did not consent.");

15  *Armstrong v. Investor's Bus. Daily, Inc.,* No. CV182134MWFJPRX, 2019 WL 2895621, at *8

16  (C.D. Cal. Mar. 12, 2019) (the TCPA essentially imposes strict liability); *Ahmed v. HSBC Bank

17  USA, N.A.,* No. 15-edcv-2057-FMO (SPx), 2017 WL 5720548, at *3 (C.D. Cal. Nov. 6, 2017)

18  ("The TCPA is essentially a strict liability statute[.]") (quotation marks and citation omitted); *see

19  also Alea London, Ltd. v. Am. Home Servs., Inc.,* 638 F.3d 768, 766 (11th Cir. 2011) ("The TCPA

20  is essentially a strict liability statute which imposes liability for erroneous unsolicited faxes.");

21  *Lemieux v. Lender Processing Ctr.,* No. 16-cv-1850-BAS, 2018 WL 637945, at *3 (S.D. Cal.

22  Jan. 31, 2018) ("The TCPA is in essence a strict liability statute and it is not up to this Court to

23  equitably temper its bite.") (citation omitted).

24      Most courts that have been asked to recognize a good faith or reasonable reliance defense

25  in TCPA cases have refused to do so. *See, e.g., Berman v. Freedom Fin. Network, LLC,* 400 F.

26  Supp. 3d 964, 981 (N.D. Cal. 2019) ("defendants' contention that it maintained a good faith belief

27

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO
STRIKE HEARING HELP EXPRESS, INC.'S
FOURTEENTH AFFIRMATIVE DEFENSE – 2
CASE NO. 3:19-CV-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

that it had consent to call Berman is not dispositive on the TCPA claims"); *Perez v. Rash Curtis & Assoc.*, No. 16-cv-3396-YGR, 2019 WL 1491694, at *5 (N.D. Cal. April 4, 2019) (a defendant's good faith belief it was complying with the TCPA is relevant only to willfulness); *Pieterson v. Wells Fargo Bank, N.A.*, No. 17-CV-02306-EDL, 2018 WL 3241069, at *3 (N.D. Cal. July 2, 2018) ("In the Ninth Circuit, district courts have generally rejected the 'intended recipient' definition, which counsels against a conclusion that Defendant can rely on a good faith exemption to the consent requirement."); *Ahmed,* 2017 WL 5720548, at *3 ("there is no good faith defense against a TCPA claim"); *Olney v. Job.com, Inc.,* 2014 WL 1747674, *8-9 (E.D. Cal. 2014) ("declin[ing] to find TCPA provides a good faith exception"); *Morgan v. Branson Vacation & Travel, LLC*, 2013 WL 5532228, *1 (W.D. Okla. 2013) ("Defendant's good faith is immaterial as the statute imposes strict liability for violations."); *Lee v. Loandepot.com, LLC*, 2016 WL 4382786, *7 (D. Kan. 2016) (refusing to apply good faith defense in TCPA case).

Hearing Help does not address the case law Mr. Hoffman provided in his opening brief, but instead relies on distinguishable decisions that predate the Ninth Circuit's recent pronouncement in *Credit One Bank*. In *Springer v. Fair Isaac Corp.*, No. 14-CV-02238-TLN-AC, 2015 WL 7188234, at *3 (E.D. Cal. Nov. 16, 2015), for example, the court's ruling  was limited, "not to be read as permitting a general good faith defense under the TCPA...[and defendant still] must produce sufficient facts showing [p]laintiff's prior express consent to be contacted." *Chyba v. First Fin. Asset Mgmt., Inc.*, No. 12-CV-1721-BEN WVG, 2014 WL 1744136, at *10 (S.D. Cal. Apr. 30, 2014), *aff'd*, 671 F. App'x 989 (9th Cir. 2016) was also limited, involving calls to a plaintiff who provided her cellular telephone number to a creditor as part of the underlying transaction. Calls like those in *Chyba*, which are made for debt collection, "are permissible as calls made with the 'prior express consent' of the called party." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 559 (2008). But the "debt collection reasoning in *Chyba* is inapplicable here." *Berman*, 400 F. Supp. 3d at 981, fn 15. Finally, out-of-circuit cases *Danehy v. Time Warner Cable Enterprises*,

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO
STRIKE HEARING HELP EXPRESS, INC.'S
FOURTEENTH AFFIRMATIVE DEFENSE – 3
CASE NO. 3:19-cv-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

No. 5:14-CV-133-FL, 2015 WL 5534094, at *6 (E.D.N.C. Aug. 6, 2015) and *Degnan v. Dentis USA Corp*., No. 4:17-CV-292 (CEJ), 2017 WL 2021085, at *3 (E.D. Mo. May 12, 2017) are not persuasive, in light of contradictory authority from district courts in the Ninth Circuit.

