THE HONORABLE MARSHA J. PECHMAN

1

2

3

4

5

6          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
7

8    MARK HOFFMAN, on behalf of himself and all
     others similarly situated,
9                                                    NO. 3:19-cv-05960-MJP
                          Plaintiff,
10                                                   **PLAINTIFF'S REPLY IN SUPPORT**
                                                     **OF MOTION TO AMEND THE**
          vs.                                        **COMPLAINT**
11

12   HEARING HELP EXPRESS, INC.,
     TRIANGULAR MEDIA CORP.,
13   LEADCREATIONS.COM, LLC and LEWIS
     LURIE,
14
                          Defendants.
15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO
AMEND THE COMPLAINT
CASE NO. 3:19-cv-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## <u>TABLE OF CONTENTS</u>

**Page**

I.      REPLY INTRODUCTION ............................................................................................ 1

II.     AUTHORITY AND ARGUMENT ............................................................................... 1

     A.      Legal standard ................................................................................................. 1

     B.      Hearing Help fails to show it would be prejudiced by the
             proposed amendment ....................................................................................... 2

     C.      Plaintiff brought his motion in good faith ...................................................... 3

     D.      Plaintiff's claims against IntriCon are not futile ............................................ 5

III.    CONCLUSION ............................................................................................................. 6

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## TABLE OF AUTHORITIES

2

**Page**

3

*Anderson v. Domino's Pizza Inc.*,
    No. 11-cv-902 RBL, 2012 WL 1684620 (W.D. Wash. May 15, 2012) ........................ 5

4

*DCD Programs, Ltd. v. Leighton*,
    833 F.2d 183 (9th Cir. 1987) ................................................................................. 1, 3

5

6

*Douglas v. Bank of Am.*,
    No. C20-0193JLR, 2020 WL 6799010 (W.D. Wash. Nov. 19, 2020) ...................... 2, 3

7

*Gomez v. Campbell-Ewald Co.*,
    768 F.3d 871 (9th Cir. 2014) ..................................................................................... 5

8

9

*Eminence Capital, LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) ............................................................................... 1, 2

10

*Henderson v. United Student Aid Funds, Inc.*,
    918 F.3d 1068 (9th Cir. 2019) ................................................................................... 4

11

12

*In re Joint Petition filed by Dish Network, LLC*,
    28 FCC Rcd. 6574 (2013) ...................................................................................... 3, 4

13

*Kern v. VIP Travel Servs.*, No. 1:16-CV-8,
    2017 WL 1905868 (W.D. Mich. May 10, 2017) ........................................................ 5

14

15

*Kristensen v. Credit Payment Servs. Inc.*,
    879 F.3d 1010 (9th Cir. 2018) ................................................................................... 4

16

17

*Magness v. Walled Lake Credit Bureau, LLC*,
    No. 12-6586, 2014 WL 12610218 (E.D. Pa. Jan. 31, 2014) ........................................ 2

18

*Sanderina, LLC v. Great Am. Ins. Co.*,
    No. 2:18-cv-00772-JAD-CWH, 2018 WL 4355219 (D. Nev. Aug. 27, 2018) .............. 5

19

20

*Thomas v. Taco Bell Corp.*,
    879 F. Supp. 2d 1079 (C.D. Cal. 2012) .................................................................... 5

21

22

*UNUM Life Ins. Co. of Am. v. Ward*,
    526 U.S. 358 (1999) ................................................................................................. 5

23

24

*Ward v. Mgt. Analysis Co. Emp. Disability Benefit Plan*,
    135 F.3d 1276 (9th Cir. 1988) ................................................................................... 5

25

26

27

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO
AMEND THE COMPLAINT - ii
CASE NO. 3:19-CV-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**FEDERAL RULES**

Rule 12(b)(6) ................................................................................................ 5

Rule 15(a) ..................................................................................................... 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# I. REPLY INTRODUCTION

Plaintiff has sought leave to amend to add IntriCon, Inc. and IntriCon Corp. (Intricon) as defendants well in advance of the Court's deadline to join additional parties and nearly five months before the discovery cut off. And he did so only after discovery revealed that IntriCon has played a substantial role in Hearing Help's telemarketing operations—in fact, Hearing Help did not even conduct outbound telemarketing until IntriCon purchased the company out of bankruptcy and then invested heavily in Hearing Help's operations. Plaintiff's motion should be granted so that he can conduct further discovery into the role IntriCon has played in Hearing Help's day-to-day operations and its knowledge of Hearing Help's telemarketing violations.

