THE HONORABLE MARSHA J. PECHMAN

1

2

3

4

5

6          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON

7

8   MARK HOFFMAN, on behalf of himself and all
    others similarly situated,

9                                                    NO. 3:19-cv-05960-MJP
                        Plaintiff,

10                                                   **REPLY IN SUPPORT OF
                                                     PLAINTIFF'S MOTION TO EXTEND
11         vs.                                       DEADLINE TO SUBMIT EXPERT
                                                     TESTIMONY ON WHETHER
12  HEARING HELP EXPRESS, INC.,                      DEFENDANT'S DIALING SYSTEM
    TRIANGULAR MEDIA CORP.,                          IS AN ATDS**
13  LEADCREATIONS.COM, LLC and LEWIS
    LURIE,

14
                        Defendants.
15

16

17

18

19

20

21

22

23

24

25

26

27  REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO
    EXTEND DEADLINE TO SUBMIT EXPERT TESTIMONY
    ON WHETHER DEFENDANT'S DIALING SYSTEM IS AN        TERRELL MARSHALL LAW GROUP PLLC
    ATDS                                                   936 North 34th Street, Suite 300
    CASE NO. 3:19-CV-05960-MJP                            Seattle, Washington  98103-8869
                                                        TEL. 206.816.6603 • FAX 206.319.5450
                                                               www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## I.    INTRODUCTION

Defendants do not dispute that good cause exists to extend the deadline to designate an expert on the issue of whether Hearing Help's Genesys dialing system is an automatic telephone dialing system (ATDS) under the TCPA until after the Supreme Court rules on this issue in *Duguid v. Facebook*, No. 19-51 (argued Dec. 8, 2020). Indeed, the parties attempted to resolve this motion by stipulating to a revised case schedule that incorporates Plaintiff's requested relief, but changes other deadlines. The parties could not reach an agreement that provides the Court enough time to rule on dispositive motions before trial. But as Plaintiff describes in his motion, an extension can be granted without changing any of the case management deadlines currently in place including the class certification deadline (February 25, 2021), the dispositive motion deadline (May 27, 2021) and the trial date (November 1, 2021). Defendants fail to offer any argument or analysis to the contrary. Thus, Plaintiff's motion should be granted in its entirety.

## II.    REPLY FACTS

Defendants did not file an opposition to Plaintiff's motion. Instead, on the date Defendants' responses were due, Hearing Help's counsel notified Plaintiff's counsel that Hearing Help did not formally oppose Plaintiff's requested extension, but instead intended to propose a revised case management schedule "that adds a couple of dates and changes the language of your requested timeline." *See* Declaration of Adrienne McEntee in Support of Plaintiff's Motion to Extend Deadline to Submit Expert Testimony on ATDS Issue (McEntee Decl.), Ex. 1. Plaintiff responded with a proposed revised schedule that built in time for expert depositions and rebuttal experts. *Id.* The parties conferred by telephone and negotiated a schedule that they proposed to the Court that day. Dkt. No. 108.

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO
EXTEND DEADLINE TO SUBMIT EXPERT TESTIMONY
ON WHETHER DEFENDANT'S DIALING SYSTEM IS AN
ATDS - 1
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

The Court denied the parties' stipulated motion without prejudice because the proposed schedule failed to provide sufficient time between the dispositive motion deadline and trial. The Court noted that any renewed stipulated motion must provide at least four months from the date of dispositive motion filings and trial. Dkt. No. 109 at 2. The Court further observed that to the extent any renewed request required a change in the trial date, "the Parties should be aware that the Court's current schedule will not allow for a new trial date until after April 11, 2022." *Id.*

