UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK HOFFMAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>HEARING HELP EXPRESS INC, et al.,<br><br>　　　　　　Defendants. | CASE NO. C19-5960 MJP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND MOTION TO SEAL |

This matter comes before the Court on Plaintiff's Motion to Amend his Complaint (Dkt. No. 95) and Motion to Seal (Dkt. No. 97). Having reviewed the Motions, Defendants Responses (Dkt. Nos. 101, 102), Plaintiff's Replies (Dkt. Nos. 104, 105), all materials filed under seal, and the relevant record, the Court GRANTS both Motions.

**BACKGROUND**

Plaintiff moves to amend his complaint for a third time—this time to add Hearing Help Express Inc.'s parent and holding companies, IntriCon Corporation and IntriCon, Inc. (collectively "IntriCon"). Plaintiff seeks to hold IntriCon vicariously liable for Hearing Help's

alleged violations of the Telephone Consumer Protection Act (TCPA) on the theory that IntriCon can and does control the manner and means of Hearing Help's telemarketing activities.

In support of adding IntriCon, Plaintiff cites to evidence that he claims supports amendment. This includes SEC filings through which IntriCon disclosed that it bought Hearing Help out of bankruptcy "to focus more capital and resources in marketing and sales to expand its reach into the emerging value based hearing healthcare market. . . . " (Decl. of Adrienne McEntee ¶ 3.) Through Hearing Help, IntriCon wanted to start "marketing and selling hearing aid devices directly to consumers through direct mail advertising, internet and a call center." (Id.) To assist this effort, IntriCon approved and funded the expansion of a call center and computer equipment to allow Hearing Help to start making outbound telemarketing calls to sell hearing aids. (See Dep. of Sophie Cormier at 85:21-87:7 (Dkt. No. 103-1 at 14-16); Rule 30(b)(6) Dep. of James Houlihan at 18:2-6, 27-29, 61-62 (Dkt. No. 96 at 13-20); Dep. of Marc Marion at 58-60 (Dkt. No. 96 at 33-35).)

Plaintiff also cites to the Rule 30(b)(6) deposition of Hearing Help's CEO, James Houlihan, who testified that he believed IntriCon "would have the right to manage the operations of Hearing Help" because it is a "wholly-owned subsidiary." (Houlihan Dep. at 14:21-15:1 (Dkt. No. 96 at 10-11).) And he testified that IntriCon is involved of the high-level strategy of Hearing Help's marketing efforts. (Id. at 153:8-11 (Dkt. No. 103-1 at 9).)

Hearing Help cites to contrary evidence that it claims shows that IntriCon exercises no real control over Hearing Help's telemarketing efforts. Houlihan testified that IntriCon does not: (1) manage the day-to-day operations of Hearing Help, (2) manage outbound calls made by Hearing Help, (3) participate Hearing Help's selection of lead generators, (4) approve the type of marketing Hearing Help undertakes. (Houlihan Dep. at 152:17-153:7 (Dkt. No. 103-1 at 8-9).)

In support of his Motion to Amend, Plaintiff filed a document containing information Defendants' designated as confidential under the Protective Order. (See Dkt. No. 100.) Plaintiff's Motion to Amend also cites and describes this document. (See Dkt. No. 99.) Plaintiff provisionally asks the Court to seal these materials. Hearing Help argues it would be damaged if the materials were publicly released and asks the Court to seal both filings.

## ANALYSIS

### A. Motion to Amend

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). Amendment should be granted "with extreme liberality.'" Desertrain v. City of Los Angeles, 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).

A review of all five factors supports granting Plaintiff's Motion to Amend.

#### 1. Futility

Hearing Help argues the amendment is futile because Plaintiff cannot and has not shown that IntriCon has vicarious liability for Hearing Help's alleged TCPA violations. It argues that there is no evidence that IntriCon controls the manner and means of Hearing Help's telemarketing. The Court disagrees.

Plaintiff's vicarious liability claim under the TCPA requires him to show "establish an agency relationship, as defined by federal common law, between the defendant and a third-party caller." Gomez v. Campbell-Ewald Co., 768 F.3d 871, 879 (9th Cir. 2014). "An agent is one who

'act[s] on the principal's behalf and subject to the principal's control.'" <u>United States v. Bonds</u>, 608 F.3d 495, 506 (9th Cir. 2010) (quoting Restatement (Third) Agency § 1.01)). So Plaintiff must show that IntriCon "controlled or had the right to control [Hearing Help] and, more specifically, the manner and means of the [telemarketing] campaign they conducted." <u>Thomas v. Taco Bell Corp.</u>, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012), <u>aff'd</u>, 582 F. App'x 678 (9th Cir. 2014). "Agency means more than mere passive permission; it involves request, instruction, or command." <u>Klee v. United States</u>, 53 F.2d 58, 61 (9th Cir. 1931).

