THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK HOFFMAN, on behalf of himself and all others similarly situated,<br><br>                        Plaintiff,<br><br>    vs.<br><br>HEARING HELP EXPRESS, INC., TRIANGULAR MEDIA CORP., LEADCREATIONS.COM, LLC, LEWIS LURIE, INTRICON, INC., and INTRICON CORPORATION.<br><br>                        Defendants. | NO. 3:19-cv-05960-MJP<br><br>**THIRD AMENDED COMPLAINT—CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Mark Hoffman, individually and on behalf of others similarly situated, alleges the following against Defendant Hearing Help Express, Inc., Leadcreations.com, LLC, Triangular Media Corp., Lewis Lurie, IntriCon, Inc., and IntriCon Corporation.

### I.  NATURE OF ACTION

1.      From at least May through September 2019, Mark Hoffman received telemarketing calls on his cellular phone placed by or on behalf of Hearing Help Express, Inc. seeking to sell their hearing aid products to him.

THIRD AMENDED COMPLAINT—CLASS ACTION - 1
CASE NO. 3:19-CV-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2. The calls were placed using an automatic telephone dialing system ("ATDS") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

3. Triangular Media Corp. (which is owned and operated by Lewis Lurie) and related company, Leadcreations.com, initiated some of the telemarketing calls to Mr. Hoffman until June of 2019. Triangular and Leadcreations.com initiated these calls itself or through a call center that it retained to place the calls.

4. After receiving the calls from Triangular and Leadcreations.com, Mr. Hoffman received ATDS calls from Hearing Help Express, Inc. directly.

5. Mark Hoffman has not been a Hearing Help Express, Inc. customer at any time, and Mark Hoffman did not consent to receive calls from Hearing Help Express, Inc., Triangular Media Corp., Leadcreations.com, Lewis Lurie, or their agents. Mark Hoffman's telephone number is listed on the Do Not Call registry maintained by the Federal Trade Commission and has been continuously listed there since August 21, 2009.

6. Plaintiff brings this class action for damages and other equitable and legal remedies resulting from Defendants' violations of the TCPA.

## II.  JURISDICTION AND VENUE

7. This Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331, because they present a federal question.

8. This Court has personal jurisdiction over Hearing Help Express, Inc., Triangular Media, Leadcreations.com, Mr. Lurie, IntriCon, Inc., and IntriCon Corporation because they initiated the calls to Plaintiff's cellular phone. Plaintiff's cellular phone uses a Washington area code and was, at all relevant times, located in Washington.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## III.  PARTIES

10. Plaintiff Mark Hoffman resides in Kitsap County, Washington.

THIRD AMENDED COMPLAINT—CLASS ACTION - 2
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

11. Defendant Hearing Help Express, Inc. is an Illinois corporation with headquarters in Dekalb, Illinois.

12. Defendant Leadcreations.com, LLC is a Florida limited liability company with its principal place of business in Florida. Leadcreations.com engaged in telemarketing conduct in this district for, or together with, Triangular Media in order to market Hearing Help products.

13. Defendant Triangular Media Corp. is a Florida corporation with its principal place of business in Florida. Triangular engaged in telemarketing conduct in this district and others throughout the nation in order to market Hearing Help products.

14. Defendant Lewis Lurie is the owner and operator of Triangular Media.

15. Under the TCPA, an individual such as Mr. Lurie, may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the Communications Act, which reads, *inter alia*:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*.

*See* 47. U.S.C. § 217 (emphasis added).

16. Mr. Lurie personally participated in the actions complained of by (a) selecting some of the phone numbers that would be called; (b) choosing any telemarketing call center that it might have used; and (c) personally authorizing the telemarketing conduct of Triangular Media.

17. Hearing Help Express, Inc. is wholly owned by Defendant IntriCon, Inc., a Minnesota corporation. IntriCon, Inc. is wholly-owned by Defendant IntriCon Corporation, a Pennsylvania corporation which is also a public company. Intricon, Inc. and IntriCon Corporation are referenced collectively as "IntriCon." IntriCon's operations span the United States, Asia and Europe.

THIRD AMENDED COMPLAINT—CLASS ACTION - 3
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

## IV. FACTUAL ALLEGATIONS

**A. Defendants made non-emergency calls to the cellular phones of Plaintiff and other consumers without their prior express written consent.**

18. Plaintiff's telephone number, (XXX) XXX-9916, is assigned to a cellular telephone service.

19. Plaintiff has not been a Hearing Help Express, Inc. customer or subscriber at any time and never consented to receive calls from Hearing Help Express, Inc., Leadcreations.com, Triangular Media, or Lewis Lurie.

