THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK HOFFMAN, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>HEARING HELP EXPRESS, INC., TRIANGULAR MEDIA CORP., LEADCREATIONS.COM, LLC and LEWIS LURIE,<br><br>    Defendants. | NO. 3:19-cv-05960-MJP<br><br>**PLAINTIFF'S MOTION TO COMPEL THE CONTINUED DEPOSITION OF RICHARD CALLIGAN**<br><br>**NOTE ON MOTION CALENDAR:**<br>**January 29, 2021** |

PLAINTIFF'S MOTION TO COMPEL THE CONTINUED
DEPOSITION OF RICHARD CALLIGAN
Case No. 3:19-cv-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF CONTENTS

**Page No.**

I    INTRODUCTION ................................................................................................... 1

II.   STATEMENT OF FACTS ..................................................................................... 1

     A.    Hearing Help asserts that it has an EBR defense for some of the calls it made. ... 1

     B.    Hearing Help claimed initially to have no documents to support its EBR defense. ................................................................................................................. 1

     C.    Hearing Help's corporate designee testified, contrary to Hearing Help's prior representations, about campaign codes that might support an EBR defense. ....... 2

     D.    Plaintiff reserved his right to continue Mr. Calligan's deposition. ...................... 3

     E.    Post-deposition production and meet and confer efforts. ..................................... 3

III.  AUTHORITY AND ARGUMENT ........................................................................ 4

     A.    Hearing Help's campaign codes are relevant to its EBR defense. ....................... 4

     B.    The Court should direct Hearing Help's designee to testify about campaign codes that Hearing Help did not produce (and denied existed) before the first deposition. ............................................................................................................. 6

IV.  CONCLUSION ....................................................................................................... 7

PLAINTIFF'S MOTION TO COMPEL THE CONTINUED
DEPOSITION OF RICHARD CALLIGAN - i
CASE NO. 3:19-CV-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

Page No.

## FEDERAL CASES

*Abante Rooter & Plumbing, Inc. v. Alarm.com Inc.*,
    No. 15-CV-6314-YGR, 2017 WL 1806583 (N.D. Cal. May 5, 2017)..............5

*Blankenship v. Hearst Corp.*,
    519 F.2d 418 (9th Cir. 1975)...................................................................4

*Charvat v. Home Depot U.S.A., Inc.*,
    No. 1:17-CV-01446-ELR, 2017 U.S. Dist. LEXIS 227309 (N.D. Ga. Nov. 6, 2017)......5

*Isilon Systems, Inc. v. Twin City Fire Ins. Co.*,
    2012 WL 503852 (W.D. Wash. 2012) .......................................................6

*Krakauer v. Dish Network L.L.C.*,
    311 F.R.D. 384 (M.D.N.C. 2015)............................................................5

*Manno v. Healthcare Revenue Recovery Grp., LLC*,
    289 F.R.D. 674 (S.D. Fla. 2013) .............................................................5

*Sobol v. Imprimis Pharm.*,
    No. CV 16-14339, 2017 WL 5035837 (E.D. Mich. Oct. 26, 2017).................5

*United States v. Dish Network, LLC*,
    No. 093073, 256 F. Supp. 3d 810, 2017 WL 2427297 (C. D. Ill. Jun. 5, 2017) ...............5

## STATE CASES

*Bd. of Trs. of the Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*,
    253 F.R.D. 524 (C.D. Cal. 2008)..............................................................4

## FEDERAL RULES

Fed. R. Civ. P. 26(b)(1) ................................................................................4

Fed. R. Civ. P. 30(d)(1) ................................................................................6

## FEDERAL REGULATIONS

47 C.F.R. § 64.1200(c)(2) ............................................................................5

PLAINTIFF'S MOTION TO COMPEL THE CONTINUED
DEPOSITION OF RICHARD CALLIGAN - ii
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

47 C.F.R. § 64.1200 (f)(5)............................................................................................................5

