Hon. Marsha J. Pechman

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

8

MARK HOFFMAN, on behalf of himself
and all others similarly situated,

9

Plaintiff,

10

11

v.

12

HEARING HELP EXPRESS, INC.,
TRIANGULAR MEDIA CORP.,
LEADCREATIONS.COM, LLC and
LEWIS LURIE,

13

14

Defendants.

CASE NO.  3:19-cv-05960-MJP

**DECLARATION OF NICOLE
METRAL IN SUPPORT OF
DEFENDANT HEARING HELP
EXPRESS, INC.'S MOTION TO
STAY PENDING U.S. SUPREME
COURT *FACEBOOK V. DUGUID*
RULING ON DEFINITION OF AN
AUTOMATIC TELEPHONE
DIALING SYSTEM**

15

16        I, Nicole Metral, declare as follows:

17        1.        I am an attorney at law duly licensed to practice before all the courts of the State

18   of California and have been admitted *pro hac vice* to practice before this Court in this case.  I am

19   an associate attorney in the law firm of Blank Rome LLP ("Blank Rome"), attorneys for

20   Defendant Hearing Help Express, Inc. ("HHE") in the above-entitled action.  I have personal

21   knowledge of the facts set forth in this declaration, and if called upon to testify as a witness, I

22   could and would competently testify to the following facts.  I submit this declaration in support

23   of HHE's *Motion to Stay Pending U.S. Supreme Court Facebook v. Duguid Ruling on Definition*

24   *of an Automatic Telephone Dialing System* ("Motion to Stay").

25        2.        After HHE learned of Plaintiff Mark Hoffman's ("Plaintiff") claims in the above

26   action, it did not make any further calls to Plaintiff.  In fact, when Plaintiff told HHE over the

27

DECLARATION OF NICOLE METRAL IN SUPPORT
OF MOTION TO STAY - 1
No. 3:19-cv-05960-MJP

113461.00602/124961910v.5

phone in or around September 2019 (which was more than a month prior to the filing of the *Complaint*) that he was not looking to improve his hearing loss, HHE ceased all calls to him.

3.      After HHE was served with the initial *Complaint*, HHE instituted an internal litigation hold.  After HHE was served, my office also sent a litigation hold letter to Defendant Triangular Media Corp. ("Triangular"), who was not a party at the time, and who managed the Interactive Voice Recognition technology used to collect Plaintiff's consent to be called.  Since that time, my office also sent litigation hold letters to Skyscrapers (Pvt.) Limited (a third party) and 10 other lead generation vendors from which HHE purchased leads during the relevant period.

4.      On January 8, 2021, Plaintiff's counsel sent me an email requesting that HHE and the other defendants stipulate to move the trial date to April of 2022.  Attached hereto as **Exhibit A** is a true and correct copy of that email. Later that day, fellow counsel to HHE Jeffrey N. Rosenthal and I had a call with Plaintiff's counsel—Anthony Paronich, Adrienne McEntee, and Jennifer Murray.  During this call, Mr. Rosenthal and I requested that Plaintiff agree to a schedule whereby the case is stayed for five months pending the ruling in *Facebook v. Duguid*. Plaintiff's counsel refused this request.

5.      On January 11, 2021, Plaintiff served my office with Interrogatories Set 2 on HHE.  One of the Interrogatories seeks information regarding the "licenses that were installed on, or associated with, the Genesys . . . software that HHE used from March 2018 to the present."  Attached hereto as **Exhibit B** is a true and correct copy of Plaintiff's Interrogatories Set 2.

6.      To date the following discovery has been conducted.

- Plaintiff has served 25 total interrogatories and 79 requests for production on HHE.

DECLARATION OF NICOLE METRAL IN SUPPORT
OF MOTION TO STAY - 2
No. 3:19-cv-05960-MJP

113461.00602/124961910v.5

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

- HHE has produced 19,164 pages of documents, including a call log (that was also later supplemented to add additional columns of information pursuant to Requests for Production Set 2 served by Plaintiff).

- Plaintiff has deposed five current and former HHE employees and conducted a Rule 30(b)(6) corporate deposition of HHE; Plaintiff has also deposed Defendant Lewis Lurie.

- Plaintiff served a third-party subpoena on Triangular (before it was added as a party), IntriCon (which was recently added as a party), and a separate lead generator, ByteSuccess.

- In accordance with this Court's Order, [Dkt. No. 106], counsel for HHE and Plaintiff collaborated to create a methodology to transmit consent evidence from HHE's lead generator vendors. The parties agreed to a methodology on January 12, 2021.

7.     On September 23, 2020, Plaintiff's counsel took the deposition of Justin Moser—a former HHE employee. Attached hereto as **Exhibit C** are true and correct copies of portions of Mr. Moser's transcript cited in the *Motion to Stay*.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 14, 2021, at Los Angeles, California.


By: */s/ Nicole Metral*
Nicole Metral

DECLARATION OF NICOLE METRAL IN SUPPORT
OF MOTION TO STAY - 3
No. 3:19-cv-05960-MJP

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

113461.00602/124961910v.5

## CERTIFICATE OF SERVICE

I, Nicole Metral, hereby certify that on January 14, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following

TERRELL MARSHALL LAW GROUP
Benjamin Drachler
Beth E. Terrell
Jennifer Rust Murray
Adrienne D. McEntee
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Phone: (206) 816-6603
bdrachler@terrellmarshall.com
BTerrell@terrellmarshall.com
JMurray@terrellmarshall.com
AMcentee@terrellmarshall.com

*Attorneys for Plaintiff Mark Hoffman*

PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 22043
Phone: (617) 485-0018
Fax: (503) 318-8100
Anthony@paronichlaw.com

*Attorney for Plaintiff, Mark Hoffman*

Carl J. Marquardt
LAW OFFICE OF
CARL J. MARQUARDT, PLLC
1126 34th Avenue, Suite 311
Seattle, Washington 98122-5137
Telephone: (206) 388-4498
carl@cjmpllc.com

*Attorney for Defendant Lewis Lurie and
Defendant LeadCreations.Com, LLC*

Edward Maldonado, Admitted Pro Hac Vice
MALDONADO LAW GROUP
2850 S. Douglas Road, Suite 303
Coral Gables, Florida 33134
Telephone: (305) 477-7580
eam@maldonado-group.com
awclerk@maldonado-group.com

*Attorney for Defendant Lewis Lurie and
Defendant LeadCreations.Com, LLC*

DECLARATION OF NICOLE METRAL IN SUPPORT
OF MOTION TO STAY - 4
No. 3:19-cv-05960-MJP

113461.00602/124961910v.5

**VAN KAMPEN & CROWE** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1  Signed at Los Angeles, California this 14th day of January 2021.

