THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MARK HOFFMAN, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

HEARING HELP EXPRESS, INC., TRIANGULAR MEDIA CORP., LEADCREATIONS.COM, LLC, LEWIS LURIE, INTRICON, INC., and INTRICON CORPORATION,

Defendants.

Case No. 3:19-cv-05960-MJP

**PRELIMINARY APPROVAL ORDER**

This Court has reviewed the motion for preliminary approval of class settlement filed in this Action, including the Settlement Agreement and Release ("Settlement Agreement")[1]. (Dkt. No. 136.) Based on this review and the findings below, the Court GRANTS the motion.

//
//
//

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

PRELIMINARY APPROVAL ORDER - 1

**FINDINGS:**

1.  The Court hereby preliminarily approves the Settlement Agreement and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing.

2.  The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Agreement and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. Pursuant to the standards for settlement approval set forth in Rule 23(e), the Court finds that it likely will be able to approve the settlement under Rule 23(e)(2)-(5) because it appears the Class Representative and Class Counsel have adequately represented the Settlement Class and negotiated the settlement at arm's length; it appears the settlement provides adequate relief for the Settlement Class, taking into account the costs, risks, and delay of trial and appeal; the proposed method of distributing relief to the Settlement Class is effective; it appears the terms related to the award of attorneys' fees are reasonable; it appears Class Counsel have identified all required agreements related to the settlement; it appears the settlement treats all Settlement Class Members equitably relative to each other; and the settlement provides Settlement Class Members with an opportunity to object. Fed. R. Civ. P. 23(e)(2)-(3), (5). The Court therefore preliminarily approves the proposed settlement as set forth in the Settlement Agreement.

3.  The Settlement Agreement was entered into by experienced counsel after substantial adversarial proceedings, including significant discovery and motions, and only after extensive arm's-length negotiations, including a private mediation conducted by Bruce Friedman, Esq. (Ret.), an experienced mediator, and free of any apparent collusion.

4.  The Long-Form Notice, Email Notice, Postcard Notice, Claim Form, and Opt-Out Form (all attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notices and forms are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their

PRELIMINARY APPROVAL ORDER - 2

rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

5.  For purposes of settlement only, and to certify the class for purposes of judgment on the settlement under Rule 23(e)(1)(B)(ii), the Court preliminarily finds that the proposed Settlement Class satisfies the prerequisites under Fed. R. Civ. P. 23(a) and 23(b)(3), and the Court conditionally certifies the Settlement Class. The Court finds, for purposes of settlement only, that the following requirements are met: (a) Settlement Class Members are so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) Plaintiff's claims are typical of Settlement Class Members' claims; (d) Plaintiff has fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiff has retained experienced Class Counsel; (e) the questions of law and fact presented in the class definition appear to be common to Settlement Class Members and predominate over individual questions affecting any individual Settlement Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23 and is superior to alternative means of resolving the claims and disputes at issue in this Action. Accordingly, as required by Rule 23(e)(1)(B)(ii), the Court will likely be able to certify the class for purposes of judgment on the proposal.

**IT IS ORDERED THAT:**

6.  **Settlement Approval.** The Settlement Agreement, including the Long-Form Notice, Email Notice, Postcard Notice, Claim Form, and Opt-Out Form attached to the Settlement Agreement as Exhibits 2-6 are preliminarily approved.

7.  **Appointment of the Settlement Administrator and the Provision of Class Notice.** AB Data, Ltd. is appointed as the Settlement Administrator. Settling Defendants and the Settlement Administrator will notify Settlement Class Members of the settlement in the manner specified under Section 4 of the Settlement Agreement.

PRELIMINARY APPROVAL ORDER - 3

8. **Claim for a Settlement Award.** Settlement Class Members who want to receive an award under the Settlement Agreement must accurately complete and deliver a Claim Form to the Settlement Administrator no later than ninety (90) calendar days after the entry of this Order.

9. **Objection to Settlement.** Any Settlement Class Member who has not submitted a valid written exclusion request pursuant to paragraph 13 below and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the Fees, Costs, and Expenses Award, or the Service Payment must deliver written objections to the Settlement Administrator (by postal mail or email) or the Court no later than ninety (90) calendar days after the entry of this Order. Written objections must: (a) clearly identify the case name and number; (b) include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (c) include the address, telephone number, and email address (optional) of the objecting Settlement Class Member; (d) include the full name, address, telephone number, and email address of the objector's counsel, and the state bar(s) to which counsel is admitted (if the objector is represented by counsel); and (e) provide a detailed explanation stating the specific reasons for the objection, including any legal and factual support and any evidence in support of the objection. Any Settlement Class Member who timely submits a written objection, as described in this paragraph, has the option to appear at the Final Approval Hearing, either in person or through personal counsel, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed settlement, the Service Payment, or to the Fees, Costs, and Expenses Award. However, Settlement Class Members (with or without their attorneys) intending to make an appearance at the Final Approval Hearing must include on a timely and valid objection a statement substantially similar to "Notice of Intention to Appear." Only Settlement Class Members who submit timely objections including Notices of Intention to Appear may speak at the Final Approval Hearing. If a Settlement Class Member makes an objection through an attorney, the Settlement Class Member will be responsible for his or her personal attorney's fees and costs. The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

PRELIMINARY APPROVAL ORDER - 4

10. **Failure to Object to Settlement.** Settlement Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Final Approval Hearing.

