THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK HOFFMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HEARING HELP EXPRESS, INC., TRIANGULAR MEDIA CORP., LEADCREATIONS.COM, LLC, LEWIS LURIE, INTRICON, INC., and INTRICON CORPORATION,<br><br>Defendants. | Case No. 3:19-cv-05960-MJP<br><br>**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE PAYMENT**<br><br>**NOTE ON MOTION CALENDAR:**<br>**October 22, 2021** |

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE PAYMENT
Case No. 3:19-cv-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**TABLE OF CONTENTS**

Page No.:

I.   INTRODUCTION ...................................................................................................1

II.  ISSUES TO BE DECIDED ....................................................................................1

III. STATEMENT OF FACTS .....................................................................................1

    A.   Plaintiff and his counsel vigorously litigated on behalf of the class..................1

    B.   Plaintiff and his counsel negotiated an outstanding settlement for the class......2

    C.   The Court granted preliminary approval of the proposed settlement .................3

IV.  AUTHORITY AND ARGUMENT ........................................................................3

    A.   The percentage-of-the-fund method is the appropriate method for determining a reasonable attorneys' fee in this case..........................................3

        1.   A fee award of 30% of the Settlement Fund will fairly compensate Class Counsel for their work on behalf of the Settlement Class.............4

            a.   Class Counsel achieved an excellent settlement for the class......5

            b.   Class Counsel assumed a significant risk of no recovery ............5

            c.   Class Counsel's skill and quality of work led to substantial recovery ....................................................................7

            d.   Awards in similar cases show that the requested fee is reasonable .................................................................................7

        2.   A lodestar crosscheck confirms that the requested fee is reasonable .....8

            a.   Class Counsel's rates reflect rates in the community for similar work performed by attorneys of comparable skill, experience, and reputation.............................................................8

            b.   Class Counsel expended a reasonable number of hours litigating the case........................................................................9

            c.   A "negative" multiplier is reasonable ........................................10

    B.   Class Counsel's litigation costs were necessarily and reasonably incurred .....11

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND SERVICE PAYMENT - i
Case No. 3:19-cv-05960-MJP

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

C. Plaintiff requests a service payment of $5,000 .................................................. 11

V. CONCLUSION ................................................................................................................ 12

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND SERVICE PAYMENT - ii
Case No. 3:19-cv-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

Page No.

*Arthur v. Sallie Mae, Inc.*,
 No. 10-cv-00198-JLR, 2012 WL 4075238 (W.D. Wash. Sept. 17, 2012) ..................... 5

*Barovic v. Ballmer*,
 No. C14-0540 JCC, 2016 WL 199674 (W.D. Wash. Jan. 13, 2016) ........................... 12

*Boeing Co. v. Van Gemert*,
 444 U.S. 472 (1980) ................................................................................................. 3

*Craft v. Cnty. of San Bernardino*,
 624 F. Supp. 2d 1113 (C.D. Cal. 2008) ................................................................... 10

*Couser v. Comenity Bank,*
 125 F. Supp. 3d 1034 (S.D. Cal. 2015) ..................................................................... 5

*Dakota Med., Inc. v. RehabCare Grp., Inc.*,
 No. 114CV02081DAD, 2017 WL 4180497 (E.D. Cal. Sept. 21, 2017) ....................... 8

*Dennings v. Clearwire Corp*,
 No. C10-1859JLR, 2013 WL 1858797 (W.D. Wash. May 3, 2013) .......................... 11

*Destefano v. Zynga, Inc.*,
 Case No. 12-cv-04007-JSC, 2016 WL 537946 (N.D. Cal. Feb. 11, 2016) ............. 6, 7

*Franklin v. Wells Fargo Bank, N.A.*,
 No. 14CV2349-MMA (BGS), 2016 WL 402249 (S.D. Cal. Jan. 29, 2016) ................ 5

*Gergetz v. Telenav, Inc.*,
 No. 16-cv-04261-BLF, 2018 WL 4691169 ................................................................ 8

*Glass v. UBS Fin. Servs., Inc.*,
 331 F. App'x 452 (9th Cir. 2009) ........................................................................ 3, 8

*Gonzalez v. City of Maywood*,
 729 F.3d 1196 (9th Cir. 2013) .................................................................................. 8

*Gutierrez-Rodriguez v. R.M. Galicia, Inc.*,
 Case No. 16-CV-00182-H-BLM, 2018 WL 1470198 (S.D. Cal. March 26, 2018) ..... 7

