THE HONORABLE MARSHA J. PECHMAN

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

MARK HOFFMAN, on behalf of himself and all others similarly situated,

9

Plaintiff,

Case No. 3:19-cv-05960-MJP

10

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

11

vs.

12

HEARING HELP EXPRESS, INC., TRIANGULAR MEDIA CORP., LEADCREATIONS.COM, LLC, LEWIS LURIE, INTRICON, INC., and INTRICON CORPORATION,

13

**NOTED ON MOTION CALENDAR: JANUARY 5, 2022**

14

15

Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
Case No. 3:19-cv-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## **TABLE OF CONTENTS**

2
                                                                                          **Page**

3

4   I.      INTRODUCTION ........................................................................................1

5   II.     STATEMENT OF FACTS ..........................................................................2

6   III.    ARGUMENT AND AUTHORITY ............................................................3

7           A.      Plaintiff and Class Counsel have adequately represented
8                   the Settlement Class...........................................................................5

9           B.      The Settlement is the result of arm's-length, non-collusive negotiations...........5

10          C.      The relief provided for the Settlement Class is adequate ..................6

11                  1.      The costs, risks, and delay of trial and appeal .........................6

12                  2.      Claimants will receive substantial cash payments ..................7

13                  3.      Class Counsel's requested attorneys' fees are reasonable ......................8

14          D.      The Settlement treats Settlement Class Members equitably relative
15                  to each other.....................................................................................9

16          E.      The reaction of the Settlement Class was positive................................................9

17          F.      The Court-Ordered notice program is constitutionally sound ..........................10

18          G.      The Settlement Class should be finally certified ...............................11

19          H.      The requested fees, costs, and service payment should be approved ...............11

20
21  IV.     CONCLUSION....................................................................................12

22

23

24

25

26

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## TABLE OF AUTHORITIES

**Page**

*Baker v. SeaWorld Ent., Inc.*,
2020 WL 4260712 (S.D. Cal. July 24, 2020) ............ 9

*Bonoan v. Adobe, Inc.*,
2021 WL 912257 (N.D. Cal. Mar. 10, 2021) ............ 9

*Churchill Vill., L.L.C. v. Gen. Elec.*,
361 F.3d 566 (9th Cir. 2004) ............ 4

*Facebook, Inc. v. Duguid*,
141 S. Ct. 1163 (2021) ............ 7

*Fossett v. Brady Corp.*,
2021 WL 2273723 (C.D. Cal. Mar. 23, 2021) ............ 9

*Haralson v. U.S. Aviation Services Corp.,*
2021 WL 5033832 (N.D. Cal. Feb. 3, 2021) ............ 9

*Ikuseghan v. Multicare Health Sys*.,
2016 WL 4363198 (W.D. Wash. Aug. 16, 2016) ............ 9

*In re Austrian & German Bank Holocaust Litig.*,
80 F. Supp. 2d 164 (S.D.N.Y. 2000) ............ 10

*In re Bluetooth Headset Products Liab. Litig*.,
654 F.3d 935 (9th Cir. 2011) ............ 6

*In re Capital One TCPA Litig*.,
80 F. Supp. 3d 781 (N.D. Ill. 2015) ............ 8

*In re Extreme Networks, Inc. Sec. Litig.*,
2019 WL 3290770 (N.D. Cal. Jul. 22, 2019) ............ 9

*In re Online DVD-Rental Antitrust Litig.*,
779 F.3d 934 (9th Cir. 2015) ............ 6

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
895 F.3d 597 (9th Cir. 2018) ............ 4

*Kolinek v. Walgreen Co.*,
311 F.R.D. 483 (N.D. Ill. 2015) ............ 8

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Markos v. Wells Fargo Bank, N.A.*,
   2017 WL 416425 (N.D. Ga. Jan. 30, 2017)................................................................8

*McKinney-Drobnis v. Oreshack*,
   16 F.4th 594 (9th Cir. 2021) ..........................................................................6

