THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MARK HOFFMAN, on behalf of himself and all others similarly situated,

    Plaintiff,

vs.

HEARING HELP EXPRESS, INC., TRIANGULAR MEDIA CORP., LEADCREATIONS.COM, LLC, LEWIS LURIE, INTRICON, INC., and INTRICON CORPORATION,

    Defendants.

Case No. 3:19-cv-05960-MJP

**[PROPOSED] FINAL APPROVAL ORDER**

On January 5, 2022, this Court heard the motion for final approval of the class action settlement and for entry of judgment filed by Plaintiff.[1] This Court reviewed: (a) the motion and the supporting papers, including the Settlement Agreement and Release ("Settlement Agreement"); (b) any objections filed with or presented to the Court; (c) the Parties' responses to any objections; and (d) counsel's arguments. Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

    1.    The Court finds, solely for purposes of considering this settlement and this Final Approval Order that under Rule 23(e)(1), that the class as defined can be certified for settlement

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

[PROPOSED] FINAL APPROVAL ORDER - 1
Case No. 3:19-cv-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

as it meets the requirements of Federal Rule of Civil Procedure 23, including requirements for the of numerosity, commonality, typicality, adequacy of representation, and manageability of the Settlement Class for settlement purposes. Based on the foregoing, and because common issues of law and fact predominate over individual issues as per the class definition, the settlement and certification of the Settlement Class is superior to alternative means of resolving the claims and disputes at issue in this Action.

2.    Upon review of the record, the Court hereby finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable and therefore approves it. Among other matters considered, the Court took into account: (a) the complexity of Plaintiff's theory of liability; (b) the arguments raised by Settling Defendants in its pleadings that could potentially preclude or reduce the recovery by Settlement Class Members; (c) delays in any award to the Settlement Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred; (e) the substantial relief provided to the Settlement Class; (f) the recommendation of the Settlement Agreement by counsel for the Parties; and (g) the lack of objectors to the Settlement Agreement, demonstrating that the Settlement Class has a positive reaction to the proposed settlement.

3.    The Court also finds that the settlement, as set forth in the Settlement Agreement and this Order, satisfies each of the requirements of Fed. R. Civ. P. 23(e)(2), taking into account the risks that both sides faced with respect to the merits of the claims alleged and remedies requested, the risks of maintaining a class action, and the expense and duration of further litigation, including trial and appeal; the effectiveness of the proposed relief to the Settlement Class, including the method of processing class-member claims; and the terms of the proposed award of attorneys' fees, as described in more detail below. The Court further finds that the Class Representative and Class Counsel have at all times adequately represented the Class and the settlement negotiations that resulted in the settlement were at all times conducted at arm's length. The Settlement withstands the higher level of scrutiny the Ninth Circuit requires of pre-certification class action settlements pursuant to *In re Bluetooth Headset Products Liab. Litig.*,

[PROPOSED] FINAL APPROVAL ORDER - 2
Case No. 3:19-cv-05960-MJP

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

654 F.3d 935, 947 (9th Cir. 2011), and none of the warning signs of potential collusion identified in *Bluetooth* exist here. The Court also finds that Class Counsel have identified all required agreements related to the settlement and that, because the settlement provides for a pro rata distribution of the Settlement Fund to Settlement Class Members, the settlement treats all Class Members equitable relative to one another. Fed. R. Civ. P. 23(e)(2).

4.     Notice was provided to Class Members in compliance with Section 4 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (i) fully and accurately informed Settlement Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.

5.     The Settlement Administrator filed a copy of the notice it gave on August 6, 2021 pursuant to 28 U.S.C. § 1715(b), and the notice complies with the requirements of 28 U.S.C. § 1715(b).

6.     An award of $_____ for a Fees, Costs, and Expenses Award to Settlement Class Counsel is fair and reasonable in light of the nature of this case, Settlement Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Settlement Class. The Court, having considered the materials submitted by Class Counsel in support of their Motion for Final Approval and Motion for Attorneys' Fees and Costs and the Class Representative's Service Payment, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the settlement was negotiated at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefit for the

[PROPOSED] FINAL APPROVAL ORDER - 3
Case No. 3:19-cv-05960-MJP

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Settlement Class Members. Finally, the Court notes that the Class Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award up to an amount no greater than the amount sought and Settlement Class Members had an opportunity to review the Motion for Attorneys' Fees and Costs and Class Representative's Service Payment prior to the deadline to object to the settlement. No Settlement Class Members objected to the request.