Hearing Help also argues that Mr. Hoffman's reliance on *Credit One Bank* is misplaced based on a language in a footnote to FCC guidance regarding reassigned numbers. *See* ECF No. 92 at 12:19-13:3 (citing *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, fn. 312 (2015)). But this is not a reassigned number case. Hearing Help does not allege that it had consent to contact someone previously assigned to Mr. Hoffman's phone number. Rather, Hearing Help bought Mr. Hoffman's phone number for the express purpose of marketing its hearing aids to him. And the FCC has been clear that, having made the choice to call a wireless number, "it is the caller—and not the wireless recipient of the call—who bears the risk that the call was made without the prior express consent required under the statute." 2015 Order, 30 F.C.C. Rcd. at fn. 312.

Courts in this circuit routinely grant motions to strike "good faith" affirmative defenses which are legally insufficient. *See, e.g., Bushbeck v. Chicago Title Ins. Co*., No. C08-0755JLR, 2010 WL 11442904, at *5 (W.D. Wash. Aug. 26, 2010) ("The court agrees with the Bushbecks that 'good faith' is not a proper affirmative defense"); *Johnson v. Golden Empire Transit Dist*., No. 1:14-CV-001841 LJO, 2015 WL 1541285, at *7 (E.D. Cal. Apr. 7, 2015) (striking good faith defense as legally insufficient); *Horton v. NeoStrata Co. Inc*., No. 316CV02189AJBJLB, 2017 WL 2721977, at *11 (S.D. Cal. June 22, 2017) (same) (citing *Gomez v. J. Jacobo Farm Labor Contractor, Inc*., 188 F. Supp. 3d 986, 1001 (E.D. Cal. 2016) ("There is no good faith mistake of law defense under the California Labor Code.")); *Vogel v. Linden Optometry APC*, No. CV 13-00295 GAF SHX, 2013 WL 1831686, at *5 (C.D. Cal. Apr. 30, 2013) (striking affirmative defense of good faith/intent as irrelevant). Mr. Hoffman urges the Court to do the same here.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**B.**     **The Court should disregard materials outside the pleadings.**

"The grounds for the motion [to strike] must appear on the face of the pleading under attack or from matter which the court may judicially notice." *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995); *see also Haskins v. Cherokee Grand Ave., LLC*, No. 11-cv-05142-YGR, 2012 WL 1110014, at *5 (N.D. Cal. Apr. 2, 2012) (not considering draft agreement for motion to strike affirmative defenses because the agreement was outside the pleadings); *J&J Sports Prods., Inc. v. Jimenez*, No. 10-cv-0866-DMS, 2010 WL 5173717, at *2 (S.D. Cal. Dec. 15, 2010) ("[T]his Court will address each affirmative defense based only on matters alleged in the pleadings" because "[a] ruling on a motion to strike affirmative defenses must be based on matters contained in the pleadings."). Rather than oppose Mr. Hoffman's motion with matters alleged in the pleadings, Hearing Help relied improperly on extrinsic evidence. *See* ECF Nos 41, 80. The Court should disregard Hearing Help's extrinsic evidence. *Sherman v. Yahoo! Inc*., No. 13CV0041-GPC-WVG, 2015 WL 11237012, at *2 (S.D. Cal. Feb. 26, 2015) (declining to consider extrinsic evidence on motion to strike affirmative defenses in TCPA case).

Even if the Court considers Hearing Help's extrinsic evidence, the Court should grant Mr. Hoffman's motion because "under no set of circumstances could the defense succeed." *Fed. Deposit Ins. Corp. v. Hanson,* No. C13-0671-JCC, 2013 WL 12074983, at *1 (W.D. Wash. Dec. 10, 2013) (quotation omitted). Hearing Help asserts that it obtained Mr. Hoffman's lead as a result of a "glitch" in a third-party IVR system that recorded Mr. Hoffman's telephone response as "yes" rather than "no." Glitch or no glitch, Hearing Help remains liable for the subsequent calls it made to Mr. Hoffman because consent provided by phone is not written consent. Based on Hearing Help's own version of events, when Hearing Help called Mr. Hoffman (after Mr. Hoffman allegedly walked through the IVR process), it did not have his written consent to do so. Under *Credit One Bank*, it is inconsequential whether Hearing Help intended otherwise.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

**C.      Plaintiff's motion is procedurally proper.**

2

A party may bring a motion to strike within 21 days after the filing of the pleading at

3

issue. Fed. R. Civ. P. 12(f)(2). Mr. Hoffman timely filed his motion on October 9th (ECF No.

4

89) two weeks after Hearing Help filed its September 25th Answer to Mr. Hoffman's Second

5

Amended Complaint (ECF No. 82). Hearing Help nevertheless argues that Plaintiff's motion is

6

procedurally improper because Hearing Help raised the defense in a prior answer. Hearing Help

7

offers no legal support for this argument, and undersigned counsel could find no authority to

8

support Hearing Help's position in this circuit or elsewhere. In short, the fact that Hearing Help

9

has repeated the same faulty defense does not make Plaintiff's motion procedurally flawed.