Hearing Help argues that Plaintiff's motion is futile, but wrongly relies on cases decided on summary judgment and in the process highlights the fact that a determination of vicarious liability is a fact-intensive inquiry that should not be decided on a motion for leave to amend. Hearing Help's assertions of "bad faith" fail as well. Plaintiff seeks amendment to add a company that appears to be the driving force behind Hearing Help's telemarketing operation not to harass Hearing Help. Finally, and most importantly, Hearing Help fails to identify any real prejudice that it would suffer if the Court permits Plaintiff to add IntriCon. For these reasons, Plaintiff's motion should be granted.

# II. AUTHORITY AND ARGUMENT

## A.   Legal standard.

Hearing Help does not dispute that Rule 15(a)'s policy of favoring amendments to pleadings applies here. This policy must be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (holding district court abused its discretion in denying motion to file fourth amended complaint adding another defendant) (quotation and internal marks omitted). Courts apply four factors when determining whether granting leave to amend is appropriate, including undue delay, bad faith, prejudice, and futility. But "prejudice to the opposing party is the most important [factor] and carries the greatest weight. *Eminence*

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining … factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). Here, Hearing Help fails to show that it will suffer any undue prejudice, if Plaintiff's motion is granted, and also fails to make the requisite "strong showing" of the remaining factors.

**B.     Hearing Help fails to show it would be prejudiced by the proposed amendment.**

Hearing Help asserts it would be prejudiced if IntriCon was added as a defendant because IntriCon would need to re-depose the seven witnesses who have been deposed in the case thus far. *See* Opp. at 12:1-16. But this assertion is entirely speculative—there is no indication that IntriCon actually would expend the resources to engage in "repetitive" discovery. To the extent IntriCon decides it needs to re-depose witnesses, nearly five months remain before the April 30, 2021 discovery cut off, giving it plenty of time to do so. This is not a case where Plaintiff waited until after discovery closed to seek amendment. *Cf. Douglas v. Bank of Am.*, No. C20-0193JLR, 2020 WL 6799010, at *6 (W.D. Wash. Nov. 19, 2020) (granting motion for leave to amend complaint to add defendant even though plaintiffs filed motion after class discovery closed and on the same day they moved for class certification).

Hearing Help wrongly relies on *Magness v. Walled Lake Credit Bureau, LLC*, No. 12-6586, 2014 WL 12610218, at *2-3 (E.D. Pa. Jan. 31, 2014). Opp at 12:12-16. In that case, the plaintiff "waited until the eve of the dispositive motions deadline" to seek leave to amend and the court specifically found that granting amendment would "place a burden on the Court and delay the resolution of the matter for Defendants." *Id.* at *3. By contrast, Plaintiff sought leave to amend nearly a month before the deadline to join additional parties and nearly five months before the discovery cut off. *See* Dkt. No. 78. Sufficient time exists to complete additional discovery without delaying the case.

Hearing Help asserts that "adding IntriCon as a defendant would further complicate and dramatically expand the scope of what is already an unnecessarily complex case" (Opp. at

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO
AMEND THE COMPLAINT - 2
CASE NO. 3:19-cv-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

12:17-23) but fails to explain why. Hearing Help also fails to explain how adding IntriCon impacts the discovery motion that Hearing Help filed. That motion seeks a protective order precluding discovery from third party lead generators. It does not involve discovery requested from IntriCon. Hearing Help's conclusory assertions of prejudice should be rejected. *See DCD Programs*, 833 F.3d at 188 (no undue prejudice where defendant joined when case was "still at the discovery stage"); *Douglas*, 2020 WL 6799010 (granting amendment where defendant "overstate[d] the amount of prejudice caused by the timing of the motion to amend").