After the Court denied the parties' stipulated motion, Plaintiff proposed a revised schedule to Hearing Help that extended the trial date to April 2022:

| EVENT | CURRENT DATE | PROPOSED DATE |
|---|---|---|
| JURY TRIAL DATE | November 1, 2021 | April 18, 2022 (or judge's discretion) |
| Plaintiff's reports from expert witnesses under FRCP 26(a)(2) due EXCEPT for witnesses testifying on whether Hearing Help's Genesys system is an ATDS | January 15, 2021 | January 15, 2021 |
| Defendants' reports from expert witnesses under FRCP 26(a)(2) due EXCEPT for witnesses testifying on whether Hearing Help's Genesys system is an ATDS | January 15, 2021 | February 5, 2021 |
| Deadline to move for class certification | February 25, 2021 | February 25, 2021 |
| Plaintiff's rebuttal reports from rebuttal expert witnesses under FRCP 26(a)(2) due EXCEPT for witnesses testifying on whether Hearing Help's Genesys system is an ATDS | No current deadline | February 25, 2021 |

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO
EXTEND DEADLINE TO SUBMIT EXPERT TESTIMONY
ON WHETHER DEFENDANT'S DIALING SYSTEM IS AN
ATDS - 2
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

| EVENT | CURRENT DATE | PROPOSED DATE |
|---|---|---|
| Defendants' reports from rebuttal expert witness under FRCP 26(a)(2) due EXCEPT for witnesses testifying on whether Hearing Help's Genesys system is an ATDS | No current deadline | March 15, 2021 |
| Discovery completed by (except for expert discovery) | April 30, 2021 | April 30, 2021 |
| All motions related to discovery must be filed by and noted on the motion calendar on the third Friday thereafter (CR 7(d)) | May 6, 2021 | May 6, 2021 |
| All reports from expert witnesses under FRCP 26(a)(2) due on the ATDS issue | No current deadline | August 6, 2021 (or 45 days following the decision in *Duguid v. Facebook*, whichever is earlier) |
| Rebuttal reports from any rebuttal expert witnesses under FRCP 26(a)(2) due on the ATDS issue | No current deadline | August 27, 2021 (or 3 weeks following initial disclosure of expert witnesses on ATDS issue) |
| Expert discovery cutoff | No current deadline | September 10, 2021 (or 2 weeks following service of rebuttal expert reports on ATDS issue) |
| All motions related to expert discovery must be filed and noted on the motion calendar on the third Friday thereafter for experts only (*see* CR 7(d)) | No current deadline | September 7, 2021 |

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO
EXTEND DEADLINE TO SUBMIT EXPERT TESTIMONY
ON WHETHER DEFENDANT'S DIALING SYSTEM IS AN
ATDS - 3
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1

| EVENT | CURRENT DATE | PROPOSED DATE |
|---|---|---|
| Dispositive motion deadline<br><br>(All dispositive motions must be filed by and noted on the motion calendar for the fourth Friday thereafter - *see* CR7(d))<br><br>**Counsel are cognizant of the requirement to provide courtesy copies of any motions with exhibits or other attachments exceeding 50 pages.** | May 27, 2021 | October 28, 2021 |
| All motions in limine must be filed by and noted on the motion calendar no earlier than the third Friday thereafter and no later than the Friday before the pretrial conference | September 27, 2021 | February 17, 2022 |
| Agreed pretrial order due | October 19, 2021 | March 11, 2022 |
| Trial briefs, proposed voir dire questions, and proposed jury instructions | October 19, 2021 | March 11, 2022 |
| Pretrial conference | October 21, 2021 at 1:30 PM | AT COURT'S DISCRETION |
| Length of Jury Trial | 5-7 days | 5-7 days |

McEntee Decl., Ex. 1.

Plaintiff and Hearing Help's counsel conferred by telephone regarding Plaintiff's proposal. McEntee Decl. ¶ 3. Hearing Help's counsel refused to agree to Plaintiff's proposal unless Plaintiff agreed to stay all discovery for five months. *Id.* Plaintiff declined to accept

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO
EXTEND DEADLINE TO SUBMIT EXPERT TESTIMONY
ON WHETHER DEFENDANT'S DIALING SYSTEM IS AN
ATDS - 4
CASE No. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1
2
Hearing Help's position, noting that his motion for class certification was due on February 25, 2021, discovery pertinent to that motion remained outstanding. *Id.*

3
## I.   REPLY ARGUMENT

4
5
6
7
"[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2). Defendants did not oppose Plaintiff's motion. Under the Local Rules, Plaintiff's motion should be granted.