Plaintiff has provided sufficient evidence to show that amendment would not be futile. Plaintiff points to Houlihan's testimony that IntriCon has the ability to manage Hearing Help's operations and telemarketing efforts, and that he conducts high-level strategic meetings with IntriCon management about telemarketing. Plaintiff also points out that IntriCon purchased Hearing Help to develop and roll out a direct telemarketing effort which included upgrading the call center and adding sales employees—all to increase telemarketing efforts. These facts suggest that IntriCon has the ability and motive to control the manner and means of Hearing Help's telemarketing. <u>See</u> <u>Thomas</u>, 879 F. Supp. 2d at 1084. Hearing Help argues that IntriCon is merely a passive parent company that does not exert any control over Hearing Help's telemarketing. Hearing Help relies on Houlihan's Rule 30(b)(6) testimony that IntriCon is not involved in the day-to-day operations of Hearing Help and does not approve the type of marketing Hearing Help conducts. But this testimony does not show that IntriCon has no ability to control the manner and means of the telemarketing at issue or that the evidence Plaintiff cites to does not show some degree of control over the manner and means of Hearing Help's telemarketing efforts. While there may be hard-fought factual disputes over IntriCon's vicarious

liability, they will need to be resolved at summary judgment or trial. The Court is not convinced that the amendment is futile.

### 2. Diligence

Plaintiff has demonstrated that he has been diligent in seeking to add IntriCon as a party. He filed this Motion before the deadline to add parties has run, and he did so only after conducting several depositions that helped to justify the present motion. There is no evidence of delay and Hearing Help does not so claim.

### 3. Good Faith

Hearing Help claims that Plaintiff seeks to add IntriCon for improper reasons. The Court disagrees. The record shows that Plaintiff has reasonably developed evidence to support plausible allegations against IntriCon for its vicarious liability for the alleged TCPA violations. The efforts to add IntriCon do not mask any bad faith. And while Plaintiff may misunderstand the import of consolidated financial reporting, that alone is not evidence of bad faith. The Court rejects Hearing Help's bad faith contentions.

### 4. Prejudice

Hearing Help asserts that IntriCon would be prejudiced because it was not present at the depositions taken. The Court is not persuaded. First, the same counsel represents both IntriCon and Hearing Help. Counsel specifically questioned the witnesses to develop testimony on which it relied in opposing the Motion to Amend. This demonstrates the alignment of interests between Hearing Help and IntriCon that have been served by the same competent counsel. Second, if there are questions IntriCon wishes to ask of any of the deponents that were not already addressed, it will be afforded that opportunity given that discovery is ongoing. While this may lead to inefficiency, it is a means to address any issues of prejudice raised by Hearing Help.

**5.     Prior Amendment**

While it is true that Plaintiff has twice amended his complaint, this fact does not weigh heavily against amendment.

\*     \*     \*

Considering the relevant factors, the Court finds leave appropriate. There is no evidence of futility, bad faith, delay, or prejudice that caution against freely granting leave to amend. See Desertrain, 754 F.3d at 1154; Fed. R. Civ. P. 15(a). The court therefore GRANTS the Motion to Amend.

**B.     Motion to Seal**

Through Plaintiff's placeholder Motion to Seal, Hearing Help asks the Court to keep one document and references to it in the Motion to Amend under seal. The Court GRANTS the Motion.

Because this is a non-dispositive motion, Hearing Help must show good cause pursuant to Rule 26(c) to keep the materials sealed. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006). The Court agrees that the document and references to it in the Motion to Amend should be kept confidential and that there is good cause to do so. The Court notes, however, that Hearing Help failed to provide any declaration to support its argument that revelation of the materials would harm it. While this alone could be enough to deny the Motion, the Court finds that the document on its face shows how it contains sensitive information whose revelation could harm Hearing Help. The Court cautions the Parties that it may not indulge future requests to seal if the Party seeking to keep the records under seal fails to provide evidentiary support.

# CONCLUSION

Plaintiff's request to add IntriCon as a defendant comports with the requirements of Rule 15(a) and the Court therefore GRANTS the Motion to Amend. The Court also GRANTS the Motion to Seal and ORDERS Docket Entries 99 and 100 to be sealed until further order of the Court.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 12, 2021.

Marsha J. Pechman
United States District Judge