20. In May and June of 2019, the Plaintiff received at least six telemarketing calls from Leadcreations.com, Triangular Media, or a call center they commissioned.

21. These calls occurred on May 21, 22, 23, 24 and June 4, 13, 2019.

22. All of the calls were made using the Caller ID (855) 255-8148.

23. During the call on June 13, 2019, Plaintiff was transferred and a prerecorded message played. The prerecorded message played a series of recorded questions. Plaintiff wanted to know who had been calling him so he answered the questions. At the end of the message, a prerecorded question asked him if he agreed to receive automated calls about hearing aids. The recording did not identify who would be calling him about hearing aids. Plaintiff answered "no," clearly indicating that he did not consent to receive calls.

24. On August 27, 2019, Hearing Help Express, Inc. called Plaintiff's cellular phone from the telephone number (630) 403-8617.

25. On August 29, 2019, Hearing Help Express, Inc. again called Plaintiff's cellular phone from the telephone number (630) 403-8617.

26. On September 4, 2019, Hearing Help Express, Inc. again called Plaintiff's cellular phone, this time from the telephone number (847) 748-0828.

27. The September 4, 2019 call that the Plaintiff received from Hearing Help Express, Inc. began with a pause.

THIRD AMENDED COMPLAINT—CLASS ACTION - 4
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

28. During the calls that Plaintiff answered, an individual from Hearing Help Express, Inc. promoted its hearing aid services and offered to sell them to the Plaintiff.

29. Plaintiff was not interested and had not requested information regarding those products.

**B.   Defendants Used an ATDS.**

30. During at least the June 13, 2019 call, Triangular Media, Leadcreations.com, or a call center they retained, called Plaintiff's cellular phone using an ATDS. Plaintiff noted a pause before being connected to the call, which is characteristic of a call placed by an ATDS.

31. Furthermore, Plaintiff called back the telephone number that called him during all of the calls, Caller ID (855) 255-8148, and received a message that stated, "The number you have dialed is not in service." This is also indicative that an ATDS is used, as the call was made using a "spoofed" (made up) Caller ID number.

32. During the September 4, 2019 call, Hearing Help Express, Inc. called Plaintiff's cellular phone using an ATDS. Plaintiff noted a pause before being connected to the call, which is characteristic of a call placed by an ATDS.

33. The scale of Hearing Help Express, Inc.'s business requires that it and its agents use a sophisticated dialing system capable of storing phone numbers and dialing them automatically, as well as delivering messages without requiring the involvement of human agents.

34. The equipment used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, but was programmed to sequentially or randomly access stored telephone numbers to automatically call such numbers for the calls that are the subject of this case. The equipment generated, and then stored, a sequence of telephone numbers for calling, and then automatically called those numbers. The calls were part of a campaign that made numerous phone calls in a short period of time without human intervention.

THIRD AMENDED COMPLAINT—CLASS ACTION - 5
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

35. In August of 2019, a former employee left the following review of working at Hearing Health Express, Inc. on the website GlassDoor, entitled "Boiler room telemarketing for hearing aid sales":

> The outbound sales operation is run like a boiler room. Cheap leads are loaded into a dialer…. About 98% did not ask for information on hearing aids, so you spend most of your day wasting your time talking to people who don't even have hearing loss.

*See* https://www.glassdoor.com/Reviews/Hearing-Help-Express-Reviews-E2608089.htm (Last Visited September 24, 2019).

**C. Hearing Help is Directly Liable for the Calls it Made Directly, and Vicariously Liable for Triangular Media and Leadcreation.com's Calling Conduct.**

36. Hearing Help hired Leadcreations.com and Triangular Media to originate new business through telemarketing conduct.

37. Hearing Help accepted the benefits of Leadcreations.com and Triangular Media's illegal telemarketing by accepting leads called illegally and then attempting to sell Hearing Help's good and services to them.

38. Hearing Help also had absolute control over whether, and under what circumstances, it would accept a lead.

39. Hearing Help knew (or reasonably should have known) that Leadcreations.com and Triangular Media were violating the TCPA on its behalf and failed to take effective steps within its power to force Triangular to cease that conduct.

40. In fact, Leadcreations.com and Triangular Media have previously settled allegations that it violated the TCPA.

41. As a result, Hearing Help is vicariously liable for illegal calling practices conducted by Leadcreations.com, Triangular Media, and agents they retained to engage in illegal telemarketing.