**OTHER AUTHORITIES**

47 U.S.C. § 227(a)(4) ................................................................................................................5

47 U.S.C. § 227(c)(5) ................................................................................................................4

PLAINTIFF'S MOTION TO COMPEL THE CONTINUED
DEPOSITION OF RICHARD CALLIGAN - iii
CASE NO. 3:19-CV-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

Plaintiff Mark Hoffman respectfully moves for an order compelling Defendant Hearing Help Express to produce corporate witness, Richard Calligan, to give continued deposition testimony regarding campaign codes that Hearing Help failed to disclose, let alone produce, prior to Mr. Calligan's deposition on July 30, 2020. Hearing Help's campaign codes distinguish between calls it made to existing customers, and sales calls to new leads. Discovery regarding the codes is relevant to class certification because Hearing Help asserts it has an established business relationship ("EBR") defense with respect to calls it made to existing customers. As a result of Hearing Help's failure to timely disclose the campaign codes, Plaintiff had no opportunity to ask Mr. Calligan questions regarding their meaning and their connection to Hearing Help's EBR defense. Yet, Hearing Help refuses to produce Mr. Calligan for a continued deposition to address these issues. Plaintiff asks that the Court direct Hearing Help to produce its designee on a date between February 11 and 19, prior to the February 25 deadline for Plaintiff to move for class certification.

## II. STATEMENT OF FACTS

**A.    Hearing Help asserts that it has an EBR defense for some of the calls it made.**

Hearing Help is a business that uses telemarketing to sells hearing aids. Hearing Help makes its own telemarketing calls with leads it purchases from third parties. *See*, *generally*, ECF 114. Plaintiff alleges that Hearing Help violated the TCPA when it placed automated calls to numbers that were assigned to cellular telephone services without the requisite consent and to numbers that were listed on the National Do Not Call ("DNC") Registry. *Id*. Hearing Help has asserted several affirmative defenses. As to calls made to numbers listed on the DNC Registry, Hearing Help alleges that liability is diminished or barred under the "established business relationship" ("EBR") exception for calls made to existing customers. *See* ECF 50, ECF 82 (Eighteenth Affirmative Defense).

PLAINTIFF'S MOTION TO COMPEL THE CONTINUED
DEPOSITION OF RICHARD CALLIGAN - 1
Case No. 3:19-cv-05960-MJP

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**B. Hearing Help claimed initially to have no documents to support its EBR defense.**

Plaintiff served Hearing Help with written discovery requests designed to elicit evidence regarding Plaintiff's claims and Hearing Help's affirmative defenses. Relevant to Hearing Help's EBR defense, Plaintiff requested documents "setting forth the meaning of codes utilized … by [Hearing Help's] equipment and/or software." Declaration of Adrienne D. McEntee ("McEntee Dec."), Ex. 1 (RFP 14). Such codes routinely pertain to the purpose of the calls, frequently identifying calls made to existing customers for whom Hearing Help may assert an EBR defense. Hearing Help answered that it "has no responsive documents." *Id*. Plaintiff also requested documents "demonstrating that Plaintiff or any Person to whom telemarketing calls were made in order to sell Your goods or services had an established business relationship with You before receiving the calls made to them." *Id*. (RFP 44). In response, Hearing Help lodged objections, but did not state whether documents exist or are being withheld as required by Fed. R. Civ. P. 34(b)(2)(C). *Id.*

**C. Hearing Help's corporate designee testified, contrary to Hearing Help's prior representations, about campaign codes that might support an EBR defense.**