2

3                              */s/ Nicole Metral*
                               Ana Tagvoryan (admitted pro hac vice)
4                              atagvoryan@BlankRome.com
                               Jeffrey Rosenthal (admitted pro hac vice)
5                              Rosenthal-J@BlankRome.com
                               Nicole B. Metral (admitted pro hac vice)
6                              nbmetral@blankrome.com
                               2029 Century Park East, 6th Floor
7                              Los Angeles, CA  90067
                               Telephone: 424.239.3400
8                              Facsimile: 424.239.3434

9
                               *Attorneys for Defendant Hearing Help Express, Inc.*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DECLARATION OF NICOLE METRAL IN SUPPORT          **VAN KAMPEN & CROWE** PLLC
OF MOTION TO STAY - 5                                1001 Fourth Avenue, Suite 4050
No. 3:19-cv-05960-MJP                               Seattle, Washington 98154-1000
                                                        (206) 386-7353

113461.00602/124961910v.5

# Exhibit A

| From: | Adrienne McEntee <amcentee@terrellmarshall.com> |
|-------|--------------------------------------------------|
| Sent: | Friday, January 8, 2021 11:09 AM |
| To: | Metral, Nicole |
| Cc: | Anthony Paronich; Ben Drachler; Jennifer Murray; Edward Maldonado; carl@cjmpllc.com; Tagvoryan, Ana; Rosenthal, Jeffrey; David Crowe |
| Subject: | RE:  [External] Hoffman v. Hearing Help Express, et al. - Stipulation to Extend Expert Deadlines |

Nicole, in light of the Court's recent order, we propose the following schedule, which we'd like to submit today if all parties agree.

| Event | Current Date | Proposed Date |
|-------|-------------|---------------|
| JURY TRIAL DATE | November 1, 2021 | April 18, 2022 (or judge's discretion) |
| Plaintiff's reports from expert witnesses under FRCP 26(a)(2) due EXCEPT for witnesses testifying on whether Hearing Help's Genesys system is an ATDS | January 15, 2021 | January 15, 2021 |
| Defendants' reports from expert witnesses under FRCP 26(a)(2) due EXCEPT for witnesses testifying on whether Hearing Help's Genesys system is an ATDS | January 15, 2021 | February 5, 2021 |
| Deadline to move for class certification | February 25, 2021 | February 25, 2021 |
| Plaintiff's rebuttal reports from rebuttal expert witnesses under FRCP 26(a)(2) due EXCEPT for witnesses testifying on whether Hearing Help's Genesys system is an ATDS | No current deadline | February 25, 2021 |
| Defendants' reports from rebuttal expert witness under FRCP 26(a)(2) due EXCEPT for witnesses testifying on whether Hearing Help's Genesys system is an ATDS | No current deadline | March 15, 2021 |
| Discovery completed by (except for expert discovery) | April 30, 2021 | April 30, 2021 |
| All motions related to discovery must be filed by and noted on the motion calendar on the third Friday thereafter (CR 7(d)) | May 6, 2021 | May 6, 2021 |

| All reports from expert witnesses under FRCP 26(a)(2) due on the ATDS issue | No current deadline | August 6, 2021 (or 45 days following the decision in *Duguid v. Facebook*, whichever is earlier) |
|---|---|---|
| Rebuttal reports from any rebuttal expert witnesses under FRCP 26(a)(2) due on the ATDS issue | No current deadline | August 27, 2021 (or 3 weeks following initial disclosure of expert witnesses on ATDS issue) |
| Expert discovery cutoff | No current deadline | September 10, 2021 (or 2 weeks following service of rebuttal expert reports on ATDS issue) |
| All motions related to expert discovery must be filed and noted on the motion calendar on the third Friday thereafter for experts only (see CR 7(d)) | No current deadline | September 7, 2021 |
| Dispositive motion deadline (All dispositive motions must be filed by and noted on the motion calendar for the fourth Friday thereafter—see CR7(d))<br><br>**Counsel are cognizant of the requirement to provide courtesy copies of any motions with exhibits or other attachments exceeding 50 pages.** | May 27, 2021 | October 28, 2021 |
| All motions in limine must be filed by and noted on the motion calendar no earlier than the third Friday thereafter and no later than the Friday before the pretrial conference | September 27, 2021 | February 17, 2022 |
| Agreed pretrial order due | October 19, 2021 | March 11, 2022 |
| Trial briefs, proposed voir dire questions, and proposed jury instructions | October 19, 2021 | March 11, 2022 |
| Pretrial conference | October 21, 2021 at 1:30 PM | AT COURT'S DISCRETION |
| Length of Jury Trial | 5-7 days | 5-7 days |

---

**From:** Metral, Nicole <NBMetral@BlankRome.com>
**Sent:** Wednesday, January 6, 2021 5:26 PM
**To:** Adrienne McEntee <amcentee@terrellmarshall.com>
**Cc:** Anthony Paronich <anthony@paronichlaw.com>; Ben Drachler <bdrachler@terrellmarshall.com>; Jennifer Murray <jmurray@terrellmarshall.com>; Edward Maldonado <eam@maldonado-group.com>; carl@cjmpllc.com; Tagvoryan, Ana <ATagvoryan@BlankRome.com>; Rosenthal, Jeffrey <Rosenthal-J@BlankRome.com>; David Crowe <dcrowe@vkclaw.com>
**Subject:** RE: [External] Hoffman v. Hearing Help Express, et al. - Stipulation to Extend Expert Deadlines

Hi Adrienne,

Thank you for speaking with me today on the phone.  Attached is the stipulation with the dates you and I discussed.