11. **Requesting Exclusion.** Settlement Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement. Individual requests for exclusion may be submitted to the Settlement Administrator electronically through the Settlement Website, by email or by postal mail, but if submitted by postal mail, each Settlement Class Member must pay for postage. No mass opt-outs are allowed. All requests for exclusion must be in writing and must: (a) clearly identify the case name and number; (b) include the full name and the unique identification number for the Settlement Class Member assigned by the Settlement Administrator; (c) include the address, telephone number, and email address (optional) of the Settlement Class Member seeking exclusion; (d) contain a statement that the requestor has received a call by or on behalf of Hearing Help but does not wish to participate in the settlement; and (e) be signed personally by the Settlement Class Member. A request for exclusion must be submitted no later than ninety (90) calendar days after entry of this Order.

12. **Provisional Certification.** The Settlement Class is provisionally certified as:

> All persons or entities within the United States who received, on or after October 9, 2015, a non-emergency telephone call from or on behalf of Hearing Help Express, Inc. and whose contact information was received either directly or indirectly from ByteSuccess (including its related entity and/or successor, Andrews Wharton) and Triangular Media Corp. (including, LeadCreations), promoting goods or services: (i) to a cellular telephone number through the use of an automatic telephone dialing system; (ii) to a cellular or residential telephone number using an artificial or prerecorded voice; or (iii) to a cellular or residential telephone number that has been registered on the national Do Not Call Registry for at least 31 days and who received more than one such call within any twelve-month period.

13. **Conditional Appointment of Class Representative and Class Counsel.** Plaintiff is conditionally certified as the class representative to implement the Parties' settlement

in accordance with the Settlement Agreement. The law firms of Paronich Law, P.C Terrell Marshall Law Group, PLLC are conditionally appointed as Settlement Class Counsel. Plaintiff and Settlement Class Counsel must fairly and adequately protect the Settlement Class' interests.

14. **Stay of Other Proceedings.** The Court hereby orders that any Action or proceedings in any court in the United States involving any Released Claims asserted by any Releasing Parties, except any matters necessary to implement, advance, or further the approval of the Settlement Agreement are stayed pending the Final Approval Hearing and issuance of any Final Order and Judgment.

15. **Termination.** If the Settlement Agreement terminates for any reason, the following will occur: (a) class certification will be automatically vacated; (b) Plaintiff and Settlement Class Counsel will stop functioning as the class representative and class counsel, respectively, until the Court certifies the class action in the course of litigation and appoints Plaintiff as class representative; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement, other than as to payments made to, or owed for work already incurred by, the Settlement Administrator. Neither the settlement nor this Order will waive or otherwise impact the Parties' rights or arguments.

16. **No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

17. **Stay of Dates and Deadlines.** All discovery and pretrial proceedings and deadlines are stayed and suspended until further notice from the Court, except for such Action as are necessary to implement the Settlement Agreement and this Order.

18. **Modifications.** Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement. The Parties may further modify the Settlement Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein. The Court

PRELIMINARY APPROVAL ORDER - 6

may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

19. **Final Approval Hearing.** On **January 5, 2022** at **10:00 AM**, this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. Plaintiff's motion in support of the Final Judgment shall be filed on or before fourteen (14) calendar days before the Final Approval Hearing. Any brief Settling Defendants may choose to file shall be filed on or before seven (7) calendar days before the Final Approval Hearing. This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting, the Parties will not be required to provide any additional notice to Settlement Class Members.

20. **Summary Timeline.** The Agreement and this Order provide for the following timeline dates and deadlines related to the provision of notice and the Final Approval Hearing:

| ACTION | DATE |
| --- | --- |
| Deadline for Settling Defendants to provide Settlement Administrator the Class List | 10 calendar days after entry of this Order |
| Deadline for Settlement Administrator to publish Settlement Website and begin operating toll-free telephone line, email address, and P.O. Box to accept inquiries from Settlement Class Members | 30 days after entry of this Order |
| Deadline for sending Email Notice and Postcard Notice to Settlement Class Members | 30 days after entry of this Order |
| Class Counsel's Fee Motion Submitted | 21 days before the Response Deadline |
| Deadline to Submit a Claim, Request Exclusion or Object ("Response Deadline") | 90 days after this Order is entered |

PRELIMINARY APPROVAL ORDER - 7

| ACTION | DATE |
|---|---|
| Final Approval Brief and Response to Objections Due | 14 days prior to the Final Approval Hearing set for January 5, 2022 at 10:00 AM. |

SO ORDERED this 4th day of August, 2021.

*[signature]*

Marsha J. Pechman
United States Senior District Judge

PRELIMINARY APPROVAL ORDER - 8