*Ikuseghan v. Multicare Health Sys.*,
 No. C 14-5539 BHS, 2016 WL 4363198 (W.D. Wash. Aug. 16, 2016). ............. 7, 12

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND SERVICE PAYMENT - iii
Case No. 3:19-cv-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) ...................................................................................3, 4

*In re Capital One Tel. Consumer Prot. Act. Litig.*,
    80 F. Supp. 3d 781 (N.D. Ill. 2015) ..........................................................................5, 7

*In re Heritage Bond Litig.*,
    No. 02-ML-1475 DT, et al., 2005 WL 1594403 (C.D. Cal. June 10, 2005)...................6

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ..........................................................................................4

*In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ...........................................................3, 4, 5, 6

*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d 934 (9th Cir. 2015) ....................................................................................5, 11

*In re Pacific Enters. Sec. Litig.*,
    47 F.3d 373 (9th Cir. 1995) ............................................................................................4

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) ..........................................................................................6

*Jenson v. First Tr. Corp.*,
    No. CV 05-3124 ABC, 2008 WL 11338161 (C.D. Cal. June 9, 2008) .........................5

*Knight v. Red Door Salons, Inc.*,
    No. 08-01520, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ...........................................7

*Lofton v. Verizon Wireless (VAW) LLC*,
    No. C 13-05665 YGR, 2016 WL 7985253 (N.D. Cal. May 27, 2016).................6, 7, 12

*McGuire v. Dendreon Corp.*,
    No. C07-800 MJP, 2010 WL 11530602 (W.D. Wash. Dec. 20, 2010) .........................11

*Moreno v. City of Sacramento*,
    534 F.3d 1106 (9th Cir. 2008) ........................................................................................8

*Pelletz v. Weyerhaeuser Co.*,
    592 F. Supp. 2d 1322 (W.D. Wash. 2009)..................................................................9, 12

*Rinky Dink, Inc. v. World Bus. Lenders, LLC*,
    No. C14-0268-JCC, 2016 WL 3087073 (W.D. Wash. May 31, 2016) ......................5, 8

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND SERVICE PAYMENT - iv
Case No. 3:19-cv-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Rodriguez v. W. Publishing*,
    563 F.3d 948 (9th Cir. 2009) ..................................................................................11

*Rose v. Bank of Am. Corp.*,
    12 Civ. 04009, 2014 WL 4273358 (N.D. Cal. Aug. 29, 2014).......................................5

*Smith v. CRST Van Expedited, Inc.*,
    No. 10-CV-1116-IEG (WMC), 2013 WL 163293 (S.D. Cal. Jan. 14, 2013).........11, 12

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ................................................................................3, 12

*Steiner v. Am. Broad. Co.*,
    248 Fed. Appx. 780 (9th Cir. 2007)...........................................................................10

*Vandervort v. Balboa Capital Corp.*,
    8 F. Supp. 3d 1200 (C.D. Cal. 2014) ...........................................................................8

*Van Vranken v. Atl. Richfield Co.*,
    901 F. Supp. 294 (N.D. Cal. 1995) ............................................................................10

*Vincent v. Hughes Air W.*,
    557 F.2d 759 (9th Cir. 1977) .....................................................................................11

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) .............................................................................*passim*

*Welch v. Metro. Life Ins. Co.*,
    480 F.3d 942 (9th Cir. 2007) .......................................................................................9

**RULES**

Rule 23(h) ................................................................................................................................11

**OTHER AUTHORITIES**

William B. Rubenstein, *Why the Percentage Method?*,
    2 Class Action Attorney Fee Digest 93 (March 2008) ..................................................4

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND SERVICE PAYMENT - v
Case No. 3:19-cv-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

After more than a year and a half of vigorous litigation on behalf of Plaintiff Mark Hoffman and the proposed class of approximately 27,144 people, Class Counsel was able to achieve an outstanding settlement of this TCPA class action. The settlement, which the Court preliminarily approved on August 4, 2021 (Dkt. No. 139), requires Hearing Help to pay $1,300,000 into a Settlement Fund. Counsel estimate that each Settlement Class member who submits a valid claim will receive approximately $275, which is an excellent outcome that exceeds the class member recovery in many similar TCPA cases.

By this motion, Class Counsel seeks an award of $390,000 in attorneys' fees, $40,496.45 in litigation costs, and a service payment of $5,000 for Plaintiff. The awards will compensate Plaintiff and Class Counsel for the time, risk, and effort they expended to achieve an excellent result for the Settlement Class. The requested amounts are reasonable and should be awarded.