*Morgan v. Childtime Childcare, Inc.*,
   2020 WL 218515 (C.D. Cal. Jan. 6, 2020) ............................................................10

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004)........................................................................9

*Ortiz v. Fiberboard Corp.*,
   527 U.S. 815 (1999)   ...................................................................................5

*Roes, 1–2 v. SFBSC Management, LLC*,
   944 F.3d 1043 (9th Cir. 2019) ..........................................................................6

*Rose v. Bank of Am. Corp.*,
   2014 WL 4273358 (N.D. Cal. Aug. 29, 2014) .........................................................8

*Steinfeld v. Discover Fin. Servs.*,
   2014 WL 1309352 (N.D. Cal. Mar. 10, 2014)..........................................................8

*Van Patten v. Vertical Fitness Grp., LLC*,
   847 F.3d 1037 (9th Cir. 2017) ..........................................................................7

**FEDERAL RULES AND STATUTES**

Rule 23(a)..................................................................................................11

Rule 23(b)(3)...........................................................................................7, 11

Rule 23(c)(2)(B).........................................................................................10

Rule 23(e)......................................................................................4, 5, 7, 8, 9, 10

47 U.S.C. § 227, *et seq*..........................................................................1, 7

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I.      INTRODUCTION

Plaintiff Mark Hoffman requests the Court grant final approval of the class action Settlement that they reached with Defendants Hearing Help Express, Inc., and its parent companies, IntriCon, Inc., and IntriCon Corp. ("Settling Defendants"). The Settlement, reached after a year-and-a-half of contested litigation, and following extensive arm's-length negotiations, resolves this class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

Settlement Defendants have agreed to pay $1,300,000 to establish a non-reversionary Settlement Fund for the benefit of Settlement Class Members who filed claims. It is an excellent result for the approximately 27,144 Settlement Class Members whose contact information Hearing Help Express received directly or indirectly from ByteSuccess and Triangular Media Corp/LeadCreations. Plaintiff alleges Settlement Class Members received autodialed or prerecorded calls from Hearing Help and/or its third-party vendors to Settlement Class Members' cell phones or to phone numbers registered on the national Do Not Call Registry.

Settlement Administrator, A.B. Data, implemented the Court-approved notice plan and successfully delivered postcard and email notices to 95.9% of Settlement Class Members. As of December 20, 2021, 316 Settlement Class Members had submitted valid claims for a pro rata share of the Net Settlement Fund. If the Court approves payment of administration costs, attorneys' fees, litigation expenses, and a service payment to Mr. Hoffman, each participating Settlement Class Member will receive $2,400. This is a tremendous per-claimant recovery under a statute that authorizes $500 in damages for each call made negligently and up to $1,500 for willful violations.

None of the Settlement Class Members objected to the Settlement. Only one Settlement Class Member has definitively opted out of the Settlement. The Settlement is fair, reasonable, and adequate in all respects. Plaintiff requests the Court grant final approval of the Settlement by: (1) approving the Settlement Agreement; (2) determining that adequate notice was provided to the Settlement Class; (3) finally certifying the Settlement Class; (4) granting Class Counsel

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 1
Case No. 3:19-cv-05960-MJP

1   $390,000 in attorneys' fees and $40,496.45 in costs; (5) approving a service payment to Mr.

2   Hoffman in the amount of $5,000; and (6) approving administration costs of $100,000.

3   ## II.   STATEMENT OF FACTS

4   Plaintiff brought this class action alleging that Hearing Help's practice of calling leads

5   without regard to whether it had prior express written consent to call the leads, without regard to

6   whether the phone numbers were on the national Do Not Call Registry, and using equipment

7   Plaintiff alleges is an automatic telephone dialing system ("ATDS") or autodialer, violated the

8   Telephone Consumer Protection Act. Dkt. No. 114, ¶¶ 65, 66. Plaintiff also alleges that IntriCon,

9   Inc. and IntriCon, Corp. are vicariously liable for these calls because they had control of Hearing

10  Help, their wholly owned subsidiary, and were heavily involved in Hearing Help's telemarketing

11  efforts. *Id*. ¶¶ 43-52. Settling Defendants deny these allegations. *See* Dkt. Nos. 82, 102.