7. A Service Payment to Plaintiff of $_____ is fair and reasonable in light of: (a) Plaintiff's risks in commencing this Action; (b) the time and effort spent by Plaintiff in litigating this Action; and (c) Plaintiff's public interest service.

8. Reimbursement of $_____ to the Settlement Administrator is fair and reasonable to compensate it for the provision of notice to the Settlement Class and administering the Settlement.

**IT IS ORDERED THAT:**

9. **Settlement Class Members.** The Settlement Class is certified as:

> All persons or entities within the United States who received, on or after October 9, 2015, a non-emergency telephone call from or on behalf of Hearing Help Express, Inc. and whose contact information was received either directly or indirectly from ByteSuccess (including its related entity and/or successor, Andrews Wharton) and Triangular Media Corp. (including, LeadCreations), promoting goods or services: (i) to a cellular telephone number through the use of an automatic telephone dialing system; (ii) to a cellular or residential telephone number using an artificial or prerecorded voice; or (ii) to a cellular or residential telephone number that has been registered on the national Do Not Call Registry for at least 31 days and who received more than one such call within any twelve-month period.

10. **Binding Effect of Order**. This Order applies to all claims or causes of action settled under the Settlement Agreement (the Released Claims) and binds all Settlement Class Members, including those who did not properly request exclusion under Paragraph 11 of the Preliminary Approval Order. This Order does not bind persons who filed timely and valid

[PROPOSED] FINAL APPROVAL ORDER - 4
Case No. 3:19-cv-05960-MJP

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

requests for exclusion. Attached as Exhibit A is a list of persons who properly requested to be excluded from the settlement.

11. **Release**. Plaintiff and all Settlement Class Members who did not properly request exclusion are: (1) deemed to have released and discharged Settling Defendants and the Released Parties from all claims arising out of or asserted in the Action and all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in Sections 1.27-1.29, and 2.2.1 of the Settlement Agreement and are specifically incorporated herein by this reference.

12. **Class Relief**. Settling Defendants are directed to provide the Settlement Fund to the Settlement Administrator according to the terms and timeline stated in the Settlement Agreement. The Settlement Administrator is further directed to issue payments to each Settlement Class Member who submitted a valid and timely Claim Form (i.e., each Authorized Claimant) according to the terms and timeline stated in the Settlement Agreement, and to two Settlement Class Members who submitted Claim Forms after the deadline to do so.

13. **Fees, Costs, and Expenses Award.** Settlement Class Counsel are awarded $_____ from the Settlement Fund in fees and costs. Payment shall be made pursuant to the manner and timeline stated in Section 3 of the Settlement Agreement.

14. **Service Payment**. Plaintiff is awarded $_____ from the Settlement Fund as an individual settlement award. Payment shall be made pursuant to the manner and timeline stated in Section 3 of the Settlement Agreement.

15. **Settlement Administrator Expenses.** The Settlement Administrator is awarded $_____ from the Settlement Fund.

16. **Cy Pres Distribution.** Pursuant to Sections 1.9, 3.5, 3.6, and 3.8 of the Settlement Agreement, any unpaid portion of the Settlement Fund shall be paid to National Consumer Law Center.

[PROPOSED] FINAL APPROVAL ORDER - 5
Case No. 3:19-cv-05960-MJP

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

17. **Miscellaneous.** No person or entity shall have any claim against Settling Defendants, Settling Defendants' Counsel, Plaintiff, the Settlement Class Members, Settlement Class Counsel, or the Settlement Administrator based on distributions and payments made in accordance with the Agreement.

18. **Court's Jurisdiction**. Pursuant to the Parties' request, the Court will retain jurisdiction over this Action and the Parties for all purposes related to this settlement.

SO ORDERED this ___ day of _____, 2022.

_____
THE HONORABLE MARSHA J. PECHMAN

[PROPOSED] FINAL APPROVAL ORDER - 6
Case No. 3:19-cv-05960-MJP

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com