**D.      Striking the affirmative defense does not prevent Hearing Help from making arguments about damages.**

10

11

Hearing Help argues that Mr. Hoffman's motion should be denied because courts have

12

determined that intent may be relevant to the issue of damages. Not so. "An affirmative defense

13

is one that precludes *liability* even if all of the elements of a plaintiff's claim are proven." *Neylon*

14

*v. Cty. of Inyo*, No. 1:16-CV-0712 AWI JLT, 2017 WL 3670925, at *3 (E.D. Cal. Aug. 25, 2017)

15

(emphasis added). Damages, on the other hand, are irrelevant to liability. *See J&J Sports Prods.,*

16

*Inc. v. Mendoza-Govan,* No. C 10-05123 WHA, 2011 WL 1544886, at *6 (N.D. Cal. Apr. 25,

17

2011) (granting motion to strike good faith defense even though "Defendant is correct that if it

18

is later found that defendant acted unknowingly, damages … may be reduced" as "[t]his point is

19

irrelevant … for determining liability."). Nothing prevents Hearing Help from introducing

20

evidence, once liability has been determined, that suggests its practices were not knowing or

21

willful. But Hearing Help should not be permitted to advance legally insufficient "good faith"

22

and "reasonable reliance" arguments in an improper attempt to defeat liability.

23

**III.  CONCLUSION**

24

For the foregoing reasons, Plaintiff respectfully requests that the Court strike Hearing

25

Help's fourteenth affirmative defense.

26

27

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO
STRIKE HEARING HELP EXPRESS, INC.'S
FOURTEENTH AFFIRMATIVE DEFENSE – 6
CASE NO. 3:19-CV-05960-MJP

1

RESPECTFULLY SUBMITTED AND DATED this 30th day of October, 2020.

2

TERRELL MARSHALL LAW GROUP PLLC

3

By: /s/ Adrienne D. McEntee, WSBA #34061

4

Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com

5

Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com

6

Adrienne D. McEntee, WSBA #34061
Email: amcentee@terrellmarshall.com

7

936 North 34th Street, Suite 300

8

Seattle, Washington 98103-8869
Telephone: (206) 816-6603

9

10

Anthony I. Paronich, *Admitted Pro Hac Vice*
Email: anthony@paronichlaw.com

11

PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400

12

Hingham, Massachusetts 02043
Telephone: (617) 485-0018

13

Facsimile: (508) 318-8100

14

*Attorneys for Plaintiff and the Proposed Class*

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO
STRIKE HEARING HELP EXPRESS, INC.'S
FOURTEENTH AFFIRMATIVE DEFENSE – 7
Case No. 3:19-cv-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

<u>CERTIFICATE OF SERVICE</u>

2

I, Adrienne D. McEntee, hereby certify that on October 30, 2020, I electronically filed

3

the foregoing with the Clerk of the Court using the CM/ECF system which will send

4

notification of such filing to the following:

5

6

David E. Crowe, WSBA #43529
Email: dcrowe@vkclaw.com
VAN KAMPEN & CROWE PLLC

7

1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154

8

Telephone: (206) 386-7353
Facsimile: (206) 405-2825

9

10

Ana Tagvoryan, *Admitted Pro Hac Vice*
Email: atagvoryan@blankrome.com

11

Nicole Bartz Metral, *Admitted Pro Hac Vice*
Email: nbmetral@blankrome.com

12

BLANK ROME LLP

13

2029 Century Park East, 6th Floor
Los Angeles, California 90067

14

Telephone: (424) 239-3400
Facsimile: (424) 239-3434

15

16

Jeffrey Rosenthal, *Admitted Pro Hac Vice*
Email: rosenthal-j@blankrome.com

17

BLANK ROME LLP
130 North 18th Street

18

Philadelphia, Pennsylvania 19103
Telephone: (215) 569-5500

19

Facsimile: (215) 569-5555

20

*Attorneys for Defendant Hearing Help Express, Inc.*

21

Carl J. Marquardt

22

Email: carl@cjmpllc.com
LAW OFFICE OF CARL J. MARQUARDT, PLLC

23

1126 34th Avenue, Suite 311
Seattle, Washington 98122-5137

24

Telephone: (206) 388-4498

25

26

27

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO
STRIKE HEARING HELP EXPRESS, INC.'S
FOURTEENTH AFFIRMATIVE DEFENSE – 8
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Edward Maldonado, *Admitted Pro Hac Vice*
Email: eam@maldonado-group.com
Email: awclerk@maldonado-group.com
MALDONADO LAW GROUP
2850 S. Douglas Road, Suite 303
Coral Gables, Florida 33134
Telephone: (305) 477-7580

*Attorneys for Defendant Lewis Lurie*

DATED this 30th day of October, 2020.

TERRELL MARSHALL LAW GROUP PLLC

By:   /s/ Adrienne D. McEntee, WSBA #34061
Adrienne D. McEntee, WSBA #34061
Email: amcentee@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

*Attorneys for Plaintiff and the Proposed Class*

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO
STRIKE HEARING HELP EXPRESS, INC.'S
FOURTEENTH AFFIRMATIVE DEFENSE – 9
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com