**C.      Plaintiff brought his motion in good faith.**

Hearing Help accuses Plaintiff of seeking to add IntriCon in order to "harass [Hearing Help] and gain access to a deeper pocket." Opp at 10:19-22. That is false. Plaintiff seeks to add IntriCon because discovery has revealed that IntriCon may be held vicariously liable for the outbound telemarketing calls that Hearing Help placed in violation of the TCPA. *See* Mtn at 1:12-3:18. Plaintiff seeks to protect himself and the proposed classes by making sure all entities involved in the telemarketing scheme are named as defendants. And he properly waited to add IntriCon until he had sufficient evidence. *See DCD Programs*, 833 F.2d at 187 (no bad faith where plaintiffs "waited until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct" before seeking leave to sue proposed defendant).

Far from bad faith, the FCC has determined that vicarious liability is essential to serve the TCPA's remedial purpose of protecting Americans from "unwanted telephone invasions." *In re Joint Petition filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6587 (2013). Vicarious liability is important because reputable, traceable, and solvent companies that benefit from illegal telemarketing "are in the best position to monitor and police TCPA compliance by third-party telemarketers," and, unless the beneficiaries are held accountable, consumers would be left without recourse, relegated to futilely chasing down third-party telemarketers that are commonly "judgment proof, unidentifiable, or located outside the United States." *Id.* at 6588. The Ninth Circuit follows the FCC's approach to vicarious liability under the TCPA.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   *Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010, 1014 (9th Cir. 2018). By adding

2   IntriCon as a defendant, Plaintiff seeks to ensure that the all entities involved with and

3   benefitting from the unlawful calls are held accountable.

4         The fact that IntriCon is Hearing Help's parent company bears no relevance to the

5   vicarious liability analysis. At summary judgment or trial, the Court will determine whether

6   IntriCon can be held liable under common law agency principles. *Henderson v. United Student*

7   *Aid Funds, Inc.*, 918 F.3d 1068, 1072 (9th Cir. 2019); *Dish,* 28 F.C.C. Rcd. at 6586-87

8   (companies may be held vicariously liable for TCPA violations under the following theories:

9   (1) actual or "classical" agency; (2) apparent authority; and (3) ratification). Here, Plaintiff

10   seeks to hold IntriCon liable for the unlawful telemarketing calls that Hearing Help placed after

11   IntriCon purchased it out of bankruptcy, invested in a dialer, and ramped up Hearing Help's

12   telemarketing. Given the number of calls Hearing Help made—3,449,916 unique calls to

13   372,259 unique numbers, including 2,078,306 calls to 224,212 cell phone numbers—the TCPA

14   violations likely number in the hundreds of thousands.

15         Plaintiff also has not "feign[ed] ignorance of how public companies operate" as Hearing

16   Help suggests. Opp. at 10:24-11:24. Plaintiff sued IntriCon not because it filed consolidated

17   SEC forms or because IntriCon required Hearing Help to provide financial reports to IntriCon,

18   but because discovery revealed that IntriCon (1) had the right to manage the operations of

19   Defendant Hearing Help Express (Hearing Help); (2) purchased Hearing Help specifically so

20   that IntriCon could leverage Hearing Help's call centers to "take a leadership role in the

21   emerging Teleaudiology space;" and (3) invested in Hearing Help's outbound dialing by

22   expanding Hearing Help's existing call center, purchasing a cloud-based dialing system,

23   opening a second call center, and hiring 30 to 40 new employees to staff the call center. *See,*

24   *e.g.,* Dkt. No. 95, Ex. A (Proposed Third Amended Complaint) ¶¶ 43-52; Dkt. No. 96

25   (McEntee Decl.) ¶ 3, Ex. 1 at 14:21-15:4 & 27:2-29:8. Plaintiff had a duty to himself and the

26

27

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO
AMEND THE COMPLAINT - 4
CASE NO. 3:19-CV-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

class to add IntriCon once he was aware that IntriCon could be vicariously liable for the calls. Hearing Help's bad faith accusations should be rejected.