8
9
10
11
Because the parties could not reach agreement on a proposed revised schedule that maintained four months between the dispositive motion deadline and trial as the Court ordered, Plaintiff respectfully requests that the Court enter the schedule that Plaintiff requested in his motion.

12
13
14
15
16
17
18
19
20

| EVENT | DATE |
|---|---|
| Reports from expert witness under FRCP 26(a)(2) due EXCEPT FOR witnesses testifying on whether Hearing Help's Genesys system is an ATDS | January 15, 2021 |
| Deadline to move for class certification | February 25, 2021 |
| Reports from expert witnesses under FRCP 26(a)(2) on the ATDS issue | August 6, 2021 or 30 days following the Supreme Court's decision in *Duguid v. Facebook*, whichever is earlier |
| JURY TRIAL DATE | November 1, 2021 |

21
*See* Dkt. 107 at 2.

22
23
24
25
26
Defendants do not dispute that good cause exists to extend the deadline to designate an expert on the ATDS issue until after the Supreme Court issues its ruling in *Facebook*. Any decision the Court issues will very likely bear on the criteria that Plaintiff's expert will use to evaluate whether Hearing Help's dialing system is an ATDS. Plaintiff's request is particularly

27
REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO
EXTEND DEADLINE TO SUBMIT EXPERT TESTIMONY
ON WHETHER DEFENDANT'S DIALING SYSTEM IS AN
ATDS - 5
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

reasonable because it maintains the current case management schedule—including the current

class certification deadline, dispositive motion deadline, and trial date—and at the same time

allows the parties to exchange expert reports on the ATDS issue after the Supreme Court's

decision in *Facebook*, but well in advance of trial.

## II.    CONCLUSION

For all these reasons, Plaintiff respectfully requests that his motion to extend the expert

deadline on the ATDS issue be granted and the case management schedule be modified as

follows:

| EVENT | CURRENT DATE | PROPOSED DATE |
|---|---|---|
| Reports from expert witness under FRCP 26(a)(2) due EXCEPT FOR witnesses testifying on whether Hearing Help's Genesys system is an ATDS | January 15, 2021 | January 15, 2021 |
| Reports from expert witnesses under FRCP 26(a)(2) on the ATDS issue | January 15, 2021 | August 6, 2021 or 30 days following the Supreme Court's decision in *Duguid v. Facebook*, whichever is earlier |

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO
EXTEND DEADLINE TO SUBMIT EXPERT TESTIMONY
ON WHETHER DEFENDANT'S DIALING SYSTEM IS AN
ATDS - 6
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1

RESPECTFULLY SUBMITTED AND DATED this 8th day of January, 2021.

2

3

TERRELL MARSHALL LAW GROUP PLLC

4

5

By:  /s/ Adrienne D. McEntee, WSBA #34061
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com

6

Jennifer Rust Murray, WSBA #36983

7

Email: jmurray@terrellmarshall.com
Adrienne D. McEntee, WSBA #34061

8

Email: amcentee@terrellmarshall.com
Benjamin M. Drachler, WSBA #51021

9

Email: bdrachler@terrellmarshall.com
936 North 34th Street, Suite 300

10

Seattle, Washington 98103-8869

11

Telephone: (206) 816-6603

12

Anthony I. Paronich, *Admitted Pro Hac Vice*
Email: anthony@paronichlaw.com

13

PARONICH LAW, P.C.

14

350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043

15

Telephone: (617) 485-0018
Facsimile: (508) 318-8100

16

17

*Attorneys for Plaintiff and the Proposed Class*

18

19

20

21

22

23

24

25

26

27

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO
EXTEND DEADLINE TO SUBMIT EXPERT TESTIMONY
ON WHETHER DEFENDANT'S DIALING SYSTEM IS AN
ATDS - 7
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com