THIRD AMENDED COMPLAINT—CLASS ACTION - 6
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

42. Hearing Help is directly liable for calls Hearing Help made to leads for whom Hearing Help has no evidence of prior express written consent, whether those leads were provided by Triangular Media, Leadcreations.com, or any other lead provider Hearing Help retained.

**D.    IntriCon is vicariously liable for Hearing Help's calling conduct.**

43. IntriCon purchased Hearing Help as part of its strategy "to focus more capital and resources in marketing and sales to expand its reach into the emerging value based hearing healthcare market …." *See* https://www.sec.gov/Archives/edgar/data/88790/000089710118000246/intricon180635_10-k.htm (2017 Form 10k).

44. Purchasing Hearing Help allowed IntriCon to shift from selling its products to manufacturers and distributors to "marketing and selling hearing aid devices directly to consumers through direct mail advertising, internet and a call center." *Id*.

45. As its wholly owned subsidiary, IntriCon had the right to manage Hearing Help's operations. Indeed, Hearing Help's former CEO reported directly to IntriCon's CEO.

46. For example, Hearing Help required IntriCon's permission to purchase 20 to 30 computers as it expanded its number of employees, including agents who conducted Hearing Help's telesales through a cloud-based dialer.

47. IntriCon personnel visited Hearing Help's premises in person on a monthly basis to meet with Hearing Help's CEO and set forth the expectations IntriCon had for Hearing Help.

48. IntriCon also required Hearing Help to produce to IntriCon weekly cash flow reports and monthly profit and loss reports and balance sheets.

49. IntriCon's "ability to control the operations of Hearing Help Express and the likelihood that [IntriCon] bears the largest risk and reward of its financial results" led IntriCon to consolidate Hearing Help's financials with its own. *See* 2017 Form 10k.

THIRD AMENDED COMPLAINT—CLASS ACTION - 7
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

50. Despite IntriCon's ability to control Hearing Help's operations, and its manifestation of that control as described above, IntriCon did nothing to ensure that the telemarketing calls designed to benefit IntriCon's bottom line complied with telemarketing laws.

51. Hearing Help reasonably interpreted IntriCon's words or conduct, including but not limited to its intent to increase profits through use of Hearing Help's call centers, as IntriCon's authorization to engage in telemarketing that would increase company profits, no matter the tactics used.

52. As a result, IntriCon is vicariously liable for illegal calling practices conducted by Hearing Help.

**E.  Defendants' TCPA violations injured Plaintiff.**

53. During the relevant period, Plaintiff has carried his cellular phone with him at most times so that he can be available to family and friends.

54. Defendants' calls invaded Plaintiff's privacy and intruded upon his right to seclusion. The calls frustrated and upset Plaintiff by interrupting his daily life and wasting his time.

55. Defendants' calls intruded upon and occupied the capacity of Plaintiff's cellular phone and depleted the battery of Plaintiff's cellular phone. The calls temporarily seized and trespassed upon Plaintiff's use of his cellular phone, and caused him to divert attention away from other activities to address the calls.

## V.  CLASS ACTION ALLEGATIONS

56. Plaintiff brings this lawsuit under Federal Rules of Civil Procedure Rules 23(a), (b)(2), and (b)(3) as a representative of the following classes:

THIRD AMENDED COMPLAINT—CLASS ACTION - 8
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Class 1:

All persons or entities within the United States who received, on or after October 9, 2015, a non-emergency telephone call from or on behalf of Leadcreations.com or Triangular Media Corp promoting goods or services:

(i) to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or prerecorded voice; or

(ii) to a cellular or residential telephone number that has been registered on the national Do Not Call Registry for at least 31 days and who received more than one such call within any twelve-month period.

Class 2:

All persons or entities within the United States who received, on or after October 9, 2015, a non-emergency telephone call from or on behalf of Hearing Help Express, Inc., promoting goods or services:

(i) to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or prerecorded voice; or

(ii) to a cellular or residential telephone number that has been registered on the national Do Not Call Registry for at least 31 days and who received more than one such call within any twelve-month period.

Plaintiff reserves the right to amend the class definition following an appropriate period of discovery.

57. Excluded from the Classes are Defendants, their employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their respective court staff, and Plaintiff's counsel.

58. Because auto-dialing equipment maintains records of each contact, members of the above-defined Classes can be identified through Defendants' or their agents' records.