On July 30, 2020, Hearing Help produced Richard Calligan, one of its corporate designees, to testify regarding several topics, including (a) the dialing system Hearing Help used to place calls to Plaintiff and proposed class members, (b) the purpose of calls placed using the dialing system, (c) the reporting capabilities of the dialing system, including the calling details that are stored about each call, and (d) the manuals, data specifications, operator instructions, user guides, and other technical documentation regarding the dialer. McEntee Dec., Exs. 2-3. Despite Hearing Help's prior representation that it had no responsive documents relating to codes used with its dialer, Mr. Calligan testified that not only do such codes exist, they are instrumental in identifying the purpose of the calls, including whether calls are made to existing customers. Specifically, Mr. Calligan testified that the name of the campaign "would tell [him] if it was a sales call to a lead or a customer service call or a call to somebody in [Hearing Help's] customer database." McEntee Dec. Ex. 4 at 36:5-20.

PLAINTIFF'S MOTION TO COMPEL THE CONTINUED
DEPOSITION OF RICHARD CALLIGAN - 2
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Mr. Calligan was able to provide examples of three campaign codes—RAID, INQR, and BATO—that "off the top of my head" indicate persons already in Hearing Help's database. McEntee Dec., Ex. 4 at 36:21-37:4. But that was the extent of Mr. Calligan's preparation. Although designated to testify about the details of each call, Mr. Calligan was not prepared to testify regarding the full range of campaign codes:

> Q.  And these three specific names that you listed, are they written down somewhere in a list that can be produced?
>
> A.  Possibly. I mean, I guess, I don't know -- I'm sorry, I don't know if there's a specific list that defines each campaign name.
>
> Q.  I'm not asking for that. I mean, you said that you can assume that the campaign names are associated with campaigns that were called by outbound sales reps unless they fall under some specific naming conventions, correct?
>
> A.  Yes.
>
> Q.  You've given us three, and I'm trying to understand if there are more. And if there are more, is there a list somewhere that would tell us what they are?
>
> A.  I would have to look at the entire list and specifically curate them out.

*Id*. at 39:13-40:3.

**D.  Plaintiff reserved his right to continue Mr. Calligan's deposition.**

Because Mr. Calligan could not provide the information for which he was designated, at the end of the deposition, Plaintiff "reserve[d] the right to continue" the deposition, noting "there were a couple of questions that we'd ask[ed] the witness that we thought the witness would be able to answer and wasn't able to and so it sounds like maybe there's some additional work for Hearing Help to do in that regard…." McEntee Dec., Ex. 4 at 59:18 to 60:1.

**E.  Post-deposition production and meet and confer efforts.**

On November 20, 2020 and December 16, 2020, months after Mr. Calligan's deposition, Hearing Help eventually produced documents containing the campaign codes.

PLAINTIFF'S MOTION TO COMPEL THE CONTINUED
DEPOSITION OF RICHARD CALLIGAN - 3
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

McEntee Dec. ¶ 6. They did not come in the form of a list. *Id*. Instead, Plaintiff's counsel culled through millions of calling records to find 83 distinct campaign codes. *Id*. Plaintiff has since issued interrogatories to Hearing Help for information regarding the codes. *Id*., Ex. 5. But Plaintiff has never had the opportunity to question Mr. Calligan or any other designee regarding their meaning. To date, Plaintiff has no way to distinguish calls Hearing Help made to existing customers from solicitation calls to new leads. On December 11, 2020, Plaintiff's counsel asked Hearing Help to make Mr. Calligan available for a short deposition in order to ask questions about the campaign codes. McEntee Decl. ¶ 8. When Hearing Help did not respond, Plaintiff's counsel reiterated his request. *Id*. On January 8, 2021, Hearing Help declined to make Mr. Calligan available. *Id*.

### III.  AUTHORITY AND ARGUMENT

Parties may obtain discovery regarding any matter "that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The party resisting discovery bears a heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). This extends to depositions. When a party receives a Rule 30(b)(6) deposition notice, it must designate a knowledgeable person to fully prepare and "unevasively answer questions about the designated subject matter." *Bd. of Trs. of the Leland Stanford Junior Univ. v. Tyco Int'l Ltd*., 253 F.R.D. 524, 526 (C.D. Cal. 2008) (internal quotations omitted). "[B]ecause Rule 30(b)(6) explicitly requires a company to have persons testify on its behalf as to all matters reasonably available to it, ... the Rule 'implicitly requires persons to review all matters known or reasonably available to [the corporation] in preparation for the [Rule] 30(b)(6) deposition.' " *Id*.