Adrienne and Ed – if this looks okay to you, please respond to this email so we can e-sign for you and file it tonight.

Thank you.


**Nicole Bartz Metral** | BLANK**ROME**
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
Office: 424.239.3483 | Cell: 310.902.3937 | Fax: 424.239.3845 | nbmetral@blankrome.com

---

**From:** Metral, Nicole
**Sent:** Wednesday, January 6, 2021 3:50 PM
**To:** 'Adrienne McEntee' <amcentee@terrellmarshall.com>
**Cc:** Anthony Paronich <anthony@paronichlaw.com>; Ben Drachler <bdrachler@terrellmarshall.com>; Jennifer Murray <jmurray@terrellmarshall.com>; Edward Maldonado <eam@maldonado-group.com>; carl@cjmpllc.com; Tagvoryan, Ana <ATagvoryan@BlankRome.com>; Rosenthal, Jeffrey <Rosenthal-J@BlankRome.com>; David Crowe <dcrowe@vkclaw.com>
**Subject:** RE: [External] Hoffman v. Hearing Help Express, et al. - Stipulation to Extend Expert Deadlines

Hi Adrienne,

I just tried calling you to see if we could discuss these deadlines quickly on the phone.  I left a message for Anthony too.  Can you please give me a call back at 310-902-3937?

Thank you.


**Nicole Bartz Metral** | BLANK**ROME**
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
Office: 424.239.3483 | Cell: 310.902.3937 | Fax: 424.239.3845 | nbmetral@blankrome.com

---

**From:** Adrienne McEntee <amcentee@terrellmarshall.com>
**Sent:** Wednesday, January 6, 2021 2:06 PM
**To:** Metral, Nicole <NBMetral@BlankRome.com>
**Cc:** Anthony Paronich <anthony@paronichlaw.com>; Ben Drachler <bdrachler@terrellmarshall.com>; Jennifer Murray <jmurray@terrellmarshall.com>; Edward Maldonado <eam@maldonado-group.com>; carl@cjmpllc.com; Tagvoryan, Ana <ATagvoryan@BlankRome.com>; Rosenthal, Jeffrey <Rosenthal-J@BlankRome.com>; David Crowe <dcrowe@vkclaw.com>
**Subject:** Re: [External] Hoffman v. Hearing Help Express, et al. - Stipulation to Extend Expert Deadlines

Nicole,

We're not opposed to your expert providing a report after ours, but we need sufficient time to depose them. And we need sufficient time for a rebuttal report. We also have minor tweaks to the later deadlines. Here is our proposal. Please let us know if these dates will work for you. If so, please circulate a stipulation for review.

<u>Jan 15</u> – Existing deadline for P's expert report

<u>Jan 29</u> – Deadline for D's expert report

<u>Feb 25</u> – Existing deadline for class cert PLUS deadline for P's rebuttal expert report

<u>Mar 15</u> – Deadline for D's rebuttal report

<u>Aug 6</u> – Deadline for P's ATDS expert report, but 45 days from Duguid, not 30

<u>Aug 27</u> – Deadline for D's ATDS expert report, but 65 days from Duguid

(We nix the Sept deadline)


Adrienne


On Jan 6, 2021, at 12:32 PM, Metral, Nicole <NBMetral@blankrome.com> wrote:


Hi All,

We have reviewed the Motion Plaintiff filed requesting the deadline for experts on the ATDS issue to be extended.  While we do not formally oppose this request, we would like to propose a revised timeline that adds a couple of other dates and changes the language of your requested timeline. The timeline we are proposing to you is below and has the new dates and modified language in red text for ease of reference.

Can you please let us know by 3:30 p.m. Pacific Time today if you will agree to this schedule so that we can file a stipulation with the Court?  If there is no agreement or we do not hear from you, we will file a Response to the Motion requesting these dates be added.

| EVENT | DATE |
|---|---|
| JURY TRIAL DATE | November 1, 2021 |
| Plaintiff's reports from expert witness under FRCP 26(a)(2) due EXCEPT for witnesses testifying on whether Hearing Help's Genesys system is an ATDS | January 15, 2021 |
| Deadline to move for class certification | February 25, 2021 |
| Deadline for Defendants to disclose expert witnesses and submit expert reports, except for witnesses testifying on whether Hearing Help's Genesys system is an ATDS | March 15, 2021 |
| All motions related to discovery must be filed by and noted on the motion calendar on the third Friday thereafter (see CR7(d)) | May 6, 2021 |

| Event | Date |
|---|---|
| Discovery completed by (except for expert discovery) | April 30, 2021 |
| All dispositive motions must be filed by and noted on the motion calendar on the fourth Friday thereafter (see CR7(d))<br><br>**Counsel are cognizant of the requirement to provide courtesy copies of any motions with exhibits or other attachments exceeding 50 pages.** | May 27, 2021 |
| Plaintiff's reports from expert witnesses under FRCP 26(a)(2) due on the ATDS issue | August 6, 2021, or 30 days following the decision in *Duguid v. Facebook*, whichever is earlier |
| Deadline for Defendants to disclose expert witnesses on ATDS issue | August 27, 2021, or 50 days following decision in *Duguid v. Facebook* |
| Deadline for Defendants to submit expert reports on ATDS issue | September 16, 2021, or 70 days following decision in *Duguid v. Facebook* |
| All motions in limine must be filed by and noted on the motion calendar no earlier than the third Friday thereafter and no later than the Friday before the pretrial conference | September 27, 2021 |
| Agreed pretrial order due | October 19, 2021 |
| Trial briefs, proposed voir dire questions, and proposed jury instructions | October 19, 2021 |
| Pretrial conference | October 21, 2021 at 01:30 PM |
| Length of Jury Trial | 5 – 7 days |

**Nicole Bartz Metral** | BLANK**ROME**
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
Office: 424.239.3483 | Cell: 310.902.3937 | Fax: 424.239.3845 | nbmetral@blankrome.com

******************************************************************************
********************

This message and any attachments may contain confidential or privileged information and are only for

the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click <u>here</u> to report this email as spam.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click <u>here</u> to report this email as spam.