## II. ISSUE TO BE DECIDED

Should the requested fees, costs, and incentive awards be approved as reasonable?

## III. STATEMENT OF FACTS

**A.    Plaintiff and his counsel vigorously litigated on behalf of the class.**

Following an investigation, Plaintiff filed a class action complaint on October 9, 2019, alleging that Hearing Help was liable under the TCPA for calling leads (1) without regard to whether it had prior express written consent, (2) without regard to whether the phone numbers were on the national Do Not Call Registry, and (3) using an ATDS. *See* Dkt. No. 1; Dkt. No. 114, ¶¶ 65, 66. Plaintiff alleges he received at least nine calls from Hearing Help to his cell phone from May to September 2019 without his prior express consent. Dkt. No. 114 ¶¶ 18-29.

The parties engaged in substantial discovery during the litigation. McEntee Decl. ¶ 10. They served and responded to multiple sets of written discovery requests. *Id.* They produced and reviewed approximately 20,000 pages of documents. *Id.* Plaintiff took depositions of two corporate representatives for Hearing Help, three former Hearing Help employees, and principal of Triangular Media Lewis Lurie. *Id.* Plaintiff retained two experts who analyzed Hearing Help's

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND SERVICE PAYMENT - 1
Case No. 3:19-cv-05960-MJP

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

calling records and provided opinions regarding the equipment Hearing Help used to make calls and the number of calls made to cell phones and to phone numbers on the national Do Not Call Registry. *Id.* Plaintiff also sought and obtained information via three third-party subpoenas duces tecum. *Id.*

In addition to discovery, the parties engaged in considerable motion practice. Hearing Help moved to dismiss or strike portions of Plaintiff's complaint. Dkt. Nos. 19, 27, 32. Plaintiff successfully moved to extend the class certification deadline. Dkt. Nos. 30, 35. Plaintiff successfully moved for default against Triangular Media. Dkt. Nos. 75, 94. And the Court granted Plaintiff's motion to strike Hearing Help's good faith and reasonableness affirmative defense. Dkt. Nos. 89, 92, 93, 106.

**B.     Plaintiff and his counsel negotiated an outstanding settlement for the class.**

On May 24, 2021, the parties participated in mediation with Bruce Friedman of JAMS. McEntee Decl. ¶ 11. The parties did not reach settlement that day, but continued arms-length negotiations with Mr. Friedman's assistance. *Id.* They agreed to key terms on June 16, 2021 and signed the Settlement Agreement on July 26, 2021. *Id.*; Dkt. No. 137-1 (Settlement Agreement).

The proposed settlement requires Hearing Help to pay $1,300,000 in a "Settlement Fund." Settlement Agreement § 1.36. Subject to Court approval, the Settlement Fund will be used to make payments to all Settlement Class Members who submit timely and valid claims; pay the Settlement Administrator the costs of notice and Settlement Administration Expenses estimated at $56,989; pay a $5,000 service payment to Plaintiff; pay Class Counsel's attorneys' fees of $390,000; and pay litigation costs and expenses. *See id.* at §§ 2.3.3-2.1.5.

The Settlement Class consists of approximately 27,144 members to whom claims administrator AB Data, Ltd. provided notice of the settlement. McEntee Decl. ¶ 22; Settlement Agreement § 4. (describing notice plan following settlement). Each is eligible to receive an award if by timely submitting a simple Claim Form, either on paper or electronically. Settlement Agreement § 5.1 & Ex. 5. If 10% of the identified Settlement Class Members file claims, a conservative but reasonable estimate, each will receive approximately $275. McEntee Decl. ¶ 22.

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND SERVICE PAYMENT - 2
Case No. 3:19-cv-05960-MJP

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

### C. The Court granted preliminary approval of the proposed settlement.

Plaintiff filed his motion for preliminary approval of the proposed settlement on July 27, 2021. Dkt. No. 136. The Court granted preliminary approval on August 4, 2021. Dkt. No. 139.

### IV. AUTHORITY AND ARGUMENT

### A. The percentage-of-the-fund method is the appropriate method for determining a reasonable attorneys' fee in this case.