12  Plaintiff described the adversarial, hard-fought litigation that led to the class-wide

13  Settlement in his motion for preliminary approval. *See* Dkt. No. 136 at p. 10; Dkt. No. 137 at ¶¶

14  8-13. Over a year-and-a-half of litigation, the parties engaged in substantial discovery, including

15  multiple rounds of written discovery that led to the production of 20,000 pages of documents

16  from Hearing Help, Triangular Media, and Lewis Lurie. Dkt. No. 137 at ¶ 10. Plaintiff deposed

17  two of Hearing Help's corporate representatives, three former employees of Hearing Help, and

18  Triangular Media principal, Lewis Lurie. *Id*. And after Plaintiff obtained Hearing Help's calling

19  records, he engaged experts to identify cell phone numbers and numbers on the National Do-

20  Not-Call Class and to offer opinions regarding whether the Genesys PureCloud system that

21  Hearing Help used to make calls meets the definition of an automatic telephone dialing system.

22  Dkt. No. 137 at ¶ 11. Plaintiff also engaged in third party discovery. *Id*. at ¶ 12.

23  The litigation was always adversarial. The parties reached impasse over discovery

24  requiring Court intervention on three occasions. Dkt. Nos. 37, 39, 43, 63, 79, 85, 87, 106, 118.

25  The parties engaged in other motion practice as well. Plaintiff defeated Hearing Help's motion to

26  dismiss or strike portions of the complaint (Dkt. No. 32), successfully moved for default when

27

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 2
Case No. 3:19-cv-05960-MJP

1  Triangular Media failed to appear (Dkt. No. 94), and successfully moved to strike Hearing

2  Help's good faith and reasonableness affirmative defense (Dkt. No. 106). Only after Plaintiff

3  reached these milestones, and the United States Supreme Court issued the opinion described

4  *infra* regarding the definition of an ATDS, did he agree to attend mediation with experienced

5  TCPA mediator, Bruce Friedman. Dkt. No. 137 at ¶ 14. The case did not settle at mediation;

6  however, it settled closely thereafter. *Id.* The Settlement Class is comprised of approximately

7  27,144 individuals whose contact information Hearing Help Express received directly or

8  indirectly from ByteSuccess (and its related entity and/or successor, Andrews Wharton) and

9  Triangular Media Corp/LeadCreations. Dkt. No. 137-1, §§ 1.33, 4.2.

10  Pursuant to the parties' settlement agreement, on July 27, 2021, Plaintiff moved for

11  preliminary approval of the Settlement. Dkt. No. 136. On August 4, 2021, the Court entered an

12  order preliminarily approving the Settlement and the proposed notice program. Dkt. No. 139.

13  A.B. Data timely executed the court-approved notice plan. Declaration of Steven J. Straub

14  ("Straub Decl.") at ¶¶ 6-7. On October 13, 2021, A.B. Data advised the parties that relatively few

15  claims had been submitted. *Id*. at ¶ 8. Class Counsel directed A.B. Data to conduct additional

16  address research on Settlement Class Members utilizing credit bureau and other public-source

17  databases to perform a reverse phone lookup for those individuals where only a phone number

18  was originally provided, or the last known mailing address proved to be invalid. *Id*. at ¶¶ 8-9.

19  A.B. Data also conducted a reverse lookup to identify email addresses for those Settlement Class

20  Members where no email address was initially provided. *Id*. at ¶ 11. Based on this new

21  information, A.B. Data sent additional postcards and emails to Settlement Class Members who

22  had not submitted claims. *Id*. at ¶¶ 10-11.