**D.   Plaintiff's claims against IntriCon are not futile.**

Hearing Help devotes most of its brief to arguing that Plaintiff's claims against IntriCon are "futile," asserting that they could not withstand a Rule 12(b)(6) motion to dismiss. Opp. at 4:3-8. Hearing Help's argument should be rejected. For starters, in arguing that Plaintiff's claims wouldn't survive a Rule 12(b)(6) motion, Hearing Help wrongly relies on cases decided on summary judgment. *See Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1081 (C.D. Cal. 2012) (deciding vicarious liability issue on summary judgment); *Anderson v. Domino's Pizza Inc.*, No. 11-cv-902 RBL, 2012 WL 1684620 (W.D. Wash. May 15, 2012) (same); *see also Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014) (same). This is not surprising because "[t]he existence of an agency relationship generally presents a question of fact." *Ward v. Mgt. Analysis Co. Emp. Disability Benefit Plan*, 135 F.3d 1276, 1283 (9th Cir. 1988), *rev'd in part on other grounds*, *UNUM Life Ins. Co. of Am. v. Ward*, 526 U.S. 358 (1999). But a court must grant leave to amend if it finds a "colorable federal claim." *DCD Programs*, 833 F.2d at188. Thus, Hearing Help's summary judgment cases are inapposite.

The only cases that Hearing Help cites involving motions for leave to amend are distinguishable. In *Sanderina, LLC v. Great Am. Ins. Co.*, No. 2:18-cv-00772-JAD-CWH, 2018 WL 4355219, at *1 (D. Nev. Aug. 27, 2018) the court denied the plaintiff's motion for leave to amend the complaint to add a parent company because the plaintiff failed to allege any facts regarding the parent company's involvement in the case. Here, by contrast, Plaintiff alleges that IntriCon purchased Hearing Help so that it could use Hearing Help's call centers to sell hearing aids, that IntriCon, had the ability to manage Hearing Help's operations, and then exerted that ability by purchasing an outbound dialing system and hiring employees to make the calls. *See* Dkt. No. 95, Ex. A at ¶¶ 43-52. In *Kern v. VIP Travel Servs.*, No. 1:16-CV-8, 2017 WL 1905868, at *9 (W.D. Mich. May 10, 2017) the court denied the plaintiff's motion for leave to

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

amend to add a new defendant after the court already had granted the defendant's motions to dismiss and there was no evidence that the claims against the new defendant were any different that the claims against the original defendants. In fact, the plaintiff in *Kern* had failed to provide the court with a proposed amended complaint. Those circumstances are wholly different from this case where Plaintiff has defeated a motion to dismiss and the Court has even commented that "[u]nlike many cases filed under the TCPA, Hoffman's allegations are actually consistent with the intent of the statute." *See* Dkt. No. 32.

Hearing Help's analysis of the evidence that Plaintiff has uncovered during discovery regarding IntriCon's involvement underscores the fact-intensive inquiry that must occur to make a vicarious liability determination. *See* Opp. at 6:3-9:26. Hearing Help's analysis also is misleading. For example, Hearing Help asserts that IntriCon's statement in its 2017 SEC statement "has no bearing on this case" because Hearing Help "did not even use outbound calling until the end of 2017 or early 2018." Opp. at 6:3-5. That is precisely Plaintiff's point. Hearing Help did not engage in outbound telemarketing until after IntriCon purchased Hearing Help. Hearing Help's assertion that the SEC statements are not linked to telemarketing calls also misstates the record. IntriCon states specifically that it purchased Hearing Help as part of its switch to focus on "marketing and selling hearing aid devices directly to consumers through direct mail advertising, internet and a call center." Dkt. No. 96 ¶ 3. And further discovery revealed that as part of this focus IntriCon invested in a dialing system and call center agents.

Taken together, this information provides Plaintiff with a colorable basis to allege that IntriCon was heavily involved in Hearing Help's telemarketing efforts. Plaintiff's motion must be granted so he can pursue further discovery into the extent of IntriCon's day-to-day involvement in Hearing Help's operations and its knowledge of unlawful telemarketing.

## III.  CONCLUSION

For these reasons, Plaintiff's motion for leave to amend should be granted and he should be permitted to file the proposed Third Amended Complaint (Dkt. No. 95, Ex. A).