THIRD AMENDED COMPLAINT—CLASS ACTION - 9
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**Numerosity**

59.     At the time of filing, Plaintiff does not know the exact number of members of the Classes. But the breadth of Hearing Help Express, Inc. operations indicates that Class Members likely number in the hundreds or thousands, and are geographically disbursed throughout the country.

60.     The alleged size and geographic dispersal of the Classes makes joinder of all Class Members impracticable.

**Commonality and Predominance**

61.     Common questions of law and fact exist with regard to each of the claims and predominate over questions affecting only individual Class members. Questions common to the Class include:

    a.     Whether Hearing Help's dialing system(s) constitute an ATDS under the TCPA;

    b.     Whether Leadcreations.com or Triangular Media's dialing system(s), or the dialing system(s) of call centers they retained, constitute an ATDS under the TCPA;

    c.     Whether Hearing Help used an ATDS to place non-emergency calls to the cellular telephones of Plaintiff and Class members without their prior express written consent;

    a.     Whether Leadcreations.com or Triangular Media used an ATDS to place non-emergency calls to the cellular telephones of Plaintiff and Class members without their prior express written consent;

    b.     Whether Defendants placed calls to numbers on the National Do Not Call Registry;

    c.     Whether Defendants' telephone calls were made knowingly or willfully;

    d.     Whether Hearing Help is vicariously liable for the conduct of Leadcreations.com or Triangular Media Corp.

THIRD AMENDED COMPLAINT—CLASS ACTION - 10
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

e. Whether Leadcreations.com is vicariously liable for the conduct of call centers it retained;

f. Whether Triangular Media is vicariously liable for the conduct of call centers it retained;

g. Whether IntriCon is vicariously liable for the conduct of Hearing Help;

h. Whether Plaintiff and Class members were injured by receiving such calls; and

i. Whether Defendants should be enjoined from engaging in such conduct in the future.

### Typicality

62. Plaintiff's claims are typical of the claims of the Classes, in that Plaintiff, like all Class Members, has been injured by Defendants' uniform misconduct—the placement of calls to telephones for non-emergency purposes without the prior written express consent of the called parties.

### Adequacy of Representation

63. Plaintiff will fairly and adequately protect the interests of the Classes and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in class action litigation and matters involving TCPA violations.

### Superiority

64. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual claim is small relative to the complexity of the litigation, and because of Defendants' financial resources, Class members are unlikely to pursue legal redress individually for the violations detailed in this complaint. Class-wide damages are essential to induce Defendants to comply with federal law. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings. By contrast,

THIRD AMENDED COMPLAINT—CLASS ACTION - 11
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

## VI.  FIRST CLAIM FOR RELIEF

### Violation of § 227(b)(1) for calls made using an ATDS or artificial/prerecorded voice

65. Defendants violated 47 U.S.C. § 227(b)(1) by placing non-emergency calls, either directly or through the actions of others, using an automatic telephone dialing system or an artificial or prerecorded voice to cellular telephone numbers without the prior express written consent of the called party.

## VII.  SECOND CLAIM FOR RELIEF

### Violation of § 227(c) for calls placed to numbers listed on the Do Not Call Registry

66. Defendants violated 47 U.S.C. § 227(c) by placing, either directly or through the actions of others, more than one telephone solicitation call within a 12-month period to telephone numbers that have been listed on the national Do Not Call Registry for at least 31 days.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class defined above, respectfully requests that this Court:

A. Determine that the claims alleged herein may be maintained as a class action under Federal Rule of Civil Procedure 23, and issue an order certifying the Class defined above and appointing Plaintiff as the Class representative;

B. Award $500 in statutory damages for each and every call that Defendants negligently placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

THIRD AMENDED COMPLAINT—CLASS ACTION - 12
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

C.  Award $1,500 in statutory damages for each and every call that Defendants willfully or knowingly placed in violation of 47 U.S.C. § 227(c)(5) of the TCPA;

D.  Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring Defendants to implement measures to stop future violations of the TCPA; and

E.  Grant such further relief as the Court deems proper.

## IX.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 12th day of January, 2021.

TERRELL MARSHALL LAW GROUP PLLC


By: /s/ Adrienne D. McEntee, WSBA #34061
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com
Adrienne D. McEntee, WSBA #34061
Email: amcentee@terrellmarshall.com
Benjamin M. Drachler, WSBA #51021
Email: bdrachler@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603

Anthony I. Paronich, *Admitted Pro Hac Vice*
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

THIRD AMENDED COMPLAINT—CLASS ACTION - 13
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com