A.  **Hearing Help's campaign codes are relevant to its EBR defense.**

The DNC provisions of the TCPA create a private right of action for any "person who has received more than one telephone call within any 12–month period by or on behalf of the same entity in violation of the [TCPA] regulations." 47 U.S.C. § 227(c)(5). Calls are not

PLAINTIFF'S MOTION TO COMPEL THE CONTINUED
DEPOSITION OF RICHARD CALLIGAN - 4
Case No. 3:19-cv-05960-MJP

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

actionable, however, if a seller has an established business relationship with a person. *See* 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(c)(2), (f)(5). An established business relationship may arise after an individual makes a purchase, inquiry, or application for products or services and lasts for a certain number of months. *Id*. Whether a call recipient has an existing business relationship with a defendant is an affirmative defense to the TCPA. *See United States v. Dish Network, LLC*, No. 093073, 256 F. Supp. 3d 810, 2017 WL 2427297, at *87 (C. D. Ill. Jun. 5, 2017) ("The Established Business Relationship exception is an affirmative defense"); *Charvat v. Home Depot U.S.A., Inc.*, No. 1:17-CV-01446-ELR, 2017 U.S. Dist. LEXIS 227309, at *6 (N.D. Ga. Nov. 6, 2017) (same).

Evidence pertaining to the EBR defense is relevant to class certification. *Sobol v. Imprimis Pharm.*, No. CV 16-14339, 2017 WL 5035837, at *1 (E.D. Mich. Oct. 26, 2017) (compelling documents supporting defendant's established business relationship defense). Courts routinely certify TCPA classes in which defendants assert EBR or consent defenses because evidence regarding these issues is "easily manageable." *Krakauer v. Dish Network L.L.C.*, 311 F.R.D. 384, 400 (M.D.N.C. 2015) (certifying class of individuals whose phone numbers were registered on the DNC registry despite argument that individualized issues relating to EBR predominate); *Abante Rooter & Plumbing, Inc. v. Alarm.com Inc.*, No. 15-CV-6314-YGR, 2017 WL 1806583, at *7 (N.D. Cal. May 5, 2017), *amended sub nom.*, 2018 WL 558844 (N.D. Cal. Jan. 25, 2018) (certifying DNC class after excluding individuals in records showing they had contacted defendant about products and services); *see also Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 689-90 (S.D. Fla. 2013) (certifying TCPA class after excluding "any persons who may have been subject to an individualized consent defense" because they communicated with defendant prior to telemarketing calls).

Here, Richard Calligan testified that Hearing Help uses campaign codes to help it identify whether a particular call "was a sales call to a lead or a customer service call or a call to somebody in [Hearing Help's] customer database." McEntee Dec., Ex. 4 at 36:5-20. Hearing

PLAINTIFF'S MOTION TO COMPEL THE CONTINUED
DEPOSITION OF RICHARD CALLIGAN - 5
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Help has produced records that include for each call the campaign name associated with the call. *Id*. ¶ 6. With information tying the campaign codes to calls made to existing customers, Plaintiff will be able to distinguish calls that were made for purpose of sales from those made to existing customers, and to exclude the latter at class certification. Hearing Help has refused, however, to produce Mr. Calligan to testify about the meaning of the codes. Because this testimony is critical to manageability at class certification, Plaintiff's motion should be granted.