# Exhibit B

THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MARK HOFFMAN, on behalf of himself and all
others similarly situated,

                 Plaintiff,

  vs.

HEARING HELP EXPRESS, INC.,

                Defendant.

NO. 3:19-cv-05960-MJP

**PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT HEARING HELP EXPRESS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the following interrogatories are propounded to Defendant Hearing Help Express, Inc. and its attorneys of record. These interrogatories are intended to draw upon the combined knowledge of you, your agents, and your attorneys.

## I.  INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 33, submit your answers to these interrogatories in writing and under oath to the undersigned counsel within thirty (30) days after the date of service upon you. If any of these interrogatories cannot be answered in full, then you should answer to the fullest extent possible, specifying the reasons for your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portion or portions. In answering these interrogatories, furnish such information as is available to you, regardless of whether this information is obtained directly by you, through your agents or representatives, or by any of your attorneys.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

These interrogatories are continuing in nature. In accordance with Federal Rule of Civil Procedure 26, you are required to supplement your answers to these interrogatories in the event new or additional information becomes known to you.

## II.  DEFINITIONS

1.      "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation."

2.      "Identify" or "describe" means the following:

a.      When used in connection with natural persons, "identify" or "describe" means to state the person's full name, present business address and telephone number, present home address, and city of residence as well as the substance of the person's knowledge, where such knowledge was obtained, whether such knowledge was discussed with you, when such discussions occurred, who participated in such discussions, and the substance of all discussions.

b.      When used in connection with an entity, "identify" or "describe" means to state the entity's full name, last known address(es), telephone number, and organization form (e.g., corporation, sole proprietorship, partnership, joint venture, etc.).

c.      When used in connection with an act, "identify" or "describe" means to provide a description of the act, including the place, date, and time of its occurrence, and the persons and/or entities engaged in the act.

d.      When used in connection with documents, "identify" or "describe" means to state the nature of the Document (e.g., memorandum, letter, notes, etc.), its author(s), its addressee(s) or recipient(s), its title or subject matter, and a date. If the Document has already been produced, it can be identified by the number given to it at the time of production. If the Document has not been previously produced, then Plaintiff request that it be produced, pursuant to Fed. R. Civ. P. 34, along with Defendant's response to these Interrogatories.

3.      When used in connection with an oral communication, "identify" or "describe" means to state the time, date, place, and means of the oral communication (e.g., telephone,

PLAINTIFF'S SECOND SET OF INTERROGATORIES TO
DEFENDANT HEARING HELP EXPRESS - 2
CASE NO. 3:19-CV-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

personal meeting, etc.), the identity of all persons participating in the oral communication, the identity of persons hearing the oral communication, and a detailed description of the oral communication.

4. "Person" means any natural or artificial person, including business entities and other legal entities.

5. "Relate" or "relating" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

6. "You," "Your," "Defendant," or "Hearing Help" means Hearing Help Express, Inc., all of its past and present directors, officers, employees, agents, contractors, consultants, attorneys and other Persons working on its behalf, directly or indirectly, and all of its divisions, departments, headquarters, offices, parent companies, subsidiaries, predecessors, assignors, or contractual affiliates.

## III.  INTERROGATORIES

INTERROGATORY NO. 24 List the licenses that were installed on, or associated with, the Genesys Pure Cloud software that YOU used from March 2018 to the present.

ANSWER:


INTERROGATORY NO. 25 Relating to the list below of 83 campaign names YOU produced in document Bates-labeled HHE0019164.1, identify each campaign as one of the following categories described by Mr. Calligan at his deposition (see excerpts from Calligan Deposition Transcript, attached as Ex. A to these Interrogatories): (a) sales calls to leads, (b) customer service calls, or (c) calls to persons in Hearing Help's customer database.

1. 0-2019-06-28_Kept-Aid-Prequalified_Cleaned-v2

2. 0-2019-Appt-Flup-02

3. 0-2019-KISS

4. 0-BAT-Card_2018-19

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

5.      0-BAT-Preq_2018

6.      0-BAT-Preq_2019

7.      0-PAPPA_Phase1

8.      2019-01-30_Kept-Aid-Prequalified

9.      5285e3c6-12f6-4b6b-b21f-486cf6bc1819

10.     5477ebb8-7f7d-44c2-b3f5-fdf628505edf

11.     6f8c2b48-86ce-46a6-b669-23f7c74a2e14

12.     9fba2332-d566-4014-92ae-f15916eb560e

13.     Catalogs pre 7/23

14.     FRESHSALES SCREEN POP TEMPLATE

15.     FS-Claritas-ABC_E

16.     FS-Claritas-D

17.     FS-Master-Attempts=00

18.     FS-Master-Attempts=01

19.     FS-Master-Attempts=02

20.     FS-Master-Attempts=03

21.     FS-Master-Attempts=04-07

22.     FS-Master-Attempts=08-10

23.     FS-Master-Attempts=10+

24.     FS-Master-B-Attempts=00-06

25.     FS-Master-B-Attempts=07+

26.     FS-Master-C-01-Attempts=ALL -

27.     FS-Master-C-Attempts=ALL

28.     Facebook WED

29.     Fluent- pre 7/24

30.     Freshsales-THU

31.     Giantlist pre 7/23

PLAINTIFF'S SECOND SET OF INTERROGATORIES TO
DEFENDANT HEARING HELP EXPRESS - 4
CASE NO. 3:19-CV-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