The common fund doctrine is an equitable exception to the American rule that litigants must bear their own attorneys' fees. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). It is well settled that "a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Id.* The "common fund" doctrine "rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *Id.* A court can "prevent this inequity by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefited." *Id.* "Ninth Circuit jurisprudence … permits the application of common fund principles where … the class of beneficiaries is identifiable and the benefits can be traced in order to allocate the fees to the class." *Glass v. UBS Fin. Servs., Inc.*, 331 F. App'x 452, 457 (9th Cir. 2009). In such cases, "the common fund doctrine ensures that each member of the winning party contributes proportionately to the payment of attorneys' fees." *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003).

The Ninth Circuit and district courts in this Circuit have recognized that the percentage-of-the-fund method is the appropriate method for calculating fees when counsel's effort has created a common fund. *See, e.g., In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("Because the benefit to the class is easily quantified in common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar."); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) (observing that "use of the percentage method in common fund cases appears to be dominant" and discussing its advantages over the lodestar

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND SERVICE PAYMENT - 3
Case No. 3:19-cv-05960-MJP

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

method); *see also* William B. Rubenstein, *Why the Percentage Method?*, 2 Class Action Attorney Fee Digest 93 (March 2008) ("[U]nder the percentage method, counsel has an interest in generating as large a recovery for the class as possible, as her fee increases with the class's take, while keeping her hours to the minimum necessary to do the job effectively.").

The percentage-of-the-fund method is the appropriate method for determining a reasonable fee in this case. Class Counsel's efforts resulted in a Settlement Fund of $1,300,000, all of which will be distributed to Settlement Class Members after settlement expenses, including administration expenses, Court-approved fees and costs, and Court-approved incentive awards, are deducted. Using the percentage method in this case will recognize Class Counsel's efficiency and their efforts to achieve the highest possible recovery for the Settlement Class.

    1.    <u>A fee award of 30% of the Settlement Fund will fairly compensate Class Counsel for their work on behalf of the Settlement Class.</u>

The Ninth Circuit has held that 25% of the gross settlement amount is the benchmark for attorneys' fees awarded under the percentage-of-the-fund method. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *see also In re Bluetooth*, 654 F.3d at 942 ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure."). While the 25% benchmark is a starting point, "in most common fund cases, the award exceeds [the] benchmark." *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d at 1047 (citations omitted).

The Ninth Circuit routinely affirms fee awards of one-third of the common fund or higher after considering the particular facts and circumstances of each case. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 460 (9th Cir. 2000) (affirming an award of one-third of total recovery); *In re Pacific Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (noting 33% award "for attorneys' fees is justified because of the complexity of the issues and the risks"). The percentage may be adjusted up or down based on the court's consideration of "all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048. Consideration of the relevant circumstances here supports a fee award of $390,000, which is 30% of the Settlement Fund.

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND SERVICE PAYMENT - 4
Case No. 3:19-cv-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

a. *Class Counsel achieved an excellent settlement for the class.*

The $1,300,000 settlement provides substantial relief for the Settlement Class. Settlement Class Members who file claims will likely receive approximately $275 (based on 10% of all Settlement Class Members submitting claims). McEntee Decl. ¶ 21. This is a highly favorable outcome in a TCPA case. *See In re Omnivision*, 559 F. Supp. 2d at 1046 ("The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award.").

The settlement amount is in line with (and in fact superior to) many other TCPA settlements in this circuit and around the country, including cases approved by district courts in Washington. *See Rinky Dink, Inc. v. World Bus. Lenders, LLC*, No. C14-0268-JCC, 2016 WL 3087073, at *3 (W.D. Wash. May 31, 2016) (approving $150-per-claimant settlement); *Arthur v. Sallie Mae, Inc.*, No. 10-cv-00198-JLR, 2012 WL 4075238, at *1 (W.D. Wash. Sept. 17, 2012) (approximately $100 per claimant); *Couser v. Comenity Bank,* 125 F. Supp. 3d 1034, 1043 (S.D. Cal. 2015) (approximately $13.75 per claimant); *Franklin v. Wells Fargo Bank, N.A.,* No. 14CV2349-MMA (BGS), 2016 WL 402249, at *3 (S.D. Cal. Jan. 29, 2016) ($71.16 per claimant); *Rose v. Bank of Am. Corp.*, 12 Civ. 04009, 2014 WL 4273358, at *10 (N.D. Cal. Aug. 29, 2014) (discussing range of acceptable TCPA settlements and approving $20 to $40 per claimant); *In re Capital One Tel. Consumer Prot. Act. Litig.*, 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) (approving $34.60 recovery per claimant). This factor thus weighs in favor of Class Counsel's fee request.

b. *Class Counsel assumed a significant risk of no recovery.*

Class Counsel's fee request also reflects that the case was risky and handled on a contingency basis. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015); *Vizcaino*, 290 F.3d at 1048; *see also Jenson v. First Tr. Corp.*, No. CV 05-3124 ABC, 2008 WL 11338161, at *12 (C.D. Cal. June 9, 2008) ("Uncertainty that any recovery ultimately would be obtained is a highly relevant consideration. Indeed, the risks assumed by Counsel, particularly the risk of nonpayment or reimbursement of expenses, is important to determining a proper fee award." (internal citation omitted)).