23  A.B. Data sent additional notice in response to the Court's November 13, 2021 order

24  extending the claims, objection, and opt out deadline to December 6, 2021. Straub Decl. at ¶¶ 12-

25  15; Dkt. No. 146. The steps A.B. Data took in providing initial, supplemental, and extension

26  notice were successful, reaching 95.9% of the Settlement Class. Straub Decl. at ¶ 17.

27

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 3
Case No. 3:19-cv-05960-MJP

### III.   ARGUMENT AND AUTHORITY

Rule 23(e) provides that courts should grant final approval to class action settlements that are "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The 2018 amendments to Rule 23 articulate a four-factor test the intent of which is to "focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision …." Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendments.

Under Rule 23(e)(2), the Court may approve a class action settlement "only after a hearing and only on finding that it is fair, reasonable, and adequate" after considering whether (1) the class representative and class counsel have adequately represented the class; (2) the proposal was negotiated at arm's length; (3) the relief provided for the class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims, (iii) the terms of any proposed award of attorney's fees, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3); and (4) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

The factors in Rule 23 are consistent with and embody those previously identified by the Ninth Circuit as guides to determining whether a proposed settlement is fair, adequate, and reasonable. The factors previously discussed by the Ninth Circuit are: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575–76 (9th Cir. 2004). Ultimately, "[d]eciding whether a settlement is fair" is "best left to the district judge who can develop a firsthand grasp of the claims, the class, the evidence, and the course of the proceedings—the whole gestalt of the case." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 895 F.3d 597, 611 (9th Cir. 2018).

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 4
Case No. 3:19-cv-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**A.**     **Plaintiff and Class Counsel have adequately represented the Settlement Class.**

The Court previously found that Plaintiff and his counsel are capable of fairly and adequately protecting the interests of the members of the Settlement Class in connection with the Settlement Agreement. Dkt. No. 139 at ¶ 5. Nothing has changed. Plaintiff and Class Counsel have continued to vigorously represent the Settlement Class and have no conflicts of interest with any Settlement Class Members. Indeed, Class Counsel requested that the Court approve notice above and beyond what the Court had already deemed reasonable to further encourage class member participation. Also, Mr. Hoffman was instrumental to the case and the Settlement. He assisted in drafting the complaint, participated extensively with counsel in responding to written discovery, sat for a deposition, and attended mediation. Dkt. No. 137 at ¶ 22.

**B.**     **The Settlement is the result of arm's-length, non-collusive negotiations.**

The Court is aware of the hard-fought nature of this litigation, and the parties approached settlement discussions in the same way. The parties negotiated the Settlement at arm's length, only after extensive discovery and motion practice. Dkt. No. 137 at ¶¶ 10-13.

The parties' mediation with experienced and respected mediator, Bruce Friedman, was unsuccessful, but laid the groundwork for further discussions. *Id*. at ¶ 14. With Mr. Friedman's assistance, the parties agreed on material terms a month later. *Id*. "[O]ne may take a settlement amount as good evidence of the maximum available if one can assume that parties of equal knowledge and negotiating skill agreed upon the figure through arms-length bargaining." *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 852 (1999); *see also* Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment ("the involvement of a neutral or court-affiliated mediator or facilitator in negotiations may bear on whether they were conducted in a manner that would protect and further the class interests").

Moreover, Class Counsel negotiated the Settlement with the benefit of many years of prior experience and a solid understanding of the facts and law of this case. *See* Dkt. No. 137 ¶¶ 4-5; Dkt. No. 141 at ¶ 19; Dkt. No. 142 at ¶ 3. Class Counsel have extensive experience litigating and settling class actions, and in particular, class actions brought under the TCPA. *Id*.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 5
Case No. 3:19-cv-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Finally, the Settlement withstands the higher level of scrutiny the Ninth Circuit requires of pre-certification class action settlements. *See In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011); *see also McKinney-Drobnis v. Oreshack,* 16 F.4th 594, 608 (9th Cir. 2021) (reiterating that pre-certification settlements must withstand "heightened" scrutiny).