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO
AMEND THE COMPLAINT - 6
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    RESPECTFULLY SUBMITTED AND DATED this 18th day of December, 2020.

2                              TERRELL MARSHALL LAW GROUP PLLC

3
                             By:  /s/ Adrienne D. McEntee, WSBA #34061
4                                 Beth E. Terrell, WSBA #26759
                                  Email: bterrell@terrellmarshall.com
5                                 Jennifer Rust Murray, WSBA #36983
                                  Email: jmurray@terrellmarshall.com
6                                 Adrienne D. McEntee, WSBA #34061
                                  Email: amcentee@terrellmarshall.com
7                                 Benjamin M. Drachler, WSBA #51021
                                  Email: bdrachler@terrellmarshall.com
8                                 936 North 34th Street, Suite 300
                                  Seattle, Washington 98103-8869
9                                 Telephone: (206) 816-6603
10

11                                Anthony I. Paronich, *Admitted Pro Hac Vice*
                                  Email: anthony@paronichlaw.com
12                                PARONICH LAW, P.C.
                                  350 Lincoln Street, Suite 2400
13                                Hingham, Massachusetts 02043
                                  Telephone: (617) 485-0018
14                                Facsimile: (508) 318-8100

15
                                  *Attorneys for Plaintiff and the Proposed Class*
16

17

18

19

20

21

22

23

24

25

26

27

1

CERTIFICATE OF SERVICE

2     I, Adrienne D. McEntee, hereby certify that on December 18, 2020, I electronically

3   filed the foregoing with the Clerk of the Court using the CM/ECF system which will send

4   notification of such filing to the following:

5
David E. Crowe, WSBA #43529
6       Email: dcrowe@vkclaw.com
VAN KAMPEN & CROWE PLLC
7       1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154
8       Telephone: (206) 386-7353
Facsimile: (206) 405-2825
9

10      Ana Tagvoryan, *Admitted Pro Hac Vice*
Email: atagvoryan@blankrome.com
11      Nicole Bartz Metral, *Admitted Pro Hac Vice*
Email: nbmetral@blankrome.com
12      BLANK ROME LLP
2029 Century Park East, 6th Floor
13      Los Angeles, California 90067
Telephone: (424) 239-3400
14      Facsimile: (424) 239-3434

15
Jeffrey Rosenthal, *Admitted Pro Hac Vice*
16      Email: rosenthal-j@blankrome.com
BLANK ROME LLP
17      130 North 18th Street
Philadelphia, Pennsylvania 19103
18      Telephone: (215) 569-5500
Facsimile: (215) 569-5555
19

20      *Attorneys for Defendant Hearing Help Express, Inc.*

21      Carl J. Marquardt
Email: carl@cjmpllc.com
22      LAW OFFICE OF CARL J. MARQUARDT, PLLC
1126 34th Avenue, Suite 311
23      Seattle, Washington 98122-5137
Telephone: (206) 388-4498
24

25

26

27

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO
AMEND THE COMPLAINT - 8
CASE NO. 3:19-cv-05960-MJP

1
2
3
4

Edward Maldonado, *Admitted Pro Hac Vice*
Email: eam@maldonado-group.com
Email: awclerk@maldonado-group.com
MALDONADO LAW GROUP
2850 S. Douglas Road, Suite 303
Coral Gables, Florida 33134
Telephone: (305) 477-7580

5
6

*Attorneys for Defendant Lewis Lurie and Leadcreations.com, LLC*

DATED this 18th day of December, 2020.

7
8

TERRELL MARSHALL LAW GROUP PLLC

9
10
11
12

By:    /s/ Adrienne D. McEntee, WSBA #34061
        Adrienne D. McEntee, WSBA #34061
        Email: amcentee@terrellmarshall.com
        936 North 34th Street, Suite 300
        Seattle, Washington 98103
        Telephone: (206) 816-6603
        Facsimile: (206) 319-5450

13

*Attorneys for Plaintiff and the Proposed Class*

14
15
16
17
18
19
20
21
22
23
24
25
26
27