**B.     The Court should direct Hearing Help's designee to testify about campaign codes that Hearing Help did not produce (and denied existed) before the first deposition.**

Courts "must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). The Court has permitted additional deposition testimony when, as here, the party deposed produced relevant documents after the deposition has already taken place. *See Isilon Systems, Inc. v. Twin City Fire Ins. Co*., 2012 WL 503852 at * 4 (W.D. Wash. 2012) (J. Pechman) (holding that production withheld until after depositions "justifies continued depositions"). Here, Plaintiff requested codes used with Hearing Help's dialer and Hearing Help claimed that none existed. This was not true. Going into Mr. Calligan's deposition, Plaintiff did not know that a comprehensive set of campaign codes existed. He did not know that Hearing Help used those codes to distinguish between calls it made for the purpose of sales and calls to existing customers. And he did not know that the codes, which had never been produced, would bear directly on Hearing Help's EBR defense. In short, Hearing Help's misrepresentations placed Plaintiff at a significant disadvantage.

Even if Hearing Help had produced the codes beforehand, Mr. Calligan was nonetheless ill-prepared to testify about them. Though Mr. Calligan was able to identify three campaign codes, they were "off the top of [his] head" and he admittedly had not done the exhaustive work to curate a list. McEntee Dec., Ex. 4 at 37:2-3. As a result, Plaintiff had no opportunity to depose Hearing Help about the complete set of campaign codes. In fact, Hearing Help *never*

PLAINTIFF'S MOTION TO COMPEL THE CONTINUED
DEPOSITION OF RICHARD CALLIGAN - 6
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

did the work to curate the list. Plaintiff's counsel did the work, which led to a comprehensive list of 83 codes. McEntee Dec. ¶ 6. Now that Plaintiff has done the work, Plaintiff should have the opportunity to depose Hearing Help regarding the complete set of campaign codes, their meaning, and their connection to Hearing Help's EBR defense.

## IV.  CONCLUSION

Hearing Help should have disclosed that campaign codes existed, and produced those codes, prior to Richard Calligan's July 30, 2020 deposition. Because the company instead played fast and loose with its discovery obligations, Plaintiff's counsel had no reason to believe the codes existed at Mr. Calligan's deposition, let alone documents they could have used and asked about during the deposition. The campaign codes and their meaning are critical to identifying which of Hearing Help's calls were made to new leads, and which were made to existing customers. The purpose of the calls is important both to class certification and at trial. The Court should direct Hearing Help to produce its designee for a continued deposition on these issues on a date between February 11 and 19, prior to Plaintiff's February 25 deadline to move for class certification.

RESPECTFULLY SUBMITTED AND DATED this 14th day of January, 2021.

TERRELL MARSHALL LAW GROUP PLLC

By:  /s/ Adrienne D. McEntee, WSBA #34061
    Beth E. Terrell, WSBA #26759
    Email: bterrell@terrellmarshall.com
    Jennifer Rust Murray, WSBA #36983
    Email: jmurray@terrellmarshall.com
    Adrienne D. McEntee, WSBA #34061
    Email: amcentee@terrellmarshall.com
    Benjamin M. Drachler, WSBA #51021
    Email: bdrachler@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103-8869
    Telephone: (206) 816-6603

PLAINTIFF'S MOTION TO COMPEL THE CONTINUED
DEPOSITION OF RICHARD CALLIGAN - 7
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

|   |   |
|---|---|
| 1 | Anthony I. Paronich, *Admitted Pro Hac Vice* |
|   | Email: anthony@paronichlaw.com |
| 2 | PARONICH LAW, P.C. |
|   | 350 Lincoln Street, Suite 2400 |
| 3 | Hingham, Massachusetts 02043 |
|   | Telephone: (617) 485-0018 |
| 4 | Facsimile: (508) 318-8100 |

*Attorneys for Plaintiff and the Proposed Class*

---

PLAINTIFF'S MOTION TO COMPEL THE CONTINUED
DEPOSITION OF RICHARD CALLIGAN - 8
CASE NO. 3:19-CV-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com