32.   INQR_104018

33.   INQR_104089

34.   INQR_104331

35.   LeadCreation 7/23 and before

36.   LeadCreations -TUE

37.   Little 7/1-7/23

38.   LittleBrook TUES

39.   OUTBOUND TRAINING CAMPAIGN

40.   RAID_103956 (Jan-01 thru Feb-14) 2018

41.   RAID_103998 (Nov-01 thru Dec-21) 2017

42.   RAID_104019 (Feb-14 thru Mar-29) 2018

43.   RAID_104090 (Mar-29 thru May-22) 2018

44.   TV Response 8/14/18

45.   TV Response Master list

46.   TV Response pre 7/24

47.   Training Campaign

48.   Webimax-THU

49.   Webimax-pre 7/24

50.   Z REMOVE LeadCreations -7/16

51.   Z REMOVE Face 7/23 and before

52.   Z REMOVE FaceBook Tues

53.   Z REMOVE LC 7/16-7/22

54.   Z REMOVE LC 7/2-7/8

55.   Z REMOVE LC 7/9-7/22

56.   Z REMOVE LeadCreations -7/11 am

57.   Z REMOVE LeadCreations -7/12 am

58.   Z REMOVE LeadCreations -7/13

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

59. Z REMOVE LeadCreations -7/17

60. Z REMOVE LeadCreations -7/18

61. Z REMOVE LeadCreations -FRI

62. Z REMOVE LeadCreations -THU

63. Z REMOVE LeadCreations 7/10 am

64. Z REMOVE LeadCreations-NA/LVM/QuNI

65. Z REMOVE TV Response - 7/13a

66. Z REMOVE TV Response - 7/13b

67. Z REMOVE TV Response -7/16

68. Z REMOVE TV Response FRI

69. Z REMOVE TV Response Thu

70. Z REMOVE TV Response Tues

71. Z REMOVE TV Response Wed

72. Z REMOVE TV Response - 7/11

73. Z REMOVE TV Response - 7/12

74. Z REMOVE TV Response 7/10

75. Z REMOVE TV Response 7/18

76. Z REMOVE Web/Giant/Face - 7/11-7/15

77. Z REMOVE Web/Giant/Face 7/10 and before

78. Z REMOVE Web/Giant/Face- called before 7/18

79. b42eecd9-2537-4e80-8756-39b80a9b7635

80. old-do-not-use-0-FS-Claritas-A

81. old-do-not-use-0-FS-Claritas-B

82. old-do-not-use-0-FS-Claritas-C

83. old-do-not-use-0-FS-Claritas-E

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    ANSWER:

2

3

4    INTERROGATORIES PROPOUNDED AND DATED this 11th day of January, 2021.

5                          TERRELL MARSHALL LAW GROUP PLLC

6

7                          By: /s/ Jennifer Rust Murray, WSBA#36983
                              Beth E. Terrell, WSBA #26759
8                             Email: bterrell@terrellmarshall.com
                              Jennifer Rust Murray, WSBA #36983
9                             Email: jmurray@terrellmarshall.com
                              Adrienne D. McEntee, WSBA #34061
10                            Email: amcentee@terrellmarshall.com
                              936 North 34th Street, Suite 300
11                            Seattle, Washington 98103-8869
                              Telephone: (206) 816-6603
12

13                            Anthony I. Paronich, *Admitted Pro Hac Vice*
                              Email: anthony@paronichlaw.com
14                            PARONICH LAW, P.C.
                              350 Lincoln Street, Suite 2400
15                            Hingham, Massachusetts 02043
                              Telephone: (617) 485-0018
16                            Facsimile: (508) 318-8100
17

18                            *Attorneys for Plaintiff and the Proposed Class*

19

20

21

22

23

24

25

26

27

## **CERTIFICATION OF ATTORNEY**

I am the attorney for Defendant in this matter. I declare under penalty of perjury under the laws of the United States of America that I have read the within and foregoing Plaintiff's First Set of Interrogatories Propounded to Plaintiff and Answers Thereto, know the contents thereof, believe the same to be true and correct, and that the same are in compliance with Fed. R. Civ. P. 26(g).

DATED this _____ day of _____, 2021.


By: _____

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## <u>VERIFICATION</u>

STATE OF_____ )

) ss.

COUNTY OF _____ )

I, _____, having been first duly sworn on oath, depose and say:

I am the _____ of Defendant Hearing Help Express, Inc.. I declare under penalty of perjury under the laws of the United States of America that I have read the within and foregoing Answers to Interrogatories to Plaintiff, know the contents thereof, and believe the same to be true and correct.

By: _____

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2021.

_____

(Printed Name)_____

NOTARY PUBLIC in and for the State of

_____ residing at _____

My Commission Expires: _____

PLAINTIFF'S SECOND SET OF INTERROGATORIES TO
DEFENDANT HEARING HELP EXPRESS - 9
CASE NO. 3:19-CV-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## CERTIFICATE OF SERVICE

2      I, Jennifer Rust Murray, hereby certify that on January 11, 2021, I caused true and correct

3  copies of the foregoing to be served via electronic mail upon the following:

4
        David E. Crowe, WSBA #43529
5       Email: dcrowe@vkclaw.com
        VAN KAMPEN & CROWE PLLC
6       1001 Fourth Avenue, Suite 4050
        Seattle, Washington 98154
7       Telephone: (206) 386-7353
        Facsimile: (206) 405-2825
8
        Ana Tagvoryan, *Admitted Pro Hac Vice*
9       Email: atagvoryan@blankrome.com
        Nicole Bartz Metral, *Admitted Pro Hac Vice*
10      Email: nbmetral@blankrome.com
        BLANK ROME LLP
11      2029 Century Park East, 6th Floor
        Los Angeles, California 90067
12      Telephone: (424) 239-3400
        Facsimile: (424) 239-3434
13
14
        Jeffrey Rosenthal, *Admitted Pro Hac Vice*
15      Email: rosenthal-j@blankrome.com
        BLANK ROME LLP
16      130 North 18th Street
        Philadelphia, Pennsylvania 19103
17      Telephone: (215) 569-5500
        Facsimile: (215) 569-5555
18
19      *Attorneys for Defendant*

20

21

22

23

24

25

26

27

PLAINTIFF'S SECOND SET OF INTERROGATORIES TO
DEFENDANT HEARING HELP EXPRESS - 10
CASE NO. 3:19-CV-05960-MJP

1

DATED this 11th day of January, 2021.