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND SERVICE PAYMENT - 5
Case No. 3:19-cv-05960-MJP

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1       Class Counsel represented Plaintiff and the Settlement Class entirely on a contingent basis. Courts recognize that "[w]ith respect to the contingent nature of the litigation … courts tend to find above-market-value fee awards more appropriate in this context given the need to encourage counsel to take on contingency-fee cases for plaintiffs who otherwise could not afford to pay hourly fees." *Destefano v. Zynga, Inc.,* Case No. 12-cv-04007-JSC, 2016 WL 537946, at *18 (N.D. Cal. Feb. 11, 2016) (citing *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994)). "This is especially true where, as here, class counsel has significant experience in the particular type of litigation at issue; indeed, in such contexts, courts have awarded an even higher 33 percent fee award." *Id.* (citing *In re Heritage Bond Litig.*, No. 02-ML-1475 DT, et al., 2005 WL 1594403, at *19 (C.D. Cal. June 10, 2005)).

      Moreover, Class Counsel faced the very real risk they would not recover any fees and costs at all. *Lofton v. Verizon Wireless (VAW) LLC*, No. C 13-05665 YGR, 2016 WL 7985253, at *1 (N.D. Cal. May 27, 2016) (awarding fees above the benchmark where, absent settlement, "there would remain a significant risk that the Settlement Class may have recovered less or nothing…"). "The risk that further litigation might result in Plaintiffs not recovering at all, particularly a case involving complicated legal issues, is a significant factor in the award of fees." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1046–47.

      While Plaintiff believed he has a case for liability, success was not guaranteed. Hearing Help denies that it can be held liable for the calls it made to Settlement Class Members because, it contends, the Genesys PureCloud system used to make the calls is not an automatic telephone dialing system. McEntee Decl. ¶ 12. If the Court agreed with Hearing Help, Plaintiff would lose on the merits. *Id*. Hearing Help also contends Settlement Class Members are not entitled to recover because they consented to be contacted on their cell phones by providing their numbers to Hearing Help in various ways. *Id*. If the trier of fact disagreed with Plaintiff on this issue and found that class member consented, the Settlement Class would receive nothing. *Id*. Evidence of consent could also defeat Plaintiff's motion to certify the class. *Id*.

      Thus, these risks weigh in favor of Class Counsel's fee request.

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND SERVICE PAYMENT - 6
Case No. 3:19-cv-05960-MJP

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

c. *Class Counsel's skill and quality of work led to substantial recovery.*

Class Counsel were able to litigate this case efficiently because of their experience in litigating TCPA claims in class action cases. Class Counsel have litigated dozens of TCPA cases—achieving a successful resolution in many. *See* McEntee Decl. ¶ 19; Paronich Decl. ¶ 3; *see also* Dkt. No 137 ¶¶ 4-5. This depth of experience with TCPA claims and class action litigation allowed Class Counsel to efficiently prosecute this lawsuit and to negotiate a settlement that capitalized on the claims' strengths while taking into account the risks of continued litigation.

Further, "[t]he quality of opposing counsel is also relevant to the quality and skill that class counsel provided." *Destefano*, 2016 WL 537946, at *17. Class Counsel's ability to negotiate a favorable settlement despite the vigorous opposition of Hearing Help's counsel supports their fee request. *See, e.g., Lofton*, 2016 WL 7985253, at *1 (the "risks of class litigation against an able defendant" support an upward adjustment in the fee award); *Knight v. Red Door Salons, Inc.*, No. 08-01520, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009) (where defense counsel "understood the legal uncertainties in this case[] and were in a position to mount a vigorous defense," the favorable settlement was a "testament to Plaintiffs' counsel's skill").