None of the "warning signs" of potential collusion the Ninth Circuit has identified exist here. *In re Bluetooth*, 654 F.3d at 947. Class Counsel have not requested a disproportionate distribution of the settlement. *See, e.g., In re Bluetooth*, 654 F.3d at 938 (involving a settlement that provided zero dollars for economic injury to the class, while setting aside up to $800,000 for class counsel); *Roes, 1–2 v. SFBSC Management, LLC*, 944 F.3d 1043 (9th Cir. 2019) (involving a settlement that provided counsel with attorneys' fees that were nearly half of the settlement fund). Rather, they seek just thirty percent of the Settlement Fund. The parties did not negotiate a "clear-sailing" arrangement, "in which defendants agreed not to object to an award of attorneys' fees." *In re Bluetooth*, 654 F.3d at 947. Finally, the Settlement does not contain a "kicker" in which "all fees not awarded would revert to defendants rather than be added to the *cy pres* fund or otherwise benefit the class." *Id.*

Class Counsel believe the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

**C.    The relief provided for the Settlement Class is adequate.**

In determining whether the relief provided to the Settlement Class is adequate, courts must balance the strength of the plaintiff's case against the risk, expense, complexity, and duration of further litigation. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015).

1.    The costs, risks, and delay of trial and appeal.

Plaintiff believes he has a strong case for liability, but success is never guaranteed. At preliminary approval, Plaintiff noted that the evidence supports Hearing Help's liability for the

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 6
Case No. 3:19-cv-05960-MJP

1    calls it placed using the Genesys PureCloud system, which Plaintiff maintains is an automatic

2    telephone dialing system. Dkt. No. 137 at ¶ 23. Settling Defendants strongly disagree, and their

3    position is not groundless based on the United States Supreme Court's decision in *Facebook, Inc.*

4    *v. Duguid*, 141 S. Ct. 1163, 1173 (2021), which held that "a necessary feature of an autodialer

5    under § 227(a)(1)(A) is the capacity to use a random or sequential number generator to either

6    store or produce phone numbers to be called." Settling Defendants maintain the Genesys

7    PureCloud system did not have this capacity. Dkt. No. 137 at ¶ 24. Plaintiff disagrees. *Id*. But if

8    the Court agreed with Settling Defendants, Plaintiff would lose on the merits on this claim. *Id*.

9          Moreover, Settling Defendants argue that Settlement Class Members consented to be

10   called on their phone numbers by providing their numbers to Hearing Help's agents in various

11   ways. *See* Dkt. No. 137 at ¶ 25. Consent is an affirmative defense for which Defendants bear the

12   burden of proof. *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017)

13   ("We think it plain from the statutory language that prior express consent is an affirmative

14   defense, not an element of a TCPA claim…."). Plaintiff disputes they could meet this burden, but

15   if the trier of fact disagreed with Plaintiff on this legal issue, the Settlement Class would receive

16   nothing. Dkt. No. 136 at p. 20. A successful consent defense could also impair a motion by

17   Plaintiff to certify under Rule 23(b)(3). *Id*. Plaintiff also believes the evidence supports the

18   IntriCon Defendants' vicarious liability for the calls placed by Hearing Help and its agents, but

19   they deny any liability for Plaintiff's claims. *Id*. at pp. 20-21. Success was thus far from certain.

20         Finally, if Plaintiff cleared these hurdles, he would still need to convince a jury at trial.

21   Dkt. No. 136 at p. 21. And if Plaintiff prevailed at trial, he would need to maintain the judgment

22   on appeal. *Id*. The delay associated with a trial and any appeals would be time consuming and

23   expensive. *Id*. The Settlement, by contrast, provides immediate relief to claimants. *Id*.