2

TERRELL MARSHALL LAW GROUP PLLC

3

By:   /s/ Jennifer Rust Murray, WSBA #36983
      Jennifer Rust Murray, WSBA #36983

4

      Email: jmurray@terrellmarshall.com

5

      936 North 34th Street, Suite 300
      Seattle, Washington 98103

6

      Telephone: (206) 816-6603
      Facsimile: (206) 319-5450

7

8

*Attorneys for Plaintiff and the Proposed Class*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF KING

---

MARK HOFFMAN, on behalf of  )
himself and all others     )
similarly situated,       )
                          )
         Plaintiff,   )
                          )
     vs.             )  No. 3:19-cv-05960-RBL
                          )
HEARING HELP EXPRESS, INC.,   )
TRIANGULAR MEDIA CORP., and   )
LEWIS LAURIE,             )
                          )
         Defendants.  )

---

ZOOM 30(B)(6) DEPOSITION UPON ORAL EXAMINATION OF

HEARING HELP EXPRESS, INC.

RICH CALLAGAN

July 30, 2020

4:01 p.m.

Seattle, Washington

---

Reported by:

JOHANNA CHAPIN BRUNT
CCR No. 2159
Job No. 930964 (2)

1          MS. MCENTEE:  Okay.  Let me just ask a couple of

2     follow-up questions on the campaign issue and then we can

3     do that.

4          MR. ROSENTHAL:  Sure.  Sure.

5     Q.   (By Ms. McEntee)  So I think you said, and tell me

6     if I'm wrong, but I think that you said that you can tell

7     the type of number that was called or the type of lead that

8     was called based on the name of the campaign.  Did I get

9     that right?

10          MR. ROSENTHAL:  Objection.  Misstates the

11     testimony.

12     A.   Yeah, the -- I understand what you're trying to

13     say, but that is -- I don't -- it would not say what type

14     of lead it is.  I'm not sure what you mean.

15     Q.   (By Ms. McEntee)  So what did you say earlier

16     about the name of the campaign and what sort of information

17     it would tell you about the call?

18     A.   It would tell me if it was a sales call to a lead

19     or a customer service call or a call to somebody in our

20     customer database.

21     Q.   Okay.  And so what are you looking for in the

22     campaign names that would tell you that it was a sales

23     call?

24     A.   It's more of the opposite.  What I would look for

25     in the campaign name to indicate that it was not a sales

1    call to a lead by Triangular would be RAID, R-A-I-D,

2    I-N-Q-R, B-A-T-O.  There may be more but off the top of my

3    head those would indicate to me that those were in our

4    dBASE system.

5         Q.   Okay.  And because RAID means what to you?

6         A.   Return aid.

7         Q.   Okay.  So that's somebody who's calling in and has

8    a question about the product perhaps, and so they're

9    getting a return call?

10        A.   No, that's somebody who has returned their hearing

11   aid.

12        Q.   Got it.  And so if you saw that code in the

13   campaign column, would that indicate to you that that was a

14   manual call?

15        A.   No.

16        Q.   What would it indicate to you?

17        A.   That it was a preloaded list and it was a customer

18   who returned a hearing aid.

19        Q.   Okay.  And so that code, RAID, does that indicate

20   that that list was called by the dialer?

21        A.   By dialer, you're referring to the preloaded list

22   of contacts, correct, because there's different dialing

23   methods?  If there is something -- go ahead.

24        Q.   So when I use the term "dialer," I just mean

25   PureCloud.

```
 1              MR. ROSENTHAL:  Let me just jump in here.  If
 2      you're not clear with the term that Adrienne is using, just
 3      ask her what she means by it instead of saying, you know,
 4      if you assume XYZ.  I think it will make it easier for all
 5      of us.
 6              THE WITNESS:  Okay.
 7              MS. MCENTEE:  Yeah, and maybe let's take a break
 8      now.  So just, you know, let me know how much time you
 9      need.
10              MR. ROSENTHAL:  Johanna, do you want to do 10
11      minutes?
12              COURT REPORTER:  Yes, that's fine.
13              MR. ROSENTHAL:  Okay.  So I have 8:01 my time.  We
14      will come back at 8:11.
15                  (Short break taken.)
16      BY MS. MCENTEE:
17          Q.   So before the break, you were describing naming
18      conventions that show up in a campaign column of a call
19      log; is that right?
20          A.   Yes.
21          Q.   Okay.  And really what I'm interested in knowing
22      is how is a campaign that a sales rep is assigned to named
23      in that campaign column?
24          A.   I don't know.  There's no -- I wasn't in charge of
25      naming the campaigns particularly.  I mean, there are
```

1    various campaign names.

2        Q.   Okay.  But here's the deal, you're not here just

3    as you today, so you were designated on behalf of the

4    company to provide testimony on the dialer and the reports

5    that are created by the dialer.  So I do need you to give

6    me as much as you can about how campaigns were named, that

7    were -- right, that were associated with outbound sales

8    calls.

9        A.   Right.  So, again, any campaign name that you see

10   that is not one of the more specific names like RAID, BATO,

11   INQR, you can assume that they were the outbound sales

12   campaigns.

13       Q.   And these three specific names that you listed,

14   are they written down somewhere in a list that can be

15   produced?