d. *Awards in similar cases show that the requested fee is reasonable.*

An award of 30% of the Settlement Fund is consistent with fee awards in other TCPA class settlements. A court in this district has awarded a fee of 30% of a $2.5 million settlement fund in a TCPA case. *Ikuseghan v. Multicare Health Sys.*, No. C 14-5539 BHS, 2016 WL 4363198, at *2 (W.D. Wash. Aug. 16, 2016). As part of its analysis, the court surveyed fee awards in TCPA settlements in the Ninth Circuit and discovered that more than half of the awards (14 of 25) were at the 25% benchmark or higher. *Id.* at *3; *see also In re Capital One*, 80 F. Supp. 3d at 804 (determining that the typical attorneys' fee award in a consumer case is 30% of the first $10 million recovered for the class). Courts throughout this circuit routinely award fees that exceed the benchmark in TCPA class actions. *See Gutierrez-Rodriguez v. R.M. Galicia, Inc.,* Case No. 16-CV-00182-H-BLM, 2018 WL 1470198 (S.D. Cal. March 26, 2018) (approving

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND SERVICE PAYMENT - 7
Case No. 3:19-cv-05960-MJP

award of fees and costs of 30%); *Vandervort v. Balboa Capital Corp.*, 8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014) (finding "a 33% award of fees and costs is warranted"); *Dakota Med., Inc. v. RehabCare Grp., Inc.*, No. 114CV02081DAD, 2017 WL 4180497, at *9 (E.D. Cal. Sept. 21, 2017) (approving "an award of one-third of the $25 million settlement fund"); *Gergetz v. Telenav, Inc.*, No. 16-cv-04261-BLF, 2018 WL 4691169, at *7 (approving award of 30% of settlement fund). Thus, Class Counsel's request for $390,000 in attorneys' fees, representing 30% of the Settlement Fund, is reasonable.

2. <u>A lodestar crosscheck confirms that the requested fee is reasonable.</u>

In the Ninth Circuit, courts may use a rough calculation of the lodestar as a crosscheck to assess the reasonableness of an award based on the percentage method. *Vizcaino*, 290 F.3d at 1050 ("[W]hile the primary basis of the fee award remains the percentage method, the lodestar may provide a useful perspective on the reasonableness of a given percentage award."); *see also Glass*, 331 F. App'x at 456-57 (affirming a fee award of 25% of a settlement fund with an "informal" lodestar crosscheck). Courts use a two-step process in applying the lodestar method. First, the court calculates the "lodestar figure" by multiplying the number of hours reasonably expended by a reasonable rate. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Once the lodestar is determined, the amount may be adjusted to account for several factors, such as the benefit obtained for the class, the risk of nonpayment, the complexity and novelty of the issues presented, and awards in similar cases. *See In re Bluetooth*, 654 F.3d at 942.

a. *Class Counsel's rates reflect rates in the community for similar work performed by attorneys of comparable skill, experience, and reputation.*

In determining a reasonable hourly rate, courts look at the prevailing market rates in the relevant community, which is the forum in which the district court sits. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). Here, Class Counsel request hourly rates of $550 for partners, $325 for an associate, and $200 for a paralegal. In this district, courts have approved as reasonable hourly rates similar to, or even in excess of, these rates. *See Rinky Dink v. World Business Lenders, LLC*, No. 2:14-cv-0268-JCC (W.D. Wash. May 31, 2016), ECF No.

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND SERVICE PAYMENT - 8
Case No. 3:19-cv-05960-MJP

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  92 at 7–8 (approving partner rates of $500-650, associates $250-400, and paralegals $250 in
2  TCPA class action); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1326-27 (W.D. Wash.
3  2009) (approving rates for partners from $405 to $800 and associates from $305 to $380).

4        Class Counsel have provided the Court with declarations describing the basis for their
5  hourly rates, including their education, legal experience, and reputation in the legal community.
6  Counsel set their rates for attorneys and staff members based on a variety of factors, including,
7  among others: the experience, skill and sophistication required for the types of legal services
8  typically performed; the rates customarily charged in the markets where legal services are
9  typically performed; and the experience, reputation and ability of the attorneys and staff
10 members. *See* McEntee Decl. ¶ 18; Paronich Decl. ¶ 4. Across firms, the rates Class Counsel
11 charged for attorneys and paralegals working on this matter ranged from $200.00 to $550.00.
12 McEntee Decl. ¶ 13 & Ex. 1; Paronich Decl. ¶ 4 & Ex. 1. Courts have found these rates to be
13 reasonable in numerous class action cases. McEntee Decl. ¶ 19; Paronich Decl. ¶ 4. Because
14 counsel's hourly rates are in line with rates approved in similar cases in this district, counsel's
15 hourly rates are reasonable and appropriate for calculating the lodestar. *See Welch v. Metro. Life*
16 *Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007) (affidavits by plaintiffs' counsel and fee awards in
17 other cases are sufficient evidence of prevailing market rates).