24         2.   <u>Claimants will receive substantial cash payments.</u>

25         Rule 23(e)(2)(C)(ii) requires consideration of the effectiveness of any proposed method

26   of distributing relief to the class, including the method of processing class-member claims. The

27

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 7
Case No. 3:19-cv-05960-MJP

1   Net Settlement Fund will be distributed by check or electronically to Settlement Class Members

2   who filed approved claims. Dkt. No. 137-1, § 3.3. If the Court approves the requested

3   administration costs of $100,000, a service payment of $5,000 to the Class Representative,

4   requested attorneys' fees of $390,000 and litigation expenses of $40,496.45, a total of

5   $764,503.55 will be distributed to Settlement Class Members who filed approved claims. Class

6   Counsel request that the Court approve all valid timely claims, as well as two claims submitted

7   after the December 6, 2021 deadline. Declaration of Adrienne D. McEntee ("McEntee Decl.") at

8   ¶ 7. Payments will be well beyond the statutory amounts of $500 per call, or up to $1,500 for

9   willfulness. Each claimant will receive $2,400. Straub Decl. at ¶ 24.

10      This is an extraordinary result that far exceeds the per-claimant recoveries in most TCPA

11   class action settlements, including those resolved by much larger corporations. *See, e.g., In re*

12   *Capital One TCPA Litig.*, 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) (granting final approval

13   involving $39.66 awards); *Rose v. Bank of Am. Corp.*, 2014 WL 4273358, at *10 (N.D. Cal.

14   Aug. 29, 2014) (discussing range of acceptable TCPA settlements and approving settlement that

15   paid $20 to $40 per claimant); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 493–94 (N.D. Ill. 2015)

16   (approving settlement where class members received payments of $30); *Steinfeld v. Discover*

17   *Fin. Servs.*, 2014 WL 1309352, at *6 (N.D. Cal. Mar. 10, 2014) (approving settlement with

18   payments estimated to be between $20 and $40); *Markos v. Wells Fargo Bank, N.A.*, 2017 WL

19   416425, at *4 (N.D. Ga. Jan. 30, 2017) (approving settlement with payments of approximately

20   $24 per class member as an "excellent result").

21      3. <u>Class Counsel's requested attorneys' fees are reasonable.</u>

22      Under Rule 23(e)(2)(C)(iii), the Court should consider "the terms of any proposed award

23   of attorney's fees, including timing of payment." The Settlement Agreement provides that

24   Plaintiff's request for court-approved attorneys' fees will not exceed one-third of the total

25   Settlement Fund ($433,333), and preserves Settling Defendants' ability to object to any petition.

26   Dkt. No. 137-1, § 2.1.4. Class Counsel instead seek a fee award of $390,000, or thirty percent

27   (30%) of the Settlement Fund, which is consistent with awards in TCPA class actions in the

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 8
Case No. 3:19-cv-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1 Ninth Circuit. *See, e.g., Ikuseghan v. Multicare Health Sys*., 2016 WL 4363198, at *2 (W.D.

2 Wash. Aug. 16, 2016) (awarding a fee of 30% of a $2.5 million settlement fund); *Bonoan v.*

3 *Adobe, Inc*., 2021 WL 912257 (N.D. Cal. Mar. 10, 2021) (awarding $333,333 in attorneys' fees

4 of a $1 million settlement fund).

5 The lodestar method confirms the propriety of the requested fee, which as set forth in

6 Plaintiff's Motion for Attorneys' Fees, Costs and Service Payment, reflects a "negative

7 multiplier." *See* Dkt. No. 140. Though free to do so, no Settlement Class Member objected to the

8 award sought by Class Counsel. Straub Decl. at ¶ 22. Plaintiff's application for attorneys' fees

9 and costs with supporting documentation was posted to the Settlement Website after it was filed

10 so that Settlement Class Members could access these materials. *Id.* at ¶ 18.