16       A.   Possibly.  I mean, I guess, I don't know -- I'm

17   sorry, I don't know if there's a specific list that defines

18   each campaign name.

19       Q.   I'm not asking for that.  I mean, you said that

20   you can assume that the campaign names are associated with

21   campaigns that were called by outbound sales reps unless

22   they fall under some specific naming conventions, correct?

23       A.   Yes.

24       Q.   You've given us three, and I'm trying to

25   understand if there are more.  And if there are more, is

1   there a list somewhere that would tell us what they are?

2       A.   I would have to look at the entire list and

3   specifically curate them out.

4       Q.   Who is in charge of naming the campaigns?

5       A.   I was in charge of naming some of them.  The sales

6   manager was in charge of naming others.

7       Q.   Anybody else?

8       A.   Possibly a marketing manager.

9       Q.   Were you responsible for naming any of the

10  campaigns that were used by outbound sales reps?

11      A.   Yes.

12      Q.   Okay.  What are some examples of names you

13  assigned to campaigns that were used by outbound sales

14  reps?

15      A.   Something that had the letters K-I-S-S in all

16  caps.  Some had the word Claritas in them.  Some that had

17  the names of the lead source.

18      Q.   Anything else?

19      A.   I don't recall any other ones.

20      Q.   Okay.  Any reason for using the word K-I-S-S as a

21  naming convention?

22      A.   That was the one to keep it super simple.

23      Q.   Keep what super simple?

24      A.   The dialing frequency.

25      Q.   And in a keep it super simple scenario, what was

```
 1                    C E R T I F I C A T E
         STATE OF WASHINGTON          )
 2                                    ) ss.
         COUNTY OF KING               )
 3               I, the undersigned Washington Certified Court
         Reporter, pursuant to RCW 5.28.010 authorized to administer
 4       oaths and affirmations in and for the State of Washington,
         do hereby certify:
 5
                 That the annexed and foregoing deposition testimony
 6       of each witness named herein was taken stenographically to
         the best of my ability before me and reduced to a typed
 7       format under my direction;

 8               I further certify that according to CR 30(e) the
         witness was given the opportunity to examine, read and sign
 9       the deposition after the same was transcribed, unless
         indicated in the record that the review was waived;
10
                 I further certify that I am not a relative or
11       employee of any such attorney or counsel, and that I am not
         financially interested in the said action or the outcome
12       thereof;

13               I further certify that the witness before
         examination was by me duly sworn to testify the truth, the
14       whole truth and nothing but the truth;

15               I further certify that the deposition, as
         transcribed, is a full, true and correct transcript of the
16       testimony, including questions and answers, and all
         objections, motions and exceptions of counsel made and
17       taken at the time of the foregoing examination and was
         prepared pursuant to Washington Administrative Code
18       308-14-135, the transcript preparation format guideline;

19               I further certify that I am herewith securely
         sealing the said deposition and promptly delivering the
20       same to the appropriate authority;

21               In WITNESS WHEREOF, I have hereunto set my hand on
         this 11th day of August, 2020.
22
23               _____
                         Johanna Chapin Brunt
                  Certified Court Reporter No. 2159
24               in and for the State of Washington,
                     residing at Seattle, Washington.
25               My CCR certification expires 07/17/2021
```

# Exhibit C

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON


MARK HOFFMAN, on behalf of          )
himself and all others              )
similarly situated,                 )
          Plaintiff,                )
     vs.                            )    3:19-cv-5960-MJP
HEARING HELP EXPRESS, INC.,         )
TRIANGULAR MEDIA CORP., and         )
LEWIS LURI,                         )
          Defendants.               )


DEPOSITION OF JUSTIN MOSER

APPEARING REMOTELY FROM

DEKALB COUNTY, ILLINOIS


September 23, 2020

6:00 P.M. CDT


Reported by:  Jennifer Campbell, CSR, RPR

License No.:  084-003282

APPEARING REMOTELY FROM KENDALL COUNTY, ILLINOIS

```
1    REMOTE APPEARANCES:

2        FOR MARK HOFFMAN:
             TERRELL MARSHALL LAW GROUP PLLC
3            MS. ADRIENNE D. MCENTEE
             936 North 34th Street
4            Suite 300
             Seattle, Washington 98103
5            (206) 816-6603
             amcentee@terrellmarshall.com
6
                    and
7
             PARONICH LAW, PC
8            ANTHONY I. PARONICH
             350 Lincoln Street
9            Suite 2400
             Hingham, Massachusetts  02043
10           (617) 485-0018
             anthony@paronichlaw.com
11

12       FOR JUSTIN MOSER, HEARING HELP EXPRESS:
             BLANK ROME LLP
13           MR. JEFFREY ROSENTHAL
             130 North 18th Street
14           Phildelphia, Pennsylvania 19103
             (215) 569-5500
15           rosenthal-j@blankrome.com

16                  and

17           BLANK ROME LLP
             MS. NICOLE BARTZ METRAL
18           2029 Century Park East
             6th Floor
19           Los Angeles, California 90067
             (424) 239-3400
20           nbmetral@blankrome.com

21
                    *     *     *
22

23

24
```

Justin Moser
September 23, 2020

```
 1                    I N D E X

 2   WITNESS                          EXAMINATION

 3   JUSTIN MOSER

 4   EXAMINATION BY MR. PARONICH                     6

 5   EXAMINATION BY MR. ROSENTHAL                   59

 6   FURTHER EXAMINATION BY MR. PARONICH            61

 7

 8                  E X H I B I T S

 9   NUMBER                         MARKED FOR ID

10

11   Exhibit 27  HHE0006428                        50

12   Exhibit 28  HHE0006353                        53

13   Exhibit 29  HHE0006206                        56

14   Exhibit 30  HHE0011040                        57

15   Exhibit 31  HHE0015114                        58

16

17

18     (Exhibits Provided Electronically to the Reporter)

19

20

21

22

23

24
```

1    REPORTED REMOTELY FROM KENDALL COUNTY, ILLINOIS

2      WEDNESDAY, SEPTEMBER 23, 2020, 6:00 P.M. CDT

3

4      THE REPORTER:  The attorneys participating in

5    this deposition acknowledge that I am not

6    physically present in the deposition room and that

7    I will be reporting this deposition remotely,

8    pursuant to Federal Rule of Civil Procedure 29.