18           b.    *Class Counsel expended a reasonable number of hours litigating the case.*

19       The number of hours that Class Counsel devoted to investigation, discovery, motion
20 practice, and achieving a favorable settlement is reasonable. Since the inception of this case
21 nearly two years ago, Class Counsel have worked diligently to prosecute this class action on
22 behalf of the Settlement Class. Counsel served and responded to multiple rounds of written
23 discovery requests, obtained and analyzed thousands of pages of documents, and took multiple
24 depositions. *See* Section III.A, *supra*. Class Counsel also briefed multiple motions filed in this
25 case. *Id.*; McEntee Decl. ¶ 2. The parties attended mediation on May 24, 2021 and then
26 continued settlement negotiations until the parties reached agreement. McEntee Decl. ¶ 11.
27       In all, Class Counsel dedicated over 750 hours to the investigation, development,

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND SERVICE PAYMENT - 9
Case No. 3:19-cv-05960-MJP

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1 litigation, and resolution of this case. *See* McEntee Decl. ¶ 13 & Ex. 1; Paronich Decl. ¶ 4. This
2 total excludes time that Class Counsel removed as administrative, that did not benefit the
3 Settlement Class, that was spent pursuing non-settling defendants, or that was arguably
4 duplicative or excessive. McEntee Decl. ¶ 1; Paronich Decl. ¶ 4. As in every case, counsel will
5 spend additional hours to see this case through to final resolution, including the work necessary
6 to prepare the motion for final approval, attend the hearing on final approval, and ensure the
7 claims process is properly carried out. Class Counsel's total lodestar, which does not include the
8 time incurred to prepare this motion, is $395,647.50. McEntee Decl. ¶ 16.

    c. *A "negative" multiplier is reasonable.*

Class Counsel seek an attorneys' fee award of $390,000 based on a lodestar of $395,647.50. Thus, the fee requested by class counsel reflects a slight "negative" multiplier of 0.985 on their total lodestar incurred [$390,000 ÷ $395,647.50 = 0.985]. The negative multiplier is likely to go down further given that Class Counsel expect to expend additional hours seeing this case through to final resolution. McEntee Decl. ¶ 16.

In the Ninth Circuit, multipliers "ranging from one to four are frequently awarded." *Vizcaino*, 290 F.3d at 1051 n.6. The Ninth Circuit collected dozens of class action lodestars and found that in 83% of the cases the lodestar was between 1.0 and 4.0. *Id.* Courts in the Ninth Circuit have endorsed and approved attorneys' fee awards with multipliers well in excess of 3.5. *See Van Vranken v. Atl. Richfield Co.,* 901 F. Supp. 294, 299 (N.D. Cal. 1995) (approving multiplier of 3.6); *Steiner v. Am. Broad. Co.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (upholding 25% fee award yielding multiplier of 6.85, finding that it "falls well within the range of multipliers that courts have allowed"); *Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1113, 1125 (C.D. Cal. 2008) (approving 25% fee award yielding a multiplier of 5.2 and stating that "there is ample authority for such awards resulting in multipliers in this range or higher").

Here, Class Counsel were able to achieve a favorable settlement for the Settlement Class that is comparable (or superior) to other similar settlements. Class Counsel have substantial experience litigating TCPA class actions and have earned reputations for skilled representation

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND SERVICE PAYMENT - 10
Case No. 3:19-cv-05960-MJP

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

of victims of TCPA violations. Despite the excellent result, Class Counsel seek less than their lodestar. Thus, Class Counsel's fee request reflecting a "negative" multiplier is reasonable. *See Dennings v. Clearwire Corp*, No. C10-1859JLR, 2013 WL 1858797, at *6 (W.D. Wash. May 3, 2013) (finding reasonable a fee request with a negative multiplier of between .92 and .98).

**B.      Class Counsel's litigation costs were necessarily and reasonably incurred.**

Rule 23(h) allows courts to award costs authorized by law or the parties' agreement. Attorneys who create a common fund are entitled to reimbursement of their out-of-pocket expenses so long as they are reasonable, necessary and directly related to the work performed on behalf of the class. *Vincent v. Hughes Air W.*, 557 F.2d 759, 769 (9th Cir. 1977); *see also McGuire v. Dendreon Corp.*, No. C07-800 MJP, 2010 WL 11530602, at *2 (W.D. Wash. Dec. 20, 2010) (approving "reimbursement of … expert fees … court reporter fees, videographer fees, transcript fees, mediation fees, photocopying and printing costs, and telephone charges").