11 **D.    The Settlement treats Settlement Class Members equitably relative to each other.**

12 Under Rule 23(e)(2)(D), the Court must consider whether the Settlement Agreement

13 treats Settlement Class Members equitably relative to each other. Here, each valid claimant will

14 receive a pro rata share of the Net Settlement Fund. Dkt. No. 137-1, § 3.2.1. Courts in the Ninth

15 Circuit have concluded that settlements using the same formula to calculate the settlement share

16 for each class member satisfy Rule 23(e)(2)(D). *See Haralson v. U.S. Aviation Services Corp.,*

17 2021 WL 5033832, at *5 (N.D. Cal. Feb. 3, 2021) (finding "the Settlement treats class members

18 equitably and that this factor supports approval"); *In re Extreme Networks, Inc. Sec. Litig.*, 2019

19 WL 3290770, at *8 (N.D. Cal. Jul. 22, 2019) (finding equitable to class members an allocation

20 based on pro rata distribution). This factor supports approval.

21 **E.    The reaction of the Settlement Class was positive.**

22 "[T]he absence of a large number of objections to the proposed class action settlement

23 raises a strong presumption that the terms ... are favorable to the class members." *Fossett v.*

24 *Brady Corp.*, 2021 WL 2273723, at *9 (C.D. Cal. Mar. 23, 2021) (quoting *Nat'l Rural*

25 *Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004)). The absence of

26 many objectors supports the fairness, reasonableness, and adequacy of the settlement. *Baker v.*

27 *SeaWorld Ent., Inc.*, 2020 WL 4260712, at *8 (S.D. Cal. July 24, 2020). *See In re Austrian &*

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 9
Case No. 3:19-cv-05960-MJP

*German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 175 (S.D.N.Y. 2000) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.") (citations omitted).

Despite there being thousands of Settlement Class Members, not a single Settlement Class Member objected and only one definitively excluded himself from the Settlement. Straub Decl. at ¶ 25; McEntee Decl. at ¶¶ 2-6. Seven others appear to have been confused, having submitted both claims and exclusion requests. Straub Decl. at ¶ 21. Of those, Class Counsel spoke with two individuals who confirmed they want to remain part of the Settlement. McEntee Decl. ¶¶ 3-4. A.B. Data will confirm the preferences of the five other claimants and provide the Court with an update prior to the January 5, 2022 Fairness Hearing. *Id*. In all, this is an overwhelmingly positive reaction to the terms of the Settlement. The lack of significant objection and exclusion illustrates the Settlement Class's satisfaction with the terms of the Settlement. *See Morgan v. Childtime Childcare, Inc.*, 2020 WL 218515, at *2 (C.D. Cal. Jan. 6, 2020) ("Lack of objection speaks volumes for a positive class reaction to the settlement. The Court thus finds the settlement is fair, reasonable, and adequate.").

**F.    The Court-Ordered notice program is constitutionally sound.**

Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1). Class members are entitled to the "best notice that is practicable under the circumstances" of any proposed settlement before it is finally approved by the Court. Fed. R. Civ. P. 23(c)(2)(B).

The notice program consisted of multiple components, which included (1) three separate mailings of postcard notice; (2) four rounds of email notice; (3) a settlement informational website; and (4) a toll-free information telephone line. Straub Decl. at ¶¶ 6-15. The initial mailing took place on September 3, 2021, followed by supplemental notice on October 19, 2021 to Settlement Class Members who had not submitted a claim form. *Id*. at ¶¶ 6, 8-11. On November 12, 2021, the Court approved extending the deadline to submit claims, object, or request exclusion to December 6, 2021. *Id*. at ¶ 12. A.B. Data mailed the extension notice with

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 10
Case No. 3:19-cv-05960-MJP

1   the revised deadline on November 15, 2021. *Id*. at ¶ 13. Email campaigns to Settlement Class

2   Members for whom A.B. Data found addresses, or for whom they had been provided, followed

3   each mailing. *Id*. at ¶¶ 7, 10-11, 14-15.