9    They further acknowledge that, in lieu of an oath

10   administered in person, the witness will verbally

11   declare his testimony in this matter is under

12   penalty of perjury.  The parties and their counsel

13   consent to this arrangement and waive any

14   objections to this manner of reporting.  Please

15   indicate your agreement by stating your name and

16   your agreement on the record.

17          Will counsel please identify yourself,

18   your firm name, and who you represent, please

19   state:  "So agreed and stipulated," beginning with

20   the plaintiff.

21      MR. PARONICH:  And counsel for plaintiff.  So

22   agreed and stipulated.

23      MR. ROSENTHAL:  Jeff Rosenthal, go ahead.

24      MS. MC ENTEE:  Adrienne McEntee, counsel for

1    the plaintiff.  So stipulated and agreed to.

2        MR. ROSENTHAL:  Jeffrey N. Rosenthal, counsel

3    for the witness.  So stipulated and agreed.

4        MS. METRAL:  Nicole Metral, also counsel for

5    the witness from Blank Rome.  So stipulated and so

6    agreed.

7        THE REPORTER:  Thank you, kindly.

8            At this point will the witness kindly

9    present his government-issued identification by

10   holding it up to the camera for verification.

11           (Witness presents government-issued

12            identification and identity is verified.)

13       THE REPORTER:  At this point, I can now ask you

14   to raise your right hand to be sworn.

15           Okay.  You do solemnly swear or affirm

16   that the testimony you're about to give will be the

17   truth, the whole truth, and nothing but the truth.

18       THE WITNESS:  I do.

19       MR. PARONICH:  Thank you.

20               JUSTIN MOSER,

21   called as a witness herein, having been first duly

22   sworn, was examined and testified as follows:

23

24

September 23, 2020

```
1        A.   I had the ability to turn on and off.
2    I had the ability to pick different lists to run.
3    I had the ability to change the speed.  I had the
4    ability to change the scripts.  I had the ability
5    on filters.  I could make scripts.  I could upload
6    lists.  I could -- I mean, that's pretty much it.
7        Q.   Okay.  So I'm going to ask questions about
8    some of those things.
9             So to pick lists, does that mean that you
10   could select a list that was already uploaded for
11   the dialing system to contact?
12       A.   Yes.
13       Q.   What were the different speed options?
14       A.   There were four different speed options.
15       Q.   And do you recall what those four were?
16       A.   There was a preview, a progressive,
17   another one that started with "P" -- actually,
18   I think the last two started with "P."  The names
19   I can't -- I haven't been on it in -- we haven't
20   used a dialer in over a year so it's been like
21   15 months.  I don't remember the names.
22       Q.   Understood.  Do you recall if they were
23   predictive or power?
24       A.   Power was one.
```

1              I don't know if predictive was one.

2        Q.   Okay.

3        A.   Predictive wasn't the last one.

4        Q.   So you can recall preview, progressive,

5   power, and then there is another one likely with a

6   "P" that you cannot recall?

7        A.   We never used the last one.

8        Q.   That's a good segue for my next question

9   is:  Did Hearing Help use preview, progressive, and

10  power?

11       A.   Yes.

12       Q.   Okay.  And under what circumstances would

13  it use each?

14       A.   Many circumstances.  We had -- each one

15  had a specific purpose.  So dependent on where we

16  were at in our day, our list, who was on the phone,

17  how many were on the phone.  There was tons of

18  factors that we used to determine which speed we

19  would run at.

20       Q.   Was there certain types of telephone

21  numbers that Hearing Help would only call on a

22  specific type of mode?

23       MR. ROSENTHAL:  Objection.

24              You can answer.

September 23, 2020

 1       THE WITNESS:  Yes.  Previous or current

 2   customers we only did on preview.  That was the

 3   only limitation we did.

 4   BY MR. PARONICH:

 5       Q.   So I have a little bit of familiarity with

 6   these dialing systems so I've been able to try to

 7   help us along through these questions, but I've

 8   never heard of "change script."  Could you explain

 9   to me what that is.

10       A.   Yes.

11       Q.   Thank you.

12       A.   So when a phone call was connected, the

13   information that came on the screen was the script.

14   So you could tell what I wanted to be up, their

15   first name, last name, lead source, phone number,

16   what state they're in, if there was any other

17   factors that were built in the list, you could

18   choose to put them up on the screen.

19       Q.   Okay.  Understood.  And you had also

20   I think said one of the options was "create

21   script"; is that right?

22       A.   Yeah.

23       Q.   And did you ever create scripts

24   personally?

 1        A.   So that would have been on a preview

 2   dialer.  A preview dialer allows you to, before a

 3   call is made, the rep would see the name and the

 4   number, and they would have to hit the button that

 5   said "dial" or they had the option to hit "skip."

 6        MR. PARONICH:  Okay.  I'm going to move on to

 7   another exhibit.  My computer says it was just

 8   uploaded.

 9        THE WITNESS:  Okay.

10           (Deposition Exhibit 29 remotely

11            introduced and provided electronically

12            to the reporter.)

13   BY MR. PARONICH:

14        Q.   In this document that was produced, you

15   see there's a statement from you where you say:

16   What are you talking about on the Your Chat about

17   compliance?  Do you see that?

18        A.   Yeah.

19        Q.   What is the reference to compliance in

20   this context?

21        A.   Not knowing who the other person is,

22   I don't know for sure.

23        Q.   Who are the individuals you talked to

24   about compliance at Hearing Help?