Class Counsel have provided the Court with their litigation costs, by category, totaling $40,496.45. McEntee Decl. ¶ 19; Paronich Decl. ¶ 5. These costs, which were reasonable and necessarily incurred to achieve the excellent result for the Settlement Class, should be awarded.

**C.      Plaintiff requests a service payment of $5,000.**

Class representatives are eligible for reasonable service payments. *Staton*, 327 F.3d at 977. The Ninth Circuit has explained that service payments that are "intended to compensate class representatives for work undertaken on behalf of a class 'are fairly typical in class action cases.'" *In re Online DVD*, 779 F.3d at 943 (quoting *Rodriguez v. W. Publishing*, 563 F.3d 948, 958-59 (9th Cir. 2009)). The awards recognize the effort class representatives expend and the financial or reputational risk they undertake in bringing the case, and to recognize their willingness to act as private attorneys general. *W. Publishing*, 563 F.3d at 958-59. The factors courts consider include the class representative's actions to protect the interests of the class, the degree to which the class has benefitted from those actions, the time and effort the class representative expended in pursuing the litigation, and any risk the class representative assumed. *Staton*, 327 F.3d at 977; *see also Smith v. CRST Van Expedited, Inc.*, No. 10-CV-1116-IEG

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND SERVICE PAYMENT - 11
Case No. 3:19-cv-05960-MJP

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(WMC), 2013 WL 163293, at *6 (S.D. Cal. Jan. 14, 2013) (addressing incentive award criteria).

Unlike unnamed Settlement Class Members, who are passive beneficiaries of Plaintiff's efforts on their behalf, named class representatives agree to be the subject themselves to the obligations of being named parties. Service payments promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits. In this case, Plaintiff Mark Hoffman has protected the interests of the Settlement Class for nearly two years. He actively assisted in the prosecution of this case. Declaration of Mark Hoffman ¶¶ 2-5. Mr. Hoffman worked closely with counsel to respond to interrogatories, requests for production, and requests for admission. *Id.* ¶ 3; McEntee Decl. ¶ 20. He made six document productions, totaling nearly 1,400 pages. Hoffman Decl. ¶ 4; McEntee Decl. ¶ 20. He sat for a nearly full-day deposition. Hoffman Decl. ¶ 5; McEntee Decl. ¶ 20. He attended the May 24, 2021 mediation and continued to work with Counsel afterward to ensure an excellent settlement for the Settlement Class Members. Hoffman Decl. ¶ 6; McEntee Decl. ¶ 20. He was ready and willing to participate in all stages of this litigation, including testifying at trial. McEntee Decl. ¶ 20.

Mr. Hoffman's requested service payment of $5,000 is modest, reasonable, and in line with awards approved in this district. *See, e.g., Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1330 (W.D. Wash. 2009) (approving $7,500 service payments to each of four class representatives); *Ikuseghan*, 2016 WL 4363198, at *3 (W.D. Wash.) (approving $15,000 service payment in TCPA class action); *Barovic v. Ballmer*, No. C14-0540 JCC, 2016 WL 199674, at *5 (W.D. Wash. Jan. 13, 2016) (approving $5,000 service payments); *see also Lofton*, 2016 WL 7985253, at *2 (awarding $15,000 incentive fee in TCPA class action).

## V.   CONCLUSION

Class Counsel request that the Court approve a fee award of $390,000, which represents 30% of the Settlement Fund, reimbursement of $40,496.45 in litigation costs, and a service payment to Plaintiff of $5,000 in recognition of his representation of the Settlement Class.

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND SERVICE PAYMENT - 12
Case No. 3:19-cv-05960-MJP

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

RESPECTFULLY SUBMITTED AND DATED this 7th day of October, 2021.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Adrienne D. McEntee, WSBA #34061
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com
Adrienne D. McEntee, WSBA #34061
Email: amcentee@terrellmarshall.com
Benjamin M. Drachler, WSBA #51021
Email: bdrachler@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Anthony I. Paronich, *Admitted Pro Hac Vice*
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

PLAINTIFF'S MOTION FOR ATTORNEYS'
FEES, COSTS, AND SERVICE PAYMENT - 13
Case No. 3:19-cv-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com