4        The Settlement Website contained documents relevant to the Settlement, including the

5   operative complaint, the Settlement Agreement, and Plaintiff's Motion for Attorneys' Fees,

6   Costs, and Service Payment, provided responses to frequently asked questions, advised

7   Settlement Class Members about the extended deadline, and listed a toll-free telephone number

8   Settlement Class Members could use to contact the Administrator. Straub Decl. at ¶ 18. A.B.

9   Data received 1,477 calls and tracked 4,482 views of the Settlement Website. *Id*. at ¶¶ 18-19.

10       A.B. Data estimates that the mail and email notice reached 95.9% of the Settlement

11  Class, satisfying Rule 23 requirements. Straub Decl. at ¶ 17.

12  **G.**    **The Settlement Class should be finally certified.**

13       In its Preliminary Approval Order, the Court conditionally certified the Settlement Class

14  under Federal Rule of Civil Procedure 23(a) and (b)(3). Dkt. No. 139 at ¶5. The requirements of

15  both Rule 23(a) and (b)(3) remain satisfied. For all of the reasons set forth in the Court's

16  Preliminary Approval Order, Dkt. No. 139, and Plaintiffs' Motion for Preliminary Approval,

17  Dkt. No. 136 at pp. 14-16, the Court should finally certify the Settlement Class.

18  **H.**    **The requested fees, costs, and service payment should be approved.**

19       Not one Settlement Class Member objected to Class Counsel's request for reasonable

20  attorneys' fees, and service awards to Class Representative Mark Hoffman. For the reasons set

21  forth in Plaintiff's Motion for Attorneys' Fees, Costs and Service Payment, Dkt. No. 140, Class

22  Counsel respectfully request that the Court award Class Counsel's request for $390,000 in

23  attorneys' fees and reimbursement of $40,496.45 in costs, and a service payment in the amount

24  of $5,000 in recognition of Mr. Hoffman's service to the Settlement Class.

25

26

27

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 11
Case No. 3:19-cv-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## IV.    CONCLUSION

2    Based on the foregoing, Plaintiff respectfully requests the Court enter an Order: (1)

3 approving the Settlement Agreement; (2) determining that adequate notice was provided to the

4 Settlement Class; (3) finally certifying the Settlement Class; (4) granting Class Counsel

5 $390,000 in attorneys' fees and $40,496.45 in costs; (5) approving a service payment in the

6 amount of $5,000; and (6) approving A.B. Data's administration costs of $100,000.

7    RESPECTFULLY SUBMITTED AND DATED this 22nd day of December, 2021.

8                                 TERRELL MARSHALL LAW GROUP PLLC

9                        By:  /s/ Adrienne D. McEntee, WSBA #34061
10                            Beth E. Terrell, WSBA #26759
                              Email: bterrell@terrellmarshall.com
11                            Jennifer Rust Murray, WSBA #36983
                              Email: jmurray@terrellmarshall.com
12                            Adrienne D. McEntee, WSBA #34061
                              Email: amcentee@terrellmarshall.com
13                            Benjamin M. Drachler, WSBA #51021
                              Email: bdrachler@terrellmarshall.com
14                            936 North 34th Street, Suite 300
                              Seattle, Washington 98103-8869
15                            Telephone: (206) 816-6603
                              Facsimile: (206) 319-5450
16

17
                              Anthony I. Paronich, *Admitted Pro Hac Vice*
18                            Email: anthony@paronichlaw.com
                              PARONICH LAW, P.C.
19                            350 Lincoln Street, Suite 2400
                              Hingham, Massachusetts 02043
20                            Telephone: (617) 485-0018
                              Facsimile: (508) 318-8100
21

22                            *Attorneys for Plaintiff and the Proposed Class*

23

24

25

26

27

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 12
Case No. 3:19-cv-05960-MJP